IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.1:23-CV-01004 |
| | § | |
| BRYAN COLLIER, *in his official capacity as Executive Director of Texas Department of Criminal Justice,* THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ANGELA COLMENERO, *in her official capacity as Interim Texas Attorney General,* and/or KENNETH PAXTON, *in his official capacity as The Attorney General of Texas (currently suspended),* and THE TEXAS OFFICE OF ATTORNEY GENERAL. | § | |
| Defendants. | § | |

## PLAINTIFF BERNHARDT TIEDE, II'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff asks the Court to grant a motion for a temporary restraining order against defendants.

### A. INTRODUCTION

1. Plaintiff is Bernhard Tiede, II, individually.

2. Defendants are the following:

    a. Bryan Collier, ("Mr. Collier") is the executive director of the Texas Department of Criminal Justice, ("TDCJ")

    b. The Texas Department of Criminal Justice, ("TDCJ");

c. Kenneth Paxton, in his official capacity as current Texas Attorney General, Texas' chief legal officer, head of the Texas Office of the Attorney General, ("the OAG");

    d. Ms. Angela Colmenero, ("Ms. Colmenero"), in her official capacity as interim Attorney General in Texas; and

    e. The Texas Office of the Attorney General, ("OAG").

3. Plaintiff has sued Defendants for Constitutional Violations related to both Plaintiff's health related medical issues related to being housed in extreme heat, and Plaintiff's wrongful reincarceration; under §1983, ADA, ADAAA, and the Rehabilitation Act.

4. A copy of the original complaint is attached as *"Petitioner's Exhibit A"*

5. Plaintiff has experienced serious, chronic and acute, heat related symptoms resulting in permanent facial disfiguration from partial paralysis, ongoing chronic ear infections, and ongoing chronic health conditions related to heat, because TDCJ houses Plaintiff a 65-year-old man with Diabetes and Hypertension, in a cell with no air-conditioning. The cell reaches triple digit temperatures, endangering Plaintiff's life.

6. All Defendants actively maintain Plaintiff's dangerous housing conditions in prison and appear to conceal such conditions from the public.

7. A verification and affidavit verifying facts as stated in the Complaint is attached, and incorporated by reference.

## B. ARGUMENT

8. Plaintiff will likely suffer imminent and irreparable injury if defendants are not

immediately restrained from housing Petitioner in a dangerously, extreme heat environments at TDCJ, where temperatures exceed 120 Degrees Fahrenheit in Mr. Tiede's cell. Petitioner has had an acute medical episode that appeared to be a stroke, likely heat related, and has medical conditions that cause him to be vulnerable to exposure to any extreme heat environment.

9. **Plaintiff will likely suffer imminent and irreparable injury.**

    a. There is no doubt that if Defendants are not immediately restrained from housing Petitioner in dangerous extreme heat conditions in cells without air-conditioning, he is likely to suffer imminent and irreparable injury.

    b. Petitioner continues to suffer from paralysis on his face and other serious heat related symptoms.

    c. It is safety to say that Plaintiff is likely to die, the most imminent and irreparable injury possible for a human being, without this Court's intervention.

    d. The harm may already be irreparable, as is evidenced in a photo from Petitioner's *Exhibit A showing* Petitioner upon his release from prison in 2014, and a photo showing Petitioner with half of his face paralyzed in Petitioner's *Exhibit C*.

    e. Petitioner's medications are shown to this Court in *Petitioner's Exhibit D*, along with health information of Petitioner.

    f. Petitioner wishes to present evidence to the Court of his conditions through the signed statement of Mr. Richard Linklater, who is discussing his firsthand observations, and includes footage for the Court to review in order to

Petitioner's facial paralysis and to hear Petitioner's first-hand account of his health crisis. *See Attached Statement with Footage, "Petitioner's Exhibit D."*

    g. Petitioner has received over 982 pages of Petitioner's medical records from TDCJ on August 16, 2023 and simply has not had time to read through them.

    h. However, Petitioner is currently working on obtaining a declaration from his personal family doctor, to provide to this Court.

    i. Because time is of the essence, Petitioner wishes to receive a Temporary Restraining Order without notice to the opposing parties and without a hearing if at all possible.

10. **There is no adequate remedy at law.**

    a. Because Petitioner was attempting to correct his sentence in the district court by filing two nunc pro tunc motions, to make a request for compassionate relief easier, when Petitioner was exposed to high temperatures in his cell.

    b. The first motion was exiled on July 7, 2023, seeking a hearing for July 23, 2023.

    c. Undersigned notified Panola County District Attorney Danny Buck Davidson.

    d. There was no response from the Court or state.

    *e.* An amended nunc pro tunc was filed (via efile) on August 10th, 2023. *See Attached Exhibit E.*

    f. The amended nunc pro tunc was served efile to Panola County and the Court and requested a hearing by August 10, 2023.

    g. The court did not respond, the state (either Panola County District Attorney or the Attorney General Office of Texas) did not respond, and the court clerk

could not identify the correct judge to hear the motions when contacted on August 17 telephonically.

11. Petitioner has had an acute health crisis that appeared to be a stroke, was taken to the emergency room on June 22, 2023, and released back to his un-air-conditioned cell.

12. While Petitioner was moved to air-conditioned housing temporarily on August 9, 2023, with no explanation, Petitioner was then returned to his cell with no air-conditioning on August 17, 2023, again with no explanation.

13. Petitioner's health appeared to greatly improve, until he was returned to his original un-air-conditioned cell where his health continued to fail.

14. As of Thursday, August 24, 2023, Petitioner has an ongoing severe ear infection and continues to have partial face paralysis on an entire half of his face.

15. Petitioner is 65 years old, diabetic, has hypertension, and is on various medications that cause him to be medically vulnerable to the extreme heat conditions that are dangerous even for a healthy young prisoner.

16. There is no Court which has plenary power to hear Petitioner's request to be moved back to air-conditioned housing, or ordered home until this case is resolved. TDCJ does not have a grievance procedure which can move as quickly as Petitioner's health requires, and there is just no other remedy that can ensure that Petitioner is placed into safe conditions.

17. As the articles included in Petitioner's complaint indicate, TDCJ continues to deny this problem and the related deaths and illnesses of prisoners, and in fact seems to affirmatively hide evidence of this issue, and the OAG continues to resist advocating for prison air-conditioning and legally resists change for a better environment.

Addressing this issue legislatively is also fruitless, according to public record. *See Articles, attached as Petitioner's Exhibits "F"-"I."*

18. There truly is no other reasonable adequate remedy at law for Petitioner for the above stated grounds.

19. The situation is getting worse, as the heat increases and Petitioner continues to be exposed to extreme heat, as confirmed by Petitioner on this date. *See Weather Information and Immediate Weather Forcasts, Attached as Exhibits "J"-"M".*

20. **There is a substantial likelihood that plaintiff will prevail on the merits.**
    a. Petitioner has presented evidence on his Complaint which show the various constitutional errors in his original trial and sentencing, to show this Court that the original prosecutor's decision to join in releasing Petitioner from prison was supported by the evidence.
    b. There is much more evidence.
    c. Petitioner has presented evidence that the OAG re-prosecuted Petitioner in under such unusual circumstances, that Petitioner's constitutional rights are demonstrated to have been likely violated.
    d. Petitioner has presented immediate evidence regarding the dire nature of the heat in his prison cell, and his health conditions.
    e. Petitioner has satisfied the requisite showing that there is a substantial likelihood that Petitioner/Plaintiff will prevail on the merits.

21. The threatened harm to plaintiff outweighs the harm that a temporary restraining order would inflict on the defendants.

a. Petitioner's threatened harm is permanent disfigurement, incapacitation, and likely, death.

b. Petitioner has presented evidence of his chronic health problems, his age of 65, and his acute health crisis and the lingering affects.

c. There is no harm that will be experienced by the defendants, other than the inconvenience of moving Petitioner to an airconditioned, healthy cell, or releasing petitioner to his sister's home on home release during the pendency of his complaint, which would actually benefit the defendants, as there will be an air-conditioned cell available to another inmate, and financial savings of not having to incarcerate an elderly person who is demonstrably safe for release.

d. Further, granting the temporary restrain order may actually save Defendants money in avoiding liability for a wrongful death lawsuit, should Petitioner die in their custody.

22. **Issuance of a temporary restraining order would not adversely affect the public interest and public policy.**

    a. The public is demanding that the circumstances endangering Petitioner and killing other inmates be rectified; the majority of the public appears already supportive of this action, according to journalistic reports included with Petitioner's complaint.

    b. Not only will issuing this TRO order not adversely affect the public interest and public policy, it will positively affect the public interest and public policy by reinforcing the credibility of the judiciary, restore integrity into the criminal justice system, and increase the public's faith in common human decency. *See Journalistic Articles, Attached as Petitioner's Exhibits" F"-"I."*

23. **Ex Parte Issuance Appropriate.**

    a. The Court should entire this temporary restraining order without notice to the defendants because Plaintiff will likely suffer immediate and irreparable, and likely fatal injury loss or damage if the order is not granted before the defendants can be heard.

    b. Notice has proven to be impracticable at the state trial court level for a routine Motion for Nunc Pro Tunc order. The defendants are huge governmental entities and it is impracticable to serve them on such short notice. The Defendants would have to learn of this lawsuit, obtain counsel, and read Plaintiff's complaint, which would take a large amount of time, and time is of the essence.

    c. Further complicating notice is that the current attorney general is currently suspended and facing an impeachment trial, and there is an interim attorney general at this moment. It is likely that it would be difficult to discover who and how to serve or notify all defendants within a short period of time necessitated by Plaintiff's health crisis.

24. **Zoom**. Plaintiff asks the Court to set the request for a preliminary injunction for hearing at the earliest possible time, and requests that the hearing be held virtually, via zoom, so that Petitioner can attend from the Estelle Unit in East Texas and undersigned can attend from Alpine, located in extremely far West Texas. Witness Mr. Linklater can attend via zoom if necessary but is currently traveling internationally.

## C. Conclusion

Petitioner has demonstrated that his request for present TRO is appropriate and that the harm Petitioner is exposed to is grave.. The harm to the Defendants for issuing an *ex parte* TRO is almost non-existent.

For these reasons, Petitioner requests that this Court issue a temporary restraining order immediately requiring Defendants to house Petitioner in a safe, air-conditioned housing unit, in temperate conditions, and to refrain from transferring Petitioner back to a unit lacking in air conditioning until the preliminary injunction can be heard.

Dated: August 24, 2023

> LAW OFFICE OF JODI COLE, PLLC
> *Counsel for Bernhardt Tiede, II*
> 203 East Murphy Street
> Alpine, Texas 79830
> Telephone: (432) 837-4266
> Facsimile: (512) 692-2575
>
> By: */s/ Jodi Cole*
> Jodi Cole, Esq.
> Texas Bar No. 24045602
> jcole@jodicole.com