IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II, | § | |
|     Plaintiff, | § | |
| v. | § | |
| | § | |
| BRYAN COLLIER, IN HIS OFFICIAL | § | |
| CAPACITY AS EXECUTIVE | § | |
| DIRECTOR OF TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, THE TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | 1:23-CV-1004-RP |
| JUSTICE, ANGELA COLMENERO, IN | § | |
| HER OFFICIAL CAPACITY AS | § | |
| INTERIM TEXAS ATTORNEY | § | |
| GENERAL, AND/OR KENNETH | § | |
| PAXTON, IN HIS OFFICIAL | § | |
| CAPACITY AS THE ATTORNEY | § | |
| GENERAL OF TEXAS (CURRENTLY | § | |
| SUSPENDED), AND THE TEXAS | § | |
| OFFICE OF ATTORNEY GENERAL, | § | |
|     Defendants. | § | |

**TEMPORARY RESTRAINING ORDER**

Before the court is Plaintiff Bernhardt Tiede, II's (TDCJ No. 00864378) Opposed Second Amended Motion for Temporary Restraining Order (Dkt. #7).[1] The Office of the Attorney General has appeared. After considering the motion, the supporting evidence, and the response, as well as conducting a hearing, the court finds that the Motion should be granted.

**I.  BACKGROUND**

Tiede currently is incarcerated at the Texas Department of Criminal Justice ("TDCJ") Estelle Unit in Huntsville, Texas. He reports that while housed in a cell without air conditioning,

---

[1] United States District Judge Robert Pitman referred the Motion to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Order, Aug. 28, 2023.

1

he suffered from stroke symptoms that were exacerbated by heat and necessitated transportation by ambulance to an emergency room. Dkt. #1 at 1. Tiede is 65 years old and suffers from multiple conditions, including diabetes, hypertension, and COPD. *Id.* ¶¶25–31. He asserts that fans and periodic deliveries of ice water and cold cloths are insufficient to provide relief from temperatures that exceed 110 degrees Fahrenheit in cells.[2] *Id.*

## II.   LEGAL STANDARD

The party moving for a temporary restraining order must establish that: "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the [TRO] will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). The party seeking relief has the burden of proving each element. *Id.* "A [TRO] is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).

Upon reviewing the Motion, the court concludes that Tiede has met his burden under Rule 65 and the Fifth Circuit's requirements.

## III.   DISCUSSION

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishment." U.S. CONST. amend. XII. The Constitution "does not mandate comfortable prisons." *Blackmon v. Garza*, 484 F. App'x 866, 868–69 (5th Cir. 2012) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, (1981)). However, "prison officials must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter,

---

[2] The court takes judicial notice of the extreme heat and media reporting that temperatures in Texas prison cells can exceed 100 degrees Fahrenheit.

and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), & *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)) (internal quotations omitted).

"It is well-established in [the Fifth Circuit] 'that the Eighth Amendment guarantees inmates a right to be free from exposure to extremely dangerous temperatures without adequate remedial measures.'" *Yates v. Collier*, 868 F.3d 354, 359 (5th Cir. 2017) (quoting *Hinojosa v. Livingston*, 807 F.3d 657, 669 (5th Cir. 2015)). Indeed, the Fifth Circuit has "repeatedly recognized the serious risk of harm that excessive heat can pose in the prison context absent adequate mitigating measures, and [it has] consistently found evidence sufficient in these cases to support an Eighth Amendment violation, even when certain mitigating measures were available." *Id.* at 361.

Tiede presents the <u>only</u> evidence in this matter. His most persuasive evidence is a declaration signed by a physician, Dr. Jeanette Cross, M.D. (Dkt. #15-1) ("Declaration").[3] The Declaration provides that Dr. Cross is "very familiar" with Tiede, having previously treated him. Dkt. #15-1 ¶¶2, 4. Dr. Cole reviewed Tiede's medical records, including recent records, which TDCJ provided to Tiede's counsel on August 16, 2023. *Id.* ¶5.

Dr. Cole states that "[a]ll signs and symptoms contained in [] Tiede's medical records . . . indicate that [he] may have suffered a stroke." *Id.* ¶8. And it is her professional opinion that Tiede "likely" had a stroke. *Id.* ¶10. Dr. Cole also posits that Tiede's medical records, including multiple EKGs, indicate that he had a heart attack. *Id.* ¶12. Tiede's medical records show that he has diabetes and hypertension. *Id.* ¶14; *see also id.* at 17 (TDCJ Pearl Patient Chart Export, indicating diabetes and hypertension). Dr. Cole also concludes that Tiede's medical records indicate that at

---

[3] At the September 12, 2023 hearing, counsel for Defendants did not question the physician's qualifications.

least some of his medical conditions are uncontrolled and are not being well treated or maintained. *Id.*

Dr. Cole's Declaration states that "Tiede's multiple medical conditions make him medically vulnerable to extreme heat in his housing quarters." *Id.* ¶15. She goes on to state that "[i]f Tiede is not immediately moved to housing that is kept air conditioned, the medical conditions that led to his current [*sic*] stroke could result in further injury, which may be more severe, permanent, and irreversible, including death." *Id.* ¶16.

According to Dr. Cole, "it is reasonable to expect [] Tiede to experience a heat-related death. We know that age over 65-years,[4] diabetes, and cardiovascular conditions increase risk for heat-related deaths. [] Tiede has all of these risk factors." *Id.* ¶17. Not included in those risk factors is "the uncontrolled nature of [] Tiede's medical conditions" or "recent suspected stroke." *Id.*

Tiede asserts that he was moved from an unairconditioned cell to an air-conditioned cell on August 9, 2023 but was returned to unairconditioned housing on August 17, 2023. Dkt. #7 at ¶12.

This evidence is sufficient at this stage to show that Tiede is substantially likely to prove an Eighth Amendment violation because of his enhanced sensitivity to extreme heat due to his medical conditions. Based on the evidence presented, the court agrees with Tiede that he faces an enhanced risk of injury or death from extreme heat and that the risk is ongoing. The court further finds that preserving the current state of Tiede's health is in the public interest. Indeed, an in-custody inmate death is necessarily not in the public interest. Any burden to TDCJ in complying with a temporary restraining order, requiring Tiede to be returned to air-conditioned housing, is outweighed by the risks to Tiede's health. There is evidence that those risks include death.

---

[4] The court takes judicial notice that Tiede is 65 years old. *See, e.g.,* Dkt. #15-1 at 12 (indicating August 2, 1958 as Tiede's date of birth).

4

### IV.   CONCLUSION AND ORDER

Tiede presented the only evidence in this matter. Defendants were provided notice by Tiede's counsel, appeared, submitted a brief in opposition to the Motion, and argued—unpersuasively—that Tiede's circumstances do not amount to an emergency and that Tiede did not exhaust administrative remedies. While Tiede has the burden of persuasion, Defendants' principal argument in opposition was: this is not an emergency. The court disagrees. And Tiede carried his burden. The evidence before the court at this stage is uncontroverted and indicates that Tiede's medical conditions and age put him at enhanced risk of injury or death due to heat. The nature of the risk—death—warrants emergency intervention, and the prison grievance system is too slow moving to afford Tiede a timely remedy commensurate with his risk of permanent injury or death.

Accordingly, for the reasons given above, it is **ORDERED** that Tiede's Motion (Dkt. #7) is **GRANTED**. So as to preserve Tiede's health, Defendants shall return Tiede to air-conditioned housing for the duration of this Order, 14 days. *See* Fed. R. Civ. P. 65(b)(2).

In light of this Order, the motion at Docket Entries #2 and #5 are **MOOT**.

SIGNED September 13, 2023.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE