IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1004-RP |
| | § | |
| BRYAN COLLIER, *in his official capacity as* | § | |
| *Executive Director of Texas Department of Criminal* | § | |
| *Justice*, THE TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, KENNETH PAXTON, | § | |
| *in his official capacity as the Attorney General of Texas* | § | |
| and THE TEXAS OFFICE OF | § | |
| ATTORNEY GENERAL, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On September 14, 2023, this Court entered an Amended Temporary Restraining Order ("Amended TRO") ordering Defendants Bryan Collier, et al. ("Defendants") to return Plaintiff Bernhardt Tiede, II's (TDCJ No. 00864378) ("Plaintiff") to air-conditioned housing for 14 days during the duration of the Amended TRO. (Dkt. 19). Now before the Court is Plaintiff's Motion to Extend the Amended TRO an additional 14 days after its current expiration date of September 28, 2023. (Dkt. 22). Defendants have filed a response. (Dkt. 26). Having reviewed the briefing, the record, and the applicable law, the Court will grant Plaintiff's motion.

### **I. BACKGROUND**

Plaintiff is currently incarcerated at the Texas Department of Criminal Justice ("TDCJ") Estelle Unit in Huntsville, Texas. He reports that while housed in a cell without air conditioning, he suffered from stroke symptoms that were exacerbated by heat and necessitated transportation by ambulance to an emergency room. (Compl., Dkt. 1, at 1). Plaintiff is 65 years old and suffers from multiple conditions, including diabetes, hypertension, and COPD. (*Id.* at 7–8). He asserts that fans

and periodic deliveries of ice water and cold cloths are insufficient to provide relief from temperatures that exceed 110 degrees Fahrenheit in cells. (*Id.*). Plaintiff states that he moved from an unairconditioned cell to an airconditioned cell on August 9, 2023, but was returned to unairconditioned housing on August 17, 2023. (2d TRO Mot., Dkt. 7, at 5).

On August 28, 2023, Plaintiff moved for a temporary restraining order, requesting that this Court order Defendants to house Plaintiff in an air-conditioned housing unit. (2d TRO Mot., Dkt. 7). The Court granted this request on September 14, 2023, and issued the Amended TRO. (Dkt. 19). The Amended TRO expires on September 28, 2023. Plaintiff has now moved for a 14-day extension of the Amended TRO. (Dkt. 22). Plaintiff argues that an extension is necessary because the original grounds for the Amended TRO continue to exist, Plaintiff needs more time to prepare and present his request for a preliminary injunction, and ongoing discovery will require an extension of time. (Mot. Extend, Dkt. 22, at 3). Defendants filed a response, in which they state that they do not oppose Plaintiff's Motion and intend to keep Plaintiff in air-conditioned housing for "at least the next 30 days." (Resp., Dkt. 26).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65(b)(2) provides that a temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."

Generally, "good cause is shown when the moving party demonstrates "that the grounds for originally granting the temporary restraining order continue to exist should be sufficient." *Hernandez v. Erazo*, 2022 WL 17490682, at *3 (W.D. Tex. Oct. 31, 2022) (citing 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2953 (3d ed. 2021)). Courts have also found "good cause" where the court needed time to fully consider the parties' motions and arguments; where the moving party, despite diligent efforts, needed additional time to prepare and present its preliminary injunction; and

where the moving party required additional time due to ongoing discovery. *See SEC v. Arisebank*, 2018 WL 10419828, at *1 (N.D. Tex. Mar. 9, 2018) (collecting cases).

### III. DISCUSSION

Upon reviewing Plaintiff's Motion, the Court concludes that an extension of the Amended TRO is warranted because Defendants have consented to an extension and because good cause exists.

First, an extension is warranted because Defendants have withdrawn their opposition to Plaintiff's request for an extension. (Resp., Dkt. 26). Rule 65(b)(2) states that a Court may extend a TRO for more than 14 days if "the adverse party consents to a longer extension." Defendants have done so here by stating that they intend to keep Plaintiff in air-conditioned housing for at least the next 30 days. (Resp., Dkt. 26). Therefore, the Court is authorized to grant Plaintiff's extension for an additional 30 days past when the Amended TRO would have expired.

Second, the Court also finds that good cause exists to extend the Amended TRO. The Court agrees with Plaintiff that the grounds supporting the Amended TRO continue to exist. In the Amended TRO, the Court credited the testimony of Dr. Jeanette Cross, M.D., who stated that it was her professional opinion that Plaintiff "likely" had suffered a stroke and that his "multiple medical conditions made him medically vulnerable to extreme heat in his housing quarters." (Am. TRO, Dkt. 19, at 3–4 (citing Decl., Dkt. 15-1, at 2–3)). Dr. Cole asserted that "[i]f Mr. Tiede is not immediately moved to housing that is kept air conditioned, the medical conditions that led to his current stroke could result in further injury, which may be more severe, permanent, and irreversible, including death." (Decl., Dkt. 15-1, at 3). In his current motion for extension, Plaintiff presents a new declaration from Dr. Cross, in which she states that it is her professional opinion that "there could be no material change in Mr. Tiede's health status since September 14, 2023, which would change

any of my medical opinions." (Decl., Dkt. 22-1, at 2). Accordingly, she continues to believe that Plaintiff could suffer severe injury or death if he does not remain in air-conditioned housing. (*Id.*).

The Court continues to credit Plaintiff's evidence, the only evidence thus far provided in this case. The evidence is still sufficient at this stage to show that Plaintiff is substantially likely to prove an Eighth Amendment violation because his medical conditions continue to cause him an enhanced sensitivity to heat. The Court also finds that Plaintiff continues to be at risk for irreparable harm of severe injury or death from extreme heat. Further, the Court finds that preserving Plaintiff's current health is within the public interest. Last, the Court finds that Defendants do not suffer a meaningful burden from an extension of the Amended TRO because an extension would simply require them not to move Plaintiff back to an un-airconditioned unit. Any nominal burden that exists in keeping Plaintiff in his airconditioned unit is outweighed by the continued risks to his health.

In addition, the Court finds good cause for an extension based on Plaintiff's assertions that he needs more time to prepare and present his request for a preliminary injunction and that he has a need for ongoing discovery. Plaintiff states that his legal team is expanding and that his new counsel and experts will need more time to review his records in preparation for a preliminary injunction hearing. (Mot. Extend, Dkt. 22, at 5). Plaintiff also contends that he recently discovered various TDCJ medical records that could be relevant in establishing his health status and demonstrating what Defendants' knowledge of his health was over the summer. (*Id.* at 5–6). The Court credits these assertions and finds that the additional preparation time and additional discovery will be helpful in preparing for an eventual preliminary injunction inquiry.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's Motion to Extend the Amended Temporary Restraining Order, (Dkt. 22), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Amended TRO in this matter, (Dkt. 19), is extended for 30 days and shall remain in effect until 11:59 p.m. on October 28, 2023. To preserve Plaintiff's health, Defendants shall allow Plaintiff to remain in air-conditioned housing for the duration of this Order.

**SIGNED** on September 28, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE