IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II, <br> *Plaintiff*, | § <br> § <br> § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-01004 |
| | § | |
| BRYAN COLLIER, ET AL., <br> *Defendants*. | § <br> § <br> § | |

## DEFENDANTS OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF TEXAS, PAXTON, AND COLMENERO'S MOTION TO DISMISS

Defendants the Office of the Attorney General for the State of Texas ("OAG"), Attorney General Ken Paxton, and former Provisional Attorney General Angela Colmenero[1], file this Motion to Dismiss in response to Plaintiff's Original Complaint, the live pleading (ECF No. 1). Defendants offer the following:

### I.   STATEMENT OF CASE

Plaintiff, Texas inmate Bernhardt Tiede, brings this suit against the Office of the Attorney General, Attorney General Ken Paxton, and Angela Colmenero for numerous claims under §1983 as well as violations of the ADA and RA ultimately seeking his release from Texas Department of Criminal Justice's ("TDCJ") custody. Plaintiff's chief complaints are that he believes he was wrongfully resentenced to prison in 2016 and that he did not receive time towards his sentence while he was under community supervision on a habeas bond in 2014–2016. *See generally* ECF No. 1. He sues the Office of the Attorney General, as well as Paxton and Colmenero in their official capacities, for the alleged wrongful resentencing and for his continued incarceration. Plaintiff seeks injunctive and declaratory relief. *Id.* at 3. Plaintiff does not seek damages. *Id.* at 29.

---

[1] Angela Colmenero no longer serves as Provisional Attorney General, was only sued in her official capacity, and has no authority to grant the relief Plaintiff seeks.

## II.   UNDISPUTED FACTS

1. Plaintiff is Bernhardt Tiede, an inmate in TDCJ's custody.

2. Plaintiff is currently housed at the Estelle Unit in Huntsville, Texas.

3. Plaintiff was originally sentenced to life for the murder of Marjorie Nugent. *See Tiede v. State*, 76 S.W.3d 13, 13–14 (Tex. Crim. App. 2002).

4. On November 26, 2014, the Texas Court of Criminal Appeals granted Plaintiff habeas corpus relief in the form of a new punishment hearing. *See Ex parte Tiede*, 448 S.W.3d 456 (Tex. Crim. App. 2014).

5. Plaintiff received a resentencing trial in April 2016 in which he was resentenced to 99 years.

6. The Sixth Court of Appeals affirmed the 99-year sentence in 2017. *Tiede v. State*, No. 06-16-00083-CR, 2017 WL 3401402 (Tex. App.—Texarkana Aug. 9, 2017, pet. ref'd).

7. Plaintiff has been in TDCJ custody since 2016.

8. Plaintiff filed this action on August 24, 2023.

## III.   ISSUES

1. Whether Plaintiff's request for habeas relief is improper.

2. Whether Plaintiff has overcome Defendants' prosecutorial immunity.

3. Whether the relief Plaintiff seeks is barred by *Heck v. Humphrey*.

4. Whether OAG, Paxton, and Colmenero are persons under Section 1983.

5. Whether Plaintiff has established the personal involvement of Defendants OAG, Paxton, and Colmenero in a constitutional violation.

## IV.   DISMISSAL STANDARDS

### A. Motion to Dismiss 12(b)(1)

A party may move for dismissal of a cause of action when a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter

jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (*quoting Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). When a motion to dismiss under Rule 12(b)(1) is filed, "the party asserting jurisdiction bears the burden of proof …" *Morrison v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014). Unlike Federal Rule of Civil Procedure 12(b)(6), under Federal Rule of Civil Procedure 12(b)(1), in a motion to dismiss due to lack of subject-matter jurisdiction, a Court may consider extrinsic materials without treating the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

### B. Motion to Dismiss 12(b)(6)

A party is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When reviewing the sufficiency of a complaint, the main objective is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible." *Lone Star Fund V (US), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In order for a claim to be plausible on its face, the plaintiff must sufficiently plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff, plaintiff's legal conclusions need not be accepted as true. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.*

### V.  ARGUMENTS & AUTHORITIES

Plaintiff admits he wished for his counsel to begin efforts to secure his early release, whether

through post-conviction work or an effort for compassionate release, early medical release, or other "equitable grounds." ECF No. 1 at 8. Plaintiff's counsel admits she "realized that Mr. Tiede needed to receive credit for the time he was out on bond in 2014, so a motion for judgment *nunc pro tunc* was filed on July 19, 2023, in the state district court retaining plenary power to correct his sentence, requesting a hearing for no later than July 23, 2023." *Id.* at 10. Plaintiff's counsel admits to filing an amended *nunc pro tunc* motion, which was filed in Panola County on August 10, 2023, requesting a hearing by August 21, 2023. *Id.* at 11. Plaintiff filed the present action in the United States District Court for the Western District of Texas on August 24, 2023. ECF 1. It is clear from Plaintiff's own pleadings that this action is brought in federal court under §1983 in an attempt to obtain his release from confinement. Neither Defendants, OAG nor Paxton, have authority to authorize Plaintiff's early release from TDCJ confinement or overturn his criminal conviction, and such relief is barred.

A. **Habeas actions are the exclusive remedy for challenges to the fact or duration of imprisonment.**

A prisoner may use a § 1983 suit to challenge conditions of his confinement. *E.g., Nelson v. Campbell*, 541 U.S. 637, 643 (2004). But a prisoner may not use § 1983 to challenge "the fact or validity of the sentence itself" because such challenges "fall within the core of federal habeas corpus." *E.g., id.* at 643–44; *see Preiser v. Rodriguez,* 411 U.S. 475, 499 n.14 (1973) ("If a prisoner seeks to attack both the conditions of his confinement and the fact or length of that confinement, his latter claim, under our decision today, is cognizable only in federal habeas corpus."); *Heck v. Humphrey* 512 U.S. 477, 481 (1994) (*Preiser* "held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). In short, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the claim is not cognizable under § 1983. *Heck*, 512 U.S. at 487. *Buntion v. Lumpkin*, 31 F.4th 952, 966 (5th Cir. 2022). Plaintiff brings this action against Defendants because he believes he was wrongly and "illegally" resentenced to prison in

2016. ECF 1 at 4.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. This is true even when the plaintiff's claims are brought under 42 U.S.C. § 1983, alleging an unconstitutional action. *Id.* This is a matter of "considerable practical importance" because when "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate." *Id.* at 477.

Here, Plaintiff takes issue with Defendants alleged involvement in the resentencing trial that led to him being reincarcerated in 2016. This clearly challenges the very fact or duration of his physical imprisonment. Specifically, Plaintiff claims that the OAG attorneys Lisa Tanner and Jane Starnes assigned to prosecute his resentencing trial became aware of constitutional violations in the original plea negotiations, trial, and sentencing, including what Plaintiff believes are clearly a number of exculpatory issues. ECF 1 at 18, 19. Plaintiff claims that the OAG was aware of both the compelling newly discovered mitigating evidence, and the agreement of Plaintiff and the former prosecutor Danny Buck Davidson that Mr. Tiede would not be returned to prison. *Id.* at 19. Plaintiff argues that if his federal and state constitutional rights were legally protected, he would still be on community supervision. *Id.* at 21.

Plaintiff improperly brings this habeas action in the form of a 42 U.S.C. §1983 suit. 28 U.S.C. § 2254 provides the remedy in federal court where a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The statute makes clear that:

Such writ should not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)
  (i) there is an absence of available State corrective process; or
  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.* at § 2254(b).

Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." *Ex parte Royall*, 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886). Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950); *See Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights"). A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error. As the number of prisoners who exhaust all of their federal claims increases, state courts may become increasingly familiar with and hospitable toward federal constitutional issues. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Here, Plaintiff has failed to fully exhaust his State court habeas claims against Defendants—which he seemingly admits. In fact, he filed a motion for judgment *nunc pro tunc* in Panola County on

August 10, 2023, but argues the state court did not move quickly enough.[2] ECF 1 at 122. Plaintiff chose to file the present complaint in federal on August 24, 2023. ECF 1. The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973).

Moreover, Plaintiff has satisfied none of the requirements under § 2254(b). Plaintiff has not exhausted the remedies available in state court; he does not allege there is an absence of available State corrective process, nor has he identified any circumstances which render such process ineffective. In fact, Plaintiff has already sought and obtained habeas corpus relief, which was the basis for his new punishment trial. *See Ex parte Tiede*, 448 S.W.3d Plaintiff cannot now maintain that the State corrective process does not or cannot protect his rights as an applicant under § 2254. Instead in an attempt to skirt the State habeas procedures, Plaintiff brings this action together with his ADA/RA and §1983 claims because the relief he ultimately seeks from those actions is to be released from TDCJ custody. *See* ECF No. 1. However, because Plaintiff cannot get past the §2254 bar, his suit is the improper remedy for Plaintiff to bring his habeas claims.

**B.       Defendants are entitled to prosecutorial immunity.**

Even if this were the proper remedy for Plaintiff to bring such a claim, Defendants are entitled to prosecutorial immunity. State prosecutors are absolutely immune from liability under §1983 for their conduct in "initiating a prosecution and in presenting the State's case," insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 421 (1976). Tanner and Starnes's alleged conduct, even if taken as true, was clearly addressed by the common law, which immunized a prosecutor, like other lawyers, from civil liability for making, or for

---

[2] Plaintiff claims to have filed the motion on July 19, 2023, in state court, but argues there was no movement on the motion. Plaintiff did not attach the initial motion to the federal complaint. Plaintiff attached the Amended Motion filed August 10, 2023.

eliciting from witnesses, false or defamatory statements in judicial proceedings, at least so long as the statements were related to the proceedings. *See, e.g., Yaselli v. Goff*, 12 F.2d 396, 401–402 (2nd Cir. 1926) *summarily aff'd*, 275 U.S. 503 (1927). In addition to such common-law support, absolute immunity in these circumstances is justified by the policy concerns articulated in *Imbler*. *See* 424 U.S. at 421. Tanner and Starnes's actions clearly involve their "role as advocate[s] for the State," rather than "administrator[s] or investigative officer[s]," the protection for which the Court reserved judgment in *Imbler*. *Id. Burns v. Reed*, 500 U.S. 478 (1991).

**C.     Plaintiff's claims for declaratory relief and any money damages are barred by *Heck v. Humphrey*.**

In *Heck v. Humphrey*, the Supreme Court held that a plaintiff seeking to recover damages under Section 1983 for an allegedly "unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." 512 U.S. 477, 486–87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original). The Court reasoned that Section 1983 damage claims that call into question the lawfulness of conviction or confinement are barred, lest those claims "permit a collateral attack on the conviction through the vehicle of a civil suit." *Id.* at 484. A dismissal of a claim for injunctive relief may also be made pursuant to *Heck* and may be made without prejudice. *See Clarke v. Stalder,* 154 F.3d 186, 190–191 (5th Cir. 1998) (en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey)*.

Here, for the reasons stated above, it is clear that Plaintiff's complaint against Defendants OAG, Paxton, and Colmenero is a collateral attack on his underlying conviction and resentencing

through his civil suit against TDCJ and Collier.

A plaintiff's claim of malicious prosecution, alleging he was prosecuted without probable cause, is barred by *Heck* because ruling in his favor would implicitly invalidate his conviction for resisting search. *Wells v. Bonner*, 45 F.3d 90, 94, 95 (5th Cir. 1995). In this case, Plaintiff Bernhardt Tiede claims that OAG, Paxton, and Colmenero should be saddled with liability for what Plaintiff categorizes as "wrongful re-prosecution" by OAG employees Tanner and Starnes. ECF 1 at 17. The Fifth Circuit barred a similar claim pursuant to *Heck* when an inmate alleged he was being incarcerated beyond his original 10-year sentence. *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160, 161 (5th Cir. 1995). In *McGrew*, the Fifth Circuit held that such suit attacks validity of his sentence and is therefore barred by *Heck*. *Id.* Similar to *McGrew*, here, Plaintiff alleges that he is being incarcerated beyond Mr. Davidson's recommended sentence of "no more than twenty years" (ECF No. 1 at 15) and that his release should be moved up by almost two years for time he was out on bond in 2014–2016. ECF No. 1 at 10. Because Plaintiff's suit attacks the validity of his sentence, his claim is barred by *Heck*.

**D.     Defendants are not parties who can be sued under Section 1983.**

Section 1983 renders certain "persons" liable for deprivations of constitutional rights. 42 U.S.C. § 1983. However, "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71, 71 n.10 (1989); *see also Hafer v. Melo*, 502 U.S. 21, 25–27 (1991); *Bates v. Univ. of Tex. Med. Branch*, 425 F. Supp.2d 826, 838–39 (S.D. Tex. 2003). Plaintiff sues the OAG for claims under Section 1983, but as a state agency, OAG is not a person who can be held liable for deprivations of constitutional rights. Plaintiff also sues Paxton and Colmenero in their official capacities. As shown, State officials acting in their official capacity, here as Attorney General and former Provisional Attorney General, are not persons under Section 1983. Thus, such claims brought under Section 1983 against the OAG, Paxton, and Colmenero should be dismissed.

**E.     Defendants OAG, Paxton, and Colmenero lack personal involvement and cannot grant Plaintiff the relief he seeks.**

Plaintiff sues OAG, Paxton, and Colmenero for violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments, as well as violations of the Americans with Disabilities Act and the Rehabilitative Act all related to his incarceration within the Texas Department of Criminal Justice. His complaints against Defendants are summarized below:

> (1) Paxton and Colmenero and OAG perpetuate the constitutional violations of Mr. Tiede by not only knowingly maintaining the archaic and backwards prison heat conditions with TDCJ, but also by actively colluding with TDCJ in an effort to prevent legislation from passing that is intended to correct this deadly, inhumane issue; the OAG practices legal maneuvers that actively allow and assist TDCJ in escaping responsibility (liability) for violating Texas prisoners' constitutional rights against cruel and unusual punishment, including medically vulnerable Plaintiff Mr. Tiede's constitutional rights. (2) All Defendants know that Mr. Tiede suffers from heat-sensitive disabilities, is prescribed medications to treat his disabilities; yet, despite their knowledge, all defendants intentionally discriminate against Mr. Tiede, in violation of the ADA, ADAAA and Rehabilitation Act. (3) Paxton and Colmenero, in their official capacities, and the OAG violated Plaintiff's Fifth, Sixth, and Fourteenth Amendment rights by wrongfully re-prosecuting Mr. Tiede, wrongfully enhancing his sentence, exceeding the scopes of protected action by immunity and/or qualified immunity afforded to them normally, and may have been actively involved in moving and maintaining Mr. Tiede in extreme heat conditions. (4) Paxton and Colmenero and the OAG itself are failing to protect Mr. Tiede, a Texas prisoner, from extreme heat conditions, denying him the protections afforded to other similarly situated prisoners in other states.

"[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). "In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Pronunier*, 801 F.2d 789, 793 (5th Cir. 1986). An official may be held liable when he is personally involved in the acts causing the deprivation of a person's constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981) (per curiam). Here, Plaintiff merely connects the OAG, Paxton, and Colmenero's involvement to the above constitutional violations because of the OAG Attorneys Lisa Tanner and Jane Starnes role in

prosecuting Plaintiff's resentencing trial. ECF 1 at 18. The OAG, Paxton, and Colmenero are not employees of the Texas Department of Criminal Justice where Plaintiff is in custody, nor are they responsible for management of the state prison system. Plaintiff fails to enunciate any set of facts beyond the OAG Special Prosecutors role in the resentencing trial that show the OAG, Paxton, or Colmenero's involvement in any of the constitutional claims.  Having already addressed Plaintiff's habeas claims for relief above, Defendants OAG, Paxton, and Comenero lack personal involvement in claims related to Plaintiff's incarceration.

Plaintiff believes he was inappropriately and illegally returned to prison based on the conduct of the OAG, where he is in custody of TDCJ under what he believes to be continued violations of his Eight Amendment protections against cruel and unusual punishment, Fifth Amendment Rights to Due Process, as applied to Texas through the Fourteenth Amendment, and Equal Protections as guaranteed by the Fourteenth Amendment. ECF 1 at 22, 23. It is clear from Plaintiff's own pleadings that the involvement of the OAG, Paxton, and Colmenero is limited only to the OAG employees Tanner and Starnes role in the resentencing trial, and such a claim should be brought through a habeas action.

"Under [S]ection 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). In *Ashcroft v. Iqbal*, the Supreme Court rejected a contention that government officials may be held liable in a Section 1983 suit merely because they had knowledge of or acquiesced in their subordinate's misconduct, stating that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." 556 U.S. 662, 677 (2009).  "A supervisory official may be held liable under [Section] 1983 only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). Here, the OAG, Paxton, nor

Colmenero are supervisory officials responsible for TDCJ or its official's actions. The only relationship the OAG has with TDCJ is to provide legal representation to the agency by statute. OAG employees Tanner and Starnes, not Defendants to this action, were only involved in the resentencing trial—not the circumstances of his incarceration. Even so, such a relationship certainly does not show that any Defendant has affirmatively participated in the acts that cause the alleged constitutional deprivations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights or violations of the ADA or RA. As such, Plaintiff fails to state a claim for the above, and has improperly brought habeas claims for relief against Defendants in this action.

## VI.   CONCLUSION

Defendants prays this court finds that Plaintiff fails to bring an action for which Defendants can grant relief and ask that this court dismiss Plaintiff's claims against Defendants OAG, Paxton, and Colmenero.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Chief, Law Enforcement Defense Division

*/s/ Abigail K. Carter*
**ABIGAIL K. CARTER**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24126376
Abigail.Carter@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL**
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Office (512) 463-2080/Fax (512) 370-9814

**COUNSEL FOR DEFENDANTS**

**NOTICE OF ELECTRONIC FILING**

I, **ABIGAIL K. CARTER**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above Defendants Office of the Attorney General for the State of Texas, Paxton, and Colmenero's Motion to Dismiss in accordance with the Electronic Case Files System of the Western District of Texas, Austin Division, on October 30, 2023.

/s/ Abigail K. Carter
**ABIGAIL K. CARTER**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **ABIGAIL K. CARTER**, Assistant Attorney General of Texas, certify that a true copy of the above Defendants Office of the Attorney General for the State of Texas, Paxton, and Colmenero's Motion to Dismiss has been served by via email to all counsel of record through this Court's electronic filing system.

/s/ Abigail K. Carter
**ABIGAIL K. CARTER**
Assistant Attorney General