PAGE **345**

FILED FOR RECORD
IN MY OFFICE

AT **3:55** O'CLOCK __P__ M.____

No. **8726**

AUG 2 8 **1997**

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY _Mickey Domar_ DEPUTY

| | |
|---|---|
| ESTATE OF | IN THE COUNTY COURT |
| MARJORIE M. NUGENT, | OF |
| DECEASED | PANOLA COUNTY, TEXAS |

## APPLICATION FOR PROBATE OF WILL AND
## ISSUANCE OF LETTERS TESTEMENTARY

TO THE HONORABLE JUDGE OF SAID COURT:

Tyler Bank and Trust, N.A., Tyler, Texas ("Applicant") furnishes the following information to the Court for the probate of the written Will of Marjorie M. Nugent ("Decedent") and for issuance of Letters Testamentary to Applicant:

1.  Applicant is a national banking association interested in this estate and having its principal place of business at P.O. Box 2020, Tyler, Texas 75701.  Applicant's federal tax I.D. number is 75-2466545.

2.  The exact date of Decedent's death is unknown to Applicant at the time of this Application, but the date of death is less than four years prior to the filing of this Application.  Decedent's social security number was 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.

3.  This Court has jurisdiction and venue because Decedent was domiciled and had a fixed place of residence in this county on the date of death.

4.  Decedent owned real and personal property described generally as stocks, bonds, real property and mineral property of a probable value in excess of $ 250,000.00.

5.  Decedent left a valid written Will ("Will") dated March 16, 1978, which was never validly revoked as far as known to Applicant and is filed herewith.

6.  The subscribing witnesses to the Will are Joe M. Bell, and Beulah Hengy.  Because of the length of time between the execution of the Will and this Application, the addresses of the subscribing witnesses are unknown to Applicant.

The Will was made self-proved in the manner prescribed by law.

7.  No child or children were born to or adopted by Decedent after the date of the Will.

8.  Decedent was never divorced.

9.  A necessity exists for the administration of this estate.

10.  Decedent's Will named Applicant to serve without bond or other security as Independent Executor and Applicant would not be disqualified by law from serving as such or from accepting Letters Testamentary, and Applicant would be entitled to such Letters.

11.  Decedent's Will did not name either the State of Texas, a governmental agency of the State of Texas, or a charitable organization as a devisee.

Applicant prays that citation issue as required by law to all persons interested in this Estate; that the Will be admitted to probate; that Letters Testamentary be issued to Applicant; and that all other orders be entered as the Court may deem proper.

Respectfully submitted,

_____

John W. Noble
Attorney for Applicant
Texas State Bar No. 15051000
218 N. Broadway, St. 302
Tyler, TX 75702
903/592-6300
903/592-6312 (fax)

VOL 98 PAGE 346

LAST WILL AND TESTAMENT

OF

MARJORIE M. NUGENT

I, MARJORIE M. NUGENT, a resident of the City of Longview, Gregg County, Texas, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all wills by me heretofore made.

1.

I direct that all my just debts and federal and state estate and inheritance taxes be paid by my legal representatives as promptly as is reasonably practical.

2.

I give, devise and bequeath to my husband, Roderick M. Nugent, Sr., the residence property used and occupied as our homestead in the City of Longview, Texas, and all our farm properties wherever located, together with all furniture, furnishings, household equipment and personal property located in, upon, or used in connection with our homestead and the farm properties, specifically including my personal effects and all the automobiles owned by us at that time.

3.

All the rest and residue of my property and estate, whether real, personal, or mixed, separate or community, and wheresoever situated, specifically including my one-half (1/2) interest in the assets constituting the trust estate created by my husband and me by Trust Indenture dated May 29, 1967, naming Citizens First National Bank of Tyler, Texas, as Trustee, I give, devise and bequeath in trust to my husband, Roderick M. Nugent, Sr., and the said Citizens First National Bank, as Trustees, to hold,

VOL 98 PAGE 347

manage distribute and dispose of in accordance with the trust provisions of this will hereinabove shown.

4.

I constitute and appoint my husband, Roderick M. Nugent, Sr., Independent Executor of this my Last Will and Testament; should he be or become unavailable to act, whenever and however that may occur, I appoint Citizens First National Bank of Tyler, Texas, as Independent Executor of my estate, with any successor of that bank, however that succession may occur, to succeed said bank as Independent Executor. I direct that no bond or security be required of any such legal representative and that no action be had in the county court or probate court in relation to the settlement and administration of my estate other than to prove and record this will and to return the statutory inventory, appraisement and list of claims.

5.

I authorize and empower my legal representatives to manage, control, lease, lease for oil, gas and other minerals, transfer, assign, encumber, sell, convey, unitize, or pool interests in oil, gas and other minerals in any manner or otherwise deal with and dispose of all or any portion of my estate at public or private sale for any price, upon any terms, and in any manner as to my legal representative then acting may seem best, with full right, power and authority to receive, collect and receipt for all moneys or properties owing to me or my estate, and to execute all such contracts, transfers, assignments, receipts, releases, conveyances, mineral or royalty deeds, oil, gas and mineral leases, mortgages, deeds of trust, and any and all other instruments of every kind and character as in the judgment of my then acting legal representative may be necessary, convenient or

VOL. 98 PAGE 348

desirable in carrying out the purposes of this will, including
specifically, but not by way of limitation, the full right and
authority to engage in, own, and operate or liquidate and dis-
continue any project, venture or business in which I may be
engaged or interested in any manner at my decease.  It is my
intention to vest in my legal representatives the same full
power and authority to manage, control, and dispose of my estate
in the same manner and to the same extent that I could do if
living.

6.

The residue of my estate devised in trust as shown above,
shall be handled, managed, controlled, distributed and disposed
of in accordance with the following trust provisions:

SECTION A - TRUSTEES:

I constitute and appoint my husband, Roderick M. Nugent,
Sr., and Citizens First National Bank of Tyler, Texas, as Trus-
tees to administer the trusts created by this will, with the
bank to act as the sole Trustee as and when my husband is unable
or unavailable to act, whatever be the reason and whenever this
occurs.  Any successor of the said bank shall succeed it as
Trustee hereunder.  Each said Trustee shall have the same im-
munity from bond or security as has been provided above for my
legal representatives.  The word "Trustees" used in this will
refers both to the two original Trustees and to the sole Trustee
when only one is acting.

SECTION B - PAYMENTS TO HUSBAND

During the lifetime of my husband, Roderick M. Nugent, Sr.,
the corporate Trustee shall pay to him or use for his benefit so
much or all of the net income from the trust estate and such
portion of the corpus thereof as the corporate Trustee in its

-3-

sole judgment and discretion shall deem advisable or necessary
and to the best interest of my husband, taking into account all
other income and resources known to the corporate Trustee to be
available to him and considering his best interests.

SECTION C - DISPOSITIVE PROVISIONS:

Upon the death of my husband, or if he should predecease
me, the corporate Trustee shall divide the properties constitu-
ting the trust estate into as many separate trusts as there are
natural born children of my son, Roderick M. Nugent, Jr., (issue
of his body) there presently being three such grandchildren,
namely Jennifer Lynn Nugent, born June 14, 1969, Susan Kay
Nugent, born February 28, 1971, and Shanna Leigh Nugent, born
September 23, 1973.  Each such separate trust shall be adminis-
tered for the benefit of the beneficiary thereof until the
youngest of such grandchildren attains the age of twenty-five
(25) years.  During the existence of each separate trust, the
corporate Trustee shall pay or use for the benefit of the bene-
ficiary thereof so much or all of the net income from the trust
and the corpus thereof as said Trustee in its sole judgment and
discretion shall deem advisable or necessary to provide for the
proper care, support, maintenance, health and general well-being
of the beneficiary, taking into consideration all other income
and resources known to the Trustee to be available to the bene-
ficiary.

Should one of my grandchildren die prior to receiving com-
plete distribution and leaving issue surviving, the beneficial
interest of that deceased grandchild shall vest in such issue in
equal interests; should one of my grandchildren die prior to
receiving complete distribution and without leaving issue sur-
viving, the trust estate theretofore existing for that grand-

child shall be divided equally so as to become part of the trusts then in existence for the benefit of my other grandchildren.  Should any successor beneficiary provided for in this Section C be under twenty-one (21) years of age, the share or interest in the trust estate held for that beneficiary shall remain subject to the trust provisions of this will until that successor beneficiary attains twenty-one (21) years of age. During the period that a trust share is held for a successor beneficiary under 21 years of age, the income from that share or interest, together with such portion of the principal as in the discretion of the corporate Trustee is necessary or appropriate, shall be used for the care, support, maintenance, health, education and general well-being of the successor beneficiary.

SECTION D - SPENDTHRIFT PROVISION:

Each beneficiary under the trusts created hereby is restrained from and is and shall be without right, power or authority to sell, transfer, pledge, mortgage, hypothecate, alienate, anticipate or in any manner affect or impair the beneficial or legal rights, title, interest and estate of the beneficiary in or to the income or corpus held in trust, nor shall the rights, title, interest and estate of any beneficiary be subject or liable to the rights or claims of creditors or to any process of law or the courts, and all the income and corpus of the trusts shall be transferable, payable and distributable solely, exclusively and personally to and for the benefit of the beneficiaries of the trusts at the times and in the manner hereinabove provided.

SECTION E - GUARDIANSHIP:

Whenever any beneficiary entitled to receive payments hereunder is under a legal disability, or in the sole judgment of the corporate Trustee is otherwise unable to apply such payments

VOL. 98 PAGE 351

to the best interest or advantage of that beneficiary, the Trustee may make all or any portion of such payments (a) directly to the beneficiary without necessity for appointment of a guardian, or (b) by the Trustee expending the same for the welfare and interests of the beneficiary.

SECTION F - OVERALL LIMITATION:

Should there be any undistributed portion of the corpus or undistributed income of any trust created hereunder remaining in the hands of the Trustee on the twenty-first anniversary of the death of the last survivor of my descendants who are actually in being at the time of my death, then notwithstanding any other trust provision of this will, such undistributed trust property shall be distributed free of trust to the beneficiaries in being at that time, whereupon all trusts created hereby shall fully terminate.

SECTION G - GENERAL POWERS OF TRUSTEES:

Persons dealing with the Trustees need not inquire as to the authority of the Trustees to effect any transaction, the expediency or propriety of any action taken by the Trustees, or the application of any money paid or property delivered to the Trustees.  Subject only to the limitation hereinafter imposed upon the powers of the individual Trustee, the Trustees shall have the same full power and authority to manage, control, sell, convey and otherwise dispose of the principal and income of the trust estate as though the Trustees were the owner in fee simple without beneficial interest in any other person, including, without the enumeration being in anywise a limitation upon the powers of the Trustee, the following:

(1)  All powers conferred by this will upon my legal representatives.

-6-

VOL. 98 PAGE 352

(2) All those powers, discretions, privileges and immunities
granted to or conferred upon Trustees under the Texas Trust
Act as it is now constituted or may hereafter be amended,
except that in the event of any conflict or inconsistency
between that Act and the trust provisions of this will, the
provisions hereof shall control.

(3) At public or private sale to sell and convey, lease, aban-
don or otherwise dispose of, or to grant options with re-
spect to all or any part of the trust properties, including
without limitation the power to create oil, gas and other
mineral leases, interests and estates by grant or reserva-
tion and to transfer, exchange, convey, pool, unitize or
contract generally with respect to all said properties and
to conduct alone or with others exploratory and development
operations, including geological and geophysical work, and
the drilling and equipping of test wells for oil and gas,
all in such manner, at such time or times, for such pur-
poses and consideration and upon such terms and conditions
as the Trustees may deem advisable; the term of any lease
granted by the Trustees may extend beyond the term of the
trust.

(4) To buy or borrow from, and to sell or lend to, or otherwise
deal with themselves either as individuals or as Trustees,
they being expressly authorized to borrow money from any
source, for any purpose connected with the protection, pre-
servation or improvement of the trust properties.

(5) To make distribution in kind or to cause any distributive
share to be composed of cash, property or undivided frac-
tional interest in property different in kind from that
constituting another distributive share.

(6) To purchase insurance on the life of any beneficiary or on
the life of any other person in whom a beneficiary has an
insurable interest, naming as the insurance beneficiary the
trust beneficiary, and to pay out of the trust estates all
premiums, assessments and proper charges incident to such
life insurance.

(7) The Trustees shall not be bound nor limited by the defini-
tions of "income" or "principal" in the Texas Trust Act as
it now or hereafter exists, or by definitions of such terms
under any law or laws, statutory or otherwise, of the State
of Texas or of any other state or of the United States.
The Trustees shall have the authority to determine whether
money, funds and properties, and rights therein, which come
into the possession and ownership of the Trustees are in-
come or principal and to charge or apportion expenses, de-
preciation, depletion and losses to income and principal,
setting up such reserves as they deem proper and equitable,
and such determinations shall be binding for all purposes
upon all persons who have any interest, vested or contin-
gent, in the properties of the trusts; in amplification of
this power, the Trustees in their complete discretion, are
authorized to allocate between the trusts and the respec-
tive beneficiaries, depreciation and depletion deductions
shown in federal income tax returns.

VOL. 98 PAGE 353

(8) For convenience and security in the handling of any proper-
ties of the trust estates and in order to simplify matters
pertaining to registration, recording, title, ownership,
and transfer of such properties and to facilitate the col-
lection of revenues generated by or accruing to such prop-
erty, the Trustees are specifically empowered to register
or hold the title to any such properties and to collect and
receive revenues and moneys therefrom in the name of the
trusts, in the names of the Trustees, or in the name of
Citizens First National Bank of Tyler, Texas, without
disclosure of the trusts, or in the name of any nominee
without indication of the trusts' ownership.

(9) The Trustees shall not be liable for errors or mistakes of
judgment but only for bad faith or gross negligence in the
administration of the trusts.

(10) Irrespective of how any of the foregoing provisions of this
will might be construed, my husband, Roderick M. Nugent, Sr.,
shall take no part in and have no authority with respect to
decisions relative to distribution of income or invasion of
the principal or corpus of the trust pursuant to the pro-
visions of Section B above, such powers being solely exer-
cisable by the corporate Trustee, whose decision shall be
binding and conclusive on all parties.

7.

Each legal representative and Trustee acting hereunder
shall be entitled to reimbursement for all costs and expenses
incurred in the administration of my estate or the trusts cre-
ated by this will.  My husband shall receive no compensation or
commission for services rendered as a Trustee, but the corporate
Trustee shall be entitled to reasonable compensation for services
rendered in the administration and distribution of my estate and
the trust estate, not to exceed at any point in time the custom-
ary and prevailing fees charged by national banks in Texas with
active trust departments for similar services in the administra-
tion of estates and trusts of a size and complexity comparable
to my estate and the trusts created by this will.

8.

The trusts created under this will shall be construed and
administered and their validity shall be determined in accor-
dance with the laws of the State of Texas.  As used in this

VOL. 98 PAGE 354

will, the term "issue" or any form of such word shall be deemed to include only legitimate issue of the body. The use of headings in this will has been for convenience only and shall be disregarded if that becomes necessary in order to effectuate the intention of the testatrix.

9.

This I make, publish and declare to be my Last Will and Testament, hereunto signing and subscribing my name this *16* day of *March*, 1978, in the presence of the undersigned witnesses who attest the same at my request and in my presence.

*Marjorie M. Nugent*
Marjorie M. Nugent

The foregoing instrument was here and now declared and published as the Last Will and Testament of Marjorie M. Nugent, the Testatrix, and signed and subscribed by her, all in our presence, and we, at her request, in her presence, and in the presence of each other, sign and subscribe our names hereunto as attesting witnesses, each being of legal age.

*Joe M Bell*
Witness

*Beulah Armey*
Witness

THE STATE OF TEXAS )
COUNTY OF GREGG )

BEFORE ME, the undersigned authority, on this day personally appeared MARJORIE M. NUGENT, *Joe M Bell* and *Beulah Armey*, known to me to be the Testatrix and witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and all of said persons being by me duly sworn, the said Marjorie M. Nugent, Testatrix, declared to me and to the said witnesses in my presence that said instrument is her Last Will and Testament, and that she had willingly made and executed it as her free act and deed for the purposes therein expressed; and the said witnesses, each on oath, stated to me in the presence and

VOL 98 PAGE 355

hearing of the said Testatrix, that the said Testatrix had declared to them that said instrument is her Last Will and Testament, and that she executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said Testatrix and at her request, that she was at that time eighteen years of age or over and was of sound mind; and that each of said witnesses was then at least fourteen years of age.

_____
Marjorie M. Nugent
TESTATRIX

_____
Witness

_____
Witness

SUBSCRIBED AND ACKNOWLEDGED before me by the said MARJORIE M. NUGENT, Testatrix, and SUBSCRIBED AND SWORN TO before me by the said _Joe Nickell_ and _Beulah Hugey_, witnesses, this _16_ day of _March_, 1978.

_____
Notary Public in and for Gregg
County, Texas

-10-

VOL 98 PAGE 360

FILED FOR RECORD
IN MY OFFICE

AT 10:45 O'CLOCK A. M.

SEP 1 0 1997

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

M. L. Baze
_____ DEPUTY

No. 8756

| | | |
|---|---|---|
| **ESTATE OF** | )( | **IN THE COUNTY COURT** |
| | )( | |
| **MARJORIE M. NUGENT,** | )( | **OF** |
| | )( | |
| **DECEASED** | )( | **PANOLA COUNTY, TEXAS** |

### PROOF OF DEATH AND OTHER FACTS

BEFORE ME, the undersigned authority, on this day appeared Tyler Bank and Trust, N.A., Tyler, Texas, it, after being duly sworn, stated that:

1.   Marjorie M. Nugent ("Decedent") died in Carthage, Panola County, Texas, on or about November 19, 1996, at which time Decedent was domiciled and resided in Carthage, Panola County, Texas.  Four years have not elapsed since the date of Decedent's death.

2.   A necessity exists for the administration of this Estate.

3.   Applicant for Letters of Temporary Administration is not disqualified by law from accepting Letters of Temporary Administration or from serving as Temporary Administrator of this Estate, and is entitled to such letters.

Tyler Bank and Trust, N.A., Tyler, Texas, Affiant

By: _Jeff W Cleavan_____
Authorized Officer

SUBSCRIBED AND SWORN TO BEFORE ME on _September 10_____, 1997, by _Jeff W. Cleavens_____, on behalf of Tyler Bank and Trust, N.A., Tyler, Texas, and in the capacity stated.

Sue Grafton, County Clerk
By: Martha L. Baze
Deputy County Clerk, Panola County, Texas

VOL 98 PAGE 361

FILED FOR RECORD
IN MY OFFICE

AT _10:45_ O'CLOCK _A_ M.

SEP 1 0 1997

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS
BY _M. L. Case_ DEPUTY

No. 8756

ESTATE OF                )(          IN THE COUNTY COURT
                         )(
MARJORIE M. NUGENT,      )(          OF
                         )(
DECEASED                 )(          PANOLA COUNTY, TEXAS


### ORDER APPOINTING TEMPORARY ADMINISTRATOR


On this day this Court heard and considered the Application for Temporary Administration filed by Tyler Bank and Trust, N.A., Tyler, Texas, ("Applicant"), and after hearing the evidence in support of the Application, the Court finds that Marjorie M. Nugent ("Decedent") is dead and four (4) years have not elapsed since the date of Decedent's death; the Court has jurisdiction and venue over this Estate, and the interest of this Estate requires the immediate appointment of a personal representative; the Application For Letters of Temporary Administration should be granted and Applicant would be a suitable representative, is not disqualified from acting as such and should be appointed Temporary Administrator of this Estate.

It is ORDERED that Tyler Bank and Trust, N.A., Tyler, Texas, is hereby appointed Temporary Administrator of this Estate to serve until _December 10 97_ which is not longer than 180 days from the date hereof, and it shall give Bond in the sum of $ _1,000.00_ , conditioned as required by law; that unless the appointment is contested after service of citation, it shall be continued in force until _December 10 1997_ or for such period of time as the Court shall deem in the interest of this Estate, or it shall be made permanent, if found by the Court to be necessary; that the Clerk of this Court shall give such notice as may be required by law and shall issue Letters of Temporary Administration within three days after the Temporary Administrator has qualified according to law; and that the Temporary Administrator shall be given all of the duties, powers, and authority of a permanent administrator, including but not limited to the power to bring appropriate suits and actions, and to exercise any right necessary to protect the assets of the Decedent's estate.

SIGNED this _10th_ day of _September_, 1997.

_____
Judge Presiding

VOL 98 PAGE 362

FILED FOR RECORD
IN MY OFFICE

AT 10:45 O'CLOCK A. M.

No. 8756

SEP 1 0 1997

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

| | | |
|---|---|---|
| ESTATE OF | )( | IN THE COUNTY COURT |
| | )( | BY M. D. Rager DEPUTY |
| MARJORIE M. NUGENT, | )( | OF |
| | )( | |
| DECEASED | )( | PANOLA COUNTY, TEXAS |

## OATH OF TEMPORARY ADMINISTRATOR

Tyler Bank and Trust, N.A., Tyler, Texas, through its authorized officer, does solemnly swear that it will well and truly perform the duties of Temporary Administrator of the Estate of Marjorie M. Nugent, Deceased, in accordance with the law and with the order of the Court appointing it Temporary Administrator.

Tyler Bank and Trust, N.A., Tyler, Texas, Temporary Administrator

By: _Jeff W Cheavens_
Authorized Officer

SUBSCRIBED AND SWORN TO BEFORE ME on _September 10_, 1997, by _Jeff W. Cheavens_, on behalf of Tyler Bank and Trust, N.A., Tyler, Texas, and in the capacity stated.

Sue Grafton, County Clerk
By: Martha L. Bayer
Deputy County Clerk, Panola County, Texas

VOL 98 PAGE 363

FILED FOR RECORD
IN MY OFFICE

AT _10:45_ O'CLOCK _A_ . _M.____

**No. 8756**

SEP 1 0 1997

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

| | | |
|---|---|---|
| ESTATE OF | )( | IN THE COUNTY COURT |
| | )( | BY _M. L. Baze_____ , DEPUTY |
| MARJORIE M. NUGENT, | )( | OF |
| | )( | |
| DECEASED | )( | PANOLA COUNTY, TEXAS |

### BOND OF TEMPORARY ADMINISTRATOR

| | | |
|---|---|---|
| STATE OF TEXAS | )( | |
| | )( | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF PANOLA | )( | |

That we, Tyler Bank and Trust, N.A., Tyler, Texas, as Principal, and _John W. Noble_ , as Surety, are held and firmly bound, jointly and severally, unto the Judge of the County Court of Panola County, Texas, and to the successors in office of such Judge, in the sum of $ _1,000.00_ , conditioned that the above bound Tyler Bank and Trust, N.A., Tyler, Texas, who has been appointed by the said Judge, as Temporary Administrator of the Estate of Marjorie M. Nugent, Deceased, shall well and truly perform all the duties required by law under such appointment.

Tyler Bank and Trust, N.A., Tyler, Texas, Principal

By: _Jeff W Cheaven_____
    Authorized Officer

_____ , Surety

By: _____
    Attorney-in-Fact

The above Bond is APPROVED this _10th_ day of _September_ , 1997.

_____
Judge Presiding

98 PAGE 360

FILED FOR RECORD
IN MY OFFICE

AT 9:00 O'CLOCK A. M.

SEP 1 5 1997

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

M. L. Bazer      DEPUTY

No. 8756

| | | |
|---|---|---|
| **ESTATE OF** | )( | **IN THE COUNTY COURT** |
| | )( | |
| **MARJORIE M. NUGENT,** | )( | **OF** |
| | )( | |
| **DECEASED** | )( | **PANOLA COUNTY, TEXAS** |

## OATH

Tyler Bank and Trust, N.A., Tyler, Texas, does solemnly swear that the writing which has been offered for probate is the last valid will of Marjorie M. Nugent, so far as it knows or believes, and that it will well and truly perform all the duties of Independent Executor of the Estate of Marjorie M. Nugent, Deceased.

Tyler Bank and Trust, N.A., Tyler, Texas

By: _Jeff W Cheavens_
Authorized Officer

SUBSCRIBED AND SWORN TO BEFORE ME on September 15, 1997, by Jeff W. Cheavens, authorized officer, on behalf of Tyler Bank and Trust, N.A., Tyler, Texas, and in the capacity stated.

_Sue Grafton, County Clerk_
_Martha L. Bazer_
Deputy County Clerk, Panola County, Texas

FILED FOR RECORD
IN MY OFFICE

AT _9:00_ O'CLOCK _A_. M.____

SEP 1 5 1997

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY _____ DEPUTY

VOL 98 PAGE 357

No. 8756

|                       |       |                         |
|-----------------------|-------|-------------------------|
| **ESTATE OF**         | )(    | **IN THE COUNTY COURT** |
|                       | )(    |                         |
| **MARJORIE M. NUGENT,** | )(  | **OF**                  |
|                       | )(    |                         |
| **DECEASED**          | )(    | **PANOLA COUNTY, TEXAS** |

## APPLICATION TO CLOSE TEMPORARY ADMINISTRATION

Tyler Bank and Trust, N.A., Temporary Administrator of this Estate ("Temporary Administrator"), furnishes the following information to the Court:

1.      This Court has previously entered its Order approving the Final Account of the Temporary Administrator.  The Court further found that there was no property which came into the possession of the Temporary Administrator to be delivered to the persons entitled thereto.

2.      The Temporary Administrator requests the Court to enter an Order discharging Temporary Administrator from this trust, releasing Sureties on the Bond of the Temporary Administrator from further liability, and declaring the current Temporary Administration of this Estate be closed.

Tyler Bank and Trust, N.A., Tyler, Texas

By: _Jeff W Cheaven_____
        Authorized Officer, Temporary Administrator

FILED FOR RECORD
IN MY OFFICE

AT _9:00_ O'CLOCK _A_. M. _____

No. 8756

SEP 1 5 1997

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY _M. L. Beze_ DEPUTY

| | | |
|---|---|---|
| **ESTATE OF** | )( | **IN THE COUNTY COURT** |
| | )( | |
| **MARJORIE M. NUGENT,** | )( | **OF** |
| | )( | |
| **DECEASED** | )( | **PANOLA COUNTY, TEXAS** |

## ORDER CLOSING TEMPORARY ADMINISTRATION

On this day the Court heard and considered the Application To Close Temporary Administration, filed by the Temporary Administrator of this Estate, and after hearing the evidence in support of such Application, the Court finds that this Estate has been fully administered; that the Final Account of the Temporary Administrator has been previously approved; that there is no property which has come into the possession of the Temporary Administrator to be delivered to the persons entitled thereto; and that the current Temporary Administration of this Estate should be closed.

It is ORDERED that Tyler Bank and Trust, N.A., Tyler, Texas, Temporary Administrator of this Estate, is hereby discharged from this trust, that the Sureties on the Bond of the Temporary Administrator are hereby discharged from further liability under such Bond, and that the current Temporary Administration is hereby declared to be closed.

SIGNED this 15th day of September, 1997.

_____
Judge Presiding

FILED FOR RECORD
IN MY OFFICE

THE ____ DAY OF ____ *9:00* O'CLOCK *A* M. ____

SEP 1 5 1997

No. 8756

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY *M. L. Baker* DEPUTY

ESTATE OF                    )(          IN THE COUNTY COURT
                             )(
MARJORIE M. NUGENT,          )(                 OF
                             )(
DECEASED                     )(          PANOLA COUNTY, TEXAS


## FINAL ACCOUNT OF TEMPORARY ADMINISTRATOR


Tyler Bank and Trust, N.A., Tyler, Texas, Temporary Administrator of this Estate ("Applicant"), furnishes the following information to the Court:

1.    The following is a list of all property of this Estate which has come into the hands of the Temporary Administrator:

**NONE**

2.    The following is a return of all sales made by the Temporary Administrator:

**NONE**

3.    A full exhibit and account of all other acts of the Temporary Administrator is a follows:

The only action taken by the Temporary Administrator was the filing of Cause No. 1997-305 in the County Court at Law Panola County Texas styled "Tyler Bank and Trust, N.A., Tyler, Texas, Temporary Administrator of the Estate of Margaret M. Nugent, Deceased Vs. Bernhardt Tiede, II wherein Applicant seeks the recovery of property belonging to the estate of decedent and a Temporary Restraining Order and Temporary Injunction preventing disposal of property of the estate. Said action was filed on September 11, 1997 and is still pending before this court. Applicant anticipates being appointed as Independent Executor of the estate of decedent and upon such appointment to be substituted as plaintiff in said action.

4.    The following described property belonging to this Estate still remains in the hands of the Temporary Administrator:

**NONE**

5.    The foregoing is a true and complete list, return, exhibit, and account of this Estate, as required by Section 134 of the Texas Probate Code. Since there was no property received by the Applicant, there is none to deliver persons entitled thereto.

98 PAGE 370

Applicant requests the Court to enter an Order approving this Final Account.

Tyler Bank and Trust, N.A., Tyler, Texas

By: _Jeff W Cheavens_
Authorized Officer, Temporary Administrator

STATE OF TEXAS

COUNTY OF PANOLA

BEFORE ME, the undersigned authority, on this day personally appeared Jeff W. Cheavens, authorized officer of Tyler Bank and Trust, N.A., Tyler, Texas, the duly appointed and acting Temporary Administrator of the Estate of Marjorie M. Nugent, Deceased, and after being duly sworn, stated that the foregoing Final Account is true and correct in every respect and such account contains a correct and complete statement of the matters to which it relates.

SUBSCRIBED AND SWORN TO BEFORE ME by Jeff W. Cheavens, authorized officer of Tyler Bank and Trust, N.A. Tyler, Texas, in the capacity stated therein.

_Sue Grafton, County Clerk_
By: _Martha L. Baker, Deputy_
~~(Notary Public, State of Texas)~~

FILED FOR RECORD
IN MY OFFICE

AT _9:00_ O'CLOCK _A._ M._____

No. 8756

SEP 1 5 1997

VOL 98 PAGE 370

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS
BY _M. L. Baze_ _____ DEPUTY

| | | |
|---|---|---|
| **ESTATE OF** | )( | **IN THE COUNTY COURT** |
| | )( | |
| **MARJORIE M. NUGENT,** | )( | **OF** |
| | )( | |
| **DECEASED** | )( | **PANOLA COUNTY, TEXAS** |

### ORDER APPROVING FINAL ACCOUNT OF TEMPORARY ADMINISTRATOR

On this day the Final Account of the Temporary Administrator was heard and considered by the Court, and after examining the Account and hearing evidence is support of same, the Court finds that the Account complies with the law in every respect; that is should be approved as filed. The Court further finds that there is no property of the Estate which has come into the possession of the Temporary Administrator and therefore none to be delivered to the persons entitled thereto.

It is ORDERED that the Final Account of the Temporary Administrator is hereby approved.

SIGNED this 15th day of September, 1997.

_____
Judge Presiding



FILED FOR RECORD
IN MY OFFICE

AT 4:00 O'CLOCK P. M.

SEP 1 5 1997

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY M. L. Bazer DEPUTY

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 1 2 1997

DAVID J. MALAND, CLERK
BY
DEPUTY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

IN RE THE ASSETS OF        )
MARJORIE M. NUGENT   )

Civ. No. 6:97CV808
Judge John Hannah, Jr.

## ORDER CONVERTING
## TEMPORARY RESTRAINING ORDER TO A PRELIMINARY INJUNCTION

This matter having come before this Court on the joint motion of the United States of America and Bernhardt Tiede II, through counsel, to convert the temporary restraining order entered in this matter on September 2, 1997, to a preliminary injunction, pursuant to Title 18, United States Code, Section 982 (b)(1)(A), incorporating Title 21, United States Code, Section 853 (e) (2), which provides district courts with jurisdiction to enter restraining orders or injunctions and take such other action in connection with any property or other interest subject to forfeiture to ensure its availability for forfeiture, and pursuant to this Court's inherent power to make orders necessary and proper to the orderly carrying on of litigation brought within the Court's jurisdiction; and, this Court having found with respect to the government's previous application for a temporary restraining order that there is reasonable cause to believe that property subject to forfeiture would be made unavailable for forfeiture in the event notice is given to parties interested in the property, and that the United States would suffer irreparable damage if the restraining order requested was not issued without notice to such parties.

1

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

By: Patricia Mvdsen

The Court hereby FINDS that there remains a substantial probability that the United States will prevail on the issue of forfeiture in this matter and that failure to enter this Order will result in the property being destroyed, removed from the jurisdiction of this Court, or otherwise made unavailable for forfeiture;

The court further FINDS, as it did regarding the affidavit of Special Agent David Carter in the United States' original application for a restraining order, that there is continuing likelihood that the United States may suffer irreparable harm if an injunction is not granted as requested, in that there remains a substantial probability that BERNHARDT TIEDE II or his agents may sell, alienate, encumber, transfer or otherwise place or attempt to place certain interests, assets and property beyond forfeitable condition, thereby frustrating the ends of public justice. This is particularly true because of the fungible nature of the assets at issue, which Tiede appears to have used in numerous financial endeavors and which could easily be dissipated by further financial transactions or by electronic transfer.

The Court further FINDS that Bernhardt Tiede II, the party against whom the temporary restraining order was entered, has consented to the conversion of the current temporary restraining order to a preliminary injunction.

The Court further FINDS the investigation conducted by the Government to date has traced $104,500.00 into Carthage Aviation, Inc. (Route 2, Box 71, Hwy 79N, Carthage, TX 75633) from the assets of Mrs. Nugent. Carthage Aviation, Inc. is owned by Tiede. Carthage Aviation, Inc. has a value substantially in excess of the $104,500.00. Carthage Aviation, Inc. has been unable to maintain normal business

2

operations due to the current TRO. Accordingly, there is a substantial danger that the value of Carthage Aviation, Inc. may be seriously diminished or depleted.

The Court further FINDS that counsel for Tiede has proposed a sale of Carthage Aviation, Inc. to a third party. The Government has agreed to release Carthage Aviation, Inc. from the terms of the PI, provided that from the proceeds of the sale of Carthage Aviation, Inc., $104,500.00 is paid into the registry of this Court pending final disposition of this matter.

The Court further FINDS that based upon the good faith efforts of the Government and Tiede's counsel to continue to investigate this matter, good cause exists to grant the preliminary injunction as requested by the parties, and so it is hereby,

ORDERED that the temporary restraining order entered in this matter on August 22, 1997, is hereby CONVERTED into a preliminary injunction that will be in effect until 5:00 p.m. on December 15, 1997, and BERNHARDT TIEDE II, his agents, employees, attorneys, family members and those persons in active concert or participation with them, and any other persons having a possessory interest in his property, be and are hereby further ENJOINED AND RESTRAINED from selling, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of (by transfer of stock or otherwise) or removal from the jurisdiction of this Court, with the intent to conceal and hide, or remove from any checking or savings account, all or part of their interest, direct or indirect, in the property listed below, real or personal, or chosen in action, without prior approval of the court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order.

3

The property subject to this Order includes the following:

(1) Charles Schwab (101 Montgomery Street, San Francisco, CA 94104, (800) 435-4000) Acct# 86321749, Acct. Type: S1, Account Name: Bernhardt Tiede, II; approx. Value: $8,000;

(2) American Express Privileged Assets (P.O. Box 59197, Minneapolis, MN 5549-0197, (800) 633-4003) Annuity# FXA5912672, Account Name: Bernhardt Tiede, II; approx. value: $27,000.00;

(3) PC Financial Network (1 Pershing Plaza, Jersey City, NJ 07399, (800) TALK-PCF) Brokerage Acct# 7CG-1698888, Acct. Name: Bernhardt Tiede, II; approx. value: $14,000.00;

(4) Checking Account at First State Bank (Carthage, TX 75633, (903) 693-6606), Account# 28495, Account Name: Beta Tau Systems; approx. value: $7,500.00;

(5) Checking Account at First State Bank (Carthage, TX 75633, (903) 693-6606), Account# 83321, Account Name: Carthage Aviation; approx. Value: $140.00;

(6) Savings Account at First State Bank (Carthage, TX 75633, (903) 693-6606), account# 953709, Account Name: For the Benefit of Christopher G. Sutton; approx. value: $220.00;

(7) Lakeside National Bank (Lake Charles, LA), Account #4300051010, Account Name: Beta Tau Systems-Tiede Enterprises, Ltd.;

(8) Security Pacific Executive Professional Services, Inc. (14707 E. 2nd, Suite100, Aurora, CO), checks on Norwest Bank Iowa NA styled Bernhardt Tiede, II;

(9) First National Bank of Carthage (Carthage, TX 75633), Account# 0666114, Account Name: Mrs. R.M. Nugent;

(10) First National Bank of Carthage (Carthage, TX 75633), Account# 0318876, Acct. Type: Operating Account, Account Name: Mrs. R.M. Nugent;

(11) Shearson Lehman Hutton Financial Management Account, Boston Safe Deposit & Trust Co. (1 Boston Place, Boston, MA 02106), Account# 1203390201, Account Name: Marjorie M. Nugent;

(12) First National Bank of Carthage (Carthage, TX 75633) Safe Deposit Box #D3406, containing miscellaneous jewelry;

4

(13) First State Bank (Carthage, Texas 75633) Safe Deposit Box #3279, containing coin collection; and

(14) all assets of Bernhardt Tiede, II, DBA, CARTHAGE AWARDS, a sole proprietorship.

FURTHER, this order continues to apply with equal force and effect to restrain the transfer or disposition of the proceeds from said property.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 65(c), the United States of America is not required to post bond or other security.

IT IS FURTHER ORDERED that if Carthage Aviation, Inc. (Route 2, Box 71, Hwy 79N, Carthage, TX 75633) is sold or any of its assets are sold, the first $104,500.00 from the proceeds of the sale will be paid into the registry of this Court pending final disposition of this matter.

IT IS FURTHER ORDERED that a copy of this Order shall be recorded in each District and the county land records where any of the above-described property is located.

ENTERED this 12th day of September, 1997.

John Hannah

UNITED STATES DISTRICT JUDGE

5

VOL. 98 PAGE 364 301

No. 8756

FILED FOR RECORD
IN MY OFFICE

AT 9:00 O'CLOCK A. M.

SEP 1 5 1997

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS
BY _____ DEPUTY

| | |
|---|---|
| **ESTATE OF** | )( |
| | )( |
| **MARJORIE M. NUGENT,** | )( |
| | )( |
| **DECEASED** | )( |

**IN THE COUNTY COURT**

**PANOLA COUNTY, TEXAS**

## PROOF OF DEATH AND OTHER FACTS

On this day, Tyler Bank and Trust, N.A., Tyler, Texas ("Affiant"), personally appeared in open court and, after being duly sworn, stated the following:

(1)  Marjorie M. Nugent ("Decedent") died on or about November 19, 1996, in Carthage, Panola County, Texas, and four years have not elapsed since the date of Decedent's death.

(2)  Decedent was domiciled and had fixed place of residence in Panola County at the date of death.

(3)  The document dated March 16, 1978, now shown to me and which purports to be the Decedent's Will, was never revoked as far as we know.

(4)  No child or children were born to or adopted by the Decedent after the date of the Will.

(5)  Decedent was never divorced.

(6)  Citation has been served and returned in the manner and for the length of time required by law.

(7)  A necessity exists for the administration upon this Estate.

(8)  That Affiant is named as Independent Executor in the Decedent's Will and is not disqualified by law from accepting Letters Testamentary or from serving as Independent Executor and is entitled to Letters Testamentary.

Signed this 15th day of September, 1997.

Tyler Bank and Trust, N.A., Tyler, Texas, Affiant

By: _Jeff W Cheavens_
       Authorized Officer

SUBSCRIBED AND SWORN TO BEFORE ME on September 15, 1997, by Jeff W. Cheavens, authorized officer, on behalf of Tyler Bank and Trust, N.A., Tyler, Texas, and in the capacity stated.

_Sue Grafton, County Clerk_
_Martha L. Bazer_
Deputy County Clerk, Panola County, Texas

FILED FOR RECORD
IN MY OFFICE

VOL 95 PAGE 365

AT 9:00 O'CLOCK A. M.

SEP 1 5 1997

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY M. L. Bee DEPUTY

No. 8756

| | | |
|---|---|---|
| ESTATE OF | )( | IN THE COUNTY COURT |
| | )( | |
| MARJORIE M. NUGENT, | )( | OF |
| | )( | |
| DECEASED | )( | PANOLA COUNTY, TEXAS |

## ORDER GRANTING LETTERS TESTAMENTARY

On this day, the Court heard the application for letters testamentary filed by Tyler Bank and Trust, N.A., Tyler, Texas, "Applicant," upon the Estate of MARJORIE M. NUGENT, Deceased, "Decedent."

The Court, having heard the evidence and having reviewed the papers on file in this Cause, finds that all of the statements and allegations contained in the application are true.

The Court further finds that citation and notice as required by law were issued, served and returned in the manner and for the length of time required by law.

The Court further finds it has jurisdiction and venue over the estate.

The Court further finds that MARJORIE M. NUGENT died on or about November 19, 1996, of sound mind, in Carthage, Panola County, Texas, and that four years have not elapsed since the Decedent's death.

The Court further finds that the Decedent left a valid Will dated March 16, 1978, and that the Will was not revoked by the Decedent and that no objection to or contest of the probate of the Will has been filed.

The Court further finds that the Application for Letters Testamentary was filed less than four years after the Decedent's death and that all of the statements and allegations contained in Application are true and that all necessary proof required for the probate of the Will has been made and that the Will is entitled to probate.

The Court further finds that in the Will the Decedent named the Applicant as Independent Executor to serve without bond who is duly qualified and not disqualified by law to act as Independent Executor and who is entitled to receive Letters Testamentary.

The Court further finds that a necessity exists for the administration of the estate and that the application for Letters Testamentary should be granted.

The Court further finds that no interested person has applied for appointment of appraisers and none are deemed necessary by the Court.

IT is therefore ORDERED that the Will be admitted to probate.  It is further ORDERED that Tyler Bank and Trust, N.A., is appointed as Independent Executor of the Estate of Marjorie M. Nugent, Deceased, and that no bond or other security is required of the Independent Executor and that there is no necessity for the appointment of appraisers and that upon the taking and filing of the Oath required by law, that Letters Testamentary be issued to the Independent Executor and that no other action shall be had in this Court other than the return of an Inventory, Appraisement, and List of Claims as required by law.

SIGNED this 15th day of September, 1997.

_____
Judge Presiding

VOL. 98 PAGE 376

No. 8756

FILED FOR RECORD
IN MY OFFICE

AT _1:50_ O'CLOCK _P_ M._____

·· APR 3 1998

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY _Jennifer Spradlin_ DEPUTY

| | | |
|---|---|---|
| ESTATE OF | )( | IN THE COUNTY COURT |
| | )( | |
| MARJORIE M. NUGENT, | )( | |
| | )( | |
| DECEASED | )( | PANOLA COUNTY, TEXAS |

## APPLICATION FOR EXTENSION OF TIME IN WHICH TO FILE INVENTORY, APPRAISEMENT, AND LIST OF CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

An Extension of time is requested within which to file the Inventory, Appraisement, and list of Claims ("Inventory") for this Estate. Decedent died on or after November 19, 1996. The undersigned is attempting to obtain adequate information as to the nature, extent and value of the assets of this Estate but will not be able to conclude the preparation of such Inventory within the time prescribed by law. Since this information will be required for the preparation of Decedent's death tax returns, the undersigned requests an extension of time until the date the federal estate tax return is due for said estate for the filing of such Inventory. This additional time is not requested by reason of any lack of diligence.

The undersigned prays that this Court enter an order extending the date for filing such Inventory as requested.

Respectfully submitted,

TYLER BANK AND TRUST, N.A., TYLER, TEXAS

By: _____

John W. Noble
Attorney for Applicant

## ORDER

The foregoing Application is found to be in order and good cause has been shown to exist. It is ORDERED that the date for filing such Inventory is extended to the date the federal estate tax return is due for said estate.

_____
Judge Presiding

98 PAGE 377

FILED FOR RECORD
IN MY OFFICE

AT 2:00 O'CLOCK P M.

No. 8756

MAY 4 1998

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY Jennifer Spradlin DEPUTY

**ESTATE OF**

**IN THE COUNTY COURT**

**MARJORIE M. NUGENT,**

**OF**

**DECEASED**

**PANOLA COUNTY, TEXAS**

$113.00
50.00
$163.00 Pd

## APPLICATION TO PROBATE

COMES NOW BERNHARDT TIEDE II, ("Tiede") and files this his Application to Probate, showing the Court as follows:

### Procedural Background and Factual Allegations

1.      On August 28, 1997, Tyler Bank and Trust, N.A., Tyler, Texas ("Bank") filed an application in this Court to probate the Will of Marjorie M. Nugent  dated March 16,1978 ("the 1978 Will").

2.      On September 15, 1997, the 1978 Will was admitted to Probate by this Court and the Bank was appointed by this Court as independent executor of the estate of Marjorie M. Nugent.

3.      Tiede has another will purportedly executed by Marjorie M. Nugent, dated April 19, 1991 ("the 1991 Will"), under which he is the beneficiary and executor.

4.      Although Tiede hereby applies to probate the 1991 Will, Tiede makes the following judicial admissions with respect to the 1991 Will:

a.      The 1991 Will and any other wills which may exist that name Tiede as a beneficiary and/or fiduciary, if they were in fact executed by Marjorie M. Nugent, were executed as a result of undue influence, as that term is used in the legal sense.  At the time of the alleged execution of the 1991 will, April 19, 1991, Tiede held a fiduciary and confidential relationship with Marjorie M. Nugent.  The undue influence existed and was exerted by Tiede, over Marjorie M. Nugent so as to subvert or overpower the mind of Marjorie M. Nugent at the time she executed the 1991 Will, and Marjorie M. Nugent would not have executed the 1991 Will but for the undue influence exerted over her by Tiede.

b.      The 1991 Will, and any other wills in favor of Tiede, if they were in fact executed by Marjorie M. Nugent, were executed as a result of actual or constructive fraud, either in the inducement or otherwise, exerted over Marjorie M. Nugent by Tiede, who, on April 19, 1991, and prior thereto, was in a fiduciary and confidential relationship with Marjorie M. Nugent. Such fraud effectively operated so as to subvert or overpower the mind of Marjorie M. Nugent at the time of the execution of the 1991 Will, and

Marjorie M. Nugent would not have executed the 1991 Will but for such fraud.

5.    Tiede does not wish to contest the probate of the 1978 Will, or any other will offered for probate by the descendants of Marjorie M. Nugent.

6.    Tiede has agreed to file this application for probate and make the foregoing admissions of fact for the purpose of placing the 1991 Will before the Court and under the Court's jurisdiction in order that the Court can rule on the invalidity thereof,

NOW, THEREFORE, the following information is furnished to the Court:

(1)    Tiede, currently residing the, Panola County Detention Center in Carthage, Panola County, Texas, is named herein as Applicant, for the purposes listed above,

(2)    Marjorie M. Nugent was domiciled in and had a fixed place of residence, in this County on the date of her death.

(3)    Marjorie M. Nugent is deceased and the date of death is less than four years prior to the filing of this Application.

(4)    Marjorie M. Nugent owned real and personal property described generally stocks, bonds, real property and mineral property of a probable value in excess of $250,000.

(5)    Marjorie M. Nugent left a purported Will dated April 19, 1991, which is filed herewith, but as to which Tiede admits that said Will, if executed by Marjorie M. Nugent was executed due to undue influence and actual and/or constructive fraud exerted over Marjorie M. Nugent by Tiede.

(6)    The subscribing witnesses to the 1991 Will are Daniel Harrison and Randall K. Harrison whose current addresses are unknown to Tiede.

(7)    No child or children were born to or adopted by Marjorie M. Nugent after the date of the 1991 Will.

(8)    Marjorie M, Nugent was never divorced as far as is known to Tiede.

(9)    In the 1991 Will Marjorie M. Nugent named Tiede to serve as independent executor, however, Tiede cannot state that he is not disqualified to serve as independent executor because of pending criminal Charges against

(10)    Marjorie M. Nugent's 1991 Will did not name either the State of Texas, a governmental agency of the State of Texas, or a charitable organization as a devisee to Tiede's knowledge,

WHEREFORE PREMISES CONSIDERED, Bernhardt Tiede II, prays that citation be issued as required by law, and that upon final hearing of this matter, a judgment be entered declaring that the 1991 Will is invalid for the reasons stated above, and for such other and further relief which the Court deems appropriate.

VOL 98 PAGE 379

Respectfully Submitted,

Clifton L. "Scrappy" Holmes
P.O Drawer 3267
Longview, Texas 75606
State Bar No. 09907000

ATTORNEY FOR BERNHARDT TIEDE, II

## VERIFICATION

STATE OF TEXAS

COUNTY OF PANOLA

Before me, the undersigned authority, this day personally appeared Bernhardt Tiede, II, who after being sworn by me stated upon his oath as follows:

"My name is Bernhardt Tiede, II. I have read the above and foregoing Application to Probate and the statements made therein are true and correct and are within my personal knowledge."

FURTHER AFFIANT SAYETH NOT.

BERNHARDT TIEDE, II

SUBSCRIBED AND SWORN TO BEFORE ME THIS  28th  day of
April  1998.

Notary Public, State of Texas



STACI ROBINSON
MY COMMISSION EXPIRES
July 18, 2001

VOL 98 PAGE 380

FILED FOR RECORD
IN MY OFFICE

AT *2:00* O'CLOCK _____ P. M._____

MAY 4   1998

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

By *Jennyie Spradlin* DEPUTY

## LAST WILL AND TESTAMENT

### OF

### MARJORIE M. NUGENT

---

THE STATE OF TEXAS   )(

COUNTY OF PANOLA      )(

KNOWN ALL MEN BY THESE PRESENTS:

That I, MARJORIE M. NUGENT, of Panola County, Texas, being of sound and disposing mind and memory, and being above the age of eighteen years, do make and publish this, my Last Will and Testament, hereby revoking all wills, if any, by me at any time heretofore made.

### I.

I direct that all my just debts be paid as soon after my death as is practical.

### II.

I have a son and four grandchildren, some of whom have threatened to sue me and actually sued me and none of whom visit or appear to care about me. Also, my son is a physician and amply provides for his family. Thr the reasons stated, I am not including them as beneficiaries under my Will.

### III.

I give, devise and bequeath my entire estate, real, personal and mixed, unto Bernhardt Tiede, II outright and in fee simple.

### IV.

I hereby constitute and appoint Bernhardt Tiede, II, as Independent Executor of my estate without bond, and direct that no action be had in the probate court in relation to the settlement of my estate other than the probating of this Will and the filing of statutory inventory, appraisement and list of claims. It is also my will that my Executor shall have the same powers as are conferred upon trustees by the Texas Trust Act.

VOL 98 PAGE 381

THIS I MAKE AND PUBLISH AS MY LAST WILL, hereunto signing and subscribing my name, this 19th day of April, 1991, in the presence of the undersigned witnesses, who attest the same at my request.

_Marjorie M. Nugent_
Marjorie M. Nugent

The above instrument was now here published as her Last Will and Testament, and signed and subscibed by Marjorie M. Nugent, the Testatrix, in our presence, and we, at her request, in her presence, and in the presence of each other, sign and subscribe our names thereto as attesting witnesses.

_Sandy Hodges    Daniel Williams_
Witness
_Ruther _____
Witness

THE STATE OF TEXAS    )(

COUNTY OF PANOLA    )(

BEFORE ME, the undersigned authority, on this day personally appeared MARJORIE M. NUGENT, Dan Williams and Randall K. Harrison , known to me to be the Testatrix and the witnesses, respectively, whose names are subscribed to the annexed or fore-going instrument in their respective capacities, and, all of said persons being by me duly sworn, the said Marjorie M. Nugent, Testatrix, declared to me and to the said witnesses in my presence, that said instrument is her Last Will and Testament, and that she had willingly made and executed it as her free act and deed for the purposes therein expressed; and the said witnesses, each on his oath stated to me in the presence and hearing of the said Testatrix, that the said Testatrix had declared to them that said instrument is her Last Will and Testament, and that she executed same

-2-

VOL 98 PAGE 382

as such and wanted each of them to sign it as a witness; and upon their

oaths each witness stated further that they did sign the same as witnesses

stated further that they did sign the same as witnesses in the presence of

the said Testatrix and at her request;  that she was at that time eighteen

years of age or over and was of sound mind; and that each of said witnesses

was then at least fourteen years of age.

*Marjorie M. Nugent*
Marjorie M. Nugent

*Dan Williams*
Witness

*Randall K. Harrison*
Witness

  SUBSCRIBED AND ACKNOWLEDGED BEFORE ME, by the said Marjorie M. Nugent,

Testatrix, and subscribed and sworn to before me by the said ~~Marjorie~~

Dan Williams_____, and Randall K. Harrison_____, Witnesses,

this 19th day of April, 1991.

*Sandra Hodges*
Notary Public, State of Texas
My Commission expires : 6-14-94

SANDRA HODGES
NOTARY PUBLIC
SEAL STATE OF TEXAS
Commission Expires 6-14-94

VOL 98 PAGE 385

FILED FOR RECORD
IN MY OFFICE

NO. 8756                    AT 4:05 O'CLOCK P M.

IN RE: ESTATE OF                §    IN THE COUNTY COURT MAY 15 1998
                                §
MARJORIE M. NUGENT,             §    IN AND FOR
                                §                    SUE GRAFTON
                                §                COUNTY CLERK, PANOLA COUNTY, TEXAS
DECEASED                        §    PANOLA COUNTY, TEXAS
                                     BY _____ DEPUTY
                                                          $7.00
## MEMORANDUM OF DISCLAIMER                               Billed

WHEREAS, Marjorie M. Nugent ("Decedent") is deceased; and

WHEREAS, Decedent left a last will and testament dated August 21, 1987 ("1987 will");

WHEREAS, by order entered by the Panola County Court on September 15, 1997, in the above-styled and numbered proceeding, an earlier will of Decedent, dated March 16, 1978 ("1978 will"), was admitted to probate and letters testamentary were issued to Tyler Bank and Trust, N.A., which still serves in that capacity; and

WHEREAS, the undersigned, being fully informed of the effect of this action and recognizing that the executor of Decedent's estate and other persons will rely on this Disclaimer, desires to disclaim and renounce all of Decedent's property and estate to which she otherwise would be entitled by virtue of the death of Decedent, under the terms of Decedent's 1987 will, Decedent's 1978 will, and otherwise;

NOW, THEREFORE, Jennifer Lynne Nugent, an adult residing in Dallas County, Texas, hereby, irrevocably and forever, disclaims and renounces any and all right, title and interest in and to the estate and property of Decedent to which she would be entitled under the terms of Decedent's 1987 will, Decedent's 1978 will, or in any other manner by virtue of Decedent's death, including but not limited to any and all right, title and interest in and to the income and principal of the Marjorie M Nugent Grandchildren's Trust ("Grandchildren's Trust") and the Roderick M. Nugent Marital-Deduction Trust ("Marital-Deduction Trust") created under Decedent's 1987 will, and all right, title and interest in and to the income and principal of the trust created under Decedent's 1978 will.

This Disclaimer is an unqualified refusal to accept the benefit of the income and principal of the Grandchildren's Trust, the income and principal of the Marital-Deduction Trust, the income and principal of the trust created under Decedent's 1978 will, and any other benefit of and from the assets of Decedent's estate passing under the terms of Decedent's 1987 will or 1978 will.

The undersigned states that she has not received, and will not receive, any consideration for her execution of this Disclaimer, nor has she had possession or exercised dominion or control over any of the assets subject to this Disclaimer, nor has she received any distribution

00004AFL.WP5

VOL 98 PAGE 386

or other benefit from the Grandchildren's Trust, the Marital-Deduction Trust under Decedent's 1987 will or the trust under Decedent's 1978 will.

This Disclaimer does not apply to property to which the undersigned is entitled under the terms of the last will of Roderick M. Nugent, deceased.

This Disclaimer is executed pursuant to Section 37A, Texas Probate Code, and Section 112.010, Texas Trust Code; it is intended to be a qualified disclaimer under Section 2518 of the Internal Revenue Code of 1986, as amended. It is not intended, and shall not operate as, an assignment.

Dated this __14__ day of May, 1998.

_____
Jennifer Lynne Nugent

STATE OF __Illinois__ )
                        )
COUNTY OF __Cook__ )

This instrument was acknowledged before me on this __14th__ day of May, 1998, by Jennifer Lynne Nugent.

_____
Notary Public, State of __Illinois__

OFFICIAL SEAL
PATRICIA HATTENDORF
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. FEB. 1,2000

# RECEIPT

DELIVERY of the foregoing Memorandum of Disclaimer, and receipt of a copy thereof, acknowledged this _15th_ day of May, 1998.

TYLER BANK AND TRUST, N.A., Independent
Executor, Estate of Marjorie M. Nugent,
deceased

By: _Jeff W Cheaven    v P and TO_

STATE OF TEXAS        )
                      )
COUNTY OF SMITH       )

This instrument was acknowledged before me on this _19th_ day of May, 1998 by _Jeff W. Cheavens VP+TO_, _____ of Tyler Bank & Trust, N.A., and the said bank acknowledges this instrument as Independent Executor, Estate of Marjorie M. Nugent, deceased.

_Helen Holder_
Notary Public, State of Texas

HELEN HOLDER
Notary Public
State of Texas
My Comm. Exp. 04-24-2002

*Memorandum of Disclaimer - Page 3*                    00004AFL.WP5

VOL 98 PAGE 388

NO. 8756

FILED FOR RECORD
IN MY OFFICE

AT 4:05 O'CLOCK ___ M. ____

| IN RE: ESTATE OF | § | IN THE COUNTY COURT 1 5 1998 |
| | § | |
| MARJORIE M. NUGENT, | § | IN AND FOR    SUE GRAFTON |
| | § | COUNTY CLERK, PANOLA COUNTY, TEXAS |
| DECEASED | § | PANOLA COUNTY, TEXAS _____ DEPUTY |

$7.00
Billed

## MEMORANDUM OF DISCLAIMER

WHEREAS, Marjorie M. Nugent ("Decedent") is deceased; and

WHEREAS, Decedent left a last will and testament dated August 21, 1987 ("1987 will");

WHEREAS, by order entered by the Panola County Court on September 15, 1997, in the above-styled and numbered proceeding, an earlier will of Decedent, dated March 16, 1978 ("1978 will"), was admitted to probate and letters testamentary were issued to Tyler Bank and Trust, N.A., which still serves in that capacity; and

WHEREAS, the undersigned, being fully informed of the effect of this action and recognizing that the executor of Decedent's estate and other persons will rely on this Disclaimer, desires to disclaim and renounce all of Decedent's property and estate to which she otherwise would be entitled by virtue of the death of Decedent, under the terms of Decedent's 1987 will, Decedent's 1978 will, and otherwise;

NOW, THEREFORE, Shanna Leigh Nugent, an adult residing in Harris County, Texas, hereby, irrevocably and forever, disclaims and renounces any and all right, title and interest in and to the estate and property of Decedent to which she would be entitled under the terms of Decedent's 1987 will, Decedent's 1978 will, or in any other manner by virtue of Decedent's death, including but not limited to any and all right, title and interest in and to the income and principal of the Marjorie M. Nugent Grandchildren's Trust ("Grandchildren's Trust") and the Roderick M. Nugent Marital-Deduction Trust ("Marital-Deduction Trust") created under Decedent's 1987 will, and all right, title and interest in and to the income and principal of the trust created under Decedent's 1978 will.

This Disclaimer is an unqualified refusal to accept the benefit of the income and principal of the Grandchildren's Trust, the income and principal of the Marital-Deduction Trust, the income and principal of the trust created under Decedent's 1978 will, and any other benefit of and from the assets of Decedent's estate passing under the terms of Decedent's 1987 will or 1978 will.

The undersigned states that she has not received, and will not receive, any consideration for her execution of this Disclaimer, nor has she had possession or exercised dominion or control over any of the assets subject to this Disclaimer, nor has she received any distribution

00004AFN.WPS

or other benefit from the Grandchildren's Trust, the Marital-Deduction Trust under Decedent's 1987 will or the trust under Decedent's 1978 will.

This Disclaimer does not apply to property to which the undersigned is entitled under the terms of the last will of Roderick M. Nugent, deceased.

This Disclaimer is executed pursuant to Section 37A, Texas Probate Code, and Section 112.010, Texas Trust Code; it is intended to be a qualified disclaimer under Section 2518 of the Internal Revenue Code of 1986, as amended. It is not intended, and shall not operate as, an assignment.

Dated this ____ day of May, 1998.

Shanna Leigh Nugent

STATE OF TEXAS        )
                      )
COUNTY OF HARRIS      )

This instrument was acknowledged before me on this ____ day of May, 1998, by Shanna Leigh Nugent.

JOSEPH B. SAWYER
Notary Public, State of Texas
Commission Expires 11-25-99

JOSEPH B. SAWYER
Notary Public, State of Texas
Commission Expires 11-25-99

Notary Public, State of Texas

*Memorandum of Disclaimer - Page 2*

00004AFN.WP5

VOL 98 PAGE 390

# RECEIPT

DELIVERY of the foregoing Memorandum of Disclaimer, and receipt of a copy thereof, acknowledged this _15th_ day of May, 1998.

TYLER BANK AND TRUST, N.A., Independent Executor, Estate of Marjorie M. Nugent, deceased

By: _____ Jeff W Cheava  VPandTO _____

STATE OF TEXAS          )
                        )
COUNTY OF SMITH         )

This instrument was acknowledged before me on this _15th_ day of May, 1998 by _Jeff W Cheavens VP+TO,_ _____ of Tyler Bank & Trust, N.A., and the said bank acknowledges this instrument as Independent Executor, Estate of Marjorie M. Nugent, deceased.



HELEN HOLDER
Notary Public
State of Texas
My Comm. Exp. 04-24-2002

_Helen Holder_
Notary Public, State of Texas

RCV BY:DELOITTE & TOUCHE : 5-14-98 : 2:32PM : 8063722107→ DOWNTOWN DALLAS;# 2

FILED FOR RECORD
IN MY OFFICE

AT __4:05__ O'CLOCK __P__ M._____

NO. 8756

| | |
|---|---|
| IN RE: ESTATE OF | § IN THE COUNTY COURT MAY 1 5 1998 |
| | § |
| MARJORIE M. NUGENT, | § IN AND FOR SUE GRAFTON |
| | § COUNTY CLERK, PANOLA COUNTY, TEXAS |
| DECEASED | § PANOLA COUNTY, TEXAS |

$7.00
Billed

## MEMORANDUM OF DISCLAIMER

WHEREAS, Marjorie M. Nugent ("Decedent") is deceased; and

WHEREAS, Decedent left a last will and testament dated August 21, 1987 ("1987 will");

WHEREAS, by order entered by the Panola County Court on September 15, 1997, in the above-styled and numbered proceeding, an earlier will of Decedent, dated March 16, 1978 ("1978 will"), was admitted to probate and letters testamentary were issued to Tyler Bank and Trust, N.A., which still serves in that capacity; and

WHEREAS, the undersigned, being fully informed of the effect of this action and recognizing that the executor of Decedent's estate and other persons will rely on this Disclaimer, desires to disclaim and renounce all of Decedent's property and estate to which she otherwise would be entitled by virtue of the death of Decedent, under the terms of Decedent's 1987 will, Decedent's 1978 will, and otherwise;

NOW, THEREFORE, Susan K. Nugent, an adult residing in Dallas County, Texas, hereby, irrevocably and forever, disclaims and renounces any and all right, title and interest in and to the estate and property of Decedent to which she would be entitled under the terms of Decedent's 1987 will, Decedent's 1978 will, or in any other manner by virtue of Decedent's death, including but not limited to any and all right, title and interest in and to the income and principal of the Marjorie M. Nugent Grandchildren's Trust ("Grandchildren's Trust") and the Roderick M. Nugent Marital-Deduction Trust ("Marital-Deduction Trust") created under Decedent's 1987 will, and all right, title and interest in and to the income and principal of the trust created under Decedent's 1978 will.

This Disclaimer is an unqualified refusal to accept the benefit of the income and principal of the Grandchildren's Trust, the income and principal of the Marital-Deduction Trust, the income and principal of the trust created under Decedent's 1978 will, and any other benefit of and from the assets of Decedent's estate passing under the terms of Decedent's 1987 will or 1978 will.

The undersigned states that she has not received, and will not receive, any consideration for her execution of this Disclaimer, nor has she had possession or exercised dominion or control over any of the assets subject to this Disclaimer, nor has she received any distribution

00004AFL.WP5

VOL    98 PAGE 392

or other benefit from the Grandchildren's Trust, the Marital-Deduction Trust under Decedent's 1987 will or the trust under Decedent's 1978 will.

This Disclaimer does not apply to property to which the undersigned is entitled under the terms of the last will of Roderick M. Nugent, deceased.

This Disclaimer is executed pursuant to Section 37A, Texas Probate Code, and Section 112.010, Texas Trust Code; it is intended to be a qualified disclaimer under Section 2518 of the Internal Revenue Code of 1986, as amended. It is not intended, and shall not operate as, an assignment.

Dated this ___14th___ day of May, 1998.

_Susan K. Nugent_
Susán K. Nugent

STATE OF TEXAS          )
                        )
COUNTY OF  DALLAS       )

This instrument was acknowledged before me on this ___14th___ day of May, 1998, by Susan K. Nugent.

_Marya J. Dancer_
Notary Public, State of Texas

MARYA J. DANCER
COMMISSION EXPIRES
FEB. 5, 2001

_Memorandum of Disclaimer - Page 2_

00004AFL.WP5

VOL 98 PAGE 393

## RECEIPT

DELIVERY of the foregoing Memorandum of Disclaimer, and receipt of a copy thereof, acknowledged this _5th_ day of May, 1998.

TYLER BANK AND TRUST, N.A., Independent
Executor, Estate of Marjorie M. Nugent,
deceased

By: _Jeff W Cheaven   VP and TO_

STATE OF TEXAS        )
                      )
COUNTY OF SMITH       )

This instrument was acknowledged before me on this _15th_ day of May, 1998 by _Jeff W. Cheavens VP+T_ _____ of Tyler Bank & Trust, N.A., and the said bank acknowledges this instrument as Independent Executor, Estate of Marjorie M. Nugent, deceased.



_Helen Holder_

Notary Public, State of Texas

HELEN HOLDER
Notary Public
State of Texas
My Comm. Exp. 04-24-2002

*Memorandum of Disclaimer · Page 3*

00004AFL.WP5

VOL. 98 PAGE 394

FILED FOR RECORD
IN MY OFFICE

AT 4:05 O'CLOCK P M.

NO. 8756

IN RE: ESTATE OF § IN THE COUNTY COURT MAY 1 5 1998
§
MARJORIE M. NUGENT, § IN AND FOR   SUE GRAFTON
§ COUNTY CLERK, PANOLA COUNTY, TEXAS
DECEASED § PANOLA COUNTY, TEXAS   DEPUTY

$7.00
Billed

## MEMORANDUM OF DISCLAIMER

WHEREAS, Marjorie M. Nugent ("Decedent") is deceased; and

WHEREAS, Decedent left a last will and testament dated August 21, 1987 ("1987 will");

WHEREAS, by order entered by the Panola County Court on September 15, 1997, in the above-styled and numbered proceeding, an earlier will of Decedent, dated March 16, 1978 ("1978 will"), was admitted to probate and letters testamentary were issued to Tyler Bank and Trust, N.A., which still serves in that capacity; and

WHEREAS, the undersigned, being fully informed of the effect of this action and recognizing that the executor of Decedent's estate and other persons will rely on this Disclaimer, desires to disclaim and renounce all of Decedent's property and estate to which he otherwise would be entitled by virtue of the death of Decedent, under the terms of Decedent's 1987 will, Decedent's 1978 will, and otherwise;

NOW, THEREFORE, Matthew Todd Nugent, an adult residing in Potter County, Texas, hereby, irrevocably and forever, disclaims and renounces any and all right, title and interest in and to the estate and property of Decedent to which he would be entitled under the terms of Decedent's 1987 will, Decedent's 1978 will, or in any other manner by virtue of Decedent's death, including but not limited to any and all right, title and interest in and to the income and principal of the Marjorie M. Nugent Grandchildren's Trust ("Grandchildren's Trust") and the Roderick M. Nugent Marital-Deduction Trust ("Marital-Deduction Trust") created under Decedent's 1987 will, and all right, title and interest in and to the income and principal of the trust created under Decedent's 1978 will.

This Disclaimer is an unqualified refusal to accept the benefit of the income and principal of the Grandchildren's Trust, the income and principal of the Marital-Deduction Trust, the income and principal of the trust created under Decedent's 1978 will, and any other benefit of and from the assets of Decedent's estate passing under the terms of Decedent's 1987 will or 1978 will.

The undersigned states that he has not received, and will not receive, any consideration for his execution of this Disclaimer, nor has he had possession or exercised dominion or control over any of the assets subject to this Disclaimer, nor has he received any distribution or other

00004AFP.WP5

VOL. 98 PAGE 395

benefit from the Grandchildren's Trust, the Marital-Deduction Trust under Decedent's 1987 will or the trust under Decedent's 1978 will.

This Disclaimer does not apply to property to which the undersigned is entitled under the terms of the last will of Roderick M. Nugent, deceased.

This Disclaimer is executed pursuant to Section 37A, Texas Probate Code, and Section 112.010, Texas Trust Code; it is intended to be a qualified disclaimer under Section 2518 of the Internal Revenue Code of 1986, as amended.  It is not intended, and shall not operate as, an assignment.

Dated this 14th day of May, 1998.


_____
Matthew Todd Nugent

STATE OF TEXAS      )
                    )
COUNTY OF Potter    )

This instrument was acknowledged before me on this 14th day of May, 1998, by Matthew Todd Nugent.


SATARA JOHNSON
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 11-3-2001

_____
Notary Public, State of Texas

*Memorandum of Disclaimer - Page 2*

00004AFP.WP5

VOL 98 PAGE 396

# RECEIPT

DELIVERY of the foregoing Memorandum of Disclaimer, and receipt of a copy thereof, acknowledged this __15th__ day of May, 1998.

TYLER BANK AND TRUST, N.A., Independent
Executor, Estate of Marjorie M. Nugent,
deceased

By: _Jeff W Cheaver   VP and TO_

STATE OF TEXAS       )
                     )
COUNTY OF SMITH      )

This instrument was acknowledged before me on this __15th__ day of May, 1998 by _Jeff W. Cheaven S VP TO_____ of Tyler Bank & Trust, N.A., and the said bank acknowledges this instrument as Independent Executor, Estate of Marjorie M. Nugent, deceased.

HELEN HOLDER
Notary Public
State of Texas
My Comm. Exp. 04-24-2002

_Helen Holder_
Notary Public, State of Texas

FILED FOR RECORD
IN MY OFFICE

AT 1:50 O'CLOCK P. M.

VOL 98 PAGE 397

No. 8756

ESTATE OF                    §        IN THE COUNTY COURT
                             §        SUE GRAYSON
                             §        COUNTY CLERK, PANOLA COUNTY, TEXAS
MARJORIE M. NUGENT,          §        OF M. L. Baker
                             §        BY _____ DEPUTY
DECEASED                     §        PANOLA COUNTY, TEXAS  $9.00 Pd.

MAY 18 1998

## APPLICATION TO APPROVE MEMORANDA OF DISCLAIMER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW JENNIFER LYNNE NUGENT, SHANNA LEIGH NUGENT, SUSAN K. NUGENT AND MATTHEW TODD NUGENT ("Applicants") and file this their Application to Approve Memoranda of Disclaimer, and in support thereof would show the Court as follows:

1. Applicants are interested in the estate of Marjorie M. Nugent ("Decedent"), in that they are beneficiaries under Decedent's last will. Tyler Bank and Trust, N.A. is the duly appointed and acting independent executor of the estate.

2. On May 15, 1998, Applicants each filed their Memorandum of Disclaimer with the executor and with this Court. The terms of the Applicants' memoranda of disclaimer are on file with this Court, and the terms of same are hereby incorporated by reference as though fully set forth herein.

3. The exact date of Decedent's death is not known to Applicants. The fact of Decedent's death was concealed from Applicants until Decedent's body was discovered hidden in a freezer on August 18, 1997. Applicants request that this Court enter an Order holding that said memoranda of disclaimer filed on May 15, 1998, were, for purposes of Section 37A, Texas Probate Code, filed not later than nine months after the death of Decedent, and that Applicants have thus not failed to comply with the requirements of Section 37A, Texas Probate Code by filing their memoranda of disclaimer on that date.

4. Applicants further request that this Court enter an Order holding that said memoranda of disclaimer meet all of the requirements of Texas Probate Code Section 37A. and are therefore valid in all respects, to be effective as of the death of Decedent.

00004AFU.WP5

WHEREFORE, PREMISES CONSIDERED, JENNIFER LYNNE NUGENT, SHANNA LEIGH NUGENT, SUSAN K. NUGENT AND MATTHEW TODD NUGENT, Applicants, respectfully request that this Court grant the relief prayed for herein.

Respectfully submitted,

PETERSON, FARRIS, DOORES & JONES
A Professional Corporation
P. O. Box 9620
Amarillo, TX 79105
(806) 374-5317
(806) 372-2107 facsimile

By: _____
James T. Campbell
State Bar No. 03705800

ATTORNEYS FOR APPLICANTS

VOL   98 PAGE 398

## VERIFICATION

STATE OF TEXAS          §
                        §
COUNTY OF POTTER        §

Before me, the undersigned authority, this day personally appeared James T. Campbell, who, after being sworn by me, stated upon his oath as follows:

"My name is James T. Campbell. I have read the above and foregoing Application and the statements made therein are true and correct and are within my personal knowledge."

FURTHER AFFIANT SAYETH NOT.

_James T Campbell_
**JAMES T. CAMPBELL**

SWORN TO AND SUBSCRIBED BEFORE ME THIS ___16th___ day of May, 1998.

SATARA JOHNSON
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 11-3-2001

_Satara Johnson_
**Notary Public, State of Texas**

00004AFU.WP5

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was this _____ day of May, 1998, forwarded to the persons listed below by placing the same in the United States mail, properly stamped and addressed as follows:

**Attorney for Tyler Bank & Trust, N.A.**

Mr. John W. Noble
Attorney at Law
218 North Broadway, Suite 302
Tyler, Texas  75702

00004AFX.WP5

FILED FOR RECORD
IN MY OFFICE

VOL 98 PAGE 399

AT_____ O'CLOCK_____ M._____

No. 8756

MAY 1 8 1998

| ESTATE OF | § | IN THE COUNTY COURT |
| MARJORIE M. NUGENT, | § | OF |
| DECEASED | § | PANOLA COUNTY, TEXAS |

COUNTY CLERK, PANOLA COUNTY, TEXAS
BY *M. L. Bacon* DEPUTY
*$3.00 Pd.*

## ORDER

CAME ON TO BE HEARD this _18_ day of _May_____, 1998, the Application of JENNIFER LYNNE NUGENT, SHANNA LEIGH NUGENT, SUSAN K. NUGENT and MATTHEW TODD NUGENT to approve Memoranda of Disclaimer filed by them with the independent executor of the Estate of Marjorie M. Nugent and with this Court. After reviewing each Memorandum of Disclaimer and the Application to Approve said Memoranda of Disclaimer, the Court is of the opinion that said Application should be GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Memorandum of Disclaimer filed in this cause by JENNIFER LYNNE NUGENT, SHANNA LEIGH NUGENT, SUSAN K. NUGENT and MATTHEW TODD NUGENT each on May 15, 1998, was filed not later than nine months after the date of death of Marjorie M. Nugent, for purposes of Section 37A, Texas Probate Code, and that Applicants have not failed to comply with the requirements of that Section 37A by filing their memoranda of disclaimer on that date.

IT IS FURTHER, ORDERED, ADJUDGED AND DECREED that each of the said Memoranda of Disclaimer meets all of the requirements of Section 37A of the Texas Probate Code, and is therefore valid in all respects, to be effective as of the death of Marjorie M. Nugent.

Signed and entered this _18_ day of _May_____, 1998.

JUDGE PRESIDING

00004AFV.WP5

VOL   98 PAGE 400

No. 8,756

FILED FOR RECORD
IN MY OFFICE
AT 4:45 O'CLOCK P M.

**ESTATE OF**    )(

    )(

**MARJORIE M. NUGENT,**    )(

    )(

**DECEASED**    )(

**IN THE COUNTY COURT 1998**

**OF**    SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

**PANOLA COUNTY, TEXAS** .
BY _____ DEPUTY
$5.00
Bld

## INVENTORY, APPRAISEMENT, AND LIST OF CLAIMS

### AND

### ORDER APPROVING

Date of Death: Unknown.  Valuation date used for this inventory is August 18, 1997.

    The following is a full, true and complete Inventory and Appraisement of all personal property and of all real property situated in the State of Texas, together with a List of Claims due and owing to this Estate as of the date of death, which have come to the possession or knowledge of the undersigned.  All of the items listed are the separate property of Decedent.

### INVENTORY AND APPRAISEMENT

| | |
|---|---|
| Real Property (See Schedule A) | $ 687,580.00 |
| Stocks and Bonds (See Schedule B) | $ 1,662,191.00 |
| Mortgages, Notes and Cash (See Schedule C) | $ 17,323.00 |
| Insurance Payable to Estate (See Schedule D) | $ 0.00 |
| Jointly Owned Property (See Schedule E) | $ 0.00 |
| Miscellaneous Property (See Schedule F) | $ 80,000.00 |

Total $ 2,447,094.00

### LIST OF CLAIMS

    There are numerous potential claims which may be due or owing to the Estate.  These potential claims are being investigated and if pursued, supplemental inventories will be filed by the estate.

    The foregoing Inventory, Appraisement, and List of Claims should be approved and ordered entered of record.

VOL  98 PAGE 401

Respectfully submitted,

Tyler Bank and Trust, N.A., Tyler, Texas

By: _Jeff W Cheavens_
        Jeff W. Cheavens, Vice President and Trust Officer

_John W. Noble_
John W. Noble
Attorney at Law
218 North Broadway, Suite 302
Tyler, Texas 75702
Phone: (903) 592-6300
Fax:  (903) 592-6312
State Bar No. 15051000

| **STATE OF TEXAS** | )( | **KNOW ALL MEN BY THESE PRESENTS THAT:** |
|---|---|---|
| **COUNTY OF SMITH** | )( | |

I, Jeff W. Cheavens, having been duly sworn state on oath that I am Vice President and Trust Officer of Tyler Bank and Trust, N.A., Tyler, Texas, that I have been fully authorized to act herein for and on behalf of said corporate fiduciary, and that the foregoing Inventory, Appraisement, and List of Claims is a true and complete statement of all the property and claims that have come to the knowledge of said corporate fiduciary.

Tyler Bank and Trust, N.A., Tyler, Texas

By: _Jeff W Cheavens_
        Jeff W. Cheavens, Vice President and Trust Officer

SUBSCRIBED AND SWORN TO BEFORE ME BY Jeff W. Cheavens as Vice President and Trust Officer of Tyler Bank and Trust, N.A., Tyler, Texas, this __1st__ day of July, 1998, to certify which witness my hand and seal of office.

CAROL KELLEY
MY COMMISSION EXPIRES
April 13, 2000

_Carol Kelley_
Notary Public, State of Texas

VOL **98** PAGE **402**

## ORDER

The foregoing Inventory, Appraisement and List of Claims of the above Estate having been filed and presented and the Court having considered and examined the same and being satisfied that it should be approved and there having been no objections made thereto, it is in all respects APPROVED and ORDERED entered of record.

SIGNED this _19_ of _August_ , 1998.

_____
Judge Presiding

FILED FOR RECORD
IN MY OFFICE

AT _3:55_ O'CLOCK ___ M.____

AUG 1 9 1998

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS
BY_____ DEPUTY
$11.00
Bld

**SCHEDULE A**

**REAL PROPERTY**

| | | |
|---|---|---|
| 1. Residence-111 Dixie Lake West, Carthage, Texas | $ 300,000.00 |
| 2. 1/2 undivided interest in 42.844 acres land, CR 403, Carthage, Texas | $ 18,250.00 |
| 3. 1/3 of a 1/11 interest in 52 acres land | $ 950.00 |
| 4. 1/3 of a 1/11 interest in 92 acres land | $ 1,670.00 |
| 5. 1/3 of a 1/11 interest in 92.25 acres land | $ 1,670.00 |
| 6. 144.118 acres land, CR 108, Carthage, Texas | $ 122,500.00 |
| 7. Various Oil and Gas Royalty Interests | $ 140,647.00 |
| 8. Various Oil and Gas Working Interests | $ 101,893.00 |

Total Real Estate                                                $ 687,580.00

## SCHEDULE B

## STOCKS AND BONDS

| | | |
|---|---|---:|
| 1. | 2,000 shares, Exxon Corp | $ 124,375.00 |
| 2. | Accrued dividend on item 1 | $ 820.00 |
| 3. | 1,925 shares , Lockheed Martin Corp | $ 201,884.00 |
| 4. | 3,336 shares, Mobil Oil Corp | $ 246,656.00 |
| 5. | Accrued dividend on item 1 | $ 1,768.00 |
| 6. | 88 shares, Sonat Corp | $ 4,070.00 |
| 7. | $75,000 Chicago, Ill, 7.85%, due 11/01/2025 | $ 79,261.00 |
| 8. | Accrued interest on item 7 | $ 1,772.00 |
| 9. | $100,000 FNMA REMIC 9.25%, due 2/25/2017 | $ 9,946.00 |
| 10. | Accrued interest on item 9 | $ 633.00 |
| 11. | 12,664.399 shares, Colonial Trust IV Mutual Fund | $ 172,742.00 |
| 12. | 17,329.168 shares, Franklin Federal Tax Free Income, Class 1 Mutual Fund | $ 210,549.00 |
| 13. | 15,127.664 shares, Franklin Tax Free High Yield Mutual Fund | $ 172,909.00 |
| 14. | 10,371.273 shares, Kemper Texas Tax Free Income, Class B Mutual Fund | $ 108,380.00 |
| 15. | 16,205.627 shares, Putnam Tax Exempt Income, Class A Mutual Fund | $ 146,985.00 |
| 16. | $90,000 Carthage, Tx Wtr & Swr, 5.1%, due 8/15/2004 | $ 91,766.00 |
| 17. | Accrued interest on item 16 | $ 51.00 |
| 18. | $60,000 US Savings Bonds, Series EE | $ 60,000.00 |
| 19. | 300 shares Preferred Stock, Carthage Bancshares Inc., 8% | $ 11,352.00 |
| 20. | 6,588 shares Carthage Bancshares | $ 16,272.00 |
| | Total Stocks and Bonds | $ 1,662,191.00 |

**SCHEDULE C**

**MORTGAGES, NOTES AND CASH**

| | | |
|---|---|---:|
| 1. | First National Bank, Carthage, Texas, Checking Account 666114 | $ 1,649.00 |
| 2. | First National Bank, Carthage, Texas, Checking Account 318876 | $ 3,139.00 |
| 3. | First State Bank, Carthage, Texas Checking Account | $ 1,757.00 |
| 4. | Note Receivable, Beason | $ 10,778.00 |
| | Total Mtgs, Notes and Cash | $ 17,323.00 |

**SCHEDULE F**

**MISCELLANEOUS PROPERTY**

| | |
|---|---|
| 1. Household Furnishings and Personal Effects | $ 75,000.00 |
| 2. Jewelry | $ 5,000.00 |
| Total Miscellaneous Property | $ 80,000.00 |

FILED FOR RECORD
IN MY OFFICE
1:25 O'CLOCK P. M.

VOL 102 PAGE 44

OCT 27 1998

No. 8756

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS
_____ DEPUTY
$273.00

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| MARJORIE M. NUGENT, | § | OF |
| | § | |
| DECEASED | § | PANOLA COUNTY, TEXAS |

## APPLICATION FOR RESIGNATION OF INDEPENDENT EXECUTOR AND APPOINTMENT OF SUCCESSOR INDEPENDENT EXECUTOR

WHEREAS, on August 28, 1997, Tyler Bank and Trust, N.A., Tyler, Texas, (now Regions Bank, Tyler, Texas) ("Bank") filed an application in this Court to probate the Will of Marjorie M. Nugent ("Mrs. Nugent"), dated March 16, 1978 ("1978 Will"); and

WHEREAS, on September 15, 1997, the 1978 Will was admitted to probate by this Court and the Bank was appointed by this Court as independent executor of Mrs. Nugent's estate; and

WHEREAS, under the terms of the 1978 Will, the beneficiaries of Mrs. Nugent's estate were the following named grandchildren of Mrs. Nugent: Jennifer Lynn Nugent, Susan Kay Nugent and Shanna Leigh Nugent ("Grandchildren"); and

WHEREAS, on May 15, 1998, each of said Grandchildren filed a Memorandum of Disclaimer with this Court pursuant to Section 37A, Texas Probate Code disclaiming all interests under the 1978 Will; and

WHEREAS, on May 18, 1998, this Court entered an Order approving said Memorandum of Disclaimers filed by the Grandchildren; and

WHEREAS, as a result of such Disclaimers by the Grandchildren, all interest in Mrs. Nugent's estate under the 1978 Will would pass by law entirely to Mrs. Nugent's son, Roderick M. Nugent, Jr. ("Dr. Nugent"); and

WHEREAS, it is the agreement of the Bank and Dr. Nugent, that Mrs. Nugent's estate would be best served by the Bank resigning as independent executor of Mrs. Nugent's estate under the 1978 Will and naming Dr. Nugent as the successor independent executor of said estate; and

WHEREAS, there remains (and will remain for an indeterminate time in the future) a necessity to continue the independent administration of Mrs. Nugent's estate; and

WHEREAS, the 1978 does not contain provisions naming a successor independent executor but there is a method established under Section 154A, Texas Probate Code to name a successor independent executor in circumstances where a independent executor resigns and there is no successor independent executor named in the will of a decedent; and

NOW THEREFORE, the Bank and Dr. Nugent show the Court as follows:

1. Bank, as applicant, makes this application to resign as the independent executor of Mrs. Nugent's estate and files herewith its exhibit and final account, duly verified, showing the condition of the estate entrusted to its care.

2. Dr. Nugent, as applicant, makes this application pursuant to Section 154A, Texas Probate Code for an Order continuing the independent administration of Mrs. Nugent's estate under the 1978 Will and appointing Dr. Nugent as successor independent executor.

3. Dr. Nugent is the sole distributee of Mrs. Nugent's estate under the 1978 Will at the time of this application. Dr. Nugent's address is 800 Avondale, Amarillo, Texas 79106 and he is the son of Mrs. Nugent.

4. It would be in the best interest of Mrs. Nugent's estate under the 1978 Will for Dr. Nugent to be appointed successor independent executor because he is now the sole distributee of Mrs. Nugent's estate under the 1978 Will and said estate can be more expeditiously and efficiently administered by appointing Dr. Nugent as the successor independent executor of said estate.

5. Dr. Nugent, if appointed by the Court, further applies for waiver of bond pursuant to Section 154A(h), Texas Probate Code.

WHEREFORE, applicants pray that on citation, hearing, and examination of the exhibit and account, the Court enter an Order (1) approving said account (2) accepting and approving the resignation of Regions Bank as independent executor of the Estate of Marjorie M. Nugent, Deceased, (2) appointing Roderick M. Nugent, Jr. as the successor independent executor of said estate without bond, (3) continuing the independent administration of said estate, (4) directing delivery of the estate to the successor independent executor, (5) discharging Regions Bank from its duties as independent executor of said estate and (4) such other and further relief which the Court deems appropriate.

Respectfully Submitted,

PETERSON, FARRIS, DOORES & JONES
A Professional Corporation
P.O. Box 9620
Amarillo, Texas 79105
(806) 374-5317
(806) 372-2107 facsimile

By: _____
James T. Campbell
State Bar No. 03705800

VOL 102 PAGE 46

ATTORNEY FOR APPLICANT
RODERICK M. NUGENT, JR.

Roderick M. Nugent, Jr.

John W. Noble
218 N. Broadway, Ste. 302
Tyler, Texas 75702
(903) 592-6300
(903) 592-6312 facsimile
State Bar No. 15051000

ATTORNEY FOR APPLICANT
REGIONS BANK, TYLER, TEXAS


AFFIDAVIT OF PERSONAL REPRESENTATIVE

STATE OF TEXAS

COUNTY OF SMITH


BEFORE ME, the udersigned authority on this day
personally appeared Jeff W. Cheavens, who, being by me duly
sworn on oath deposed and said that he is a Vice-President &
Trust Officer of Regions Bank, Tyler, Texas, the independent
executor of the estate of Marjorie M. Nugent, Deceased, that he
is familiar with the contents of the attached exehibit and final
account; and that every statement contained in the exhibit and
final account is within his personal knowledge and is true and
correct and that he makes this verification in his capacity as
an officer of Regions Bank, Tyler, Texas and not in his ind-
ividual capacity.

Jeff Cheavens, Vice-President


SUBSCRIBED AND SWORN TO BEFORE ME on this 20th day of
October, 1998, to certify which witness my hand and official
seal.

CAROL KELLEY
MY COMMISSION EXPIRES
April 13, 2000

Notary Public, State of Texas

Page 3 of 3

# TYLER BANK AND TRUST, N.A.

-00-0

JC      JKW

ESTATE OF MARJORIE M NUGENT

### INVESTMENT & TRANSACTION STATEMENT
### 09/08/97 THRU 12/31/97

ACCOUNT COPIES

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS STATEMENT,
PLEASE CALL OR WRITE  JEFF CHEAVENS    (903) 535-4356**

VOL 102 PAGE 47

# TYLER BANK AND TRUST, N.A.

03

VOL 102 PAGE 48

STATEMENT OF INVESTMENT POSITION  
AS OF 12/31/97

ACCOUNT NUMBER          -0  
ESTATE OF MARJORIE M NUGENT

PAGE     1

SUMMARY STATEMENT

| | CARRY VALUE | TOTAL MARKET | OF TOTAL ACCOUNT AT MARKET | ESTIMATED ANNUAL INCOME | YIELD MARKET VALUE |
|---|---|---|---|---|---|
| **FIXED INCOME SECURITIES** | | | | | |
| GOVERNMENT OBLIGATIONS | | | | | |
| TREASURY & FEDERAL AGENCIES | $.99 | $98,982.79 | 9.11 | $9,400 | 9.50 |
| STATE AND MUNICIPAL | $2.00 | $174,949.95 | 16.09 | $10,499 | 6.00 |
| TOTAL GOVERNMENT OBLIGATIONS | $2.99 | $273,932.74 | 25.20 | $19,899 | 7.26 |
| TOTAL FIXED INCOME SECURITIES | $2.99 | $273,932.74 | 25.20 | $19,899 | 7.26 |
| **REAL ESTATE** | | | | | |
| EQUITY | $1.00 | $1.00 | .00 | $0 | .00 |
| LOANS AND MORTGAGES | $10,302.99 | $10,302.99 | .95 | $721 | 7.00 |
| TOTAL REAL ESTATE | $10,303.99 | $10,303.99 | .95 | $721 | 7.00 |
| **CASH & EQUIVALENTS** | $802,546.53 | $802,546.53 | 73.85 | $43,389 | 5.41 |
| TOTAL ASSETS | $812,853.51 | $1,086,783.26 | 100.00 | $64,009 | 5.89 |

# TYLER BANK AND TRUST, N.A.

VOL. 1024 PAGE 49

PAGE    12

STATEMENT OF ACCOUNT

DATE 12/31/97

ACCOUNT NUMBER:        -0      ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 10/09/97 | GRIGSBY PETROLEUM INC | 26.48 | | |
| 10/09/97 | MITCHELL ENERGY CORP. | 24.40 | | |
| 10/09/97 | TEXACO INCORPORATED | 719.91 | | |
| 10/09/97 | GENESIS CRUDE OIL, L.P. | 26.05 | | |
| 10/09/97 | MAYNARD OIL COMPANY | 1,447.53 | | |
| 10/09/97 | TIPPERARY OIL & GAS CORP | 136.63 | | |
| 10/09/97 | BROCK OIL AND GAS CORP. | 340.22 | | |
| 10/09/97 | PIONEER NATURAL RESOURCES | 197.49 | | |
| 10/09/97 | FINA OIL AND CHEMICAL CO. | 370.80 | | |
| 10/09/97 | EXXON COMPANY, U.S.A. | 1,244.75 | | |
| 10/09/97 | CODAENERGY, INC. | 119.84 | | |
| 10/09/97 | CHEVRON U.S.A., INC. | 98.66 | | |
| 10/09/97 | UNION PACIFIC RESOURCES | 224.46 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:        -0        ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 10/09/97 | VINTAGE PETROLEUM INC. | 91.53 | | |
| 10/09/97 | SCURLOCK PERMIAN CORP. | 56.57 | | |
| 10/09/97 | SUN REFINING & MARKETING | 57.33 | | |
| 10/09/97 | OXY USA INC. | 413.46 | | |
| 10/16/97 | FRANKLIN FEDERAL TAX-FREE INCOME FUND INC - CLASS I<br>ACCT<br>INCOME DIVIDEND CK DTD 8/15/97 | | 1,005.09 | |
| 10/16/97 | FRANKLIN HIGH YIELD TAX-FREE INCOME FUND - CLASS II<br>ACCT<br>INCOME DIVIDEND CK DTD 8/21/97 | | 782.05 | |
| 10/16/97 | FRANKLIN HIGH YIELD TAX-FREE INCOME FUND - CLASS II<br>ACCT<br>INCOME DIVIDEND CK DTD 9/23/97 | | 779.02 | |

# TYLER BANK AND TRUST, N.A.

102 PAGE 51
VOL

PAGE    10

STATEMENT OF ACCOUNT

DATE 12/31/97

ACCOUNT NUMBER:        -0     ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT       ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 09/18/97 | UNION OIL OF CALIFORNIA | 208.86 | | |
| 09/18/97 | SUN REFINING & MARKETING | 29.06 | | |
| 09/18/97 | PIONEER NATURAL RESOURCES | 272.44 | | |
| 09/18/97 | PANENERGY TRANSPORT | 20.02 | | |
| 09/18/97 | HERD PRODUCING CO, INC. | 69.98 | | |
| 09/18/97 | UNION PACIFIC RESOURCES | 396.40 | | |
| 09/18/97 | STEPHENS & JOHNSON OPER. | 69.63 | | |
| 09/18/97 | VINTAGE PETROLEUM INC. | 149.80 | | |
| 09/18/97 | FINA OIL AND CHEMICAL CO. | 436.76 | | |
| 09/18/97 | EXXON COMPANY, U.S.A. | 1,119.73 | | |
| 09/18/97 | MOBIL OIL CORPORATION | 546.20 | | |
| 09/18/97 | OXY USA INC. | 391.30 | | |
| 09/18/97 | PHILLIPS PETROLEUM CO. | 148.39 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                      ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 09/24/97 | CODAENERGY, INC. | 121.68 | | |
| 09/24/97 | TIPPERARY OIL & GAS CORP | 144.39 | | |
| 09/24/97 | EOTT ENERGY CORPORATION | 10.23 | | |
| 09/24/97 | UNION OIL OF CALIFORNIA | 359.85 | | |
| 09/29/97 | STEPHENS & JOHNSON OPER. | 71.05 | | |
| 10/03/97 | REDEPOSIT OF CHECK #843329 BACK INTO THE ACCOUNT CHECK REQUESTED FOR PANOLA CO CLERK FOR CERTIFIED COPY OF DEATH CERTIFICATE | 12.00 | | |
| 10/03/97 | BROCK OIL AND GAS CORP. | 308.38 | | |
| 10/03/97 | ONE PARK TEN PLACE | 11.72 | | |
| 10/03/97 | PARKER & PARSLEY PET. CO. | 176.66 | | |
| 10/09/97 | KEY PRODUCTION COMPANY | 174.29 | | |
| 10/09/97 | AMOCO PRODUCTION COMPANY | 144.70 | | |

# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 58

PAGE     8

STATEMENT OF ACCOUNT

DATE 12/31/97

ACCOUNT NUMBER:                ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| | REAL ESTATE | | | |
| | 100.00 % INTEREST IN NONPRODUCING OIL AND GAS ASSETS *SUPPLEMENTAL SCHEDULE AVAILABLE* | | | |
| 12/10/97 | RECEIVED | | | 1.00 |
| | TOTAL REAL ESTATE ACQUISITIONS | .00 * | .00 * | 1.00 * |
| | CASH & EQUIVALENTS | | | |
| | DREYFUS GOVERNMENT CASH MANAGEMENT | | | |
| 10/01/97 | INT TO 09/30/97 | 8.18 | | |
| 11/03/97 | INT TO 10/31/97 | 201.81 | | |
| 12/01/97 | INT TO 11/30/97 | 3,450.76 | | |
| 12/31/97 | PURCHASES( 37) 09/08/97 TO 12/31/97 | | 885,461.80- | 885,461.80 |
| 12/31/97 | SALES (22) 09/08/97 TO 12/31/97 | | 83,306.03 | 83,306.03- |
| | TOTAL CASH & EQUIVALENT ACQUISITIONS | .00 * | 885,461.80-* | 885,461.80 * |
| | TOTAL CASH & EQUIVALENT DISPOSITIONS | .00 * | 83,306.03 * | 83,306.03-* |
| | TOTAL INTEREST INCOME | 3,660.75 * | .00 * | .00 * |
| | MISCELLANEOUS RECEIPTS | | | |
| 09/18/97 | AMOCO PRODUCTION COMPANY | 170.65 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

PAGE     9

DATE 12/31/97

ACCOUNT NUMBER:                 ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|------------:|---------------|----------------------|
| 09/18/97 | TEXACO INCORPORATED | 842.99 | | |
| 09/18/97 | PENNZOIL EXPL & PROD CO. | 343.78 | | |
| 09/18/97 | UNION PACIFIC RESOURCES | 1,287.59 | | |
| 09/18/97 | SNYDER OIL CORPORATION | 192.04 | | |
| 09/18/97 | DEVON ENERGY CORPORATION | 128.17 | | |
| 09/18/97 | BRG PETROLEUM, INC. | 822.26 | | |
| 09/18/97 | COMSTOCK OIL & GAS, INC. | 521.56 | | |
| 09/18/97 | J.L. DAVIS | 26.98 | | |
| 09/18/97 | DRACO ENERGY, INC. | 29.18 | | |
| 09/18/97 | NAVAJO CRUDE OIL CO. | 108.59 | | |
| 09/18/97 | ALTURA ENERGY LTD | 29.55 | | |
| 09/18/97 | SCURLOCK PERMIAN CORP. | 53.73 | | |
| 09/18/97 | MAYNARD OIL COMPANY | 561.95 | | |

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 55

PAGE    6

STATEMENT OF ACCOUNT                                      DATE 12/31/97

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT            ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 09/07/97 | BEGINNING BALANCES | .00 | .00 | .00 |
| | BONDS | | | |
| | CARTHAGE TX WATERWORKS AND SEWAGE GENERAL OBLIGATION BOND 5.10% DUE 08/15/2004 | | | |
| 11/07/97 | RECEIVED 90000 FACE VALUE | | | 1.00 |
| | CHICAGO IL O HARE AIRPORT REVENUE BOND 7.875% DUE ON 11/01/2025 AMERICAN AIRLINES PROJECT B | | | |
| 11/19/97 | RECEIVED 75000 FACE VALUE | | | 1.00 |
| 12/04/97 | INTEREST TO 12/3/97 | 2,953.13 | | |
| | FNMA REMIC 9.50% DUE 02/25/2017 SERIES 1990-133 CLASS E | | | |
| 11/05/97 | RECEIVED 100000 FACE VALUE | | | 1.00 |
| 12/24/97 | INT TO 12/25/97 ON 100,000. | 48.87 | | |
| 12/26/97 | PRINCIPAL PAYMENT | | 1,056.79 | .01- |
| | TOTAL BOND ACQUISITIONS | .00 ☒ | .00 ☒ | 3.00 ☒ |
| | TOTAL BOND DISPOSITIONS | .00 ☒ | 1,056.79 ☒ | .01-☒ |
| | INCOME FROM BOND INTEREST | 3,002.00 ☒ | .00 ☒ | .00 ☒ |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

DATE 12/31/97

ACCOUNT NUMBER:           ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT       ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| | NOTES | | | |
| | BOBBY GEORGE BEASON, 7%, 4-15-04 ORIGINAL AMOUNT $14,488.00 DATED 4-01-94 PAYABLE $168.22 MONTHLY ON 15TH | | | |
| 12/15/97 | RECEIVED | | | 1.00 |
| 12/18/97 | ADJUST CARRY VALUE TO SET AT ACTUAL CARRY VALUE OF NOTE AT TIME OF RECEIPT OF TRUST | | | 10,728.23 |
| 12/24/97 | INTEREST TO     09/15/97 | 60.73 | | |
| 12/24/97 | INTEREST TO     10/15/97 | 61.35 | | |
| 12/24/97 | INTEREST TO     11/15/97 | 61.97 | | |
| 12/24/97 | INTEREST TO     12/15/97 | 62.59 | | |
| 12/24/97 | PRINCIPAL PAYMENT | | 107.49 | 107.49- |
| 12/24/97 | PRINCIPAL PAYMENT | | 106.87 | 106.87- |
| 12/24/97 | PRINCIPAL PAYMENT | | 106.25 | 106.25- |
| 12/24/97 | PRINCIPAL PAYMENT | | 105.63 | 105.63- |
| | TOTAL NOTES ACQUISITIONS | .00 * | .00 * | 10,729.23 * |
| | TOTAL NOTES PRINCIPAL PAYMENTS | .00 * | 426.24 * | 426.24-* |
| | TOTAL NOTES INTEREST PAYMENTS | 246.64 * | .00 * | .00 * |

CIVIL 102 PAGE 56

# TYLER BANK AND TRUST, N.A.

VOL 1021 PAGE 57

|  |  | PAGE     4 |
|---|---|---|
| SUMMARY OF ACCOUNT |  | DATE 12/31/97 |

ACCOUNT NUMBER:          ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

|  | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|
| BEGINNING ACCOUNT BALANCES | .00 | .00 | .00 |
| BONDS |  |  |  |
| ACQUISITIONS |  |  | 3.00 |
| DISPOSITIONS |  | 1,056.79 | .01- |
| INTEREST INCOME | 3,002.00 |  |  |
| NOTES |  |  |  |
| ACQUISITIONS |  |  | 10,729.23 |
| PRINCIPAL PAYMENTS |  | 426.24 | 426.24- |
| INTEREST PAYMENTS | 246.64 |  |  |
| REAL ESTATE |  |  |  |
| ACQUISITIONS |  |  | 1.00 |
| CASH & EQUIVALENTS |  |  |  |
| ACQUISITIONS |  | 885,461.80- | 885,461.80 |
| DISPOSITIONS |  | 83,306.03 | 83,306.03- |
| INCOME | 3,660.75 |  |  |
| MISCELLANEOUS RECEIPTS | 56,894.29 | 830,429.36 |  |

# TYLER BANK AND TRUST, N.A.

SUMMARY OF ACCOUNT

ACCOUNT NUMBER:              ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|
| PAYMENTS TO OR FOR BENEFICIARIES | 17,293.87- | | |
| FEES AND EXPENSES | | 43,768.65- | |
| MISCELLANEOUS DISBURSEMENTS | 17,997.37- | 14,109.65- | |
| TRANSFERS | 6,525.67 | 6,525.67- | |
| ENDING ACCOUNT BALANCES | 35,038.11 | 34,647.35- | 812,462.75 |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF INVESTMENT POSITION ACCOUNT NUMBER PAGE 2
AS OF 12/31/97 ESTATE OF MARJORIE M NUGENT

VALUATION STATEMENT

| FACE AMOUNT/ NO. SHARES | DESCRIPTION | CARRY VALUE /UNIT | TOTAL MARKET /UNIT | % OF TOTAL ACCOUNT AT MARKET | ESTIMATED ANNUAL INCOME | % OF YIELD MARKET VALUE |
|---|---|---|---|---|---|---|
| | ✳ FIXED INCOME SECURITIES ✳ | | | | | |
| | GOVERNMENT OBLIGATIONS | | | | | |
| | TREASURY & FEDERAL AGENCIES | | | | | |
| 98,943.21 | FNMA REMIC 9.50% DUE 02/25/2017 SERIES 1990-133 CLASS E | $.99 | $98,982.79 100.04 | 9.11 | $9,400 | 9.50 |
| | STATE AND MUNICIPAL | | | | | |
| 90,000 | CARTHAGE TX WATERWORKS AND SEWAGE GENERAL OBLIGATION BOND 5.10% DUE 08/15/2004 | $1.00 | $92,086.20 102.32 | 8.47 | $4,590 | 4.98 |
| 75,000 | CHICAGO IL O HARE AIRPORT REVENUE BOND 7.875% DUE ON 11/01/2025 AMERICAN AIRLINES PROJECT B | 1.00 | 82,863.75 110.49 | 7.62 | 5,909 | 7.13 |
| | TOTAL STATE AND MUNICIPAL | $2.00 | $174,949.95 | 16.09 | $10,499 | 6.00 |
| | TOTAL GOVERNMENT OBLIGATIONS | $2.99 | $273,932.74 | 25.20 | $19,899 | 7.26 |
| | ✳ TOTAL FIXED INCOME SECURITIES ✳ | $2.99 | $273,932.74 | 25.20 | $19,899 | 7.26 |
| | ✳ REAL ESTATE ✳ | | | | | |
| | EQUITY | | | | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF INVESTMENT POSITION                    ACCOUNT NUMBER                              PAGE     3
AS OF 12/31/97                                      ESTATE OF MARJORIE M NUGENT

VALUATION STATEMENT

| FACE AMOUNT/<br>NO. SHARES | DESCRIPTION | CARRY VALUE<br>/UNIT | TOTAL MARKET<br>/UNIT | % OF<br>TOTAL<br>ACCOUNT<br>AT MARKET | ESTIMATED<br>ANNUAL<br>INCOME | % OF<br>YIELD<br>MARKET<br>VALUE |
|---|---|---|---|---|---|---|
| 1 | 100.00 % INTEREST IN<br>NONPRODUCING OIL AND GAS ASSETS<br>*SUPPLEMENTAL SCHEDULE AVAILABLE* | $1.00 | $1.00 | | | |
| | | | DATE OF PRICE 00/00/00 * | | | |
| | LOANS AND MORTGAGES | | | | | |
| 1 | BOBBY GEORGE BEASON, 7%, 4-15-04<br>ORIGINAL AMOUNT $14,488.00 DATED<br>4-01-94 PAYABLE $168.22 MONTHLY ON<br>15TH | $10,302.99 | $10,302.99 | .95 | $721 | 7.00 |
| | * TOTAL REAL ESTATE * | $10,303.99 | $10,303.99 | .95 | $721 | 7.00 |
| | * CASH AND EQUIVALENTS * | | | | | |
| 802,155.77 | DREYFUS GOVERNMENT CASH MANAGEMENT | $802,155.77 | $802,155.77 | 73.81 | $43,389 | 5.41 |
| | INCOME CASH | 35,038.11 | 35,038.11 | 3.22 | | |
| | PRINCIPAL CASH | 34,647.35- | 34,647.35- | 3.18- | | |
| | * TOTAL CASH AND EQUIVALENTS * | $802,546.53 | $802,546.53 | 73.85 | $43,389 | 5.41 |
| | ** TOTAL ASSETS ** | $812,853.51 | $1,086,783.26 | 100.00 | $64,009 | 5.89 |

*ALL PRICES AS OF STATEMENT DATE UNLESS OTHERWISE INDICATED

VOL 1023 PAGE 60

# TYLER BANK AND TRUST, N.A.

PAGE    36

STATEMENT OF ACCOUNT                                           DATE 12/31/97

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 11/25/97 | DIVISION ORDER PROCESSING FEE<br>FINA OIL<br>GULLEY<br>OG-76 | 15.00- | | |
| 11/25/97 | DIVISION ORDER PROCESSING FEE<br>FINA OIL & GAS<br>FLOYD UNIT<br>OG-75 | 15.00- | | |
| 11/25/97 | CABLER SECURITY<br>MONITOR 111 DIXIE LAKE WEST<br>CUST #0010368 STMT DTD 11/20/97 | 137.21- | | |
| 11/28/97 | COMSTOCK OIL & GAS CORP.<br>OWNER NO. L3729 | 367.73- | | |
| 11/28/97 | SUNWEST OPERATING CO LLC<br>OWNER ID: NUGEMM<br>STMT DTD 11-30-97 | 57.96- | | |
| 12/05/97 | OIL & GAS INCOME COMMISSION | 1,159.09- | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 12/08/97 | DIVISION ORDER PROCESSING FEE<br>DEVON ENERGY<br>VALLAT<br>OG-78 | 15.00- | | |
| 12/08/97 | DIVISION ORDER PROCESSING FEE<br>DEVON ENERGY<br>STATE MCINTYRE<br>OG-54 | 15.00- | | |
| 12/08/97 | DIVISION ORDER PROCESSING FEE<br>DEVON ENERGY<br>KESSLER<br>OG-36 | 15.00- | | |
| 12/08/97 | DIVISION ORDER PROCESSING FEE<br>PHILLIPS 66 COMPANY<br>LOVETT<br>OG-39 | 15.00- | | |
| 12/08/97 | DIVISION ORDER PROCESSING FEE<br>PHILLIPS 66 -<br>LOVETTE<br>OG-36 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 63

PAGE   34

STATEMENT OF ACCOUNT

DATE 12/31/97

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 11/18/97 | C R STODGHILL, RTA<br>1997 AD VALOREM TAXES | 56.91- | | |
| 11/18/97 | RONA SIKES TAX COLLECTOR<br>1997 AD VALOREM TAXES | 149.76- | | |
| 11/18/97 | DAWSON CO. APPRAISAL DIST<br>1997 AD VALOREM TAXES<br>M705070 | 37.53- | | |
| 11/18/97 | JANIE GRAVES<br>1997 AD VALOREM TAXES<br>#7034 | 30.70- | | |
| 11/18/97 | SCHOOL OF TENAHA<br>1997 AD VALOREM TAXES<br>N0703436 | 14.25- | | |
| 11/18/97 | WINK LOVING ISD<br>1997 AD VALOREM TAXES<br>ACCT # | 18.34- | | |
| 11/18/97 | TAX ASSESSOR COLLECTOR<br>1997 AD VALOREM TAXES<br>ACCT # | 1,947.72- | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

PAGE    35

DATE 12/31/97

ACCOUNT NUMBER:                          ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT              ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 11/19/97 | ARKANSAS BEST INSURANCE AGENCY TRUST LIABILITY INSURANCE POL #FS00300137 ACCT MARJORIE M NUGENT | 34.00- | | |
| 11/19/97 | DAWSON COUNTY CLERK PHOTO COPIES OF VOL. 254, PAGE 229 | 2.00- | | |
| 11/20/97 | WAYLAND IRWIN, RTA HENDERSON TX  75653-0333 | 13.94- | | |
| 11/20/97 | WINKLER COUNTY TAX A/C 1997 AD VALEREM TAXES | 55.67- | | |
| 11/20/97 | JANIE GRAVES 1996 AD VALOREM TAXES | .37- | | |
| 11/24/97 | TIPPERARY OIL & GAS CORP. OWNER NO. 6323 STMT DATE 10-31-97 | 65.83- | | |
| 11/25/97 | DIVISION ORDER PROCESSING FEE FINA OIL MIDYETT GULLEY OG-71 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

PAGE    32

STATEMENT OF ACCOUNT

DATE 12/31/97

ACCOUNT NUMBER:        ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 11/06/97 | OVERHEAD DOOR CO OF TYLER<br>INV #73782 ACCT         DTD 5/16/97<br>SERVICE @ 111 DIXIE LAKE WEST | | 1,067.51- | |
| 11/10/97 | DIVISION ORDER PROCESSING FEE<br>EXXON CORP<br>THOMAS<br>OG-66 | 15.00- | | |
| 11/14/97 | ARKANSAS BEST INSURANCE AGENCY<br>ACCT          POL #WPA641266<br>MARJORIE NUGENT PROPERTY | 4,451.20- | | |
| 11/18/97 | DIVISION ORDER PROCESSING FEE<br>SUNWEST OPERATING<br>SHIVERS<br>OG-72 | 15.00- | | |
| 11/18/97 | DIVISION ORDER PROCESSING FEE<br>NAVAJO REFINING<br>FEDERAL #1<br>OG-62 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER: _ _ _ _ _ _ _        ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 11/18/97 | DIVISION ORDER PROCESSING FEE<br>NAVAJO REFINING<br>TOWNSEND<br>OG-40 | 15.00- | | |
| 11/18/97 | DIVISION ORDER PROCESSING FEE<br>NAVAJO REFINING<br>WM CLAY<br>OG-61 | 15.00- | | |
| 11/18/97 | KATHY REEVES, TAX A/C<br>1997 AD VALOREM TAXES | 35.03- | | |
| 11/18/97 | MIDLAND CENTRAL APPRAISAL<br>1997 AD VALOREM TAXES | 154.79- | | |
| 11/18/97 | WINKLER CO. TAX A/C<br>1997 AD VALOREM TAXES | 33.55- | | |
| 11/18/97 | TAX ASSESOR COLLECTOR<br>1997 AD VALOREM TAXES<br>OWNER #R-0016390 | 93.26- | | |
| 11/18/97 | WAYNE H. HYDE TAX ASSESSOR/COLLECTOR<br>1997 AD VALOREM TAXES<br>OWNER #21454 | 127.79- | | |

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 67

PAGE    30

STATEMENT OF ACCOUNT                                DATE 12/31/97

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 10/31/97 | DIVISION ORDER PROCESSING FEE<br>SCURLOCK OIL<br>NOLLEY WOLFCAMP<br>OG-15 | 15.00- | | |
| 10/31/97 | DIVISION ORDER PROCESSING FEE<br>ENSERCH EXP CO<br>EPLEY<br>OG-25 | 15.00- | | |
| 10/31/97 | DIVISION ORDER PROCESSING FEE<br>SCURLOCK OIL<br>EXXON TOWNSEND<br>OG-40 | 15.00- | | |
| 10/31/97 | C/C TO NICK HULL<br>MOWING NUGENT LAWN (TWO TIMES AT<br>$100)-INVOICE DATED 10-09-97 | 200.00- | | |
| 11/03/97 | DIVISION ORDER PROCESSING FEE<br>MOBIL OIL CO-<br>BERTHA NOLLEY<br>OG-15 | 15.00- | | |
| 11/05/97 | OIL & GAS INCOME COMMISSION | 601.99- | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                      ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 11/05/97 | SOUTHWESTERN BELL<br>R M NUGENT ACCT | 79.41- | | |
| 11/05/97 | SOUTHWESTERN BELL<br>R M NUGENT ACCT | 28.77- | | |
| 11/06/97 | TYLER BANK & TRUST, N.A.<br>REIMBURSEMENT FOR<br>TRAVEL EXP RE TRUST<br>REAL EST MGMT | 56.07- | | |
| 11/06/97 | R.M. NUGENT, JR.<br>REIMBURSE FUNERAL & TRAVEL EXPENSE | | 11,013.67- | |
| 11/06/97 | PANOLA COUNTY CLERK<br>CERTIFIED COPY OF PROBATE MARJORIE<br>M. NUGENT CAUSE #8756 | 39.00- | | |
| 11/06/97 | B & B LOCKSMITH<br>INV #04493 DATED 9/25/97<br>SERVICE @ 111 DIXIE LAKE WEST | | 75.42- | |
| 11/06/97 | CABLER SECURITY SYSTEMS<br>MONITOR 111 DIXIE LAKE WEST<br>CUST #0010368 STMT DTD 10/24/97 | 291.08- | | |

# TYLER BANK AND TRUST, N.A.

PAGE    28

STATEMENT OF ACCOUNT

DATE 12/31/97

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 10/22/97 | TIPPERARY OIL & GAS CORP.<br>OWNER NO. 2179<br>STMT DATE 9-30-97 | 26.21- | | |
| 10/22/97 | SUNWEST OPERATING CO LLC<br>OWNER ID: NUGEMM<br>STMT DTD 10-31-97 | 54.51- | | |
| 10/22/97 | UNION PACIFIC RESOURCES COMPANY<br>OWNER NO. 415555<br>INVOICE NO. 09-AR-3836 | 196.32- | | |
| 10/23/97 | HEADINGTON OIL COMPANY<br>OWNER 55552<br>INVOICE DID 9-13-97 | 116.97- | | |
| 10/24/97 | DIVISION ORDER PROCESSING FEE<br>TIPPERARY CORP<br>HOLBERT<br>OG-43 | 15.00- | | |
| 10/28/97 | DIVISION ORDER PROCESSING FEE<br>SCURLOCK OIL CO-<br>ROCHELLE<br>OG-12 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT         ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 10/29/97 | DIVISION ORDER PROCESSING FEE SCURLOCK OILC VICKI LYNN OG-9 | 15.00- | | |
| 10/31/97 | DIVISION ORDER PROCESSING FEE SCURLOCK OIL CO WALTON OG-41 | 15.00- | | |
| 10/31/97 | DIVISION ORDER PROCESSING FEE SCURLOCK OIL CO SNYDER STATE OG-42 | 15.00- | | |
| 10/31/97 | DIVISION ORDER PROCESSING FEE SCURLOCK OIL CO ELDRIDGE OG-1 | 15.00- | | |
| 10/31/97 | DIVISION ORDER PROCESSING FEE SCURLOCK OIL CO GOODWIN OG-11 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

PAGE    26

STATEMENT OF ACCOUNT

DATE 12/31/97

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 09/22/97 | SUNWEST OPERATING CO LLC<br>OWNER ID:  NUGERM<br>STMT DTD 08-31-97 | 233.46- | | |
| 09/22/97 | KEY PRODUCTION COMPANY, INC.<br>OWNER #NUG100<br>INVOICES DTD 2-28-97<br>THRU 07-30-97 | 96.76- | | |
| 09/24/97 | MIDLAND COUNTY<br>PAYING FOR 1996 TAXES | 44.42- | | |
| 09/30/97 | PANOLA COUNTY CLERK<br>CERTIFIED COPIES OF DEATH<br>CERTIFICATE | 12.00- | | |
| 10/01/97 | C/C TO PANOLA COUNTY CLERK<br>10 DEATH CERTIFICATES FOR<br>MARJORIE M NUGENT | | 36.00- | |
| 10/03/97 | C/C TO SOUTHWESTERN ELECTRIC<br>POWER COMPANY<br>R M NUGENT ACCT #517717689 | | 359.51- | |
| 10/03/97 | C/C TO SOUTHWESTERN BELL<br>R M NUGENT #903-693-8751-681-3 | | 57.54- | |

# TYLER BANK AND TRUST, N.A.

PAGE    27

STATEMENT OF ACCOUNT                                    DATE 12/31/97

ACCOUNT NUMBER:          ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 10/09/97 | SUNWEST OPERATING CO LLC<br>STMT DTD 9/30/97 | 61.57- | | |
| 10/10/97 | MAYNARD OIL COMPANY<br>OWNER CODE:  614600<br>INVOICE #31783 | 234.28- | | |
| 10/10/97 | OIL & GAS INCOME COMMISSION | 729.48- | | |
| 10/10/97 | DIVISIION ORDER PROCESSING FEE<br>MAYNARD OIL CO<br>STERLING<br>OG-20 | 15.00- | | |
| 10/14/97 | COMSTOCK OIL & GAS CORP.<br>OWNER NO. 120419<br>INVOICE 97-08-935/97-08-938 | 186.75- | | |
| 10/14/97 | SOUTHWESTERN ELECTRIC POWER CO<br>R M NUGENT - 111 W DIXIE LAKE<br>ACCT | 214.11- | | |
| 10/16/97 | TIPPERARY OIL & GAS CORP.<br>OWNER NO. 2179<br>STMT DATE 08-31-97 | 17.89- | | |

# TYLER BANK AND TRUST, N.A.

PAGE    24

STATEMENT OF ACCOUNT

DATE 12/31/97

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| | FIDUCIARY FEES AND EXPENSES | | | |
| 11/06/97 | CHARLES C. DICKERSON<br>FOR SERVICES RENDERED 8/19/97 -<br>8/26/97 ESTATE OF MARJORIE M NUGENT | | 1,561.50- | |
| 11/06/97 | JOHN W NOBLE<br>PROFESSIONAL SERVICES 8/28/97 -<br>9/11/97 ESTATE OF MARJORIE M NUGENT | | 4,536.00- | |
| 11/06/97 | PETERSON FARRIS DOORES & JONES<br>PROFESSIONAL SERVICES 8/12/97 -<br>8/25/97 ESTATE OF MARJORIE M. NUGENT<br>ACCT        , STMT DTD 9/15/97 | | 9,250.65- | |
| 11/06/97 | CHARLES C. DICKERSON<br>PROFESSIONAL SERVICES 9/4/97 -<br>10/22/97 ESTATE OF MARJORIE M NUGENT | | 10,153.35- | |
| 11/26/97 | JOHN W NOBLE, ATTORNEY<br>PROFESSIONAL SERVICES 9/16/97 -<br>11/10/97 ESTATE OF MARJORIE NUGENT | | 5,013.15- | |
| 12/10/97 | JOHN W NOBLE, ATTORNEY<br>PROFESSIONAL SERVICES THROUGH<br>11/26/97<br>ESTATE OF MAJORIE M NUGENT | | 5,036.50- | |

# TYLER BANK AND TRUST, N.A.

PAGE    25

DATE 12/31/97

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                   ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 12/17/97 | CHARLES C. DICKERSON PROFESSIONAL SERVICES 10/23/97 THRU 12/8/97 ESTATE OF MARJORIE NUGENT | | 8,217.50- | |
| | TOTAL FIDUCIARY FEES AND EXPENSES | .00 * | 43,768.65-* | .00 * |
| | MISCELLANEOUS DISBURSEMENTS | | | |
| 09/22/97 | UNION PACIFIC RESOURCES COMPANY OWNER NO. 415555 INVOICE NO.  08-AR-3805 | 155.68- | | |
| 09/22/97 | MAYNARD OIL COMPANY OWNER CODE:  614600 INVOICE # 31225/31226 | 2,897.60- | | |
| 09/22/97 | COMSTOCK OIL & GAS CORP. OWNER NO. 120419 INVOICE 97-07-629/ 97-07-632 | 182.00- | | |
| 09/22/97 | TIPPERARY OIL & GAS CORP. OWNER NO. 2179 STMT DATE 08-18-97 INVOICES DTD 3-17-97 THRU 08-15-97 | 138.53- | | |

# TYLER BANK AND TRUST, N.A.

PAGE     22

STATEMENT OF ACCOUNT

DATE 12/31/97

ACCOUNT NUMBER:                      ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT

ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 12/23/97 | SCURLOCK PERMIAN CORP. | 64.40 | | |
| 12/24/97 | VINTAGE PETROLEUM INC. | 131.02 | | |
| 12/26/97 | EXXON COMPANY, U.S.A. | 1,692.75 | | |
| 12/26/97 | MOBIL OIL CORPORATION | 743.93 | | |
| 12/26/97 | SEAGULL-MID SOUTH INC. | 427.67 | | |
| 12/29/97 | STEPHENS & JOHNSON OPER. | 67.34 | | |
| 12/29/97 | DUKE ENERGY FLD SER. | 44.58 | | |
| 12/29/97 | OXY·USA INC. | 527.28 | | |
| 12/30/97 | HEADINGTON OIL COMPANY | 201.95 | | |
| 12/31/97 | CHEVRON U.S.A., INC. | 302.38 | | |
| 12/31/97 | SUN REFINING & MARKETING | 88.38 | | |
| | TOTAL MISCELLANEOUS RECEIPTS | 56,894.29 * | 830,429.36 * | .00 * |
| | DISBURSEMENTS TO OR FOR BENEFICIARY | | | |

VOL 102  PAGE 75

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT              ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 10/16/97 | C/C TO INTERNAL REVENUE SERVICE SS # 1996 1040 INDIVIDUAL TAX RETURN MARJORIE M. NUGENT | 14,925.00- | | |
| 11/24/97 | JEAN WHITESIDE TAX A/C ACCT # 00000 ACCT# ( 00000 ACCT #( 00000 #00348- NUGENT | 139.00- | | |
| 11/24/97 | JEAN WHITESIDE TAX A/C ACCT# ·000000 ACCT ( ·000000 ACCT ( ·000000 MAJORIE M NUGENT | 2,185.05- | | |
| 11/24/97 | JEAN WHITESIDE TAX A/C ACCT ·000000 ACCT# ·000000 ACCT ·000000 MAJORIE M. NUGENT | 44.82- | | |
| | TOTAL BENEFICIARY DISBURSEMENTS | 17,293.87-* | .00 * | .00 * |

# TYLER BANK AND TRUST, N.A.

PAGE    20

STATEMENT OF ACCOUNT                                    DATE 12/31/97

ACCOUNT NUMBER:              ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 11/28/97 | STEPHENS & JOHNSON OPER. | 79.15 | | |
| 12/01/97 | FRANKLIN HIGH YIELD TAX-FREE INCOME FUND-CLASS II ACCT # INCOME DIVIDEND CK DTD 11-20-97 | 161.15 | | |
| 12/01/97 | OXY USA INC. | 478.79 | | |
| 12/01/97 | CHEVRON U.S.A., INC. | 46.65 | | |
| 12/01/97 | FOREST OIL CORPORATION | 38.15 | | |
| 12/02/97 | BRG PETROLEUM, INC. | 698.90 | | |
| 12/03/97 | COMSTOCK OIL & GAS, INC. | 824.85 | | |
| 12/05/97 | GRIGSBY PETROLEUM INC | 8.94 | | |
| 12/08/97 | PIONEER NATURAL RESOURCES | 305.88 | | |
| 12/08/97 | ENSERCH EXPLORATION, INC. | 35.88 | | |
| 12/08/97 | BROCK OIL AND GAS CORP. | 317.81 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT            ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 12/09/97 | PHILLIPS PETROLEUM CO. | 49.48 | | |
| 12/11/97 | REFUND OF OVERPAID TAXES TO TAX ASSESSOR COLLECTOR ELYSIAN FIELDS I.S.D. | 13.94 | | |
| 12/15/97 | PIONEER NATURAL RESOURCES | 325.81 | | |
| 12/15/97 | MONCRIEF ROYALTY ACCOUNT | 93.94 | | |
| 12/17/97 | UNION OIL OF CALIFORNIA | 179.54 | | |
| 12/18/97 | TIPPERARY OIL & GAS CORP | 490.25 | | |
| 12/22/97 | MAYNARD OIL COMPANY | 1,911.02 | | |
| 12/22/97 | CODAENERGY, INC. | 148.59 | | |
| 12/22/97 | PHILLIPS PETROLEUM CO. | 115.24 | | |
| 12/22/97 | PHILLIPS 66 COMPANY | 29.68 | | |
| 12/22/97 | TITAN RESOURCES | 9.16 | | |
| 12/23/97 | FINA OIL AND CHEMICAL CO. | 1,116.87 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:            ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 11/25/97 | SEAGULL-MID SOUTH INC. | 3,294.09 | | |
| 11/26/97 | MOBIL OIL CORPORATION | 804.04 | | |
| 11/26/97 | SCURLOCK PERMIAN CORP. | 130.78 | | |
| 11/28/97 | KSTIS KEMPER TX TAX-FREE INCOME FUND-B ACCT #: INCOME DIVIDEND CK DTD 10-27-97 | 367.28 | | |
| 11/28/97 | FRANKLIN HIGH YIELD TAX-FREE INCOME FUND-CLASS II ACCT # INCOME DIVIDEND CK DTD 10-22-97 | 779.13 | | |
| 11/28/97 | KTIS KEMPER TX TAX-FREE INCOME FUND-B ACCT ( INCOME DIVIDEND CK DTD 09-24-97 | 377.83 | | |
| 11/28/97 | VINTAGE PETROLEUM INC. | 108.68 | | |
| 11/28/97 | EXXON COMPANY, U.S.A. | 1,151.23 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT                          DATE 12/31/97

ACCOUNT NUMBER:              ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|------------:|----------------|----------------------|
| 11/17/97 | PIONEER NATURAL RESOURCES | 259.39 | | |
| 11/20/97 | FINA OIL AND CHEMICAL CO. | 503.99 | | |
| 11/20/97 | HEADINGTON OIL COMPANY | 40.17 | | |
| 11/20/97 | UNION PACIFIC RESOURCES | 1,690.53 | | |
| 11/20/97 | NAVAJO CRUDE OIL CO. | 124.98 | | |
| 11/20/97 | CHEVRON U.S.A., INC. | 1,187.76 | | |
| 11/20/97 | EXXON COMPANY, U.S.A. | 1,100.78 | | |
| 11/20/97 | UNION PACIFIC RESOURCES | 214.33 | | |
| 11/20/97 | CODAENERGY, INC. | 114.14 | | |
| 11/20/97 | UMC PETROLEUM CORPORATION | 1.94 | | |
| 11/20/97 | SAMSON LONE STAR LTD PTN | 29.93 | | |
| 11/21/97 | MAYNARD OIL COMPANY | 3,073.28 | | |
| 11/21/97 | REIMBURSEMENT FROM COMSTOCK OIL J/B NETTED AGAINST REVENUE | 182.00 | | |

# TYLER BANK AND TRUST, N.A.

PAGE    16

STATEMENT OF ACCOUNT                                    DATE 12/31/97

ACCOUNT NUMBER:              ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 10/27/97 | STEPHENS & JOHNSON OPER. | 68.49 | | |
| 10/27/97 | OXY USA INC. | 361.51 | | |
| 10/28/97 | PROCEEDS FROM COLONIAL (WIRE) | | 173,427.19 | |
| 10/28/97 | A.G. EDWARDS & SONS, INC. CK #01181076 DATED 10/20/97 BRANCH #023, ACCT # | | 6,436.16 | |
| 10/29/97 | VINTAGE PETROLEUM INC. | 101.39 | | |
| 10/30/97 | WIRE RECEIVED FROM INVESTORS PORTFOLIOS INC GROUP | | 109,025.82 | |
| 10/31/97 | WIRE RECEIVED FROM FRANKLIN GROUP OF FUNDS | | 211,762.43 | |
| 10/31/97 | DUKE ENERGY FLD SER. | 48.14 | | |
| 10/31/97 | J.L. DAVIS | 29.47 | | |
| 11/03/97 | WIRE RECEIVED FROM FRANKLIN GROUP OF FUNDS | | 173,125.30 | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                     ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 11/03/97 | MOBIL OIL CORPORATION | 1,240.08 | | |
| 11/03/97 | BRG PETROLEUM, INC. | 3,318.39 | | |
| 11/03/97 | COMSTOCK OIL & GAS, INC. | 616.43 | | |
| 11/04/97 | ALTURA ENERGY LTD | 30.41 | | |
| 11/04/97 | PIONEER NATURAL RESOURCES | 285.71 | | |
| 11/04/97 | AMOCO PRODUCTION COMPANY | 124.75 | | |
| 11/04/97 | UNION PACIFIC RESOURCES | 666.43 | | |
| 11/04/97 | BRG PETROLEUM, INC. | 789.12 | | |
| 11/04/97 | ENSERCH EXPLORATION, INC. | 34.26 | | |
| 11/05/97 | WIRE RECEIVED FROM NORTHERN CHICAGO | | 149,673.74 | |
| 11/05/97 | REDEPOSIT OF CHECK | 186.75 | | |
| 11/07/97 | PIONEER NATURAL RESOURCES | 248.16 | | |
| 11/10/97 | BROCK OIL AND GAS CORP. | 337.58 | | |

# TYLER BANK AND TRUST, N.A.

PAGE    14

STATEMENT OF ACCOUNT

DATE 12/31/97

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 10/16/97 | COLONIAL INVESTORS SERVICE CENTER ACCT #_____7 TAX-EXEMPT FUND-A DIVIDEND CK DTD 9/4/97 | | 767.46 | |
| 10/16/97 | FIRST SOUTHWEST COMPANY CARTHAGE TX TAX & WW & SWR SYSTEM OBLIG 5.1% 08/15/04 8/15 INT CK DTD 8/15/97 | | 2,295.00 | |
| 10/16/97 | KSTIS KEMPER TX TAX-FREE INCOME FUND-B ACCT # INCOME DIVIDEND CK DTD 8/25/97 | | 345.01 | |
| 10/16/97 | FRANKLIN FEDERAL TAX-FREE INCOME FUND INC - CLASS I ACCT # INCOME DIVIDEND CK DTD 9/15/97 | | 1,005.09 | |
| 10/20/97 | CODAENERGY, INC. | 125.56 | | |
| 10/21/97 | COLONIAL INVESTORS SERVICE CENTER ACCT # TAX-EXEMPT FUND-A DIVIDEND CK DTD 10/3/97 | 762.40 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 10/21/97 | FRANKLIN FEDERAL TAX-FREE INCOME FUND INC - CLASS I ACCT # INCOME DIVIDEND CK DTD 10/15/97 | 1,005.09 | | |
| 10/21/97 | FOREST OIL CORPORATION | 71.58 | | |
| 10/21/97 | SPARTAN OPERATING CO. INC | 118.61 | | |
| 10/21/97 | SNYDER OIL CORPORATION | 202.08 | | |
| 10/21/97 | PIONEER NATURAL RESOURCES | 282.45 | | |
| 10/21/97 | COMSTOCK OIL & GAS, INC. | 387.94 | | |
| 10/21/97 | BROCK OIL AND GAS CORP. | 305.98 | | |
| 10/21/97 | DEVON ENERGY CORPORATION | 135.15 | | |
| 10/21/97 | UNION PACIFIC RESOURCES | 1,517.31 | | |
| 10/21/97 | J.L. DAVIS | 28.48 | | |
| 10/27/97 | SMK ENERGY CORPORATION | 37.90 | | |
| 10/27/97 | EXXON COMPANY, U.S.A. | 10.41 | | |

VOL 102 PAGE 84

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 185

PAGE    16

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                     ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| | TYLER BANK AND TRUST, N.A. DTD 5-18-98, 8.50%, ORIG. AMT. $245,000.00 PRIN/INT PYBL AT MATURITY DATE 8-17-98 | | | |
| 05/26/98 | TO ESTABLISH LIABILITY | | | 245,000.00- |
| 07/02/98 | TO REMOVE FROM BOOKS | | | 245,000.00 |
| | NOTE PAID IN FULL 7/2/98 | | | |
| | TOTAL INTEREST PAID | .00 * | .00 * | .00 * |
| | MISCELLANEOUS RECEIPTS | | | |
| 01/02/98 | DRACO ENERGY, INC. | 36.88 | | |
| 01/02/98 | J.L. DAVIS | 39.02 | | |
| 01/02/98 | FREDONIA RESOURCES INC. | 87.35 | | |
| 01/05/98 | COMSTOCK OIL & GAS, INC. | 949.64 | | |
| 01/05/98 | UNION PACIFIC RESOURCES | 1,912.54 | | |
| 01/05/98 | BRG PETROLEUM, INC. | 1,495.22 | | |
| 01/06/98 | PIONEER NATURAL RES. USA | 338.82 | | |

# TYLER BANK AND TRUST, N.A.

PAGE    17

DATE 07/31/98

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 01/07/98 | A G EDWARDS & SONS INC CK#01186609 MARJORIE M NUGENT #( | | 2,452.93 | |
| 01/08/98 | ALTURA ENERGY LTD | 36.35 | | |
| 01/08/98 | ODEGARD ENERGY INC. | 52.43 | | |
| 01/08/98 | NAVAJO CRUDE OIL CO. | 199.08 | | |
| 01/08/98 | HEADINGTON OIL COMPANY | 53.09 | | |
| 01/08/98 | CLAYTON WILLIAMS ENERGY | 79.11 | | |
| 01/08/98 | WESTLAND OIL DEVELOPMENT | 16.28 | | |
| 01/08/98 | WESTLAND OIL DEVELOPMENT | 25.24 | | |
| 01/08/98 | BROCK OIL AND GAS CORP. | 40.69 | | |
| 01/08/98 | FINA OIL AND CHEMICAL CO. | 47.03 | | |
| 01/08/98 | HERD PRODUCING CO, INC. | 30.94 | | |
| 01/08/98 | HOOPER & SONS INVESTMENTS | 29.35 | | |
| 01/08/98 | UNION PACIFIC RESOURCES | 2,079.54 | | |

# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 87

PAGE    14

DATE 07/31/98

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                    ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 05/14/98 | PRORATED TAXES THRU 4/20/98 | | 27.05- | |
| | 100.00 % INTEREST IN 1/3 OF 1/11 UND INTEREST IN 52 ACRES, W ENGLISH SVY A-194, NET 1.565 ACRES, PANOLA COUNTY, TEXAS | | | |
| 01/09/98 | RECEIVED | | | 1.00 |
| | 100.00 % INTEREST IN 1/3 OF 1/11 UND INT IN 92.25 ACRES M FAIN SVY A-202, NET 2.79 ACRES, PANOLA COUNTY, TEXAS | | | |
| 01/09/98 | RECEIVED | | | 1.00 |
| | 100.00 % INTEREST IN 1/3 OF 1/11 UND INT IN 92 ACRES, W. GILBERT SVY A-232, NET 2.788 ACRES, PANOLA COUNTY, TEXAS | | | |
| 01/09/98 | RECEIVED | | | 1.00 |
| | 100.00 % INTEREST IN 1/3 OF 1/11 UND INT IN 100 ACRES, B. JORDAN SVY A-348, NET 3.033 ACRES PANOLA COUNTY, TEXAS | | | |
| 01/09/98 | RECEIVED | | | 1.00 |
| | TOTAL REAL ESTATE ACQUISITIONS | .00 * | .00 * | 122,506.00 * |
| | TOTAL REAL ESTATE DISPOSITIONS | .00 * | 522,400.00 * | 122,501.00-* |
| | TOTAL REAL ESTATE INCOME | 625.00 * | .00 * | .00 * |

# TYLER BANK AND TRUST, N.A.

PAGE    15

DATE 07/31/98

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT           ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| | TOTAL REAL ESTATE EXPENSES | .00 * | 31,712.23-* | .00 * |
| | CASH & EQUIVALENTS | | | |
| | DREYFUS GOVERNMENT CASH MANAGEMENT | | | |
| 01/02/98 | INT TO 12/31/97 | 3,719.11 | | |
| 02/02/98 | INT TO 01/31/98 | 3,776.78 | | |
| 03/02/98 | INT TO 02/28/98 | 3,509.74 | | |
| 04/01/98 | INT TO 03/31/98 | 3,961.96 | | |
| 05/01/98 | INT TO 04/30/98 | 3,816.54 | | |
| 06/01/98 | INT TO 05/31/98 | 2,249.38 | | |
| 07/01/98 | INT TO 06/30/98 | 1,048.44 | | |
| 07/31/98 | PURCHASES( 81) 01/01/98 TO 07/31/98 | | 970,059.16- | 970,059.16 |
| 07/31/98 | SALES (49) 01/01/98 TO 07/31/98 | | 1,429,610.59 | 1,429,610.59- |
| | TOTAL CASH & EQUIVALENT ACQUISITIONS | .00 * | 970,059.16-* | 970,059.16 * |
| | TOTAL CASH & EQUIVALENT DISPOSITIONS | .00 * | 1,429,610.59 * | 1,429,610.59-* |
| | TOTAL INTEREST INCOME | 22,081.95 * | .00 * | .00 * |
| | LIABILITIES | | | |

# TYLER BANK AND TRUST, N.A.

NO. 1021 VOL. PAGE 89

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| | REAL ESTATE | | | |
| | 100.00 % INTEREST IN | | | |
| | 42.844 ACRES, G. GRAVES SVY A-238, | | | |
| | PANOLA COUNTY, TEXAS | | | |
| 01/09/98 | RECEIVED | | | 1.00 |
| | 100.00 % INTEREST IN | | | |
| | 12.15 ACRES, A. MOORMAN SVY A427, | | | |
| | 111 DIXIE LAKE WEST, CARTHAGE, TEXAS | | | |
| | PANOLA COUNTY | | | |
| 01/09/98 | RECEIVED | | | 1.00 |
| 06/26/98 | PANOLA COUNTY ABSTRACT & TITLE CO | | 400,000.00 | 1.00- |
| | FOR PURCHASER DONALD & AVA YOCUM | | | |
| 06/26/98 | SETTLEMENT CHARGES | | 31,665.43- | |
| | 100.00 % INTEREST IN | | | |
| | 14.66 ACRES, G. BOUCHER SVY A-77, | | | |
| | PANOLA COUNTY | | | |
| 01/09/98 | RECEIVED | | | 1.00 |
| 03/20/98 | ALBERT BOREN FEED LOT CK #3208 | 312.50 | | |
| | PASTURE RENT FOR APRIL MAY JUNE | | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER: :          ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 05/13/98 | AJUST CV TO DOD VALUE | | | 12,454.62 |
| 05/14/98 | FIRST STATE BANK & TRUST CO. | | 12,445.45 | 12,455.62- |
| | FOR PURCHASER ALBERT & ALICE BOREN | | | |
| 05/14/98 | PRORATED TAXES THRU 4/20/98 | | 4.76- | |
| | 100.00 % INTEREST IN | | | |
| | 46.18 ACRES, S. FRANCIS SVY A-197, | | | |
| | PANOLA COUNTY, TEXAS | | | |
| 01/09/98 | RECEIVED | | | 1.00 |
| 05/13/98 | AJUST CV TO DOD VALUE | | | 39,235.02 |
| 05/14/98 | FIRST STATE BANK & TRUST CO. | | 39,203.99 | 39,236.02- |
| | FOR PURCHASER ALBERT & ALICE BOREN | | | |
| 05/14/98 | PRORATED TAXES THRU 4/20/98 | | 14.99- | |
| | 100.00 % INTEREST IN | | | |
| | 83.34 ACRES, W. FRAZIER SVY A-209, | | | |
| | PANOLA COUNTY, TEXAS | | | |
| 01/09/98 | RECEIVED | | | 1.00 |
| 01/13/98 | ALBERT BOREN | 312.50 | | |
| | PASTURE RENT FOR | | | |
| | JAN-FEB-MAR-1998 | | | |
| 05/13/98 | AJUST CV TO DOD VALUE | | | 70,807.36 |
| 05/14/98 | FIRST STATE BANK & TRUST CO. | | 70,750.56 | 70,808.36- |
| | FOR PURCHASER ALBERT & ALICE BOREN | | | |

# TYLER BANK AND TRUST, N.A.

PAGE    10

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT               ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 05/18/98 | ADJUST CV TO DOD VALUE | | | 201,883.00 |
| 05/20/98 | SOLD 1925 SHARES | | 217,527.37 | 201,884.00- |
| | TRADED ON 05/15 ə $113.125 | | | |
| | SMITH BARNEY SHEARSON | | | |
| | LESS COMM 231 & EXP 7.26 | | | |
| | | | | |
| | MOBIL CORPORATION | | | |
| | COMMON STOCK | | | |
| 05/14/98 | RECEIVED 3336 SHARES | | | 1.00 |
| 05/18/98 | ADJUST CV TO DOD VALUE | | | 248,423.00 |
| 05/20/98 | SOLD 3336 SHARES | | 268,347.22 | 248,424.00- |
| | TRADED ON 05/15 ə $80.563 | | | |
| | CAPITAL INSTITUTIONAL SERVICES | | | |
| | LESS COMM 400.32 & EXP 8.96 | | | |
| | | | | |
| | SONAT INC | | | |
| | COMMON STOCK | | | |
| 05/14/98 | RECEIVED 88 SHARES | | | 1.00 |
| 05/18/98 | ADJUST CV TO DOD VALUE | | | 4,069.00 |
| 05/20/98 | SOLD 88 SHARES | | 3,731.87 | 4,070.00- |
| | TRADED ON 05/15 ə $42.75 | | | |
| | PRUDENTIAL-BACHE | | | |
| | LESS COMM 30 & EXP .13 | | | |
| | | | | |
| | TOTAL STOCK ACQUISITIONS | .00 * | .00 * | 579,575.00 * |
| | TOTAL STOCK DISPOSITIONS | .00 * | 634,861.61 * | 579,573.00-* |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT            ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| | NOTES | | | |
| | BOBBY GEORGE BEASON, 7%, 4-15-04 | | | |
| | ORIGINAL AMOUNT $14,488.00 DATED | | | |
| | 4-01-94 PAYABLE $168.22 MONTHLY ON | | | |
| | 15TH | | | |
| 01/14/98 | INTEREST TO    01/15/98 | 60.10 | | |
| 01/14/98 | PRINCIPAL PAYMENT | | 108.12 | 108.12- |
| 02/26/98 | INTEREST TO    02/15/98 | 59.47 | | |
| 02/26/98 | PRINCIPAL PAYMENT | | 108.75 | 108.75- |
| 03/17/98 | INTEREST TO    03/15/98 | 58.84 | | |
| 03/17/98 | PRINCIPAL PAYMENT | | 109.38 | 109.38- |
| 04/20/98 | INTEREST TO    04/15/98 | 58.20 | | |
| 04/20/98 | PRINCIPAL PAYMENT | | 110.02 | 110.02- |
| 05/19/98 | INTEREST TO    05/15/98 | 57.56 | | |
| 05/19/98 | PRINCIPAL PAYMENT | | 110.66 | 110.66- |
| 06/16/98 | INTEREST TO    06/15/98 | 56.91 | | |
| 06/16/98 | PRINCIPAL PAYMENT | | 111.31 | 111.31- |
| 07/15/98 | INTEREST TO    07/15/98 | 56.26 | | |
| 07/15/98 | PRINCIPAL PAYMENT | | 111.96 | 111.96- |
| | TOTAL NOTES PRINCIPAL PAYMENTS | .00 * | 770.20 * | 770.20-* |
| | TOTAL NOTES INTEREST PAYMENTS | 407.34 * | .00 * | .00 * |

# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 93

PAGE    8

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:          ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 05/19/98 | ADJUST CV TO DOD VALUE | | | 3,652.09 |
| 06/12/98 | SOLD 75000 FACE VALUE | | 80,274.75 | 81,033.00- |
| | TRADED ON 06/09 @ $107.033 | | | |
| | CREWS & ASSOCIATES | | | |
| 06/12/98 | INTEREST ON SALE OF $ 75,000 | 672.66 | | |
| | | | | |
| | FNMA REMIC | | | |
| | 9.50% DUE 02/25/2017 | | | |
| | SERIES 1990-133 CLASS E | | | |
| 01/16/98 | ADJUST UNITS TO VALUE AT RECEIPT | | | |
| 01/27/98 | INT TO 01/25/98 ON 5,116.740 | 40.51 | | |
| 01/27/98 | PRINCIPAL PAYMENT | | 813.00 | .16- |
| 02/12/98 | ADJUST CV TO PURCHASE PRICE | | | 4,249.76 |
| 02/25/98 | INT TO 02/25/98 ON 4,250.590 | 34.07 | | |
| 02/25/98 | PRINCIPAL PAYMENT | | 668.38 | 668.38- |
| 03/17/98 | INCREASE UNITS TO | | | |
| | REFLECT CORRECT BALANCE | | | |
| 03/25/98 | INT TO 03/25/98 ON 3,635.360 | 28.78 | | |
| 03/25/98 | PRINCIPAL PAYMENT | | 1,369.00 | 1,348.98- |
| 04/24/98 | INT TO 04/25/98 ON 2,266.360 | 17.94 | | |
| 04/27/98 | PRINCIPAL PAYMENT | | 2,168.12 | 2,137.43- |
| 05/22/98 | INT TO 05/25/98 ON 98.240 | .78 | | |
| 05/26/98 | PRINCIPAL PAYMENT | | 98.25 | 96.80- |
| | | | | |
| | U S SAVINGS BONDS SERIES EE | | | |
| | DTD 08/01/86 DUE 08/01/1996 | | | |
| 06/22/98 | RECEIVED 60000 FACE VALUE | | | 1.00 |
| | TOTAL BOND ACQUISITIONS | .00 * | .00 * | 174,909.16 * |
| | TOTAL BOND DISPOSITIONS | .00 * | 178,163.50 * | 174,911.15-* |

# TYLER BANK AND TRUST, N.A.

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| | INCOME FROM BOND INTEREST | 7,534.62 * | .00 * | .00 * |
| | PREFERRED STOCK | | | |
| | CARTHAGE BANCSHARES INC. | | | |
| | 8.0% CUMULATIVE PREFERRED STOCK | | | |
| 06/22/98 | RECEIVED 300 SHARES | | | 1.00 |
| | COMMON STOCK | | | |
| | CARTHAGE BANCSHARES INC | | | |
| | COMMON STOCK | | | |
| 06/22/98 | RECEIVED 6588 SHARES | | | 1.00 |
| | EXXON CORPORATION | | | |
| | COMMON STOCK | | | |
| 05/15/98 | RECEIVED 2000 SHARES | | | 1.00 |
| 05/18/98 | ADJUST CV TO DOD VALUE | | | 125,194.00 |
| 05/21/98 | SOLD 2000 SHARES | | 145,255.15 | 125,195.00- |
| | TRADED ON 05/18 @ $72.75 | | | |
| | SMITH BARNEY SHEARSON | | | |
| | LESS COMM 240 & EXP 4.85 | | | |
| | LOCKHEED MARTIN CORPORATION | | | |
| | COMMON STOCK | | | |
| 05/14/98 | RECEIVED 1925 SHARES | | | 1.00 |

# TYLER BANK AND TRUST, N.A.

102 PAGE 95
VOL

PAGE    6

SUMMARY OF ACCOUNT                          DATE 07/31/98

ACCOUNT NUMBER:            ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|
| CASH & EQUIVALENTS | | | |
| ACQUISITIONS | | 970,059.16- | 970,059.16 |
| DISPOSITIONS | | 1,429,610.59 | 1,429,610.59- |
| INCOME | 22,081.95 | | |
| LIABILITIES | | | |
| INTEREST PAID | | | |
| MISCELLANEOUS RECEIPTS | 119,621.21 | 289,353.61 | |
| PAYMENTS TO OR FOR BENEFICIARIES | 1,499.00- | 304,163.19- | |
| TAX EXPENSES | | 1,458,383.00- | |
| FEES AND EXPENSES | 7,744.70- | 123,059.64- | |
| MISCELLANEOUS DISBURSEMENTS | 41,233.28- | 267,966.19- | |
| ENDING ACCOUNT BALANCES | 134,831.25 | 134,831.25- | 352,146.13 |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT            ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 12/31/97 | BEGINNING BALANCES | 35,038.11 | 34,647.35- | 812,462.75 |
|  | BONDS |  |  |  |
|  | CARTHAGE TX WATERWORKS AND SEWAGE GENERAL OBLIGATION BOND 5.10% DUE 08/15/2004 |  |  |  |
| 02/12/98 | ADJUST CV TO PURCHASE PRICE |  |  | 89,626.40 |
| 02/13/98 | INT TO 02/15/98 ON 90,000. | 2,295.00 |  |  |
| 06/12/98 | SOLD 90000 FACE VALUE TRADED ON 06/09 @ $103.08 MORGAN, KEEGAN & CO. |  | 92,772.00 | 89,627.40- |
| 06/12/98 | INTEREST ON SALE OF $ 90,000 | 1,491.75 |  |  |
|  | CHICAGO IL O HARE AIRPORT REVENUE BOND 7.875% DUE ON 11/01/2025 AMERICAN AIRLINES PROJECT B |  |  |  |
| 02/12/98 | ADJUST CV TO PURCHASE PRICE |  |  | 77,379.91 |
| 05/01/98 | INT TO 05/01/98 ON 75,000. | 2,953.13 |  |  |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF INVESTMENT POSITION
AS OF 07/31/98

ACCOUNT NUMBER
ESTATE OF MARJORIE M NUGENT

PAGE    4

VALUATION STATEMENT

| FACE AMOUNT/ NO. SHARES | DESCRIPTION | CARRY VALUE /UNIT | TOTAL MARKET /UNIT | % OF TOTAL ACCOUNT AT MARKET | ESTIMATED ANNUAL INCOME | % OF YIELD MARKET VALUE |
|---|---|---|---|---|---|---|
| | NONPRODUCING OIL AND GAS ASSETS *SUPPLEMENTAL SCHEDULE AVAILABLE* | | DATE OF PRICE 00/00/00 * | | | --- |
| | | -------------------- | -------------------- | | | |
| | TOTAL EQUITY | $6.00 | $6.00 | | | |
| | LOANS AND MORTGAGES | | | | | |
| 1 | BOBBY GEORGE BEASON, 7%, 4-15-04 ORIGINAL AMOUNT $14,488.00 DATED 4-01-94 PAYABLE $168.22 MONTHLY ON 15TH | $9,532.79 | $9,532.79 | 2.28 | $667 | 7.00 |
| | | -------------------- | -------------------- | ------ | ------------- | --- |
| | * TOTAL REAL ESTATE * | $9,538.79 | $9,538.79 | 2.28 | $667 | 6.99 |
| | * CASH AND EQUIVALENTS * | | | | | |
| 342,604.34 | DREYFUS GOVERNMENT CASH MANAGEMENT | $342,604.34 | $342,604.34 | 81.84 | $18,312 | 5.34 |
| | INCOME CASH | 134,831.25 | 134,831.25 | 32.21 | | |
| | PRINCIPAL CASH | 134,831.25- | 134,831.25- | 32.22- | | |
| | | -------------------- | -------------------- | ------ | ------------- | --- |
| | * TOTAL CASH AND EQUIVALENTS * | $342,604.34 | $342,604.34 | 81.83 | $18,312 | 5.34 |
| | | -------------------- | -------------------- | ------ | ------------- | --- |
| | ** TOTAL ASSETS ** | $352,146.13 | $418,649.13 | 100.00 | $78,978 | 18.86 |

*ALL PRICES AS OF STATEMENT DATE UNLESS OTHERWISE INDICATED

# TYLER BANK AND TRUST, N.A.

SUMMARY OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT              ADMINISTRATIVE OFFICER: JC

| | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|
| BEGINNING ACCOUNT BALANCES | 35,038.11 | 34,647.35- | 812,462.75 |
| BONDS | | | |
| ACQUISITIONS | | | 174,909.16 |
| DISPOSITIONS | | 178,163.50 | 174,911.15- |
| INTEREST INCOME | 7,534.62 | | |
| STOCKS | | | |
| ACQUISITIONS | | | 579,575.00 |
| DISPOSITIONS | | 634,861.61 | 579,573.00- |
| NOTES | | | |
| PRINCIPAL PAYMENTS | | 770.20 | 770.20- |
| INTEREST PAYMENTS | 407.34 | | |
| REAL ESTATE | | | |
| ACQUISITIONS | | | 122,506.00 |
| DISPOSITIONS | | 522,400.00 | 122,501.00- |
| INCOME | 625.00 | | |
| EXPENSES | | 31,712.23- | |

# TYLER BANK AND TRUST, N.A.

VOL 1102 PAGE 99

STATEMENT OF INVESTMENT POSITION      ACCOUNT NUMBER      PAGE    2
AS OF 07/31/98      ESTATE OF MARJORIE M NUGENT

VALUATION STATEMENT

| FACE AMOUNT/ NO. SHARES | DESCRIPTION | CARRY VALUE /UNIT | TOTAL MARKET /UNIT | % OF TOTAL ACCOUNT AT MARKET | ESTIMATED ANNUAL INCOME | % OF YIELD MARKET VALUE |
|---|---|---|---|---|---|---|
| | **✷ EQUITIES ✷** | | | | | |
| | COMMON STOCKS | | | | | |
| 6,588 | CARTHAGE BANCSHARES INC COMMON STOCK | $1.00 | $1.00 | | | |
| | | | DATE OF PRICE 00/00/00 ✷ | | | |
| | **✷ FIXED INCOME SECURITIES ✷** | | | | | |
| | GOVERNMENT OBLIGATIONS | | | | | |
| | TREASURY & FEDERAL AGENCIES | | | | | |
| 60,000 | U S SAVINGS BONDS SERIES EE DTD 08/01/86 DUE 08/01/1996 | $1.00 | $66,504.00 110.84 | 15.89 | $59,999 | 90.22 |
| | | | DATE OF PRICE 07/01/98 ✷ | | | |
| | PREFERRED STOCKS NON-CONVERTIBLE | | | | | |
| 300 | CARTHAGE BANCSHARES INC. 8.0% CUMULATIVE PREFERRED STOCK | $1.00 | $1.00 | | | |
| | | | DATE OF PRICE 00/00/00 ✷ | | | |
| | **✷ TOTAL FIXED INCOME SECURITIES ✷** | $2.00 | $66,505.00 | 15.89 | $59,999 | 90.22 |
| | **✷ REAL ESTATE ✷** | | | | | |
| | EQUITY | | | | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF INVESTMENT POSITION
AS OF 07/31/98

ACCOUNT NUMBER
ESTATE OF MARJORIE M NUGENT

PAGE    3

VALUATION STATEMENT

| FACE AMOUNT/ NO. SHARES | DESCRIPTION | CARRY VALUE /UNIT | TOTAL MARKET /UNIT | % OF TOTAL ACCOUNT AT MARKET | ESTIMATED ANNUAL INCOME | % OF YIELD MARKET VALUE |
|---|---|---|---|---|---|---|
| 1 | 100.00 % INTEREST IN 42.844 ACRES, G. GRAVES SVY A-238, PANOLA COUNTY, TEXAS | $1.00 | $1.00 | | | |
| | DATE OF PRICE 09/08/97 * | | | | | |
| 1 | 100.00 % INTEREST IN 1/3 OF 1/11 UND INTEREST IN 52 ACRES, W ENGLISH SVY A-194, NET 1.575 ACRES, PANOLA COUNTY, TEXAS | 1.00 | 1.00 | | | |
| | DATE OF PRICE 09/08/97 * | | | | | |
| 1 | 100.00 % INTEREST IN 1/3 OF 1/11 UND INT IN 92.25 ACRES M FAIN SVY A-202, NET 2.79 ACRES, PANOLA COUNTY, TEXAS | 1.00 | 1.00 | | | |
| | DATE OF PRICE 09/08/97 * | | | | | |
| 1 | 100.00 % INTEREST IN 1/3 OF 1/11 UND INT IN 92 ACRES, W. GILBERT SVY A-232, NET 2.788 ACRES, PANOLA COUNTY, TEXAS | 1.00 | 1.00 | | | |
| | DATE OF PRICE 09/08/97 * | | | | | |
| 1 | 100.00 % INTEREST IN 1/3 OF 1/11 UND INT IN 100 ACRES, B. JORDAN SVY A-348, NET 3.033 ACRES PANOLA COUNTY, TEXAS | 1.00 | 1.00 | | | |
| | DATE OF PRICE 09/08/97 * | | | | | |
| 1 | 100.00 % INTEREST IN | 1.00 | 1.00 | | | |

VOL 102 PAGE 100

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 101

JC      HRP

**ESTATE OF MARJORIE M NUGENT**

**INVESTMENT & TRANSACTION STATEMENT**
**01/01/98 THRU 07/31/98**

**ACCOUNT COPIES**

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS STATEMENT,**
**PLEASE CALL OR WRITE   JEFF CHEAVENS     (903) 535-4356**

# TYLER BANK AND TRUST, N.A.

01

STATEMENT OF ASSETS AND LIABILITIES
AS OF 07/31/98

ACCOUNT NUMBER :
ESTATE OF MARJORIE M NUGENT

PAGE     1

SUMMARY STATEMENT

| | CARRY VALUE | TOTAL MARKET | OF TOTAL ACCOUNT AT MARKET | ESTIMATED ANNUAL INCOME | YIELD MARKET VALUE |
|---|---|---|---|---|---|
| EQUITIES | $1.00 | $1.00 | .00 | $0 | .00 |
| FIXED INCOME SECURITIES | | | | | |
| GOVERNMENT OBLIGATIONS | | | | | |
| TREASURY & FEDERAL AGENCIES | $1.00 | $66,504.00 | 15.89 | $59,999 | 90.22 |
| PREFERRED STOCKS NONCONVERTIBLE | $1.00 | $1.00 | .00 | $0 | .00 |
| TOTAL FIXED INCOME SECURITIES | $2.00 | $66,505.00 | 15.89 | $59,999 | 90.22 |
| REAL ESTATE | | | | | |
| EQUITY | $6.00 | $6.00 | .00 | $0 | .00 |
| LOANS AND MORTGAGES | $9,532.79 | $9,532.79 | 2.28 | $667 | 7.00 |
| TOTAL REAL ESTATE | $9,538.79 | $9,538.79 | 2.28 | $667 | 6.99 |
| CASH & EQUIVALENTS | $342,604.34 | $342,604.34 | 81.83 | $18,312 | 5.34 |
| TOTAL ASSETS | $352,146.13 | $418,649.13 | 100.00 | $78,978 | 18.86 |

VOL 1 102 PAGE 102

# TYLER BANK AND TRUST, N.A.

102 PAGE 103    VOL

PAGE    42

STATEMENT OF ACCOUNT

DATE 12/31/97

ACCOUNT NUMBER:  ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT  ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 11/20/97 | RM NUGENT ACCT #<br>SOUTHWESTERN BELL TELEPHONE | 26.47- | | |
| 12/19/97 | RM NUGENT ACCT #<br>SOUTHWESTERN BELL TELEPHONE | 26.47- | | |
| 11/18/97 | R M NUGENT ACCT #<br>111 DIXIE LAKE WEST<br>SOUTHWESTERN BELL TELEPHONE | 28.77- | | |
| 12/17/97 | R M NUGENT ACCT #<br>111 DIXIE LAKE WEST<br>SOUTHWESTERN BELL TELEPHONE | 28.77- | | |
| 12/26/97 | MONITOR 111 DIXIE LAKE WEST<br>CUSTOMER #0010368<br>CABLER SECURITY | 49.92- | | |
| | TOTAL MISCELLANEOUS DISBURSEMENTS | 17,997.37-* | 14,109.65-* | .00 * |
| | TRANSFERS | | | |
| 10/28/97 | TRANSFER INCOME TO PRINCIPAL<br>PYMTS MADE FROM PRIN 10/1, 10/3 | 453.05- | 453.05 | |
| 10/28/97 | TRANSFER PRINCIPAL TO INCOME<br>DIVDENDS DEPOSITED TO PRIN 10/16 | 6,978.72 | 6,978.72- | |
| | TOTAL TRANSFERS | 6,525.67 * | 6,525.67-* | .00 * |
| 12/31/97 | ENDING BALANCES | 35,038.11 ** | 34,647.35-** | 812,462.75 ** |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

DATE 12/31/97

ACCOUNT NUMBER:                     ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT            ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 12/11/97 | DIVISION ORDER PROCESSING FEE COMSTOCK OIL DAVIS OG-59 | 15.00- | | |
| 12/12/97 | DIVISION ORDER PROCESSING FEE W.A. MONCRIEF CAPPS OG-46 | 15.00- | | |
| 12/12/97 | DIVISION ORDER PROCESSING FEE COMSTOCK OIL ALLEN OG-60 | 15.00- | | |
| 12/12/97 | PANOLA COUNTY CLERK OBAIN CERTIFIED COPIES | 57.00- | | |
| 12/19/97 | MIDLAND COUNTY 1996 AD VALOREM TAXES | 45.18- | | |
| 12/19/97 | ANDREWS INDEPENDENT SCHOOL & CITY OF ANDREWS | 152.25- | | |
| 12/19/97 | TAX ASSESSOR COLLECTOR 1997 AD VALOREM TAXES | 45.33- | | |

VOL 102 PAGE 104

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 105

|  | | PAGE    41 |
|---|---|---|
| | STATEMENT OF ACCOUNT | DATE 12/31/97 |
| ACCOUNT NUMBER: | ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT | ADMINISTRATIVE OFFICER: JC |

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 12/23/97 | SCURRY COUNTY CLERK RECORDING FEE | 37.00- | | |
| 12/23/97 | WINKLER COUNTY CLERK RECORDING FEE | 37.00- | | |
| 12/23/97 | RANKIN COUNTY CHANCERY CLERK RECORDING FEES | 7.00- | | |
| 12/24/97 | COMSTOCK OIL & GAS CORP. OWNER NO. 13729 INV 97-11-2479/2482 | 329.10- | | |
| 12/24/97 | COMSTOCK OIL & GAS CORP. OWNER NO. 13729 | 225.08- | | |
| 12/24/97 | TIPPERARY OIL & GAS CORP. OWNER NO. 6323 STMT DATE 11-30-97 | 46.62- | | |
| 11/10/97 | R M NUGENT - 111 W DIXIE LAKE ACCT #517717689-7 SOUTHWESTERN ELECTRIC POWER COMPANY | 149.25- | | |
| 12/11/97 | R M NUGENT - 111 W DIXIE LAKE ACCT #517717689-7 SOUTHWESTERN ELECTRIC POWER COMPANY | 180.99- | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                     ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 12/08/97 | DIVISION ORDER PROCESSING FEE FOREST OIL GRAYLING OG-80 | 15.00- | | |
| 12/10/97 | JOHN SAULS APPRAISAL OF MAJORIE M NUGENT ESTATE | | 1,500.00- | |
| 12/10/97 | DIVISION ORDER PROCESSING FEE PENNZOIL EXPLORATION- LOVETT OG-36 | 15.00- | | |
| 12/10/97 | DIVISION ORDER PROCESSING FEE PENNZOIL EXPLORATION J.O. COX OG-96 | 15.00- | | |
| 12/10/97 | DIVISION ORDER PROCESSING FEE PENNZOIL EXPLORATION WILSON OG-98 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

VOL-102 PAGE 107

|  |  | PAGE 39 |
|--|--|--|
|  | STATEMENT OF ACCOUNT | DATE 12/31/97 |
| ACCOUNT NUMBER: | ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT | ADMINISTRATIVE OFFICER: JC |

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 12/10/97 | DIVISION ORDER PROCESSING FEE<br>PENNZOIL EXPLORATION<br>HALL<br>OG-45 | 15.00- | | |
| 12/10/97 | DIVISION ORDER PROCESSING FEE<br>SUN REFINING-<br>FASKEN WELL<br>OG-79 | 15.00- | | |
| 12/11/97 | TYLER BANK & TRUST, N.A.<br>REIMBURSEMENT FOR<br>TRAVEL EXP RE TRUST<br>REAL EST MGMT | 45.68- | | |
| 12/11/97 | DIVISION ORDER PROCESSING FEE<br>SUN REFINING<br>REVILO GLORIETTA<br>OG-35 | 15.00- | | |
| 12/11/97 | DIVISION ORDER PROCESSING FEE<br>PHILLIPS PETROLEUM<br>INGRAM<br>OG-95 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

PAGE     38

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 05/19/98 | C/C TO STATE TREASURER<br>INHERITANCE TAX RETURN<br>STATE OF TEXAS<br>MARJORIE M NUGENT SS # | | 243,600.00- | |
| 05/19/98 | C/C TO INTERNAL REVENUE SERVICE<br>FORM 706 - US ESTATE TAX RETURN<br>MARJORIE M NUGENT SS # | | 1,209,783.00- | |
| | TOTAL TAX EXPENSE | .00 * | 1,458,383.00-* | .00 * |
| | FIDUCIARY FEES AND EXPENSES | | | |
| 01/16/98 | JOHN W NOBLE<br>PROFESSIONAL SERVICES 12/4/97 -<br>1/12/98 ESTATE OF MARJORIE M NUGENT | | 1,171.00- | |
| 02/05/98 | HENRY & PETERS, P.C.<br>PREPARATION OF 1997 FORM 1041<br>INV #TYL18913 CLIENT # | 7,649.00- | | |
| 02/06/98 | CHARLES C. DICKERSON<br>SERVICES RENDERED 12/9/97 THRU<br>2/2/98 ESTATE OF MARJORIE<br>M NUGENT | | 3,397.75- | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT              ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 02/12/98 | JOHN W NOBLE PROFESSIONAL SERVICES 01/09/98 TO 02/06/98 ESTATE OF MARJORIE M NUGENT | | 805.00- | |
| 03/16/98 | JOHN W NOBLE PROFESSIONAL SERVICES 2/10/98 - 3/3/98 ESTATE OF MARJORIE M NUGENT | | 885.00- | |
| 04/03/98 | JOHN W NOBLE PROFESSIONAL SERVICE 3-6-98 TO 3-31-98 MARJORIE M NUGENT | | 1,135.00- | |
| 04/22/98 | COGHLAN CROWSON FITZPATRICK INV #980429 R M AND MAJORIE NUGENT ESTATE IN PANOLA COUNTY TEXAS | | 273.90- | |
| 05/08/98 | JOHN W NOBLE PROFESSIONAL SERVICES THRU 4/30/98 ESTATE OF MARJORIE M NUGENT | | 2,100.00- | |
| 05/11/98 | HOWARD P. COGHLAN LEGAL FEES | 95.70- | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                   ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 07/22/98 | SEAGULL-MID SOUTH INC. | 1,579.69 | | |
| 07/22/98 | SCURLOCK PERMIAN CORP. | 28.68 | | |
| 07/23/98 | PHILLIPS PETROLEUM CO. | 157.24 | | |
| 07/23/98 | CHISOS OPERATING, INC. | 214.69 | | |
| 07/27/98 | EXXON COMPANY, U.S.A. | 849.96 | | |
| 07/27/98 | OXY USA INC. | 295.09 | | |
| 07/27/98 | MOBIL OIL CORPORATION | 892.02 | | |
| 07/28/98 | STEPHENS & JOHNSON OPER. | 43.51 | | |
| 07/28/98 | UNION PACIFIC RESOURCES | 87.24 | | |
| 07/28/98 | PENNZOIL EXPL & PROD CO. | 102.41 | | |
| 07/29/98 | HEADINGTON OIL COMPANY | 81.55 | | |
| 07/29/98 | CLAYTON WILLIAMS ENERGY | 29.93 | | |
| 07/30/98 | BASS ENTERPRISES PROD. | 59.40 | | |

VOL. 102 PAGE 110

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 111

| | | | PAGE 37 |
|---|---|---|---|
| | STATEMENT OF ACCOUNT | | DATE 07/31/98 |
| ACCOUNT NUMBER: | ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT | | ADMINISTRATIVE OFFICER: JC |

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 07/30/98 | HOOPER & SONS INVESTMENTS | 8.56 | | |
| 07/30/98 | VINTAGE PETROLEUM INC. | 100.57 | | |
| | **TOTAL MISCELLANEOUS RECEIPTS** | 119,621.21 * | 289,353.61 * | .00 * |
| | **DISBURSEMENTS TO OR FOR BENEFICIARY** | | | |
| 03/17/98 | C/C INTERNAL REVENUE SERVICE TAX PAYER ID # 1996 ADDITIONAL TAX DUE MARJORIE M NUGENT | | 1,833.67- | |
| 05/12/98 | FUNDS WIRE TO CHASE MANHATTAN NYC ABA # _____ FBO SMITH BARNEY INC ACCT # _____ FOR FURTHER CREDIT ACCT # _____ TB&T IND EXEC OF MARJORIE NUGENT | 1,499.00- | 302,329.52- | |
| | **TOTAL BENEFICIARY DISBURSEMENTS** | 1,499.00-* | 304,163.19-* | .00 * |
| | **TAX EXPENSE** | | | |
| 04/14/98 | INTERNAL REVENUE SERVICE TAX PAYER ID # 1041 ESTIMATE AND EXTENSION TAX PAYER ID # | | 5,000.00- | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:              ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT           ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 06/30/98 | HERD PRODUCING CO, INC. | 65.23 | | |
| 06/30/98 | PENNZOIL EXPL & PROD CO. | 14,999.12 | | |
| 07/01/98 | CHEVRON U.S.A., INC. | 259.00 | | |
| 07/02/98 | COMSTOCK OIL & GAS, INC. | 754.69 | | |
| 07/02/98 | PIONEER NATURAL RESOURCES | 233.93 | | |
| 07/03/98 | UNION PACIFIC RESOURCES | 1,808.56 | | |
| 07/06/98 | DEVON ENERGY CORPORATION | 91.76 | | |
| 07/06/98 | BROCK OIL AND GAS CORP. | 350.20 | | |
| 07/07/98 | SETTLEMENT PROCEEDS FROM OXY USA CAUSE NO. 1997-015 PANOLA CO, TX | 41.29 | | |
| 07/13/98 | MONCRIEF ROYALTY ACCOUNT | 142.14 | | |
| 07/15/98 | ARKANSAS BEST INSURANCE CORP CK#6100- MARJORIE NUGENT ESTATE REFUND ON POL#HPA641266 | | 890.24 | |

VOL. 102 PAGE 112

# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 113

PAGE    35

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:          ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 07/16/98 | PIONEER NATURAL RESOURCES | 173.89 | | |
| 07/17/98 | SOUTHWESTERN BELL TELEPHONE REFUND OF CREDIT #903-693-8751 R M NUGENT | | 7.79 | |
| 07/17/98 | SOUTHWESTERN BELL TELEPHONE REFUND OF CREDIT #903-693-6853 R M NUGENT | | 8.19 | |
| 07/20/98 | TIPPERARY OIL & GAS CORP | 140.87 | | |
| 07/20/98 | CODAENERGY, INC. | 86.75 | | |
| 07/20/98 | REIMBURSEMENT FROM COMSTOCK OIL & GAS DAVIS 4-X JIB CHARGED IN ERROR | 20,063.86 | | |
| 07/21/98 | SMITH BARNEY CK #624 55074 ESTATE OF MARJORIE M NUGENT #      3-020 DTD 7/15/98 | | 2,735.34 | |
| 07/22/98 | MAYNARD OIL COMPANY | 1,544.49 | | |
| 07/22/98 | FINA OIL AND CHEMICAL CO. | 463.05 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 06/03/98 | PIONEER NATURAL RESOURCES | 224.87 | | |
| 06/12/98 | LEASE BONUS 3YR PU LSE TO PLATINUM EXPLORATION, INC. | 1,222.50 | | |
| 06/12/98 | BROCK OIL AND GAS CORP. | 276.72 | | |
| 06/17/98 | PIONEER NATURAL RESOURCES | 157.24 | | |
| 06/18/98 | AMERICAN TRADING & PROD. | .79 | | |
| 06/18/98 | UNION OIL OF CALIFORNIA | 280.94 | | |
| 06/19/98 | MAYNARD OIL COMPANY | 1,442.26 | | |
| 06/19/98 | TIPPERARY OIL & GAS CORP | 143.32 | | |
| 06/22/98 | CODAENERGY, INC. | 81.54 | | |
| 06/22/98 | FINA OIL AND CHEMICAL CO. | 442.35 | | |
| 06/22/98 | LANTERN PETROLEUM | 2.07 | | |
| 06/22/98 | SEAGULL-MID SOUTH INC. | 1,159.10 | | |



VOL 102 PAGE 114

# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 115

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT              ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 06/23/98 | SCURLOCK PERMIAN CORP. | 36.93 | | |
| 06/23/98 | NAVAJO CRUDE OIL CO. | 120.49 | | |
| 06/25/98 | SETTLEMENT PROCEEDS FROM CHEVRON CAUSE NO. 95-08680-A $8.91 & 2.89 | 11.80 | | |
| 06/25/98 | SUN REFINING & MARKETING | 36.90 | | |
| 06/26/98 | STEPHENS & JOHNSON OPER. | 45.64 | | |
| 06/26/98 | NAVAJO CRUDE OIL CO. | 130.56 | | |
| 06/29/98 | OXY USA INC. | 291.55 | | |
| 06/29/98 | HEADINGTON OIL COMPANY | 95.73 | | |
| 06/29/98 | EXXON COMPANY, U.S.A. | 1,528.60 | | |
| 06/29/98 | MOBIL OIL CORPORATION | 896.97 | | |
| 06/29/98 | VINTAGE PETROLEUM INC. | 95.34 | | |
| 06/29/98 | UNION PACIFIC RESOURCES | 116.47 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                 ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 05/22/98 | CODAENERGY, INC. | 79.06 | | |
| 05/22/98 | SEAGULL-MID SOUTH INC. | 377.38 | | |
| 05/22/98 | ALTURA ENERGY LTD | 25.51 | | |
| 05/26/98 | EXXON COMPANY, U.S.A. | 1,096.16 | | |
| 05/26/98 | MOBIL OIL CORPORATION | 603.71 | | |
| 05/26/98 | UNION PACIFIC RESOURCES | 78.93 | | |
| 05/26/98 | FINA OIL AND CHEMICAL CO. | 478.07 | | |
| 05/26/98 | SCURLOCK PERMIAN CORP. | 42.57 | | |
| 05/27/98 | PENNZOIL EXPL & PROD CO. | 327.41 | | |
| 05/27/98 | VINTAGE PETROLEUM INC. | 94.96 | | |
| 05/27/98 | SAMSON LONE STAR LTD PTN | 28.34 | | |
| 05/28/98 | HEADINGTON OIL COMPANY | 86.74 | | |
| 05/28/98 | STEPHENS & JOHNSON OPER. | 54.97 | | |

# TYLER BANK AND TRUST, N.A.

PAGE    31

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER: :                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT            ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 05/29/98 | DRACO ENERGY, INC. | 22.30 | | |
| 05/29/98 | OXY USA INC. | 279.51 | | |
| 06/01/98 | DEVON ENERGY CORPORATION | 80.07 | | |
| 06/01/98 | COMSTOCK OIL & GAS, INC. | 704.81 | | |
| 06/01/98 | CHEVRON U.S.A., INC. | 213.36 | | |
| 06/01/98 | GRIGSBY PETROLEUM INC | 26.31 | | |
| 06/01/98 | ENSERCH EXPLORATION, INC. | 26.98 | | |
| 06/01/98 | DUKE ENERGY FLD SER. | 29.34 | | |
| 06/01/98 | SNYDER OIL CORPORATION | 205.94 | | |
| 06/02/98 | UNION PACIFIC RESOURCES | 1,885.01 | | |
| 06/03/98 | BRG PETROLEUM, INC. | 1,417.02 | | |
| 06/03/98 | J.L. DAVIS | 37.17 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT            ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 04/24/98 | SUN REFINING & MARKETING | 41.94 | | |
| 04/27/98 | MOBIL OIL CORPORATION | 529.95 | | |
| 04/27/98 | UNION PACIFIC RESOURCES | 84.37 | | |
| 04/27/98 | OXY USA INC. | 253.34 | | |
| 04/27/98 | PENNZOIL EXPL & PROD CO. | 638.03 | | |
| 04/28/98 | STEPHENS & JOHNSON OPER. | 54.46 | | |
| 04/29/98 | VINTAGE PETROLEUM INC. | 70.84 | | |
| 04/29/98 | EXXON COMPANY, U.S.A. | 862.28 | | |
| 04/30/98 | CLAYTON WILLIAMS ENERGY | 46.46 | | |
| 05/01/98 | CHEVRON U.S.A., INC. | 507.81 | | |
| 05/01/98 | PIONEER NATURAL RESOURCES | 217.59 | | |
| 05/04/98 | SNYDER OIL CORPORATION | 172.53 | | |
| 05/04/98 | DEVON ENERGY CORPORATION | 122.11 | | |



# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 119

PAGE    29

STATEMENT OF ACCOUNT                              DATE 07/31/98

ACCOUNT NUMBER:                ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|------------|----------------|----------------------|
| 05/04/98 | BRG PETROLEUM, INC. | 623.12 | | |
| 05/04/98 | UNION PACIFIC RESOURCES | 1,684.07 | | |
| 05/05/98 | CHECK REC'D FROM PENNZOIL FOR CREDIT BALANCE ON J/B | 470.18 | | |
| 05/12/98 | BROCK OIL AND GAS CORP. | 312.14 | | |
| 05/15/98 | KABCO OIL & GAS COMPANY | 27.55 | | |
| 05/18/98 | PIONEER NATURAL RESOURCES | 188.78 | | |
| 05/18/98 | TEXAS INDEPENDENT OPERAT. | 49.06 | | |
| 05/19/98 | PROMISSORY NOTE FROM TB&T TO PAY TAXES | | 245,000.00 | |
| 05/19/98 | TIPPERARY OIL & GAS CORP | 162.16 | | |
| 05/19/98 | BROCK OIL AND GAS CORP. | 449.18 | | |
| 05/20/98 | MAYNARD OIL COMPANY | 1,518.02 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                    ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 03/30/98 | EXXON COMPANY, U.S.A. | 1,084.78 | | |
| 03/31/98 | CHECK REC'D FROM UNION PACIFIC DAMAGES FOR CONSTRUCTIN OF PIPELINE CGU 112-8 PANOLA CO OG-64 | | 2,030.00 | |
| 03/31/98 | UNION PACIFIC RESOURCES | 73.74 | | |
| 03/31/98 | HERD PRODUCING CO, INC. | 93.23 | | |
| 04/01/98 | STEPHENS & JOHNSON OPER. | 50.76 | | |
| 04/02/98 | COMSTOCK OIL & GAS, INC. | 667.89 | | |
| 04/02/98 | PIONEER NATURAL RESOURCES | 228.50 | | |
| 04/03/98 | SNYDER OIL CORPORATION | 1,396.07 | | |
| 04/03/98 | BRG PETROLEUM, INC. | 808.23 | | |
| 04/03/98 | DEVON ENERGY CORPORATION | 157.40 | | |
| 04/03/98 | ENSERCH EXPLORATION, INC. | 28.28 | | |

# TYLER BANK AND TRUST, N.A.

PAGE    27

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 04/06/98 | SPARTAN OPERATING CO. INC | 100.59 | | |
| 04/06/98 | UNION PACIFIC RESOURCES | 1,138.57 | | |
| 04/06/98 | BROCK OIL AND GAS CORP. | 412.84 | | |
| 04/16/98 | PIONEER NATURAL RESOURCES | 155.89 | | |
| 04/21/98 | TIPPERARY OIL & GAS CORP | 115.87 | | |
| 04/22/98 | ALTURA ENERGY LTD | 25.53 | | |
| 04/22/98 | SEAGULL-MID SOUTH INC. | 317.75 | | |
| 04/22/98 | GENESIS CRUDE OIL, L.P. | 27.34 | | |
| 04/22/98 | FINA OIL AND CHEMICAL CO. | 314.74 | | |
| 04/22/98 | PHILLIPS PETROLEUM CO. | 134.32 | | |
| 04/23/98 | SCURLOCK PERMIAN CORP. | 35.30 | | |
| 04/23/98 | MAYNARD OIL COMPANY | 1,387.07 | | |
| 04/23/98 | CODAENERGY, INC. | 89.02 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|------------|----------------|----------------------|
| 03/09/98 | J.L. DAVIS | 26.59 | | |
| 03/12/98 | ALLSTATE INDEMNITY COMPANY CK #0031989371 DATED 02-11-98 TO REPLACE CK #0031979126 MAJORIE NUGENT ACCT # | | 33.90 | |
| 03/16/98 | SETTLEMENT PROCEEDS FROM CHEVRON CAUSE NO. 95-08680-A | 63.79 | | |
| 03/16/98 | TEXAS INDEPENDENT OPERAT. | 61.25 | | |
| 03/16/98 | WESTLAND OIL DEVELOPMENT | 26.61 | | |
| 03/16/98 | PIONEER NATURAL RESOURCES | 199.34 | | |
| 03/17/98 | TEXAS INDEPENDENT OPERAT. | 31.60 | | |
| 03/18/98 | UNCLAIMED MONEY REC'D FROM STATE COMPTROLLER, AUSTIN | 197.58 | | |
| 03/19/98 | TIPPERARY OIL & GAS CORP | 149.35 | | |
| 03/20/98 | UNCLAIMED MONEY REC'D FROM STATE COMPTROLLER, AUSTIN | 41.95 | | |

# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 123

PAGE    25

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER: :                ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|------------:|----------------|----------------------|
| 03/20/98 | SPARTAN OPERATING CO. INC | 117.43 | | |
| 03/20/98 | SPARTAN OPERATING CO. INC | 102.90 | | |
| 03/20/98 | CODAENERGY, INC. | 108.05 | | |
| 03/23/98 | FINA OIL AND CHEMICAL CO. | 461.27 | | |
| 03/24/98 | MAYNARD OIL COMPANY | 2,287.07 | | |
| 03/25/98 | SCURLOCK PERMIAN CORP. | 39.91 | | |
| 03/26/98 | F.W. RABALAIS, INC. | 29.59 | | |
| 03/27/98 | SEAGULL-MID SOUTH INC. | 418.75 | | |
| 03/27/98 | OXY USA INC. | 338.70 | | |
| 03/27/98 | VINTAGE PETROLEUM INC. | 94.53 | | |
| 03/27/98 | MOBIL OIL CORPORATION | 477.95 | | |
| 03/30/98 | PENNZOIL EXPL & PROD CO. | 1,094.49 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

PAGE    22

DATE 07/31/98

ACCOUNT NUMBER:                     ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT             ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 02/23/98 | MAYNARD OIL COMPANY | 1,578.13 | | |
| 02/23/98 | FINA OIL AND CHEMICAL CO. | 476.23 | | |
| 02/23/98 | MORRIS CANNAN, TRUSTEE | 24.49 | | |
| 02/23/98 | SCURLOCK PERMIAN CORP. | 55.60 | | |
| 02/25/98 | SUN REFINING & MARKETING | 49.15 | | |
| 02/25/98 | NAVAJO CRUDE OIL CO. | 187.32 | | |
| 02/27/98 | SAMSON PRODUCTION SERVICE | 29.00 | | |
| 02/27/98 | EXXON COMPANY, U.S.A. | 1,197.78 | | |
| 02/27/98 | OXY USA INC. | 417.48 | | |
| 02/27/98 | UNION PACIFIC RESOURCES | 28.48 | | |
| 02/27/98 | HEADINGTON OIL COMPANY | 29.77 | | |
| 02/27/98 | VINTAGE PETROLEUM INC. | 121.38 | | |
| 02/27/98 | MOBIL OIL CORPORATION | 573.03 | | |

VOL. 102 PAGE 124

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 125

PAGE    23

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 03/02/98 | STEPHENS & JOHNSON OPER. | 57.05 | | |
| 03/02/98 | DEVON ENERGY CORPORATION | 298.30 | | |
| 03/02/98 | DUKE ENERGY FLD SER. | 26.22 | | |
| 03/02/98 | CHEVRON U.S.A., INC. | 287.47 | | |
| 03/02/98 | COMSTOCK OIL & GAS, INC. | 755.09 | | |
| 03/02/98 | UNION PACIFIC RESOURCES | 1,439.96 | | |
| 03/03/98 | CLASS ACTION SUIT SETTLEMENT FROM SONAT EXPLORATION OG-59 | 275.44 | | |
| 03/04/98 | BRG PETROLEUM, INC. | 970.54 | | |
| 03/04/98 | PIONEER NATURAL RESOURCES | 252.52 | | |
| 03/09/98 | BROCK OIL AND GAS CORP. | 386.55 | | |

# TYLER BANK AND TRUST, N.A.

PAGE    20

DATE 07/31/98

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 01/27/98 | OXY USA INC. | 624.09 | | |
| 01/27/98 | MOBIL OIL CORPORATION | 703.91 | | |
| 01/27/98 | UNION PACIFIC RESOURCES | 144.37 | | |
| 01/27/98 | MARATHON OIL COMPANY | 12.09 | | |
| 01/28/98 | VINTAGE PETROLEUM INC. | 136.66 | | |
| 02/02/98 | UNION PACIFIC RESOURCES | 2,259.93 | | |
| 02/02/98 | CHEVRON U.S.A., INC. | 489.12 | | |
| 02/02/98 | ENSERCH EXPLORATION, INC. | 37.92 | | |
| 02/02/98 | COMSTOCK OIL & GAS, INC. | 934.47 | | |
| 02/02/98 | BRG PETROLEUM, INC. | 1,158.90 | | |
| 02/02/98 | DEVON ENERGY CORPORATION | 428.49 | | |
| 02/02/98 | STEPHENS & JOHNSON OPER. | 66.08 | | |
| 02/06/98 | PIONEER NATURAL RESOURCES | 295.38 | | |



# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 127

PAGE    21

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 02/09/98 | BROCK OIL AND GAS CORP. | 472.08 | | |
| 02/09/98 | FINA OIL AND CHEMICAL CO. | 1.03 | | |
| 02/11/98 | PROCEEDS FROM ESTATE SALE OF $51,707.45 LESS $15,512.23 JOHN R SAULS COMMISSION OF 30% | | 36,195.22 | |
| 02/13/98 | SETTLEMENT PROCEEDS FROM CHEVRON- CAUSE NO. 95-08680-A | .06 | | |
| 02/17/98 | PIONEER NATURAL RESOURCES | 223.40 | | |
| 02/19/98 | TIPPERARY OIL & GAS CORP | 150.27 | | |
| 02/20/98 | CODAENERGY, INC. | 112.68 | | |
| 02/23/98 | FINA OIL AND CHEMICAL CO. | 4.47 | | |
| 02/23/98 | ALTURA ENERGY LTD | 33.44 | | |
| 02/23/98 | TEXAS INDEPENDENT OPERAT. | 160.99 | | |
| 02/23/98 | SEAGULL-MID SOUTH INC. | 526.65 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 01/08/98 | PROSPECTIVE INV. & TR. CO | 23.78 | | |
| 01/08/98 | HEADLINE RESOURCES, INC. | 50.79 | | |
| 01/13/98 | BROCK OIL AND GAS CORP. | 447.05 | | |
| 01/16/98 | PIONEER NATURAL RESOURCES | 348.64 | | |
| 01/20/98 | CODAENERGY, INC. | 125.06 | | |
| 01/20/98 | UNION OIL OF CALIFORNIA | 129.82 | | |
| 01/20/98 | TIPPERARY OIL & GAS CORP | 188.29 | | |
| 01/22/98 | LANTERN PETROLEUM | 1.09 | | |
| 01/22/98 | UNION PACIFIC RESOURCES | 286.01 | | |
| 01/22/98 | UNION PACIFIC RESOURCES | 39.49 | | |
| 01/22/98 | MARATHON OIL COMPANY | .36 | | |
| 01/22/98 | TEXONA ACQUISITION CO. | 12.44 | | |
| 01/22/98 | PRIDE PIPELINE COMPANY | 47.89 | | |



# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 129

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|------------:|----------------|----------------------|
| 01/22/98 | AMERICAN TRADING & PROD. | .54 | | |
| 01/22/98 | TOTAL PETROLEUM, INC. | 12.15 | | |
| 01/22/98 | K N ENERGY, INC. | 19.33 | | |
| 01/22/98 | F.W. RABALAIS, INC. | 3.86 | | |
| 01/22/98 | SCURLOCK PERMIAN CORP. | 51.53 | | |
| 01/22/98 | FINA OIL AND CHEMICAL CO. | 576.66 | | |
| 01/22/98 | PHILLIPS PETROLEUM CO. | 109.39 | | |
| 01/22/98 | HEADINGTON OIL COMPANY | 24.93 | | |
| 01/22/98 | TO REVERSE ENTRY OF 12/19/97 MIDLAND COUNTY 1996 AD VALOREM TAXES | 45.18 | | |
| 01/23/98 | SEAGULL-MID SOUTH INC. | 626.28 | | |
| 01/26/98 | EXXON COMPANY, U.S.A. | 1,407.50 | | |
| 01/26/98 | MAYNARD OIL COMPANY | 1,811.03 | | |

# TYLER BANK AND TRUST, N.A.

PAGE     40

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:         ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 06/08/98 | CHARLES C DICKERSON PROFESSIONAL SERVICES THRU 5/18/98 ESTATE OF MARJORIE M NUGENT | | 3,580.84- | |
| 06/08/98 | JOHN W NOBLE PROFESSIONAL SERVICES THRU 5/27/98 ESTATE OF MARJORIE M NUGENT | | 2,500.00- | |
| 06/10/98 | HENRY & PETERS PC PREP 1997 1041 - CLIENT #45570 | | 15,800.00- | |
| 06/17/98 | PETERSON FARRIS DOORES & JONES LEGAL EXPENSES RE: MARJORIE NUGENT | | 9,003.31- | |
| 06/18/98 | EXECUTOR'S FEE | | 75,000.00- | |
| 06/30/98 | COGHLAN CROWSON FITZPATRICK & WESTBROOK, LLP LEGAL SERVICES RENDERED THRU 6/23/98 NUGENT ESTATE INV #980727 | | 1,628.55- | |
| 07/27/98 | CHARLES DICKERSON PROFESSIONAL SERVICES 2/3/98 THRU 3/17/98 ESTATE OF MARJORIE NUGENT | | 5,779.29- | |
| | TOTAL FIDUCIARY FEES AND EXPENSES | 7,744.70-* | 123,059.64-* | .00 * |

# TYLER BANK AND TRUST, N.A.

VOL 1102 PAGE 1311

PAGE    41

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| | MISCELLANEOUS DISBURSEMENTS | | | |
| 01/06/98 | OIL & GAS INCOME COMMISSION | 741.90- | | |
| 01/08/98 | SUNWEST OPERATING CO LLC<br>OWNER ID:  NUGEMM | 55.03- | | |
| 01/13/98 | PENNZOIL EXPL AND PROD COMPANY<br>OWNER 065463-01<br>INVOICE #9711J0536 | 190.94- | | |
| 01/13/98 | PENNZOIL EXPL AND PROD COMPANY<br>OWNER 065463-01<br>INVOICE #9710J0545 | 505.02- | | |
| 01/13/98 | UNION PACIFIC RESOURCES COMPANY<br>OWNER NO. 415555<br>INVOICE NO. 11-AR-6080 | 483.08- | | |
| 01/13/98 | UNION PACIFIC RESOURCES COMPANY<br>OWNER NO. 415555<br>INVOICE NO. 10-AR-6225 | 1,140.86- | | |
| 01/20/98 | TIPPERARY OIL & GAS CORP.<br>OWNER NO. 6323<br>STMT DATE 11-15-97 | 46.62- | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 01/23/98 | TIPPERARY OIL & GAS CORP. OWNER NO. 6323 STMT DATE 12-31-97 | 35.87- | | |
| 01/23/98 | SUNWEST OPERATING CO LLC OWNER ID:  NUGEMM | 53.07- | | |
| 01/23/98 | UNION PACIFIC RESOURCES COMPANY OWNER NO. 415555 INVOICE NO. 12-AR-6479 | 360.53- | | |
| 01/26/98 | HEADINGTON OIL COMPANY OWNER NO. 55551 INVOICE DTD 1-15-98 | 16.09- | | |
| 01/27/98 | DIVISION ORDER PROCESSING FEE SPARTAN MOSS GO OG-127 | 15.00- | | |
| 01/27/98 | DIVISION ORDER PROCESSING FEE SPARTAN LATHAM OG-127 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

PAGE    43

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 01/28/98 | PECOS CO ASSESSOR<br>1997 AD VALOREM TAXES | 814.08- | | |
| 01/28/98 | ANDREWS COUNTY T/A<br>1997 AD VALOREM TAXES | 54.42- | | |
| 01/28/98 | UPTON CO. APPRAISAL<br>1997 AD VALOREM TAXES<br>STATEMENT ID 14755 | 190.65- | | |
| 01/28/98 | MARION COUNTY<br>1997 AD VALOREM TAXES | 12.62- | | |
| 01/29/98 | ARKANSAS BEST INSURANCE AGENCY<br>ACCT FIRCAO-5 POL FS00300137<br>MARJORIE M NUGENT TRUST LIABILITY | 47.00- | | |
| 02/02/98 | BRADY WELDING SERVICE<br>WELDING REPAIR ON ELECTRONIC GATE<br>MARJORIE NUGENT ESTATE INV. #1975 | | 75.00- | |
| 02/03/98 | OIL & GAS INCOME COMMISSION | 1,078.91- | | |
| 02/06/98 | CARTHAGE VETERINARY HOSPITAL<br>MARJORIE NUGENT CLIENT ID #1124 | | 218.53- | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:          ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 02/10/98 | COMSTOCK OIL & GAS CORP. OWNER NO. 13729 INV. #97-12-2377/81 | 1,707.67- | | |
| 02/11/98 | MDR SERVICES INC REAL ESTATE APPRAISALS OF 42.844 ACRES, 144.118 ACRES & 111 DIXIE LAKE RD MARJORIE NUGENT CARTHAGE TEXAS | | 1,000.00- | |
| 02/19/98 | HEADINGTON OIL COMPANY OWNER NO. 55551 INVOICE DTD 2-12-98 | 28.97- | | |
| 02/24/98 | UNION PACIFIC RESOURCES COMPANY OWNER NO. 415555 INVOICE NO. 01-AR-729127 | 234.07- | | |
| 02/24/98 | PENNZOIL EXPL AND PROD COMPANY OWNER 065463-01 INVOICE #9712J0538 | 308.62- | | |
| 02/25/98 | SUNWEST OPERATING CO LLC OWNER ID:  NUGEMM | 50.16- | | |



VOL 102 PAGE 134

# TYLER BANK AND TRUST, N.A.



VOL. 102 PAGE 135

PAGE    45

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:            ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT         ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 03/03/98 | OIL & GAS INCOME COMMISSION | 884.93- | | |
| 03/09/98 | COMSTOCK OIL & GAS CORP.<br>OWNER NO. 13729<br>INV. #98-01-2419/24 | 10,396.50- | | |
| 03/09/98 | DIVISION ORDER PROCESSING FEE<br>HEADINGTON OIL CO<br>KITCHENS<br>OG-47 | 15.00- | | |
| 03/09/98 | DIVISION ORDER PROCESSING FEE<br>DRACO ENERGY<br>WM CLAY FOUNDATION<br>OG-61 | 15.00- | | |
| 03/09/98 | DIVISION ORDER PROCESSING FEE<br>KABCO OIL CO<br>FLOYD<br>OG-75 | 15.00- | | |
| 03/09/98 | DIVISION ORDER PROCESSING FEE<br>ALTURA<br>BECKEN<br>OG-131 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:             ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 03/09/98 | DIVISION ORDER PROCESSING FEE CLAYTON WILLIAMS WOOLWORTH OG-46 | 15.00- | | |
| 03/09/98 | DIVISION ORDER PROCESSING FEE CLAYTON WILLIAMS CHADWICK OG-139 | 15.00- | | |
| 03/09/98 | DIVISION ORDER PROCESSING FEE HERD PRODUCING SEIVALLY OG-51 | 15.00- | | |
| 03/10/98 | DIVISION ORDER PROCESSING FEE GARY MOY COYANOSA OG-65 | 15.00- | | |
| 03/10/98 | DIVISION ORDER PROCESSING FEE TOTAL PETROLEUM GOODWIN OG-11 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 137

PAGE    47

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:               ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 03/10/98 | DIVISION ORDER PROCESSING FEE<br>MARATHON OIL CO<br>MOISE CERG<br>OG-120 | 15.00- | | |
| 03/12/98 | DIVISION ORDER PROCESSING FEE<br>MITCHELL ENERGY<br>WHITE GAS UNIT<br>OG-71 | 15.00- | | |
| 03/12/98 | DIVISION ORDER PROCESSING FEE<br>SAYDER OIL CO<br>STATE GAS UNIT<br>OG-42 | 15.00- | | |
| 03/13/98 | DIVISION ORDER PROCESSING FEE<br>LANTERN PETROLEUM<br>HUMBLE<br>OG-40 | 15.00- | | |
| 03/16/98 | HEADINGTON OIL COMPANY<br>OWNER NO. 55551<br>INVOICE DTD 3-10-98 | 12.75- | | |

# TYLER BANK AND TRUST, N.A.

PAGE    48

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 03/16/98 | PENNZOIL EXPL AND PROD COMPANY OWNER 065463-01 INVOICE #9801J0529 | 73.74- | | |
| 03/16/98 | DIVISION ORDER PROCESSING FEE UNION PACIFIC MONTGOMERY OG-93 | 15.00- | | |
| 03/16/98 | DIVISION ORDER PROCESSING FEE UNION PACIFIC LLOYD MOORE OG-92 | 15.00- | | |
| 03/16/98 | DIVISION ORDER PROCESSING FEE UNION PACIFIC C.E. MOORE OG-91 | 15.00- | | |
| 03/16/98 | DIVISION ORDER PROCESSING FEE UNION PACIFIC LASHLEY OG-90 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

VOL: 102 PAGE 139

PAGE    49

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                    ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 03/16/98 | DIVISION ORDER PROCESSING FEE<br>UNION PACIFIC<br>CAUDLE<br>OG-89 | 15.00- | | |
| 03/16/98 | DIVISION ORDER PROCESSING FEE<br>UNION PACIFIC<br>THOMAS<br>OG-66 | 15.00- | | |
| 03/20/98 | TINA ANDERS CAMPBELL CSR<br>DEPOSITION OF JOE MOSIER INV #98-009<br>REGARDING CARTHAGE AVIATION | | 496.25- | |
| 03/24/98 | MAYNARD OIL COMPANY<br>OWNER CODE: 614603<br>INVOICE #35287 | 267.10- | | |
| 03/24/98 | TIPPERARY OIL & GAS CORP<br>OWNER NO. 3363<br>STMT DATE 2-28-98 | 17.89- | | |
| 03/26/98 | SUNWEST OPERATING CO LLC<br>OWNER ID: NUGEMM | 49.91- | | |
| 03/26/98 | TIPPERARY OIL & GAS CORP.<br>OWNER NO. 6323<br>STMT DATE 2-28-98 | 12.29- | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:              ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 04/02/98 | OIL & GAS INCOME COMMISSION | 1,378.35- | | |
| 04/07/98 | COMSTOCK OIL AND GAS CORP.<br>OWNER NO. 13729<br>INV #98022498/2503 | 9,440.29- | | |
| 04/08/98 | PENNZOIL EXPL AND PROD COMPANY<br>OWNER 065463-01<br>INVOICE 9802J0524 | 87.82- | | |
| 04/08/98 | UNION PACIFIC RESOURCES COMPANY<br>OWNER 415555<br>INVOICE 02-AR 4130 | 274.21- | | |
| 04/13/98 | DIVISION ORDER PROCESSING FEE<br>COMSTOCK<br>DAVIS<br>OG-59 | 15.00- | | |
| 04/13/98 | DIVISION ORDER PROCESSING FEE<br>UNION PACIFIC<br>MONTGOMERY<br>OG-93 | 15.00- | | |
| 04/13/98 | DIVISION ORDER PROCESSING FEE<br>SONAT EXPLORATION<br>MOLLY DAVIS<br>OG-59 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 141

PAGE   51

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                )        ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 04/14/98 | PANOLA COUNTY CLERK<br>PHOTO COPIES | 2.00- | | |
| 04/15/98 | HEADINGTON OIL COMPANY<br>OWNER NO. 55551<br>INVOICE DTD 4-8-98 | 12.52- | | |
| 04/15/98 | PANOLA COUNTY CLERK<br>PHOTOCOPIES | 3.00- | | |
| 04/15/98 | DIVISION ORDER PROCESSING FEE<br>PENNZOIL PETROLEUM<br>WOOLWORTH<br>OG-46 | 15.00- | | |
| 04/20/98 | PENNZOIL EXPL AND PROD COMPANY<br>OWNER 065463-01<br>INVOICE #9803J0518 | 77.39- | | |
| 04/23/98 | TIPPERARY OIL AND GAS CORP<br>OWNER NO. 6323<br>STMNT DATE 3-31-98 | 23.09- | | |
| 04/23/98 | SUNWEST OPERATIONG CO LLC<br>OWNER ID: NUGEMM | 56.52- | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT            ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 04/27/98 | MAYNARD OIL COMPANY<br>OWNER CODE: 614603<br>INVOICE #35887/35888 | 318.46- | | |
| 05/04/98 | OIL & GAS INCOME COMMISSION | 1,265.31- | | |
| 05/07/98 | COMSTOCK OIL & GAS CORP.<br>OWNER NO. 13729<br>$2,408.41 MINUS 1,813.42,<br>$157.63 DAVIS 4X,<br>98.12 CREDIT | 339.24- | | |
| 05/07/98 | BARRY D. ROBINSON<br>OIL & GAS CONSULTING FEE | 75.00- | | |
| 05/14/98 | DIVISION ORDER PROCESSING FEE<br>PENNZOIL EXPLORATION<br>HANCOCK<br>06-139 | 15.00- | | |
| 05/14/98 | SETTLEMENT CHARGES | | 2,765.66- | |
| 05/14/98 | SETTLEMENT CHARGES | | 4,991.12- | |

# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 143

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT              ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 05/14/98 | SETTLEMENT CHARGES | | 877.97- | |
| 05/21/98 | CENTURY 21 CAIN AGENCY<br>REIMBURSEMENT OF EXPENSES PAID FOR<br>111 DIXIE LAKE WEST<br>LOCKSMITH AND MOWING | | 740.83- | |
| 05/26/98 | TIPPERARY OIL & GAS CORP.<br>OWNER NO. 6323<br>STMT DATE 4/30/98 | 24.91- | | |
| 05/28/98 | MAYNARD OIL COMPANY<br>OWNER CODE: 614603<br>INVOICE #36448/36449 | 320.73- | | |
| 05/28/98 | SUNWEST OPERATING CO LLC<br>OWNER ID: NUGEMM | 52.10- | | |
| 05/28/98 | HEADINGTON OIL COMPANY<br>OWNER NO. 55551<br>INVOICE DTD 5/11/98 | 12.12- | | |
| 05/28/98 | DIVISION ORDER PROCESSING FEE<br>PENNZOIL EXPLORATION<br>WOOLWORTH<br>OG-46 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

PAGE    54

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                          ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                    ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 06/09/98 | OIL & GAS INCOME COMMISSION | 669.43- | | |
| 06/12/98 | LEASE NEGOTIATION FEE<br>PU LSE TO PLATINUM<br>1222.50 BONUS<br>EXPLORATION, INC. | 100.00- | | |
| 06/16/98 | PENNZOIL EXPL AND PROD COMPANY<br>OWNER 146275-01<br>INVOICE #9805J0522 | 87.51- | | |
| 06/16/98 | DIVISION ORDER PROCESSING FEE<br>MOBILE OIL<br>ANDREWS<br>06-28 | 15.00- | | |
| 06/17/98 | R M NUGENT JR<br>REIMBURSE FOR MISC ESTATE EXPENSES | | 8,783.11- | |
| 06/18/98 | MURPHEY - THE JEWELER<br>APPRAISALS FOR NUGENT ESTATE | | 414.60- | |
| 06/19/98 | MAYNARD OIL COMPANY<br>OWNER CODE: 614603<br>INVOICE #37016 | 735.10- | | |

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 145

PAGE   55

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                    ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 06/19/98 | DIVISION ORDER PROCESSING FEE<br>MOBIL OIL CO<br>COLLINGS<br>06-22 | 15.00- | | |
| 06/24/98 | TIPPERARY OIL & GAS CORP.<br>OWNER NO. 6323<br>STMT DATE 5-31-98 | 49.82- | | |
| 06/24/98 | SUNWEST OPERATING CO LLC<br>OWNER ID: NUGEMM | 49.61- | | |
| 06/24/98 | HEADINGTON OIL COMPANY<br>OWNER NO. 55551<br>INVOICE DTD 6-18-98 | 18.02- | | |
| 07/02/98 | PAY OFF NOTE WITH TB&T | | 247,603.12- | |
| 07/09/98 | OIL & GAS INCOME COMMISSION | 1,560.24- | | |
| 07/13/98 | DIVISION ORDER PROCESSING FEE<br>TITAN RESOURCES-<br>HALEY<br>06-68 | 15.00- | | |

# TYLER BANK AND TRUST, N.A.

PAGE    56

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 07/14/98 | UNION PACIFIC RESOURCES COMPANY<br>OWNER NO. 415555<br>INVOICE NO. | 652.31- | | |
| 07/20/98 | HEADINGTON OIL COMPANY<br>OWNER NO. 55551<br>INVOICE DTD 06982233 | 13.06- | | |
| 07/20/98 | CONSOLIDATED TAX SERVICE<br>AD VALOREM TAX<br>SERVICE FOR 1998 | 288.00- | | |
| 07/21/98 | MAYNARD OIL COMPANY<br>OWNER CODE: 614603<br>INVOICE #67571 | 391.10- | | |
| 07/21/98 | TYLER BANK & TRUST, N.A.<br>REIMBURSEMENT FOR<br>TRAVEL EXP RE TRUST<br>REAL EST MGMT | 47.13- | | |
| 07/21/98 | PENNZOIL EXPL AND PROD COMPANY<br>OWNER 065463-01<br>INVOICE #9806J0514 | 84.23- | | |

# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 147

PAGE    57

STATEMENT OF ACCOUNT                           DATE 07/31/98

ACCOUNT NUMBER:                ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 07/21/98 | DIVISION ORDER PROCESSING FEE DALLAS EXPLORATION CAPPS OG-46 | 15.00- | | |
| 07/22/98 | TIPPERARY OIL & GAS CORP. OWNER NO. 6323 STMT DATE 6/30/98 | 8.28- | | |
| 07/23/98 | DIVISION ORDER PROCESSING FEE PENNZOIL PETROLEUM CHADWICK OG-139 | 15.00- | | |
| 07/23/98 | DIVISION ORDER PROCESSING FEE PENNZOIL CAPPS OG-46 | 15.00- | | |
| 07/24/98 | DIVISION ORDER PROCESSING FEE UNION PACIFIC- PHILLIP ARLEDGE 06-74 | 15.00- | | |
| 07/27/98 | SUNWEST OPERATING CO LLC OWNER ID: NUGEHM | 58.98- | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                    ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 01/13/98 | R M NUGENT - 111 W DIXIE LAKE ACCT #517717689-7 SOUTHWESTERN ELECTRIC POWER COMPANY | 223.57- | | |
| 02/12/98 | R M NUGENT - 111 W DIXIE LAKE ACCT #517717689-7 SOUTHWESTERN ELECTRIC POWER COMPANY | 225.98- | | |
| 03/16/98 | R M NUGENT - 111 W DIXIE LAKE ACCT #517717689-7 SOUTHWESTERN ELECTRIC POWER COMPANY | 282.40- | | |
| 04/15/98 | R M NUGENT - 111 W DIXIE LAKE ACCT #517717689-7 SOUTHWESTERN ELECTRIC POWER COMPANY | 265.75- | | |
| 05/15/98 | R M NUGENT - 111 W DIXIE LAKE ACCT #517717689-7 SOUTHWESTERN ELECTRIC POWER COMPANY | 281.23- | | |
| 06/17/98 | R M NUGENT - 111 W DIXIE LAKE ACCT #517717689-7 SOUTHWESTERN ELECTRIC POWER COMPANY | 259.51- | | |
| 07/07/98 | R M NUGENT - 111 W DIXIE LAKE ACCT #517717689-7 SOUTHWESTERN ELECTRIC POWER COMPANY | 238.54- | | |
| 01/20/98 | RM NUGENT ACCT #903-693-6853-616-2 SOUTHWESTERN BELL TELEPHONE | 26.47- | | |
| 02/18/98 | RM NUGENT ACCT #903-693-6853-616-2 SOUTHWESTERN BELL TELEPHONE | 26.47- | | |

# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 149

STATEMENT OF ACCOUNT

PAGE    59

DATE 07/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 03/16/98 | RM NUGENT ACCT #903-693-6853-616-2 | 27.35- | | |
| | SOUTHWESTERN BELL TELEPHONE | | | |
| 04/20/98 | RM NUGENT ACCT #903-693-6853-616-2 | 26.47- | | |
| | SOUTHWESTERN BELL TELEPHONE | | | |
| 05/15/98 | RM NUGENT ACCT #903-693-6853-616-2 | 33.02- | | |
| | SOUTHWESTERN BELL TELEPHONE | | | |
| 06/18/98 | RM NUGENT ACCT #903-693-6853-616-2 | 32.48- | | |
| | SOUTHWESTERN BELL TELEPHONE | | | |
| 01/16/98 | R M NUGENT ACCT #903-693-8751-681-3 | 28.77- | | |
| | 111 DIXIE LAKE WEST | | | |
| | SOUTHWESTERN BELL TELEPHONE | | | |
| 02/18/98 | R M NUGENT ACCT #903-693-8751-681-3 | 30.75- | | |
| | 111 DIXIE LAKE WEST | | | |
| | SOUTHWESTERN BELL TELEPHONE | | | |
| 03/16/98 | R M NUGENT ACCT #903-693-8751-681-3 | 29.65- | | |
| | 111 DIXIE LAKE WEST | | | |
| | SOUTHWESTERN BELL TELEPHONE | | | |
| 04/20/98 | R M NUGENT ACCT #903-693-8751-681-3 | 28.77- | | |
| | 111 DIXIE LAKE WEST | | | |
| | SOUTHWESTERN BELL TELEPHONE | | | |
| 05/15/98 | R M NUGENT ACCT #903-693-8751-681-3 | 28.77- | | |
| | 111 DIXIE LAKE WEST | | | |
| | SOUTHWESTERN BELL TELEPHONE | | | |

# TYLER BANK AND TRUST, N.A.

PAGE    60

STATEMENT OF ACCOUNT

DATE 07/31/98

ACCOUNT NUMBER:             ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 06/18/98 | R M NUGENT ACCT #903-693-8751-681-3<br>111 DIXIE LAKE WEST<br>SOUTHWESTERN BELL TELEPHONE | 29.90- | | |
| 01/29/98 | MONITOR 111 DIXIE LAKE WEST<br>CUSTOMER #0010368<br>CABLER SECURITY | 24.96- | | |
| 02/27/98 | MONITOR 111 DIXIE LAKE WEST<br>CUSTOMER #0010368<br>CABLER SECURITY | 24.96- | | |
| 03/31/98 | MONITOR 111 DIXIE LAKE WEST<br>CUSTOMER #0010368<br>CABLER SECURITY | 24.96- | | |
| 04/30/98 | MONITOR 111 DIXIE LAKE WEST<br>CUSTOMER #0010368<br>CABLER SECURITY | 24.96- | | |
| 05/28/98 | MONITOR 111 DIXIE LAKE WEST<br>CUSTOMER #0010368<br>CABLER SECURITY | 24.96- | | |
| 06/29/98 | MONITOR 111 DIXIE LAKE WEST<br>CUSTOMER #0010368<br>CABLER SECURITY | 24.96- | | |
| | TOTAL MISCELLANEOUS DISBURSEMENTS | 41,233.28-* | 267,966.19-* | .00 * |
| 07/31/98 | ENDING BALANCES | 134,831.25 ** | 134,831.25-** | 352,146.13 ** |

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 151

JC      HRP

ESTATE OF MARJORIE M NUGENT

INVESTMENT & TRANSACTION STATEMENT
08/01/98 THRU 08/31/98

ACCOUNT COPIES

IF YOU HAVE ANY QUESTIONS CONCERNING THIS STATEMENT,
PLEASE CALL OR WRITE  JEFF CHEAVENS    (903) 535-4356

# TYLER BANK AND TRUST, N.A.

01

STATEMENT OF INVESTMENT POSITION
AS OF 08/31/98

ACCOUNT NUMBER
ESTATE OF MARJORIE M NUGENT

PAGE      1

SUMMARY STATEMENT

| | CARRY VALUE | TOTAL MARKET | OF TOTAL ACCOUNT AT MARKET | ESTIMATED ANNUAL INCOME | YIELD MARKET VALUE |
|---|---|---|---|---|---|
| EQUITIES | $1.00 | $1.00 | .00 | $0 | .00 |
| FIXED INCOME SECURITIES | | | | | |
| GOVERNMENT OBLIGATIONS | | | | | |
| TREASURY & FEDERAL AGENCIES | $1.00 | $67,848.00 | 15.26 | $59,999 | 88.43 |
| PREFERRED STOCKS NONCONVERTIBLE | $1.00 | $1.00 | .00 | $0 | .00 |
| TOTAL FIXED INCOME SECURITIES | $2.00 | $67,849.00 | 15.26 | $59,999 | 88.43 |
| REAL ESTATE | | | | | |
| EQUITY | $2.00 | $2.00 | .00 | $0 | .00 |
| LOANS AND MORTGAGES | $9,420.18 | $9,420.18 | 2.12 | $659 | 7.00 |
| TOTAL REAL ESTATE | $9,422.18 | $9,422.18 | 2.12 | $659 | 6.99 |
| MISCELLANEOUS ASSETS | $1.00 | $1.00 | .00 | $0 | .00 |
| CASH & EQUIVALENTS | $367,364.54 | $367,364.54 | 82.62 | $19,626 | 5.34 |
| TOTAL ASSETS | $376,790.72 | $444,637.72 | 100.00 | $80,284 | 18.06 |

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 153

STATEMENT OF INVESTMENT POSITION          ACCOUNT NUMBER __ ____ __ _          PAGE    2
AS OF 08/31/98                            ESTATE OF MARJORIE M NUGENT

VALUATION STATEMENT

| FACE AMOUNT/ NO. SHARES | DESCRIPTION | CARRY VALUE /UNIT | TOTAL MARKET /UNIT | % OF TOTAL ACCOUNT AT MARKET | ESTIMATED ANNUAL INCOME | % OF YIELD MARKET VALUE |
|---|---|---|---|---|---|---|
| | **※ EQUITIES ※** | | | | | |
| | COMMON STOCKS | | | | | |
| 6,588 | CARTHAGE BANCSHARES INC COMMON STOCK | $1.00 | $1.00 | | | |
| | | | DATE OF PRICE 00/00/00 ※ | | | |
| | **※ FIXED INCOME SECURITIES ※** | | | | | |
| | GOVERNMENT OBLIGATIONS | | | | | |
| | TREASURY & FEDERAL AGENCIES | | | | | |
| 60,000 | U S SAVINGS BONDS SERIES EE DTD 08/01/86 DUE 08/01/1996 | $1.00 | $67,848.00 113.08 | 15.26 | $59,999 | 88.43 |
| | PREFERRED STOCKS NON-CONVERTIBLE | | | | | |
| 300 | CARTHAGE BANCSHARES INC. 8.0% CUMULATIVE PREFERRED STOCK | $1.00 | $1.00 | | | |
| | | | DATE OF PRICE 00/00/00 ※ | | | |
| | **※ TOTAL FIXED INCOME SECURITIES ※** | $2.00 | $67,849.00 | 15.26 | $59,999 | 88.43 |
| | **※ REAL ESTATE ※** | | | | | |
| | EQUITY | | | | | |
| 1 | 100.00 % INTEREST IN | $1.00 | $1.00 | | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF INVESTMENT POSITION                    ACCOUNT NUMBER __ ____ __ _                PAGE     3
AS OF 08/31/98                                      ESTATE OF MARJORIE M NUGENT

VALUATION STATEMENT

| FACE AMOUNT/ NO. SHARES | DESCRIPTION | CARRY VALUE /UNIT | TOTAL MARKET /UNIT | % OF TOTAL ACCOUNT AT MARKET | ESTIMATED ANNUAL INCOME | % OF YIELD MARKET VALUE |
|---|---|---|---|---|---|---|
| | 42.844 ACRES, G. GRAVES SVY A-238, PANOLA COUNTY, TEXAS | | | | | |
| | | | DATE OF PRICE 09/08/97 * | | | |
| 1 | 100.00 % INTEREST IN NONPRODUCING OIL AND GAS ASSETS *SUPPLEMENTAL SCHEDULE AVAILABLE* | 1.00 | 1.00 | | | |
| | | | DATE OF PRICE 00/00/00 * | | | --- |
| | TOTAL EQUITY | $2.00 | $2.00 | | | |
| | LOANS AND MORTGAGES | | | | | |
| 1 | BOBBY GEORGE BEASON, 7%, 4-15-04 ORIGINAL AMOUNT $14,488.00 DATED 4-01-94 PAYABLE $168.22 MONTHLY ON 15TH | $9,420.18 | $9,420.18 | 2.12 | $659 | 7.00 |
| | * TOTAL REAL ESTATE * | $9,422.18 | $9,422.18 | 2.12 | $659 | 6.99 |
| | * MISCELLANEOUS ASSETS * | | | | | |
| 1 | MISCELLEANOUS JEWELRY | $1.00 | $1.00 | | | |
| | * CASH AND EQUIVALENTS * | | | | | |
| 367,324.02 | DREYFUS GOVERNMENT CASH MANAGEMENT | $367,324.02 | $367,324.02 | 82.61 | $19,626 | 5.34 |
| | INCOME CASH | 153,238.79 | 153,238.79 | 34.46 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF INVESTMENT POSITION
AS OF 08/31/98

ACCOUNT NUMBER
ESTATE OF MARJORIE M NUGENT

PAGE    4

VALUATION STATEMENT

| FACE AMOUNT/ NO. SHARES | DESCRIPTION | CARRY VALUE /UNIT | TOTAL MARKET /UNIT | % OF TOTAL ACCOUNT AT MARKET | ESTIMATED ANNUAL INCOME | % OF YIELD MARKET VALUE |
|---|---|---|---|---|---|---|
| | PRINCIPAL CASH | 153,198.27- | 153,198.27- | 34.45- | | --- |
| | * TOTAL CASH AND EQUIVALENTS * | $367,364.54 | $367,364.54 | 82.62 | $19,626 | 5.34 |
| | ** TOTAL ASSETS ** | $376,790.72 | $444,637.72 | 100.00 | $80,284 | 18.06 |

*ALL PRICES AS OF STATEMENT DATE UNLESS OTHERWISE INDICATED

# TYLER BANK AND TRUST, N.A.

SUMMARY OF ACCOUNT

DATE 08/31/98

ACCOUNT NUMBER:          ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT        ADMINISTRATIVE OFFICER: JC

| | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|
| BEGINNING ACCOUNT BALANCES | 134,831.25 | 134,831.25- | 352,146.13 |
| NOTES | | | |
| PRINCIPAL PAYMENTS | | 112.61 | 112.61- |
| INTEREST PAYMENTS | 55.61 | | |
| REAL ESTATE | | | |
| DISPOSITIONS | | 2,145.00 | 4.00- |
| CASH & EQUIVALENTS | | | |
| ACQUISITIONS | | 33,661.08- | 33,661.08 |
| DISPOSITIONS | | 8,941.40 | 8,941.40- |
| INCOME | 1,682.47 | | |
| SUNDRY | | | |
| ACQUISITIONS | | | 1.00 |
| MISCELLANEOUS RECEIPTS | 29,628.06 | 6,228.36 | |
| FEES AND EXPENSES | | 2,133.31- | |
| MISCELLANEOUS DISBURSEMENTS | 12,958.60- | | |
| ENDING ACCOUNT BALANCES | 153,238.79 | 153,198.27- | 376,750.20 |

VOL:102 PAGE 156

# TYLER BANK AND TRUST, N.A.

PAGE     6

STATEMENT OF ACCOUNT

DATE 08/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                    ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 07/31/98 | BEGINNING BALANCES | 134,831.25 | 134,831.25- | 352,146.13 |
| | NOTES | | | |
| | BOBBY GEORGE BEASON, 7%, 4-15-04 ORIGINAL AMOUNT $14,488.00 DATED 4-01-94 PAYABLE $168.22 MONTHLY ON 15TH | | | |
| 08/13/98 | INTEREST TO    08/15/98 | 55.61 | | |
| 08/13/98 | PRINCIPAL PAYMENT | | 112.61 | 112.61- |
| | TOTAL NOTES PRINCIPAL PAYMENTS | .00 * | 112.61 * | 112.61-* |
| | TOTAL NOTES INTEREST PAYMENTS | 55.61 * | .00 * | .00 * |
| | REAL ESTATE | | | |
| | 100.00 % INTEREST IN 1/3 OF 1/11 UND INTEREST IN 52 ACRES, W ENGLISH SVY A-194, NET 1.575 ACRES, PANOLA COUNTY, TEXAS | | | |
| 08/13/98 | SALE TO MERRELL M RHODES | | 329.88 | 1.00- |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT              ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| | 100.00 % INTEREST IN 1/3 OF 1/11 UND INT IN 92.25 ACRES M FAIN SVY A-202, NET 2.79 ACRES, PANOLA COUNTY, TEXAS | | | |
| 08/13/98 | SALE TO MERRELL M RHODES | | 588.10 | 1.00- |
| | 100.00 % INTEREST IN 1/3 OF 1/11 UND INT IN 92 ACRES, W. GILBERT SVY A-232, NET 2.788 ACRES, PANOLA COUNTY, TEXAS | | | |
| 08/13/98 | SALE TO MERRELL M RHODES | | 587.69 | 1.00- |
| | 100.00 % INTEREST IN 1/3 OF 1/11 UND INT IN 100 ACRES, B. JORDAN SVY A-348, NET 3.033 ACRES PANOLA COUNTY, TEXAS | | | |
| 08/13/98 | SALE TO MERRELL M RHODES | | 639.33 | 1.00- |
| | TOTAL REAL ESTATE DISPOSITIONS | .00 * | 2,145.00 * | 4.00-* |
| | CASH & EQUIVALENTS | | | |
| | DREYFUS GOVERNMENT CASH MANAGEMENT | | | |
| 08/03/98 | INT TO 07/31/98 | 1,682.47 | | |
| 08/31/98 | PURCHASES( 8) 08/01/98 TO 08/31/98 | | 33,661.08- | 33,661.08 |

VOL 102 PAGE 158

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 159

PAGE     8

STATEMENT OF ACCOUNT                        DATE 08/31/98

ACCOUNT NUMBER:              ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 08/31/98 | SALES (6) 08/01/98 TO 08/31/98 | | 8,941.40 | 8,941.40- |
| | TOTAL CASH & EQUIVALENT ACQUISITIONS | .00 * | 33,661.08-* | 33,661.08 * |
| | TOTAL CASH & EQUIVALENT DISPOSITIONS | .00 * | 8,941.40 * | 8,941.40-* |
| | TOTAL INTEREST INCOME | 1,682.47 * | .00 * | .00 * |
| | SUNDRY | | | |
| 08/24/98 | MISCELLEANOUS JEWELRY RECEIVED | | | 1.00 |
| | TOTAL ACQUISITIONS | .00 * | .00 * | 1.00 * |
| | MISCELLANEOUS RECEIPTS | | | |
| 08/03/98 | SEAGULL ENERGY CORP TDM DFTS DAMAGES FOR WELL SITE WILLIAMSON #7 | | 3,450.00 | |
| 08/03/98 | AT&T CK #491132744 DTD 7/10/98 CREDIT BALANCE REFUND-RM NUGENT ACCT #4512051742001 903-693-8751 | | 12.36 | |
| 08/03/98 | DEVON ENERGY CORPORATION | 48.76 | | |

# TYLER BANK AND TRUST, N.A.

PAGE     9

STATEMENT OF ACCOUNT

DATE 08/31/98

ACCOUNT NUMBER:                     ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 08/03/98 | ENSERCH EXPLORATION, INC. | 25.43 | | |
| 08/03/98 | PIONEER NATURAL RESOURCES | 202.99 | | |
| 08/03/98 | CHEVRON U.S.A., INC. | 258.98 | | |
| 08/03/98 | COMSTOCK OIL & GAS, INC. | 687.05 | | |
| 08/04/98 | SEAGULL ENERGY CORP TDM DFTS DAMAGES FOR WELL SITE WILLIAMSON #7 | | 2,766.00 | |
| 08/04/98 | UNION PACIFIC RESOURCES | 1,538.78 | | |
| 08/04/98 | J.L. DAVIS | 26.07 | | |
| 08/04/98 | COLUMBIA ENERGY SERVICES | 8,900.27 | | |
| 08/07/98 | HEADLINE RESOURCES, INC. | 22.19 | | |
| 08/10/98 | KEY PRODUCTION COMPANY | 297.02 | | |
| 08/10/98 | BROCK OIL AND GAS CORP. | 347.76 | | |
| 08/17/98 | TITAN RESOURCES | 679.27 | | |
| 08/17/98 | PIONEER NATURAL RESOURCES | 153.27 | | |

VOL 102 PAGE 160

# TYLER BANK AND TRUST, N.A.

VOL. 102 PAGE 161

PAGE   10

STATEMENT OF ACCOUNT                                         DATE 08/31/98

ACCOUNT NUMBER:                ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 08/17/98 | GPM GAS CORPORATION | 24.45 | | |
| 08/18/98 | TIPPERARY OIL & GAS CORP | 137.91 | | |
| 08/18/98 | TEXAS INDEPENDENT OPERAT. | 27.49 | | |
| 08/19/98 | MITCHELL ENERGY CORP. | 13.35 | | |
| 08/20/98 | BELCO ENERGY, L. P. | 74.28 | | |
| 08/24/98 | MAYNARD OIL COMPANY | 1,103.93 | | |
| 08/24/98 | FINA OIL AND CHEMICAL CO. | 363.54 | | |
| 08/24/98 | SEAGULL ENERGY E&P INC. | 1,647.54 | | |
| 08/24/98 | SCURLOCK PERMIAN CORP. | 33.81 | | |
| 08/24/98 | CHISOS OPERATING, INC. | 426.84 | | |
| 08/24/98 | ALTURA ENERGY LTD | 28.53 | | |
| 08/24/98 | SUN REFINING & MARKETING | 38.05 | | |
| 08/24/98 | PHILLIPS PETROLEUM CO. | 101.26 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 08/27/98 | EXXON COMPANY, U.S.A. | 1,360.32 | | |
| 08/27/98 | MOBIL OIL CORPORATION | 1,055.37 | | |
| 08/27/98 | OXY USA INC. | 255.44 | | |
| 08/27/98 | VINTAGE PETROLEUM INC. | 88.82 | | |
| 08/28/98 | DUKE ENERGY FLD SER. | 30.17 | | |
| 08/28/98 | COLUMBIA ENERGY SERVICES | 8,223.67 | | |
| 08/31/98 | STEPHENS & JOHNSON OPER. | 44.05 | | |
| 08/31/98 | CHEVRON U.S.A., INC. | 210.51 | | |
| 08/31/98 | PENNZOIL EXPL & PROD CO. | 1,116.39 | | |
| 08/31/98 | UNION PACIFIC RESOURCES | 34.50 | | |
| | TOTAL MISCELLANEOUS RECEIPTS | 29,628.06 * | 6,228.36 * | .00 * |
| | FIDUCIARY FEES AND EXPENSES | | | |

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 163

|  |  | PAGE  12 |
|---|---|---|
| STATEMENT OF ACCOUNT |  | DATE 08/31/98 |

ACCOUNT NUMBER:          ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 08/06/98 | JOHN W NOBLE<br>ESTATE OF MARJORIE M NUGENT<br>SERVICES 5/21/98 - 7/23/98 |  | 2,133.31- |  |
|  | TOTAL FIDUCIARY FEES AND EXPENSES | .00 * | 2,133.31-* | .00 * |
|  | MISCELLANEOUS DISBURSEMENTS |  |  |  |
| 08/06/98 | COMSTOCK OIL & GAS CORP.<br>OWNER NO. 13729<br>INV. #TX-322-1001/1002<br>1008/1005 | 277.08- |  |  |
| 08/12/98 | JULY OIL $ GAS FEE<br>TAKEN IN ERROR | 463.36- |  |  |
| 08/13/98 | DIVISION ORDER PROCESSING FEE<br>BRAMMER SUPPLY SANDUSKY OG-12 | 15.00- |  |  |
| 08/13/98 | DIVISION ORDER PROCESSING FEE<br>BRAMMER SUPPLY GODWIN OG-11 | 15.00- |  |  |
| 08/13/98 | DIVISION ORDER PROCESSING FEE<br>BASS ENTERPRISES<br>WEATHER BY OG-33 | 15.00- |  |  |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                   ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT            ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 08/13/98 | DIVISION ORDER PROCESSING FEE<br>BESS ENTERPRISES<br>MOORE OG-32 | 15.00- | | |
| 08/17/98 | JOE WHITE<br>REVBENUE FOR CAPPS AND DUNLAP<br>WELLS | 476.10- | | |
| 08/17/98 | MARLETA TODD CHADWICK<br>REVENUE FOR HALL UNIT | 424.29- | | |
| 08/17/98 | VERNIE MARIE MARKEY<br>REVENUE FOR HALL UNIT | 106.07- | | |
| 08/17/98 | NORMA MARIE MARKEY/TESTAMENTARY TR<br>REVENUE FOR HALL UNIT | 26.52- | | |
| 08/17/98 | BARBARA MARKEY CRIM<br>REVENUE FOR HALL UNIT | 26.52- | | |
| 08/17/98 | MAUREEN MARKEY BRODNAX<br>REVENUE FOR HALL UNIT | 26.52- | | |
| 08/17/98 | FRANK HENRY MARKEY, II<br>REVENUE FOR HALL UNIT | 26.52- | | |

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 165

PAGE    14

STATEMENT OF ACCOUNT

DATE 08/31/98

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 08/19/98 | SUNWEST OPERTING CO LLC<br>OWNER ID: NUGEHM | 49.77- | | |
| 08/20/98 | PENNZOIL EXPL AND PROD COMPANY<br>OWNER 146275-01<br>INVOICE #9870J0514 | 86.06- | | |
| 08/24/98 | UNION PACIFIC RESOURCES COMPANY<br>OWNER NO 514620<br>INVOICE NO 07-AR-16899 | 9,078.66- | | |
| 08/24/98 | MAYNARD OIL COMPANY<br>OWNER CODE: 614603<br>INVOICE #38121 | 426.01- | | |
| 08/24/98 | TIPPERARY OIL & GAS COMPANY<br>OWNER NO. 6323<br>STMT DATE 7-31-98 | 24.92- | | |
| 08/27/98 | HEADINGTON OIL COMPANY<br>OWNER NO. 55551<br>INVOICE DTD 8-13-98 | 15.27- | | |

# TYLER BANK AND TRUST, N.A.

PAGE    15

STATEMENT OF ACCOUNT                                    DATE 08/31/98

ACCOUNT NUMBER:                ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT              ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 08/31/98 | UNION PACIFIC RESOURCES COMPANY OWNER NO 300155 INVOICE NO. 01-AR-2135008 DATE 1-31-98 | 212.64- | | |
| 08/31/98 | UNION PACIFIC RESOURCES COMPANY OWNER NO 300155 INVOCICE NO 07-AR-3857 DATE 7-31-97 | 198.88- | | |
| 08/31/98 | UNION PACIFIC RESOURCES COMPANY OWNER NO.300155 INVOICE NO. 06-AR-4127 | 165.18- | | |
| 08/31/98 | UNION PACIFIC RESOURCES COMPANY OWNER NO. 300155 INVOICE NO. 05-AR-4450 DATE 5-31-97 | 55.44- | | |
| 08/31/98 | UNION PACIFIC RESOURCES COMPANY OWNER NO 300155 INVOICE NO. 04-AR-3823 DATE 4-3-97 | 288.57- | | |

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 167

PAGE    16

STATEMENT OF ACCOUNT                              DATE 08/31/98

ACCOUNT NUMBER:              ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 08/31/98 | UNION PACIFICRESOURCES OWNER NO. 300155 INVOICE NO.03-AR-4013 DATE 3-31-97 | 251.69- | | |
| 08/31/98 | UNION PACIFIC RESOURES COMPANY OWNER NO 300155 INVOICE NO. 02-AR-1650954 DATE 2-28-97 | 192.53- | | |
| | TOTAL MISCELLANEOUS DISBURSEMENTS | 12,958.60-* | .00 * | .00 * |
| 08/31/98 | ENDING BALANCES | 153,238.79 ** | 153,198.27-** | 376,750.20 ** |

# TYLER BANK AND TRUST, N.A.

JC        HRP

**ESTATE OF MARJORIE M NUGENT**

**INVESTMENT & TRANSACTION STATEMENT**
**09/01/98 THRU 09/30/98**

**ACCOUNT COPIES**

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS STATEMENT,**
**PLEASE CALL OR WRITE  JEFF CHEAVENS   (903) 535-4356**

# TYLER BANK AND TRUST, N.A.

01

STATEMENT OF INVESTMENT POSITION
AS OF 09/30/98

ACCOUNT NUMBER _ _ _ _ _
ESTATE OF MARJORIE M NUGENT

PAGE    1

SUMMARY STATEMENT

| | CARRY VALUE | TOTAL MARKET | OF TOTAL ACCOUNT AT MARKET | ESTIMATED ANNUAL INCOME | YIELD MARKET VALUE |
|---|---|---|---|---|---|
| EQUITIES | $1.00 | $1.00 | .00 | $0 | .00 |
| FIXED INCOME SECURITIES | | | | | |
| GOVERNMENT OBLIGATIONS | | | | | |
| TREASURY & FEDERAL AGENCIES | $1.00 | $67,848.00 | 12.90 | $59,999 | 88.43 |
| PREFERRED STOCKS NONCONVERTIBLE | $1.00 | $1.00 | .00 | $0 | .00 |
| TOTAL FIXED INCOME SECURITIES | $2.00 | $67,849.00 | 12.90 | $59,999 | 88.43 |
| REAL ESTATE | | | | | |
| EQUITY | $1.00 | $1.00 | .00 | $0 | .00 |
| LOANS AND MORTGAGES | $9,306.91 | $9,306.91 | 1.77 | $651 | 6.99 |
| TOTAL REAL ESTATE | $9,307.91 | $9,307.91 | 1.77 | $651 | 6.99 |
| MISCELLANEOUS ASSETS | $46,175.00 | $46,175.00 | 8.78 | $0 | .00 |
| CASH & EQUIVALENTS | $402,679.04 | $402,679.04 | 76.55 | $20,841 | 5.18 |
| TOTAL ASSETS | $458,164.95 | $526,011.95 | 100.00 | $81,491 | 15.49 |

VOL. 102 PAGE 169

# TYLER BANK AND TRUST, N.A.

STATEMENT OF INVESTMENT POSITION                    ACCOUNT NUMBER _ _ _ _ _ _ _ _ _        PAGE    2
AS OF 09/30/98                                      ESTATE OF MARJORIE M NUGENT

VALUATION STATEMENT

| FACE AMOUNT/ NO. SHARES | DESCRIPTION | CARRY VALUE /UNIT | TOTAL MARKET /UNIT | % OF TOTAL ACCOUNT AT MARKET | ESTIMATED ANNUAL INCOME | % OF YIELD MARKET VALUE |
|---|---|---|---|---|---|---|
| | **✻ EQUITIES ✻** | | | | | |
| | COMMON STOCKS | | | | | |
| 6,588 | CARTHAGE BANCSHARES INC COMMON STOCK | $1.00 | $1.00 | | | |
| | | | DATE OF PRICE 00/00/00 ✻ | | | |
| | **✻ FIXED INCOME SECURITIES ✻** | | | | | |
| | GOVERNMENT OBLIGATIONS | | | | | |
| | TREASURY & FEDERAL AGENCIES | | | | | |
| 60,000 | U S SAVINGS BONDS SERIES EE DTD 08/01/86 DUE 08/01/1996 | $1.00 | $67,848.00 113.08 | 12.90 | $59,999 | 88.43 |
| | PREFERRED STOCKS NON-CONVERTIBLE | | | | | |
| 300 | CARTHAGE BANCSHARES INC. 8.0% CUMULATIVE PREFERRED STOCK | $1.00 | $1.00 | | | |
| | | | DATE OF PRICE 00/00/00 ✻ | | | |
| | **✻ TOTAL FIXED INCOME SECURITIES ✻** | $2.00 | $67,849.00 | 12.90 | $59,999 | 88.43 |
| | **✻ REAL ESTATE ✻** | | | | | |
| | EQUITY | | | | | |
| 1 | 100.00 % INTEREST IN | $1.00 | $1.00 | | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF INVESTMENT POSITION          ACCOUNT NUMBER                    PAGE     3
AS OF 09/30/98                            ESTATE OF MARJORIE M NUGENT

VALUATION STATEMENT

| FACE AMOUNT/ NO. SHARES | DESCRIPTION | CARRY VALUE /UNIT | TOTAL MARKET /UNIT | % OF TOTAL ACCOUNT AT MARKET | ESTIMATED ANNUAL INCOME | % OF YIELD MARKET VALUE |
|---|---|---|---|---|---|---|
| | NONPRODUCING OIL AND GAS ASSETS *SUPPLEMENTAL SCHEDULE AVAILABLE* | | DATE OF PRICE 00/00/00 * | | | |
| | LOANS AND MORTGAGES | | | | | |
| 1 | BOBBY GEORGE BEASON, 7%, 4-15-04 ORIGINAL AMOUNT $14,488.00 DATED 4-01-94 PAYABLE $168.22 MONTHLY ON 15TH | $9,306.91 | $9,306.91 | 1.77 | $651 | 6.99 |
| | * TOTAL REAL ESTATE * | $9,307.91 | $9,307.91 | 1.77 | $651 | 6.99 |
| | * MISCELLANEOUS ASSETS * | | | | | |
| 1 | MISCELLEANOUS JEWELRY | $46,175.00 | $46,175.00 | 8.78 | | |
| | * CASH AND EQUIVALENTS * | | | | | |
| 401,403.53 | DREYFUS GOVERNMENT CASH MANAGEMENT | $401,403.53 | $401,403.53 | 76.31 | $20,841 | 5.19 |
| | INCOME CASH | 164,439.29 | 164,439.29 | 31.26 | | |
| | PRINCIPAL CASH | 163,163.78- | 163,163.78- | 31.02- | | |
| | * TOTAL CASH AND EQUIVALENTS * | $402,679.04 | $402,679.04 | 76.55 | $20,841 | 5.18 |
| | ** TOTAL ASSETS ** | $458,164.95 | $526,011.95 | 100.00 | $81,491 | 15.49 |

*ALL PRICES AS OF STATEMENT DATE UNLESS OTHERWISE INDICATED

# TYLER BANK AND TRUST, N.A.

VOL 1102 PAGE 172

PAGE     4

SUMMARY OF ACCOUNT                                        DATE 09/30/98

ACCOUNT NUMBER:              ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

|                                | INCOME<br>CASH | PRINCIPAL<br>CASH | ASSET CARRYING<br>VALUE |
|--------------------------------|----------------|-------------------|--------------------------|
| BEGINNING ACCOUNT BALANCES     | 153,238.79     | 153,198.27-       | 376,750.20               |
| NOTES                          |                |                   |                          |
| PRINCIPAL PAYMENTS             |                | 113.27            | 113.27-                  |
| INTEREST PAYMENTS              | 54.95          |                   |                          |
| REAL ESTATE                    |                |                   |                          |
| DISPOSITIONS                   |                | 30,000.00         | 1.00-                    |
| CASH & EQUIVALENTS             |                |                   |                          |
| ACQUISITIONS                   |                | 72,176.53-        | 72,176.53                |
| DISPOSITIONS                   |                | 38,097.02         | 38,097.02-               |
| INCOME                         | 1,635.57       |                   |                          |
| SUNDRY                         |                |                   |                          |
| ACQUISITIONS                   |                |                   | 46,174.00                |
| MISCELLANEOUS RECEIPTS         | 15,984.49      |                   |                          |
| FEES AND EXPENSES              |                | 762.50-           |                          |
| MISCELLANEOUS DISBURSEMENTS    | 6,474.51-      | 5,236.77-         |                          |
| ENDING ACCOUNT BALANCES        | 164,439.29     | 163,163.78-       | 456,889.44               |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 08/31/98 | BEGINNING BALANCES | 153,238.79 | 153,198.27- | 376,750.20 |
| | NOTES | | | |
| | BOBBY GEORGE BEASON, 7%, 4-15-04 ORIGINAL AMOUNT $14,488.00 DATED 4-01-94 PAYABLE $168.22 MONTHLY ON 15TH | | | |
| 09/16/98 | INTEREST TO    09/15/98 | 54.95 | | |
| 09/16/98 | PRINCIPAL PAYMENT | | 113.27 | 113.27- |
| | TOTAL NOTES PRINCIPAL PAYMENTS | .00 * | 113.27 * | 113.27-* |
| | TOTAL NOTES INTEREST PAYMENTS | 54.95 * | .00 * | .00 * |
| | REAL ESTATE | | | |
| | 100.00 % INTEREST IN 42.844 ACRES, G. GRAVES SVY A-238, PANOLA COUNTY, TEXAS | | | |
| 09/11/98 | PANOLA COUNTY ABSTRACT & TITLE CO FOR PURCHASER GARY & BRENDA JACKSON | | 30,000.00 | 1.00- |
| | TOTAL REAL ESTATE DISPOSITIONS | .00 * | 30,000.00 * | 1.00-* |

VOL 102 PAGE 173

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 174

|  |  | PAGE    6 |
|---|---|---|
|  | STATEMENT OF ACCOUNT | DATE 09/30/98 |
| ACCOUNT NUMBER: | ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT | ADMINISTRATIVE OFFICER: JC |

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
|  | CASH & EQUIVALENTS |  |  |  |
| 09/01/98 | DREYFUS GOVERNMENT CASH MANAGEMENT |  |  |  |
|  | INT TO 08/31/98 | 1,635.57 |  |  |
| 09/30/98 | PURCHASES( 14) 09/01/98 TO 09/30/98 |  | 72,176.53- | 72,176.53 |
| 09/30/98 | SALES (4) 09/01/98 TO 09/30/98 |  | 38,097.02 | 38,097.02- |
|  | TOTAL CASH & EQUIVALENT ACQUISITIONS | .00 * | 72,176.53-* | 72,176.53 * |
|  | TOTAL CASH & EQUIVALENT DISPOSITIONS | .00 * | 38,097.02 * | 38,097.02-* |
|  | TOTAL INTEREST INCOME | 1,635.57 * | .00 * | .00 * |
|  | SUNDRY |  |  |  |
|  | MISCELLEANOUS JEWELRY |  |  |  |
| 09/02/98 | ADJUST CV TO DOD VALUE |  |  | 46,174.00 |
|  | TOTAL ACQUISITIONS | .00 * | .00 * | 46,174.00 * |
|  | MISCELLANEOUS RECEIPTS |  |  |  |
| 09/01/98 | HEADINGTON OIL COMPANY | 60.58 |  |  |
| 09/01/98 | FREDONIA RESOURCES INC. | 114.28 |  |  |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT

ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 09/02/98 | COMSTOCK OIL & GAS, INC. | 582.98 | | |
| 09/02/98 | DEVON ENERGY CORPORATION | 67.63 | | |
| 09/03/98 | UNION PACIFIC RESOURCES | 1,899.41 | | |
| 09/04/98 | PIONEER NATURAL RESOURCES | 213.97 | | |
| 09/08/98 | BROCK OIL AND GAS CORP. | 309.03 | | |
| 09/17/98 | COLUMBIA ENERGY SERVICES | 3,945.70 | | |
| 09/17/98 | WESTLAND OIL DEVELOPMENT | 28.26 | | |
| 09/17/98 | TITAN RESOURCES | 32.53 | | |
| 09/18/98 | TIPPERARY OIL & GAS CORP | 149.07 | | |
| 09/18/98 | UNION OIL OF CALIFORNIA | 119.67 | | |
| 09/18/98 | PIONEER NATURAL RESOURCES | 177.18 | | |
| 09/21/98 | MAYNARD OIL COMPANY | 1,337.90 | | |
| 09/21/98 | BELCO ENERGY, L. P. | 72.08 | | |

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 176

PAGE     8

STATEMENT OF ACCOUNT

DATE 09/30/98

ACCOUNT NUMBER:                     ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                 ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 09/23/98 | SPARTA ENERGY LLC | 119.23 | | |
| 09/23/98 | SCURLOCK PERMIAN CORP. | 31.37 | | |
| 09/24/98 | SEAGULL ENERGY E&P INC. | 2,348.40 | | |
| 09/24/98 | FINA OIL AND CHEMICAL CO. | 422.15 | | |
| 09/24/98 | CHISOS OPERATING, INC. | 236.38 | | |
| 09/24/98 | NAVAJO REFINING COMPANY | 80.64 | | |
| 09/24/98 | NAVAJO REFINING COMPANY | 46.14 | | |
| 09/28/98 | VINTAGE PETROLEUM INC. | 126.93 | | |
| 09/28/98 | EXXON COMPANY, U.S.A. | 1,247.88 | | |
| 09/28/98 | STEPHENS & JOHNSON OPER. | 43.52 | | |
| 09/28/98 | DRACO ENERGY, INC. | 24.34 | | |
| 09/28/98 | UNION PACIFIC RESOURCES | 76.61 | | |
| 09/28/98 | PENNZOIL EXPL & PROD CO. | 795.12 | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

DATE 09/30/98

ACCOUNT NUMBER:              ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT          ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 09/29/98 | OXY USA INC. | 282.46 | | |
| 09/29/98 | MOBIL OIL CORPORATION | 993.05 | | |
| | TOTAL MISCELLANEOUS RECEIPTS | 15,984.49 * | .00 * | .00 * |
| | FIDUCIARY FEES AND EXPENSES | | | |
| 09/03/98 | JOHN W NOBLE ESTATE OF MARJORIE NUGENT SERVICES 8/4/98 THRU 8/27/98 | | 762.50- | |
| | TOTAL FIDUCIARY FEES AND EXPENSES | .00 * | 762.50-* | .00 * |
| | MISCELLANEOUS DISBURSEMENTS | | | |
| 09/08/98 | PENNZOIL EXPL AND PROD COMPANY OWNER 065463-01 INVOICE #9807J0513 | 103.52- | | |
| 09/08/98 | PENNZOIL EXPL AND PROD COMPANY OWNER 065463-01 INVOICE #9806J0513 | 316.15- | | |
| 09/10/98 | UNION PACIFIC RESOURCES COMPANY OWNER NO 514620 INVOICE NO 08-AR-8463 | 2,784.44- | | |

# TYLER BANK AND TRUST, N.A.

STATEMENT OF ACCOUNT

ACCOUNT NUMBER:                    ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT                    ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|---|---|---|---|---|
| 09/10/98 | SETTLEMENT CHARGES | | 3,251.27- | |
| 09/11/98 | OIL & GAS INCOME COMMISSION | 2,366.52- | | |
| 09/15/98 | CHEROKEE CLUB INC<br>CHARGES THRU MARCH 1998<br>MARJORIE NUGENT CERTIFICATE #285 | | 1,160.49- | |
| 09/21/98 | HEADINGTON OIL COMPANY<br>OWNER NO. 55551<br>INVOICE DTD 9-14-98 | 14.04- | | |
| 09/22/98 | HAROLD NEFF & ASSOCIATES<br>APPRAISAL OF ESTATE'S INTERESTS<br>IN CARTHAGE (COTTON VALLEY)<br>INV #2346 - DATED 8/31/98 | | 825.01- | |
| 09/22/98 | PENNZOIL EXPL AND PROD COMPANY<br>OWNER 146275-01<br>INVOICE #9808J0525 | 487.05- | | |
| 09/22/98 | MAYNARD OIL COMPANY<br>OWNER CODE: 614603<br>INVOICE #38662 | 362.87- | | |

# TYLER BANK AND TRUST, N.A.

VOL 102 PAGE 179

PAGE    11

STATEMENT OF ACCOUNT                                    DATE 09/30/98

ACCOUNT NUMBER:                ACCOUNT NAME: ESTATE OF MARJORIE M NUGENT               ADMINISTRATIVE OFFICER: JC

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | ASSET CARRYING VALUE |
|------|-------------|-------------|----------------|----------------------|
| 09/23/98 | TIPPERAY OIL & GAS CORP. OWNER NO. 6323 STMT DATE 8-31-98 | 24.92- | | |
| 09/28/98 | DIVISION ORDER PROCESSING FEE CLAYTON WILLIAMS-CHADWICK 06-139 | 15.00- | | |
| | TOTAL MISCELLANEOUS DISBURSEMENTS | 6,474.51-* | 5,236.77-* | .00 * |
| 09/30/98 | ENDING BALANCES | 164,439.29 ** | 163,163.78-** | 456,889.44 ** |

Volume 102 Page 44

VOL 102 PAGE 182

FILED FOR RECORD
IN MY OFFICE

AT 3:15 O'CLOCK P M.

NOV 1 0 1998

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY _Mickey Doma_ DEPUTY
$7.00 pd

No. 8756

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| MARJORIE M. NUGENT, | § | OF |
| | § | |
| DECEASED | § | PANOLA COUNTY |

## ORDER APPROVING RESIGNATION OF INDEPENDENT EXECUTOR, CONTINUING INDEPENDENT ADMINSTRATION , AND APPOINTING OF SUCCESSOR INDEPENDENT EXECUTOR

On this _10th_ day of November, 1998, the application of Regions Bank, Tyler, Texas, ("Regions Bank") to resign as independent executor of the Estate of Marjorie M. Nugent, Deceased ("Estate") under the will of Marjorie M. Nugent dated August 28, 1978 ("1978 Will") came on to be heard by the Court. The application to resign was supported by a verified exhibit and final account filed by Regions Bank. The court finds that citation has been duly issued and served and that the Court has jurisdiction of the proceeding, the subject matter and all persons of whom it should have jurisdiction under the law.

The court proceeded to examine the application, and exhibit and account; heard evidence for the application and account and examined, settled and approved the application and exhibit and account.

In addition, on this same date, the application of Roderick M. Nugent, Jr. ("Dr. Nugent"), the current sole distributee of the Estate under the 1978 Will, for an order continuing independed administration and appointing Dr. Nugent as successor independent executor came on to be heard in the above entitled and numbered proceeding. It appearing to the Court that citation has been duly issued and served; that the Court has jurisdiction of the proceeding, the subject matter, and all persons to whom it should have jurisdiction under the law, that applicant is the sole distributee of Marjorie M. Nugent under the 1978 Will; that there is a continued need for administration on the Estate as ordered; that Dr. Nugent is qualified and not disqualified to serve as successor independent executor; that it would be in the best interest of the Estate for Dr. Nugent to be so appointed; and that bond should not be required on this application,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.  The application of Regions Bank, Tyler, Texas to resign as independent executor of the Estate is approved.

2.   The verified exhibit and account of Regions Bank, Tyler, Texas is approved.

3.   Independent Administration of this Estate shall be continued.

4.   Roderick M. Nugent, Jr. is appointed as successor independent executor of the Estate.

5.   No bond shall be required of Roderick M. Nugent, Jr.. Regions Bank, Tyler, Texas is to deliver the estate remaining in its possession to Roderick M. Nugent, Jr. as successor independent executor, the person entitled by law to receive the remaining estate.

6.   On the Court's satisfaction, that delivery of the remaining estate has been made and that Regions Bank, Tyler, Texas has complied with all lawful orders of this Court, that Region's Bank's, Tyler, Texas resignation will be fully and finally accepted and it will be fully and finally discharged from their trust.

7.   That on the taking and filing of the oath required by law, letters testamentary shall issue to Roderick M. Nugent, Jr. and that no other action shall be had in this Court other than the return of an inventory, appraisal and list of claims as required by law.

Signed this _November 10_ day of November, 1998.

_____
Judge presiding

Approved As To Content (including the verified account) and Form:

PETERSON, FARRIS, DOORES & JONES
A Professional Corporation
P.O. Box 9620
Amarillo, Texas 79105
(806) 374-5317
(806) 372-2107 facsimile

By: _James T. Campbell_
James T. Campbell
State Bar No. 03705800

ATTORNEY FOR APPLICANT
RODERICK M. NUGENT, JR.


John W. Noble
218 N. Broadway, Ste. 302
Tyler, Texas 75702
(903) 592-6300
(903) 592-6312 facsimile
State Bar No. 15051000


ATTORNEY FOR APPLICANT
REGIONS BANK, TYLER, TEXAS

Roderick M. Nugent, Jr.

VOL 102 PAGE 184

FILED FOR RECORD IN MY OFFICE

AT 4:45 O'CLOCK P. M.

NOV 2 4 1998

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY _M. R. Bage_ DEPUTY

$ 3.00 Billed

NO. 8756

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| MARJORIE M. NUGENT, | § | IN AND FOR |
| | § | |
| DECEASED | § | PANOLA COUNTY, TEXAS |

## <u>O A T H</u>

I do solemnly swear that the writing which has been offered for probate is a valid will of Marjorie M. Nugent, so far as I know or believe, and that I will well and truly perform all of the duties of independent executor of the will and of the estate of Marjorie M. Nugent, deceased.

RODERICK M. NUGENT, JR.

SUBSCRIBED AND SWORN TO BEFORE ME by Roderick M. Nugent, Jr. on this the _18th_ day of _November_, 1998, to certify which witness my hand and seal of office.

Notary Public, State of Texas

MARTHA WALTON
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 11-01-2002

00004AUN.WP5

#ILED FOR RECORD
IN MY OFFICE
AT 3:45 O'CLOCK P. M.

FEB 3 1999

SUE GRAFTON
BY M. L. Bage
DEPUTY
$11.00 Pd.

**CAUSE NO. 8756**

IN RE: THE ESTATE OF          §          IN THE COUNTY COURT AT LAW COUNTY, TEXAS

                              §

MARJORIE M. NUGENT,           §          IN AND FOR

                              §

DECEASED                      §          PANOLA COUNTY, TEXAS

### AFFIDAVIT OF
### BERNHARDT TIEDE, II

STATE OF TEXAS          §
COUNTY OF PANOLA        §

BEFORE ME, the undersigned authority on this day personally appeared BERNHARDT
TIEDE, II, Affiant, who, after first being duly sworn, stated and deposed:

"My name is BERNHARDT TIEDE, II. I am over the age of 21 and competent to make
this oath. On April 28, 1998, I executed an affidavit which has been filed among the papers in
this cause. (Exhibit A) That affidavit was executed and delivered to John Nobles, Attorney for
the Estate of Marjorie M. Nugent. Said affidavit was prepared by John Nobles without any
consultation with me, and was delivered to me by my attorney. The affidavit made by me and
previously filed herein was the result of negotiations between my lawyer and Mr. Nobles, which
negotiations included representatives of the estate and family of Marjorie Nugent, the United
States Attorney's Office, and the Panola County District Attorney's Office. It was executed by
me solely in response to those negotiations, which negotiations involved not only the civil
matters pending herein, but the criminal charges pending against me in state and federal courts
as well. The affidavit was a good faith response to representations made by the parties thereto,
and was secured based solely on those representations. I responded in good faith to the
representations, and have fulfilled in every regard any and all conditions required of me. The
affidavit I made contains matters which are not and were not at the time of the execution of said

affidavit, within my knowledge.   Those, matters were the product of the thought processes of

the affidavit's author, and were constructed in order to reach a desired result in the

administration of the Estate of Marjorie Nugent.   The factual matters contained in said affidavit

are not true.   I hereby repudiate all factual matters contained in said affidavit, and hereby state

that said affidavit was not the product of a voluntary act on my part.

        Further affiant sayeth naught."

                                     Bernhardt Tiede, II
                                     Affiant

     SUBSCRIBED AND SWORN TO this _____ day of January, 1999.



                         Notary Public, State of Texas

LINDA M. POPE
Notary Public
STATE OF TEXAS
My Comm. Exp. 2-18-2002

No. 8756

| | |
|---|---|
| **ESTATE OF** | **IN THE COUNTY COURT** |
| **MARJORIE M. NUGENT,** | **OF** |
| **DECEASED** | **PANOLA COUNTY, TEXAS** |

## APPLICATION TO PROBATE

COMES NOW BERNHARDT TIEDE II, ("Tiede") and files this his Application to Probate, showing the Court as follows:

### Procedural Background and Factual Allegations

1.     On August 28, 1997, Tyler Bank and Trust, N.A., Tyler, Texas ("Bank") filed an application in this Court to probate the Will of Marjorie M. Nugent dated March 16,1978 ("the 1978 Will").

2.     On September 15, 1997, the 1978 Will was admitted to Probate by this Court and the Bank was appointed by this Court as independent executor of the estate of Marjorie M. Nugent.

3.     Tiede has another will purportedly executed by Marjorie M. Nugent, dated April 19, 1991 ("the 1991 Will"), under which he is the beneficiary and executor.

4.     Although Tiede hereby applies to probate the 1991 Will, Tiede makes the following judicial admissions with respect to the 1991 Will:

a.     The 1991 Will and any other wills which may exist that name Tiede as a beneficiary and/or fiduciary, if they were in fact executed by Marjorie M. Nugent, were executed as a result of undue influence, as that term is used in the legal sense. At the time of the alleged execution of the 1991 will, April 19, 1991, Tiede held a fiduciary and confidential relationship with Marjorie M. Nugent. The undue influence existed and was exerted by Tiede, over Marjorie M. Nugent so as to subvert or overpower the mind of Marjorie M. Nugent at the time she executed the 1991 Will, and Marjorie M. Nugent would not have executed the 1991 Will but for the undue influence exerted over her by Tiede.

b.     The 1991 Will, and any other wills in favor of Tiede, if they were in fact executed by Marjorie M. Nugent, were executed as a result of actual or constructive fraud, either in the inducement or otherwise, exerted over Marjorie M. Nugent by Tiede, who, on April 19, 1991, and prior thereto, was in a fiduciary and confidential relationship with Marjorie M. Nugent. Such fraud effectively operated so as to subvert or overpower the mind of Marjorie M. Nugent at the time of the execution of the 1991 Will, and


EXHIBIT
"A"

Marjorie M. Nugent would not have executed the 1991 Will but for such fraud.

5.      Tiede does not wish to contest the probate of the 1978 Will, or any other will offered for probate by the descendants of Marjorie M. Nugent.

6.      Tiede has agreed to file this application for probate and make the foregoing admissions of fact for the purpose of placing the 1991 Will before the Court and under the Court's jurisdiction in order that the Court can rule on the invalidity thereof,

NOW, THEREFORE,  the following information is furnished to the Court:

(1)      Tiede, currently residing the, Panola County Detention Center in Carthage, Panola County, Texas, is named herein as Applicant, for the purposes listed above,

(2)      Marjorie M. Nugent was domiciled in and had a fixed place of residence, in this County on the date of her death.

(3)      Marjorie M. Nugent is deceased and the date of death is less than four years prior to the filing of this Application.

(4)      Marjorie M. Nugent owned real and personal property described generally stocks, bonds, real property and mineral property of a probable value in excess of $250,000.

(5)      Marjorie M. Nugent left a purported Will dated April 19, 1991, which is filed herewith, but as to which Tiede admits that said Will, if executed by Marjorie M. Nugent was executed due to undue influence and actual and/or  constructive fraud exerted over Marjorie M. Nugent by Tiede.

(6)      The subscribing witnesses to the 1991 Will are Daniel Harrison and Randall K. Harrison whose current addresses are unknown to Tiede.

(7)      No child or children were born to or adopted by Marjorie M. Nugent after the date of the 1991 Will.

(8)      Marjorie M, Nugent was never divorced as far as is known to Tiede.

(9)      In the 1991 Will Marjorie M. Nugent named Tiede to serve as independent executor, however, Tiede cannot state that he is not disqualified to serve as independent executor because of pending criminal Charges against

(10)   Marjorie M. Nugent's 1991 Will did not name either the State of Texas, a governmental agency of the State of Texas, or a charitable organization as a devisee to Tiede's knowledge,

WHEREFORE PREMISES CONSIDERED, Bernhardt Tiede II, prays that citation be issued as required by law, and that upon final hearing of this matter, a judgment be entered declaring that the 1991 Will is invalid for the reasons stated above, and for such other and further relief which the Court deems appropriate.

Respectfully Submitted,

Clifton L. Scrappy Holmes
P.O Drawer 3267
Longview, Texas 75606
State Bar No. 09907000

ATTORNEY FOR BERNHARDT TIEDE, II

## VERIFICATION

STATE OF TEXAS

COUNTY OF PANOLA

Before me, the undersigned authority, this day personally appeared Bernhardt Tiede, II, who after being sworn by me stated upon his oath as follows:

"My name is Bernhardt Tiede, II. I have read the above and foregoing Application to Probate and the statements made therein are true and correct and are within my personal knowledge."

FURTHER AFFIANT SAYETH NOT.

BERNHARDT TIEDE, II

SUBSCRIBED AND SWORN TO BEFORE ME THIS ___28th___ day of ___April___ 1998.

Staci Robinson
Notary Public, State of Texas


STACI ROBINSON
MY COMMISSION EXPIRES
July 18, 2001

VOL. **102** PAGE **190**

FILED FOR RECORD
IN MY OFFICE

CAUSE NO. 8756 ___AT__ *3:35* ___ O'CLOCK __*P*__ M._____

MAY 7   1999

| | | |
|---|---|---|
| IN RE THE ESTATE OF | § | IN    THE    ~~COUNTY~~    COURT |
| | § | SUE GRAFTON |
| | § | COUNTY CLERK, PANOLA COUNTY, TEXAS |
| MARJORIE M. NUGENT, | § | BY *Clara Odom* DEPUTY |
| | § | |
| DECEASED | § | PANOLA    COUNTY,    TEXAS |

*25-∅d*

### (I) APPLICATION FOR PROBATE OF WILL AND FOR ISSUANCE OF LETTERS OF ADMINISTRATION; (II) APPLICATION FOR IMPOSITION OF CONSTRUCTIVE TRUST TO CARRY OUT INTENT OF DECEDENT; (III) CLAIM FOR TORTIOUS INTERFERENCE WITH INHERITANCE RIGHTS; (IV) APPLICATION FOR DECLARATORY JUDGMENT; AND (V) APPLICATION FOR APPOINTMENT OF TEMPORARY ADMINISTRATOR PENDING CONTEST OF WILL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Merrell Rhodes and Katie Sue Knapp, Applicants herein ("Applicants"), file this their (i) Application for Probate of Will and for Issuance of Letters of Administration; (ii) Application for Imposition of Constructive Trust to Carry Out Intent of Decedent; (iii) Claim for Tortious Interference with Inheritance Rights; (iv) Application for Declaratory Judgment; and (v) Application for Appointment of Temporary Administrator Pending Contest of Will and would show the Court the following:

**Parties**

1.     Applicant, Merrell Rhodes, is a resident and domiciliary of Panola County, Texas. Applicant is the sister of the Decedent and a person interested in this estate.

2.     Applicant Katie Sue Knapp, is a resident and domiciliary of the State of Ohio. Applicant is the sister of the Decedent and a person interested in this estate.

3.     Other necessary parties include:

**Under the 1978 Will as defined below:**

a.      **Tyler Bank and Trust, N.A., Tyler, Texas** (formerly known as Citizens First National Bank of Tyler, Texas), a banking institution with offices located at P.O. Box 2020, Tyler, Texas  757001, as alternate executor and as trustee created under the 1978 Will.

b.      **Roderick M. Nugent, Jr.,** a son of the decedent, a resident of the State of Texas, individually, and as named executor and as trustee of the trust created under the 1978 Will.

**Under the 1991 Will as defined below:**

**Bernhardt Tiede, II,** as interested party and named Independent Executor under the 1991 Will.

**Under the 1987 Will as defined below:**

The parties understand there is a 1987 Will.  The parties were unable to gain a copy of the 1987 Will by the time this application was filed.  The parties will add any additional necessary parties upon obtaining the 1987 will, if it exists.

**Background Facts**

4.      The decedent, Marjorie Nugent, was murdered by Bernhardt Tiede, II in 1996.  Ms. Nugent left a valid written Will (the "1991 Will") which (1) specifically disinherited her son, Roderick Nugent, Jr., and all of her grandchildren[1], (2) devised all of her property to Tiede, and (3) revoked all of her previous wills.

5.      Ms. Nugent specifically intended that her son and grandchildren not receive any property upon her death because of the genuinely poor treatment she received from them over the

---

[1]The four grandchildren have disclaimed any right to inherit or otherwise receive any property of the decedent under her former wills or through any other means and are, as a result, not parties to the current action.

2

course of several years.  The 1991 Will states that the son and grandchildren not only ceased to visit her, but threatened to and actually did file suit against her.

6.　　　Despite the existence of the valid 1991 Will and the fact that Ms. Nugent revoked all prior wills, Tyler Bank and Trust filed and application to probate the decedent's 1978 Will on August 28, 1997.  On September 15, 1997, that Will was admitted to probate and Letters Testamentary were issued to Tyler Bank and Trust as Independent Executor under the 1978 Will.

7.　　　The 1978 Will and all wills prior to the 1991 Will are invalid.

8.　　　The exact date of death is unknown, but is less than four years prior to the date of the filling of this pleading.  This Court has venue, since the Decedent resided in Panola County, Texas, and was domiciled in the State of Texas at the time of her death.

## COUNT I -

## APPLICATION TO PROBATE WILL AND
## FOR ISSUANCE OF LETTERS OF ADMINISTRATION

9.　　　The allegations made in the preceding paragraphs are incorporated herein by reference as if fully set forth at length.

10.　　　The Decedent owned real and personal property situated in Panola County, Texas, and cash, securities, automobiles, household furnishings and fixtures, and personal effects of a probable value in excess of $150,000.

11.　　　The Decedent left the 1991 Will, dated April 19, 1991, in which Tiede was named as Independent Executor, without bond.  The 1991 Will was witnessed by Daniel Williams and Randall K. Harrison, whose present addresses are unknown.  The 1991 Will has been made self-proved by the acknowledgment thereof by the Decedent and the affidavits of the respective attesting

3

witnesses, each made before an officer authorized to take acknowledgments to deeds of conveyance and administer oaths under the laws of this State, such acknowledgment and affidavits being evidenced by the certificate, with official seal affixed, of such officer attached or annexed to the 1991 Will, all in compliance with Section 59 of the Texas Probate Code. Attached and incorporated herein for all purposes is a true and correct copy of the 1991 Will.

12.     No child or children were born to or adopted by the Decedent after the making of the 1991 Will by the Decedent.

13.     Neither Applicant is disqualified by law from accepting letters insofar as is known to Applicant. However, Tiede is disqualified by law from accepting letters by virtue of his being a convicted felon. Applicants, Merrell Rhodes and Katie Sue Knapp seek to be appointed personal representatives of the estate for the purposes of administering its assets.

14.     The Decedent has not been divorced since the execution of the 1991 Will.

15.     Neither the state nor a governmental agency of the state is named by the 1991 Will as a devisee.

## COUNT II -

## APPLICATION FOR CONSTRUCTIVE TRUST
## TO CARRY OUT INTENT OF DECEDENT

16.     The allegations made in the preceding paragraphs are incorporated herein by reference as if fully set forth at length.

17.     The 1991 Will devises all property of the decedent to Tiede. Tiede willfully and knowingly murdered the decedent. Tiede has been convicted of this murder. Texas law provides for the imposition of a constructive trust upon the property to which Tiede is entitled under the 1991

VOL. 102 PAGE 194

Will. The constructive trust is to be imposed according to the intent of the murder victim and in a fashion consistent with the intent of the decedent, as determined by the trier of fact.

18.     The clear intent of the 1991 Will is to disinherit the decedent's son and grandchildren. The decedent's closest remaining heirs are the Applicants Merrell Rhodes and Katie Sue Knapp. Applicants seek the imposition of a constructive trust in their favor awarding them all of the property of the decedent and all of the proceeds and income of such property from the time of her death until the time of trial.

## COUNT III -

## CLAIM FOR TORTIOUS INTERFERENCE WITH INHERITANCE RIGHTS

19.     The allegations made in the preceding paragraphs are incorporated herein by reference as if fully set forth at length.

20.     Roderick Nugent, Jr. and/or others to be determined may have participated in, or would receive benefits from, the 1978 Will under the 1998 Application to Probate that Will. The filing of the 1998 Application to Probate the 1978 Will constitutes wrongful or tortious acts which prevent or interfere with the inheritance rights of Applicants and others and result in damage or loss to Applicants and others.

21.     Applicants seek to recover actual damages from Roderick Nugent, Jr., along with exemplary damages to punish and deter such conduct.

## COUNT IV -

## APPLICATION FOR DECLARATORY JUDGMENT

22.     The allegations made in the preceding paragraphs are incorporated herein by reference as if fully set forth at length.

23.     Applicant seeks a declaratory judgment pursuant to Chapter 37 of the Texas civil Practice and Remedies Code.  Section 37.005 of the Texas Civil Practice and Remedies Code specifically permits an interested person as or through an executor, devisee, legatee, etc. to determine any class of devisees or legatees, and to determine any question arising in the administration of the estate.

24.     Applicant seeks the following declarations:

    (a)     That the 1978 Will, and any other wills preceding the 1991 Will, have been revoked and are invalid.

    (b)     That Roderick Nugent, Jr. and/or others have participated in, or would receive benefits from the 1978 Will under the 1998 Application of that Will and that the filing of the 1998 Application constitute wrongful or tortious acts which prevented or interfered with the inheritance rights of Applicants and others and resulted in damage or loss to Applicants and others.

    (c)     That the 1991 Will is valid and has not been revoked.

    (d)     That the imposition of a constructive trust in favor of Merrell Rhodes and Katie Sue Knapp as to all of the property of the decedent is appropriate and required to carry out the intent of the decedent under the 1991 Will.

25.     Applicants request recovery of their costs and reasonable and reasonable and necessary attorney's fees pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code.

6

VOL 102 PAGE 196

## COUNT V -

## APPLICATION FOR APPOINTMENT OF TEMPORARY
## ADMINISTRATOR PENDING WILL CONTEST

26.    The allegations made in the preceding paragraphs are incorporated herein by reference as if fully set forth at length.

27.    Tommie G. Davis, an attorney, native and long time resident of Panola County, is not disqualified by law to act as Temporary Administrator of the Estate.

28.    Since the death of the Decedent, a controversy has arisen regarding which document constitutes the Decedent's last valid will or codicil, or whether or not the Decedent died with any valid will.  Because of the time which may elapse in settling this controversy, it is necessary and will be advantageous and, therefore, the interests of the Estate require the appointment of a Temporary Administrator of the Estate pending resolution of the will contest.

29.    Applicant desires that Tommie G. Davis be appointed Temporary Administrator of the Estate and that such appointment shall continue in force until a permanent personal representative has been duly appointed and qualified or until further orders of this Court.

WHEREFORE, PREMISES CONSIDERED, Applicants pray that:

1.    citation be issued to all parties interested in the Estate of Marjorie M. Nugent, Deceased, including unknown heirs, if any, as required by law;

2.    The 1978 Will of Marjorie M. Nugent on file herein be denied admission to probate;

3.    The 1987 Will, if it exists, be denied admission to probate;

4.    The 1991 Will of Marjorie M. Nugent on file herein be admitted to probate;

5.    Letters of Administration be issued to Merrell Rhodes and Katie Sue Knapp as Co-Permanent Administrators;

7

6.      Applicants recover damages for tortious interference with inheritance rights from Roderick Nugent, Jr.;

7.      This Court make the declarations requested above;

8.      Applicants recover their costs and reasonable and necessary attorneys' fees;

9.      Letters of Administration be issued to Tommie G. Davis as Temporary Administrator; and

10.     Such other and further relief, both general and special, either at law or in equity, be granted to which Applicants may show themselves justly entitled.

Dated: May 7, 1999.

VOL 102 PAGE 197

                           Respectfully submitted,


                           **Robert A. Sherman**
                           State Bar No. 18245100
                           312 West Sabine
                           P. O. Box 351
                           Carthage, TX 75633
                           Telephone No.: (903) 693-2206
                           Fax No.:  (903) 693-3292


                           **W. Mark Cotham**
                           State Bar No. 04858520
                           **Mark C. Harwell**
                           State Bar No.  09191700
                           **Kirk W. Evans**
                           State Bar No.  00787446
                           COTHAM, HARWELL & EVANS
                           A PROFESSIONAL CORPORATION
                           8550 Katy Fwy, Suite 128
                           Houston, Texas  77024
                           Telephone No.: (713) 647-7511
                           Fax No.: (713) 647-7512
                           **ATTORNEYS FOR APPLICANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing (i) Application for Probate of Will and for Issuance of Letters of Administration; (ii) Application for Imposition of Constructive Trust to Carry Out Intent of Decedent; (iii) Claim for Tortious Interference with Inheritance Rights; (iv) Application for Declaratory Judgment; and (v) Application for Appointment of Temporary Administrator Pending Contest of Will, has been mailed by certified mail, return receipt requested, on this 7th day of May, 1999.

Mr. John W. Noble
Attorney at Law
218 North Broadway, Suite 302
Tyler, Texas  75702

Mr. James T. Campbell
Peterson, Farris, Doores & Jones, P.C.
P.O. Box 9620
Amarillo, Texas  79105

Robert A. Sherman

VOL 102 PAGE 198

VOL 98 PAGE 280

FILED FOR RECORD
IN MY OFFICE

AT 2:00 O'CLOCK ___ P ___ M. _____

MAY 4 1998

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

By *Jennifer Spradlin* DEPUTY

## LAST WILL AND TESTAMENT

### OF

### MARJORIE M. NUGENT

--------------------------------------------------------------------------

THE STATE OF TEXAS )(

COUNTY OF PANOLA )(

KNOWN ALL MEN BY THESE PRESENTS:

That I, MARJORIE M. NUGENT, of Panola County, Texas, being of sound and disposing mind and memory, and being above the age of eighteen years, do make and publish this, my Last Will and Testament, hereby revoking all wills, if any, by me at any time heretofore made.

### I.

I direct that all my just debts be paid as soon after my death as is practical.

### II.

I have a son and four grandchildren, some of whom have threatened to sue me and actually sued me and none of whom visit or appear to care about me.  Also, my son is a physician and amply provides for his family. Thr the reasons stated, I am not including them as beneficiaries under my Will.

### III.

I give, devise and bequeath my entire estate, real, personal and mixed, unto Bernhardt Tiede, II outright and in fee simple.

### IV.

I hereby constitute and appoint Bernhardt Tiede, II, as Independent Executor of my estate without bond, and direct that no action be had in the probate court in relation to the settlement of my estate other than the probating of this Will and the filing of statutory inventory, appraisement and list of claims.  It is also my will that my Executor shall have the same powers as are conferred upon trustees by the Texas Trust Act.

VOL. 102 PAGE 199

VOL. 98 PAGE 381

THIS I MAKE AND PUBLISH AS MY LAST WILL, hereunto signing and

subscribing my name, this 19th day of April, 1991, in the presence of

the undersigned witnesses, who attest the same at my request.

_Marjorie M. Nugent_

Marjorie M. Nugent

The above instrument was now here published as her Last Will and

Testament, and signed and subscibed by Marjorie M. Nugent, the Testatrix,

in our presence, and we, at her request, in her presence, and in the

presence of each other, sign and subscribe our names thereto as attesting

witnesses.

Witness

Witness

THE STATE OF TEXAS    χ

COUNTY OF PANOLA    χ

BEFORE ME, the undersigned authority, on this day personally appeared

MARJORIE M. NUGENT, _Dan Williams_ and

_Randall K. Harrison_ , known to me to be the Testatrix and the

witnesses, respectively, whose names are subscribed to the annexed or fore-

going instrument in their respective capacities, and, all of said persons

being by me duly sworn, the said Marjorie M. Nugent, Testatrix, declared to

me and to the said witnesses in my presence, that said instrument is her

Last Will and Testament, and that she had willingly made and executed it

as her free act and deed for the purposes therein expressed; and the

said witnesses, each on his oath stated to me in the presence and hearing

of the said Testatrix, that the said Testatrix had declared to them that

said instrument is her Last Will and Testament, and that she executed same

-2-

VOL 102 PAGE 200

VOL 98 PAGE 382

as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses stated further that they did sign the same as witnesses in the presence of the said Testatrix and at her request; that she was at that time eighteen years of age or over and was of sound mind; and that each of said witnesses was then at least fourteen years of age.

*Marjorie M. Nugent*
Marjorie M. Nugent

*Daniel Williams*
Witness

*Randall K. Harrison*
Witness

SUBSCRIBED AND ACKNOWLEDGED BEFORE ME, by the said Marjorie M. Nugent, Testatrix, and subscribed and sworn to before me by the said ~~Marjorie~~ Dan Williams , and Randall K. Harrison , Witnesses, this 19th day of April, 1991.

*Sandra Hodges*
Notary Public, State of Texas
My Commission expires : 6-14-94



SANDRA HODGES
NOTARY PUBLIC
STATE OF TEXAS
Commission Expires 6-14-94

-3-

CAUSE NO. 8756

FILED FOR RECORD
IN MY OFFICE

AT *3:35* O'CLOCK _*P*_ M._____

MAY 7 1999

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY _____ DEPUTY

*13.00*
*pd*

| | | |
|---|---|---|
| IN RE THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| MARJORIE M. NUGENT, | § | OF |
| | § | |
| DECEASED | § | PANOLA COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO RODERICK NUGENT, JR.

**To: Roderick Nugent, Jr.**

Merrell Rhodes and Katie Sue Knapp, Plaintiffs herein ("Plaintiffs"), hereby serve Plaintiffs'

Request for Production of Documents upon Roderick Nugent, Jr. ("Defendant"), pursuant to, and

in accordance with, Tex. R .Civ. P. 167.

1.  **Time of Production**.  Defendant shall produce the documents designated below on

or before the close of business on the 50th day after service of this request with the citation.

2.  **Place of Production**.  The documents designated shall be produced at the offices of

Cotham, Harwell & Evans, A Professional Corporation, 8550 Katy Fwy., Suite 128, Houston, Texas

77024, or at such other place as mutually agreed upon by counsel for the parties.

3.  **Scope of Production**.  Defendant shall produce the designated documents that are

under its care, custody, or control, including its constructive possession where Defendant has a right

superior to Plaintiffs' right, if any, to compel production of said documents from a third party.

4.  **Dispute Resolution and Agreed Extensions**.   Plaintiffs' counsel hereby offers to

discuss in good faith with counsel for Defendant any questions regarding perceived ambiguities in,

or burdens associated with, Defendant's compliance with Plaintiffs' Request for Production in an

effort to resolve any such issues or questions without the necessity for Court intervention.  Nothing

VOL 102 PAGE 202

herein, however, shall constitute any waiver of Plaintiffs' right to insist on Defendant's complete and timely compliance in the absence of any prior express agreement to the contrary.

5. **Definitions**.  The following definitions shall apply for purposes of this request,

(a)    "**Among**" shall mean between or among.

(b)    "**Any**" shall mean any and all.

(c)    "**Communication**" shall mean any manner in which the mental processes of one individual are related to another, including a written or spoken word or otherwise.

(d)    "**Document**" or "**Documents**" shall mean any medium upon which information is or can be recorded, including without limitation, papers, books, letters, notes, diaries, calendars, appointment schedules, correspondence, telegrams, cables, telex messages, memoranda, notebooks, minutes, ledgers, worksheets, journals, canceled checks, reports, summaries, photographs, maps, computer printouts, inventory lists, transcripts of testimony, mechanical means of voice reproduction of any notes, summaries, and transcripts and excerpts prepared from any of the foregoing, and where copies of the same document are dissimilar in any respect, both of said documents.

(e)    "**Evidencing**" shall mean proving, indicating, or probative of the existence or nature of something.

(f)    "**Person**" shall include any individual, corporation, association, partnership, or other entity, unless otherwise specified herein.  Any reference to a person includes that person's directors, officers, agents, representatives, attorneys, and other persons subject to said person's control, if any.

(g)    "**Defendant**", "**you**", or "**yours**" refers to Roderick Nugent, Jr. and its officers, directors, agents and employees.

"**Plaintiffs' Interrogatories**" shall refer to Plaintiffs' First Set of Interrogatories to Defendant, served concurrently herewith.

"**Decedent**" shall refer to Marjorie M. Nugent.

The "**1991 Will**" shall refer to the Will of Marjorie M. Nugent dated April 19, 1991.

The "**1978 Will**" shall refer to the Will of Marjorie M. Nugent as to which Tyler Bank and Trust filed an application to probate on August 28, 1997.

## REQUEST FOR PRODUCTION    VOL 102 PAGE 203

All documents reflecting any will or codicil executed at any time by the decedent.

All documents reflecting any portions, drafts, revisions or prior versions of any will or codicil executed at any time by the decedent or which the decedent caused to be prepared, through her attorney or agent or otherwise, but which she never executed.

All documents reflecting the intent of the decedent with respect to the 1991 Will.

All documents reflecting the persons who participated in the decision to file the application to probate the 1978 Will and all documents reflecting the activities and conduct of such persons with respect to such application.

All documents tending to show that the decedent did not intend to completely disinherit Roderick Nugent, Jr. at the time of the execution of the 1991 Will.

All documents tending to show that the decedent did not intend to completely disinherit her grandchildren at the time of the execution of the 1991 Will.

All documents tending to show that you had knowledge of the 1991 Will at the time of filing of the application to probate the 1978 Will.

All documents tending to show that you had possession of the 1991 Will or a copy of same at the time of filing of the application to probate the 1978 Will.

All documents reflecting the assets or liabilities of the decedent.

All documents tending to show that the decedent did not revoke the 1978 Will.

All documents tending to show that the decedent did not, through the 1991 Will, revoke all of her previous wills.

All documents tending to show that Roderick Nugent, Jr. threatened to or actually did file a lawsuit or any type of claim against Marjorie Nugent.

All documents tending to show that one or more of the decedent's grandchildren threatened to or actually did file a lawsuit or any type of claim against Marjorie Nugent.

All documents tending to show that Roderick Nugent, Jr. is able to "amply provide for his family," including documents reflecting the following with respect to Roderick Nugent, Jr.:

      his income from 1990 to the present;

3

his assets at any time from 1990 to the present;

his debts and liabilities from 1990 to the present; and,

payments made to or for the benefit of his children or other dependants from 1990 to the present.

All documents tending to show that the decedent intended that her son and grandchildren not receive any property upon her death because of the genuinely poor treatment she received from them over the course of several years.

All documents tending to show that the decedent's son and grandchildren ceased to visit her prior to the execution of the 1991 Will.

All documents reflecting the address or phone number of Daniel Williams and Randall K. Harrison.

All documents tending to show that the 1991 Will was not executed in compliance with Section 59 of the Texas Probate Code.

All documents tending to show that the 1991 Will is not valid or has been revoked.

All documents tending to show that the current will contest has not been filed or prosecuted in good faith.

VOL 102 PAGE 204

Dated: May 7, 1999.

Respectfully submitted,

**Robert A. Sherman**
State Bar No. 18245100
312 West Sabine
P. O. Box 351
Carthage, TX 75633
Telephone No.: (903) 693-2206
Fax No.:  (903) 693-3292

**W. Mark Cotham**
State Bar No. 04858520
**Mark C. Harwell**
State Bar No.  09191700
**Kirk W. Evans**
State Bar No.  00787446
COTHAM, HARWELL & EVANS
A PROFESSIONAL CORPORATION
8550 Katy Fwy, Suite 128
Houston, Texas  77024
Telephone No.: (713) 647-7511
Fax No.: (713) 647-7512

**ATTORNEYS FOR APPLICANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's First Request for Production of Documents to Roderick Nugent, Jr., has been served this 7th day of May, 1999, as follows:

Mr. John W. Noble
Attorney at Law
218 North Broadway, Suite 302
Tyler, Texas  75702

Mr. James T. Campbell
Peterson, Farris, Doores & Jones, P.C.
P.O. Box 9620
Amarillo, Texas  79105

Robert A. Sherman

FILED FOR RECORD
IN MY OFFICE

AT _10:50_ O'CLOCK _A_ . M.

COUNTY CLERK, PANOLA COUNTY, TEXAS

BY _M. L. Bogen_ DEPUTY

$7.00 Billed

CAUSE NO. 8756                          MAY 2 5 1999

| | | |
|---|---|---|
| IN RE THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| MARJORIE M. NUGENT, | § | |
| | § | |
| DECEASED | § | PANOLA COUNTY, TEXAS |

## RODERICK NUGENT, JR.'S GENERAL DENIAL AND RESPONSE TO APPLICANTS' (I) APPLICATION FOR PROBATE OF WILL AND FOR ISSUANCE OF LETTERS OF ADMINISTRATION; (II) APPLICATION FOR IMPOSITION OF CONSTRUCTIVE TRUST TO CARRY OUT INTENT OF DECEDENT; (III) CLAIM FOR TORTIOUS INTERFERENCE WITH INHERITANCE RIGHTS; (IV) APPLICATION FOR DECLARATORY JUDGMENT; AND (V) APPLICATION FOR APPOINTMENT OF TEMPORARY ADMINISTRATOR PENDING CONTEST OF WILL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Roderick Nugent, Jr., Individually and as Executor of the Estate of Marjorie M. Nugent, Deceased (herinafter "Respondent"), and in answer to Applicants Merrell Rhodes and Katie Sue Knapp's (I) Application for Probate of Will and for Issuance of Letters of Administration; (II) Application for Imposition of Constructive Trust to Carry Out Intent of Decedent; (III) Claim for Tortious Interference with Inheritance Rights; (IV) Application for Declaratory Judgment; and (V) Application for Appointment of Temporary Administrator Pending Contest of Will (hereinafter "Application"), would respectfully show the Court as follows:

### I.

Roderick Nugent, Jr., Respondent, hereby invokes Rule 92 of the Texas Rules of Civil Procedure and exercises his legal right to require Applicants to prove all of the allegations contained in their Application. Further, as he is entitled to do under the law, this Respondent

does hereby exercise his right to deny each and every, all and singular, the allegations of the Application so as to require the Applicants to prove their cause of action by a preponderance of the evidence.

## II.

Without waiver of the foregoing, but in addition thereto, Roderick Nugent, Jr. would show that Applicants Merrell Rhodes and Katie Sue Knapp are not persons interested in the estate pursuant to Section 3 of the Texas Probate Code. Furthermore, Roderick Nugent, Jr. hereby denies that the appointment of a temporary administrator is necessary or proper under the facts and circumstances of this case.

**WHEREFORE, PREMISES CONSIDERED,** Respondent Roderick Nugent, Jr., Individually and as Executor of the Estate of Marjorie M. Nugent, Deceased, prays that the Application for relief filed by Applicants Merrell Rhodes and Katie Sue Knapp, be denied in all respects, that they take nothing by their suit, and that this Respondent recover his costs herein expended, and for such and other further relief, both general and special, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

PETERSON FARRIS DOORES & JONES, P.C.
P. O. Box 9620
Amarillo, Texas 79105
806-374-5317; FAX: 806-372-2107

By: _____
Bart N. Pruitt, SB# 16367900

James T. Campbell, SB# 03705800

ATTORNEYS FOR RODERICK NUGENT, JR.,
Individually and as Executor of the Estate of
Marjorie M. Nugent, Deceased

## CERTIFICATE OF SERVICE

I hereby certify that on the ___24___ day of May, 1999, a true and correct copy of the foregoing document was delivered to the following by certified mail, return receipt requested:

Robert A. Sherman
312 West Sabine
P. O. Box 351
Carthage, TX 75633

W. Mark Cotham
Mark C. Harwell
Kirk W. Evans
Cotham, Harwell & Evans
8550 Katy Fwy, Suite 128
Houston, TX 77024

_____
Bart N. Pruitt

VOL **102** PG 11

FILED FOR RECORD
IN MY OFFICE

AT __11:50__ O'CLOCK __A__ M.__

JUN 1 8 1999

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS
BY_____ DEPUTY
                    15.00 billed

CAUSE NO.8756

| | | |
|---|---|---|
| IN RE THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| MARJORIE M. NUGENT | § | |
| | § | |
| DECEASED | § | PANOLA  COUNTY,  TEXAS |

### ORIGINAL ANSWER

Comes Now Regions Bank in Tyler, Texas (formerly Tyler Bank and Trust, N.A., Tyler, Texas) (Regions Bank") and files its Original Answer to Plaintiffs' (1) Application For Probate and For Issuance of Letters of Administration;  (II) Application for Imposition of Constructive Trust to Carry Out Intent of Decedent; (III) Claim for Tortious Interference with Inheritance Rights; (IV) Application for Declaratory Judgement; and (V) Application of Temporary Administrator Pending Contest of Will and would show the Court as follows:

I.      General Denial

1.      Regions Bank denies generally every allegation contained in Plaintiffs' Original Petition and demands strict proof thereof by a preponderance of the credible evidence.

WHEREFORE, PREMISES CONSIDERED, Regions Bank request that:

1.      Plaintiffs take nothing by this suit and that Regions Bank recover its costs.

2.      The Court grant such other and further relief to which Regions Bank may be justly entitled.

Respectfully Submitted,

**JOHN W. NOBLE**
State Bar No. 15051000
218 N. College Suite #302
Tyler, Texas  75702
Telephone No.:  (903) 592-6300
Fax No.:  (903) 592-6312
**ATTORNEY FOR REGIONS BANK
TYLER, TEXAS**

VOL 102 PAGE 218

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing answer has been mailed by certified mail, return receipt requested, on this 17th day of June, 1999.

Mr.Robert A. Sherman
Attorney at Law
312 West Sabine
P. O. Box 351
Carthage, Texas  75633

Mr. W. Mark Cotham
Mr. Mark C. Harwell
Mr. Kirk W. Evans
Cotham, Harwell & Evans
8550 Katy Fwy, Suite 128
Houston, Texas  77024

Mr. James T. Campbell
Attorney at Law
Peterson, Farris Coores & Jones, P.C.
P. O. Box 9620
Amarillo, Texas  79105

_____
John W. Noble

FILED FOR RECORD
IN MY OFFICE

at 1:30 O'CLOCK P. M.

AUG 4 1999

**CAUSE NO. 8756**

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY M. L. Baze DEPUTY
$ 3.00 Pd.

| | | |
|---|---|---|
| IN RE THE ESTATE OF | § | IN     THE     COUNTY     COURT |
| | § | |
| MARJORIE M. NUGENT, | § | OF |
| | § | |
| DECEASED | § | PANOLA     COUNTY,     TEXAS |

## ORDER

**IT IS ORDERED** that (I) Application  for Probate of Will and for Issuance of Letters of

Administration; (II) Application for Imposition of Constructive Trust to Carry Out Intent of

Decedent; (III) Claim for Tortious Interference with Inheritance Rights; (IV) Application for

Declaratory Judgment; and (V) Application for Appointment of Temporary Administrator Pending

Contest of Will, is hereby set for trial on the merits for 9:00 a.m. on September 22, 1999.

**SIGNED** this 4th day of August, 1999.

_____
JUDGE PRESIDING

FILED FOR RECORD
IN MY OFFICE

____ O'CLOCK ___ M._____
4:00              P.

AUG 13 1999

SUE GRAFTON
TY CLERK, PANOLA COUNTY, TEXAS
_____ DEPUTY
$39.00 Billed

VOL 102 PAGE 220

**CAUSE NO. 8756**

| | | |
|---|---|---|
| **IN RE THE ESTATE OF** | § | IN       THE       COUNTY      COURT |
| | § | |
| **MARJORIE M. NUGENT,** | § | OF |
| | § | |
| **DECEASED** | § | PANOLA    COUNTY,    TEXAS |

## PLAINTIFFS' MOTION TO COMPEL AND TO BAR

### Relief Requested

1.      Plaintiffs Merrell Rhodes and Katie Sue Knapp request that Defendant Roderick Nugent, Jr. be ordered to produce documents that have been properly requested, that Defendant's objections to the requests be overruled, and that Defendant be barred from introducing evidence concerning the subject matter of any objection that is sustained.

### Basis for Relief

2.      Plaintiffs served twenty document request on Defendant with the petition in this case. Attached as Exhibit "A" is a copy of Plaintiffs' document request. Attached as Exhibit "B" is a copy of Defendant's response to the document request.

3.      The Defendant Dr. Nugent has not produced a single document in response to the document request. This is despite the fact that there are several requests that the Defendant does not object to, and apparently agrees to produce the documents in response to the request. The Defendant further states that he will produce the documents to which he does not object at his attorney's offices in Amarillo, Texas. The Defendant has yet to produce document one.

4.      The Plaintiffs want to inspect the original documents which should be produced in response to the document request. The Plaintiffs are further willing to travel to Amarillo to do so,

even though that location has absolutely nothing to do with the venue for this lawsuit.  Plaintiffs further want, as is their right, to copy everything that is produced in response to the document request, and will do so at their own cost.

5.    Plaintiffs request documents that go directly to whether or not the 1991 Marjorie M. Nugent Will should be admitted in probate.  Defendant's objections to these requests involve the attorney-client and work product privileges.  The requests go to such issues as the testatrix's intent, whether her statements in her 1991 Will are true, and what she meant to do with her property.  There is no way that Dr. Nugent can have an attorney-client or work product privilege claim as to what his mother intended to do with her estate.  Dr. Nugent has no standing to make those objections, and the objections should all be overruled.

6.    Plaintiffs are willing to live with Defendant's objections if Defendant is barred from introducing any evidence on the issues on which he objects to in responding to Plaintiffs' discovery. Defendant should not be allowed to stand behind objections, and preclude Plaintiffs from obtaining discovery, on issues that go to the heart of whether or not the 1991 Will is the proper Will to admit in probate.  Plaintiffs move the Court, in the alternative, to bar Defendant from introducing any evidence on any issue on which he objects to producing discovery in response to Plaintiffs' request.

### Prayer

Plaintiffs respectfully request that all of the relief requested in this motion be granted, and for such other and further relief to which the Court my deem Plaintiffs are justly entitled to receive.

VOL **102** PAGE **222**

Respectfully submitted,

**Robert A. Sherman**
State Bar No. 18245100
312 West Sabine
P. O. Box 351
Carthage, TX 75633
Telephone No.: (903) 693-2206
Fax No.:  (903) 693-3292

**W. Mark Cotham**
State Bar No. 04858520
**Mark C. Harwell**
State Bar No.  09191700
**Kirk W. Evans**
State Bar No.  00787446
COTHAM, HARWELL & EVANS
A PROFESSIONAL CORPORATION
8550 Katy Fwy, Suite 128
Houston, Texas  77024
Telephone No.: (713) 647-7511
Fax No.: (713) 647-7512
**ATTORNEYS FOR APPLICANTS**

## CERTIFICATION OF CONFERENCE

I hereby certify that Plaintiffs' counsel conferred with counsel for Defendant in an attempt to resolve the discovery issues prior to the filing of this motion and despite these efforts, was unable to reach an agreement on this discovery dispute.

Robert A. Sherman

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Compel and to Bar has been served as follows, this 13th day of August, 1999.

Mr. John W. Noble                          **CMRRR# Z 403 204 259**
Attorney at Law
218 North Broadway, Suite 302
Tyler, Texas  75702

Mr. James T. Campbell                      **CMRRR# Z 403 204 260**
Peterson, Farris,
Doores & Jones, P.C.
P.O. Box 9620
Amarillo, Texas  79105

Robert A. Sherman

# EXHIBIT "A"

VOL 102 PAGE 223

CAUSE NO. 8756

FILED FOR RECORD
IN MY OFFICE

AT _3:35_ O'CLOCK _P._ M._____

**IN RE THE ESTATE OF**          §     IN    THE    COUNTY    COURT

                                  §          MAY 7   1999

**MARJORIE M. NUGENT,**           §              OF

                                  §          SUE GRAFTON

**DECEASED**                      §     PANOLA COUNTY CLERK, PANOLA COUNTY, TEXAS

                                        BY _Clara Jones_ DEPUTY

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO RODERICK NUGENT, JR.

**To:  Roderick Nugent, Jr.**

Merrell Rhodes and Katie Sue Knapp, Plaintiffs herein ("Plaintiffs"), hereby serve Plaintiffs' Request for Production of Documents upon Roderick Nugent, Jr. ("Defendant"), pursuant to, and in accordance with, Tex. R .Civ. P. 167.

1.    **Time of Production**.  Defendant shall produce the documents designated below on or before the close of business on the 50th day after service of this request with the citation.

2.    **Place of Production**.  The documents designated shall be produced at the offices of Cotham, Harwell & Evans, A Professional Corporation, 8550 Katy Fwy., Suite 128, Houston, Texas 77024, or at such other place as mutually agreed upon by counsel for the parties.

3.    **Scope of Production**.  Defendant shall produce the designated documents that are under its care, custody, or control, including its constructive possession where Defendant has a right superior to Plaintiffs' right, if any, to compel production of said documents from a third party.

4.    **Dispute Resolution and Agreed Extensions**.  Plaintiffs' counsel hereby offers to discuss in good faith with counsel for Defendant any questions regarding perceived ambiguities in, or burdens associated with, Defendant's compliance with Plaintiffs' Request for Production in an effort to resolve any such issues or questions without the necessity for Court intervention.  Nothing

herein, however, shall constitute any waiver of Plaintiffs' right to insist on Defendant's complete and timely compliance in the absence of any prior express agreement to the contrary.

5. <u>Definitions</u>. The following definitions shall apply for purposes of this request,

(a) **"Among"** shall mean between or among.

(b) **"Any"** shall mean any and all.

(c) **"Communication"** shall mean any manner in which the mental processes of one individual are related to another, including a written or spoken word or otherwise.

(d) **"Document"** or **"Documents"** shall mean any medium upon which information is or can be recorded, including without limitation, papers, books, letters, notes, diaries, calendars, appointment schedules, correspondence, telegrams, cables, telex messages, memoranda, notebooks, minutes, ledges, worksheets, journals, canceled checks, reports, summaries, photographs, maps, computer printouts, inventory lists, transcripts of testimony, mechanical means of voice reproduction of any notes, summaries, and transcripts and excerpts prepared from any of the foregoing, and where copies of the same document are dissimilar in any respect, both of said documents.

(e) **"Evidencing"** shall mean proving, indicating, or probative of the existence or nature of something.

(f) **"Person"** shall include any individual, corporation, association, partnership, or other entity, unless otherwise specified herein. Any reference to a person includes that person's directors, officers, agents, representatives, attorneys, and other persons subject to said person's control, if any.

(g) **"Defendant"**, **"you"**, or **"yours"** refers to Roderick Nugent, Jr. and its officers, directors, agents and employees.

**"Plaintiffs' Interrogatories"** shall refer to Plaintiffs' First Set of Interrogatories to Defendant, served concurrently herewith.

**"Decedent"** shall refer to Marjorie M. Nugent.

The **"1991 Will"** shall refer to the Will of Marjorie M. Nugent dated April 19, 1991.

The **"1978 Will"** shall refer to the Will of Marjorie M. Nugent as to which Tyler Bank and Trust filed an application to probate on August 28, 1997.

2

# REQUEST FOR PRODUCTION

VOL. 102 PAGE 225

All documents reflecting any will or codicil executed at any time by the decedent.

All documents reflecting any portions, drafts, revisions or prior versions of any will or codicil executed at any time by the decedent or which the decedent caused to be prepared, through her attorney or agent or otherwise, but which she never executed.

All documents reflecting the intent of the decedent with respect to the 1991 Will.

All documents reflecting the persons who participated in the decision to file the application to probate the 1978 Will and all documents reflecting the activities and conduct of such persons with respect to such application.

All documents tending to show that the decedent did not intend to completely disinherit Roderick Nugent, Jr. at the time of the execution of the 1991 Will.

All documents tending to show that the decedent did not intend to completely disinherit her grandchildren at the time of the execution of the 1991 Will.

All documents tending to show that you had knowledge of the 1991 Will at the time of filing of the application to probate the 1978 Will.

All documents tending to show that you had possession of the 1991 Will or a copy of same at the time of filing of the application to probate the 1978 Will.

All documents reflecting the assets or liabilities of the decedent.

All documents tending to show that the decedent did not revoke the 1978 Will.

All documents tending to show that the decedent did not, through the 1991 Will, revoke all of her previous wills.

All documents tending to show that Roderick Nugent, Jr. threatened to or actually did file a lawsuit or any type of claim against Marjorie Nugent.

All documents tending to show that one or more of the decedent's grandchildren threatened to or actually did file a lawsuit or any type of claim against Marjorie Nugent.

All documents tending to show that Roderick Nugent, Jr. is able to "amply provide for his family," including documents reflecting the following with respect to Roderick Nugent, Jr.:

    his income from 1990 to the present;

3

his assets at any time from 1990 to the present;

his debts and liabilities from 1990 to the present; and,

payments made to or for the benefit of his children or other dependants from 1990 to the present.

All documents tending to show that the decedent intended that her son and grandchildren not receive any property upon her death because of the genuinely poor treatment she received from them over the course of several years.

All documents tending to show that the decedent's son and grandchildren ceased to visit her prior to the execution of the 1991 Will.

All documents reflecting the address or phone number of Daniel Williams and Randall K. Harrison.

All documents tending to show that the 1991 Will was not executed in compliance with Section 59 of the Texas Probate Code.

All documents tending to show that the 1991 Will is not valid or has been revoked.

All documents tending to show that the current will contest has not been filed or prosecuted in good faith.

Dated: May 7, 1999.

Respectfully submitted,

**Robert A. Sherman**
State Bar No. 18245100
312 West Sabine
P. O. Box 351
Carthage, TX 75633
Telephone No.: (903) 693-2206
Fax No.: (903) 693-3292

**W. Mark Cotham**
State Bar No. 04858520
**Mark C. Harwell**
State Bar No. 09191700
**Kirk W. Evans**
State Bar No. 00787446
COTHAM, HARWELL & EVANS
A PROFESSIONAL CORPORATION
8550 Katy Fwy, Suite 128
Houston, Texas 77024
Telephone No.: (713) 647-7511
Fax No.: (713) 647-7512

ATTORNEYS FOR APPLICANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's First Request for Production of Documents to Roderick Nugent, Jr., has been served this 7th day of May, 1999, as follows:

Mr. John W. Noble
Attorney at Law
218 North Broadway, Suite 302
Tyler, Texas  75702

Mr. James T. Campbell
Peterson, Farris, Doores & Jones, P.C.
P.O. Box 9620
Amarillo, Texas  79105

Robert A. Sherman

6

# EXHIBIT "B"

CAUSE NO. 8756

| | | |
|---|---|---|
| IN RE THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| MARJORIE M. NUGENT, | § | OF |
| | § | |
| DECEASED | § | PANOLA COUNTY, TEXAS |

### RODERICK NUGENT, JR.'S RESPONSE TO
### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Roderick Nugent, Jr., Individually and as Executor of the Estate of Marjorie M. Nugent, Deceased (hereinafter "Defendant"), and files this his Response to Plaintiffs' First Request for Production of Documents.

### I.
### OBJECTIONS

Roderick M. Nugent, Jr., ("Dr. Nugent"), objects to the time and place of production as set forth in Plaintiffs' First Request for Production of Documents for the following reasons:

a.  Dr. Nugent is not required, and the rules do not provide, that the place of production of documents shall be at the offices of the attorney for the Plaintiffs. The offices of the attorney for the Plaintiffs are some six hundred miles from the office and home of Dr. Nugent. Additionally, the place of production is not even within the same county as the county of suit. For these reasons, all documents which shall be produced hereunder, shall be produced as they are kept in the ordinary course of business by Dr. Nugent for inspection and copying, at Plaintiffs' expense, at the offices of Peterson, Farris, Doores and Jones, 400 Amarillo National Plaza Two, 6th and Taylor, Amarillo, Texas, 79101.

VOL 102 PAGE 228

b.  Dr. Nugent further objects to the time for production for the reason that the documents requested are voluminous and cannot reasonably be produced within the parameters set forth in Plaintiffs' First Request for Production of Documents. The documents will be produced at a mutually agreeable time and upon a mutually agreeable date.

c.  Dr. Nugent further objects to the Request for Production to the extent it makes definitions which broaden the scope of discovery beyond that intended by the Texas Rules of Civil Procedure and to the extent said definitions require the production of documents that fall within the attorney-client privilege, the party investigative privilege and/or the attorney work product privilege.

d.  Dr. Nugent further objects to the Request for Production of Documents for the reason that the requests are not numbered, as required by the Texas Rules of Civil Procedure. In this response Dr. Nugent has treated the requests as though they were numbered.

Subject to these objections, Dr. Nugent answers Plaintiffs' First Request for Production of Documents as follows:

## II.
## RESPONSES

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:     To the extent Dr. Nugent has any such documents in his possession or under his control, these documents will be produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:     To the extent Dr. Nugent has any such documents in his possession or under his control, these documents will be produced.

VOL 102 PAGE 229

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:     Dr.   Nugent   objects   to Request for Production No. 3 to the extent it seeks to discover documents  protected by the attorney-client privilege and/or the attorney work product privilege and/or the party investigative privilege.  Subject to these objections, these documents will be produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:     Dr.   Nugent   objects   to Request No. 4 to the extent  it seeks the production of documents protected from disclosure by the attorney-client privilege, the attorney work product privilege, and/or the party investigative privilege, and/or the joint defense privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:     Dr.   Nugent   objects   to Request for Production No. 5 to the extent it seeks to discover documents protected from disclosure by the attorney work product privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:     Dr.   Nugent   objects   to Request for Production No. 6 to the extent it seeks to discover documents protected from disclosure by the attorney work product privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:     Dr.   Nugent   objects   to Request for Production No. 7 to the extent it seeks to discover documents protected from disclosure by the attorney work product privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**     Dr.   Nugent   objects   to Request for Production No. 8 to the extent it seeks to discover documents protected from disclosure by the attorney work product privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**     These   documents   will   be produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**     Dr.   Nugent   objects   to Request for Production No. 10 to the extent it seeks to discover documents protected from disclosure by the attorney work product privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**     Dr.   Nugent   objects   to Request for Production No. 11 to the extent it seeks to discover documents protected from disclosure by the attorney work product privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**     Dr.   Nugent   objects   to Request for Production No. 12 to the extent it seeks the production of documents protected from disclosure by the attorney-client privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**     Dr.   Nugent   objects   to Request for Production No. 13 to the extent it seeks to discover documents protected from disclosure by the attorney-client privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**   Dr.   Nugent   objects   to Request for Production No. 14 for the reason that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   Furthermore, Dr. Nugent objects to Request for Production No. 14 because it invades upon his right to privacy and is made for the purpose of harassment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**   Dr.   Nugent   objects   to Request for Production No. 15 to the extent is seeks the production of documents protected from disclosure by the attorney-client privilege, the work product privilege and the party investigative privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**   Dr.   Nugent   objects   to Request for Production No. 16 to the extent is seeks the production of documents protected from disclosure by the attorney-client privilege, the work product privilege and the party investigative privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**   To the   extent   any   such documents are within the possession or control of Dr. Nugent, they will be produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**   Dr.   Nugent   objects   to Request for Production No. 18 to the extent it seeks the production of documents protected from disclosure by the attorney work product privilege.

RODERICK NUGENT JR.'S RESPONSE TO PLAINTIFFS' FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS – PAGE 5

VOL 102 PAGE 232

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**   Dr.   Nugent   objects   to

Request for Production No. 19 to the extent it seeks the production of documents protected

from disclosure by the attorney-client privilege, the work product privilege and the party

investigative privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**   Dr.   Nugent   objects   to

Request for Production No. 20 to the extent it seeks the production of documents protected

from disclosure by the attorney-client privilege, the work product privilege and the party

investigative privilege.

<div style="margin-left: 40%;">

Respectfully submitted,

PETERSON FARRIS DOORES & JONES, P.C.
P. O. Box 9620
Amarillo, Texas 79105
806-374-5317;  FAX: 806-372-2107

By: _____
       Bart N. Pruitt, SB# 16367900

       James T. Campbell, SB# 03705800

ATTORNEYS FOR RODERICK NUGENT, JR.,
Individually and as Executor of the Estate of
Marjorie M. Nugent, Deceased

</div>

VOL 102 PAGE 233

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 1999, a true and correct copy of the foregoing document was delivered to the following by certified mail, return receipt requested:

Robert A. Sherman
312 West Sabine
P. O. Box 351
Carthage, TX  75633

W. Mark Cotham
Mark C. Harwell
Kirk W. Evans
Cotham, Harwell & Evans
8550 Katy Fwy, Suite 128
Houston, TX  77024

and by regular mail to

Mr. John W. Noble
Attorney at Law
218 North Broadway, Suite 302
Tyler, TX  75702

James T. Campbell

VOL **102** PAGE **234**

FILED FOR RECORD
IN MY OFFICE

_3:10_ O'CLOCK _A_ M._____

AUG 1 3 1999

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS
_M. A. Baxer_
BY _____ DEPUTY
_$3.00 Billed_

**CAUSE NO. 8756**

| | | |
|---|---|---|
| **IN RE THE ESTATE OF** | § | **IN THE COUNTY COURT** |
| | § | |
| **MARJORIE M. NUGENT,** | § | **OF** |
| | § | |
| **DECEASED** | § | **PANOLA COUNTY, TEXAS** |

### ORDER SETTING HEARING

**IT IS ORDERED** that Plaintiffs' Motion to Compel and to Bar is set for hearing before this

Court at _____9_____ o'clock _A_.m. on the _24th_ day of August, 1999.

**SIGNED** this _13th_ day of August, 1999.

_____
**JUDGE PRESIDING**

VOL 105 PAGE 602

FILED FOR RECORD
IN MY OFFICE

11:10 O'CLOCK A. M.

CAUSE NO. 8756

SEP 1 1999

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

By M. L. Boyer _____ DEPUTY
$ 9.00 Pd.

| | | |
|---|---|---|
| IN RE THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| MARJORIE M. NUGENT, | § | OF |
| | § | |
| DECEASED | § | PANOLA COUNTY, TEXAS |

**MERRELL RHODES AND KATIE SUE KNAPP'S MOTION TO BIFURCATE TRIAL**

**To The Honorable Terry Bailey:**

Come Now, Merrell Rhodes and Katie Sue Knapp ("Applicants"), file this their motion to bifurcate trial and would respectfully show the Court as follows:

1.     This is a will contest.  Applicants seek to probate the last known will of the decedent, executed in 1991, and to have a constructive trust declared over the probate estate assets for the benefit of Applicants.  In addition, Applicants seek a judgment against Roderick M. Nugent, Jr. and Tyler Bank and Trust, N.A., ("Respondents") who have wrongfully sought to probate a revoked 1978 will.  Applicants seek a declaration that decedent revoked the 1978 will and an award of damages against Respondents for wrongfully interfering with Applicants' inheritance.

2.     Applicants request that the Court bifurcate the case so as to have two separate trials.  First, Applicants request that the Court adjudicate those issues (1) pertaining to which will should be probated, and (2) determining the identity and rights of the beneficiaries.  Second, if the Court decides that the 1991 will should be probated and that Applicants are the beneficiaries of the probate estate, then the Court can conduct a second trial at a later date, if appropriate, as to the tortious interference claim.

3.     The bifurcation of the trial will serve the best interests of the parties and of justice.  Bifurcation of the trial avoids the expenditure of time and expense as to what might prove to be unnecessary issues.  Additionally, should Applicants prevail in the first trial,

VOL **105** PAGE **603**

Applicants will then be in a better position to determine the extent of damages that they may have suffered.

Wherefore, premises considered, Applicants respectfully pray for this Court to order the bifurcation of this case, as set forth above, and for all further relief to which they have demonstrated their entitlement.

Dated: _September 1_, 1999.

Respectfully submitted,

**Robert A. Sherman**
State Bar No. 18245100
312 West Sabine
P. O. Box 351
Carthage, TX 75633
Telephone No.: (903) 693-2206
Fax No.:  (903) 693-3292

**W. Mark Cotham**
State Bar No. 04858520
**Mark C. Harwell**
State Bar No. 09191700
**Kirk W. Evans**
State Bar No. 00787446
COTHAM, HARWELL & EVANS
A PROFESSIONAL CORPORATION
8550 Katy Fwy, Suite 128
Houston, Texas  77024
Telephone No.: (713) 647-7511
Fax No.: (713) 647-7512

ATTORNEYS FOR APPLICANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Bifurcate Trial has been served as follows this ___/___ day of _Sept._, 1999:

Mr. John W. Noble
Attorney at Law
218 North Broadway, Suit 302
Tyler, Texas 75702

Mr. James T. Campbell
Peterson, Farris, Doores & Jones, P.C.
P.O. Box 9620
Amarillo, Texas 79105

Robert Sherman

Case 1:23-cv-01004-RP   Document 31-8   Filed 11/13/23   Page 255 of 277

VOL 2015 PAGE 605    FILED FOR RECORD
IN MY OFFICE

AT 1:20 O'CLOCK A M.

DEC 1 3 1999

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY M. R. Baze                    DEPUTY

$2.00
Billed

CAUSE NO. 8756

| | | |
|---|---|---|
| IN RE:  ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| MARJORIE NUGENT, | § | OF |
| | § | |
| DECEASED | § | PANOLA COUNTY, TEXAS |

## AUTHENTICATED CLAIM OF FIRST NATIONAL BANK OF CARTHAGE

Farmers State Bank, successor in interest to First National Bank of Carthage, Texas,  presents this claim to the Executor of the above-captioned estate, and shows:

### I.

This claim is based on reimbursement of funds paid to the Department of the Treasury on the reclamation for Social Security Administration post-death payments, a true and correct copy of which is attached as Exhibit "A" and incorporated by reference the same as if fully copied and set forth at length.

### II.

The amount of the claim is $1,649.47 together with interest thereon at the rate of six percent (6%) per annum from and after June 7, 1998 plus $3,155.00, together with interest thereon at the rate of six percent (6%) per annum from and after October 8, 1999. Claimant has paid and contracted to pay the Law Offices of Mike Parker, P.C. the reasonable and necessary sum of $1,000.00 to

AUTHENTICATED CLAIM - Page 1

prepare, present, and collect this claim. Accordingly, Claimant is entitled to an additional $1,000.00 as attorney's fees.

<div align="center">III.</div>

Claimant desires to have the claim allowed and approved as a matured claim to be paid in due course of administration.

WHEREFORE, Claimant requests that the claim described above be allowed by the representative and approved and classified by the Court for its payment in due course of administration, in the sums set out above, together with attorney's fees of $1,000.00.

Respectfully submitted,

**LAW OFFICES OF MIKE PARKER**
**a Professional Corporation**
109 South Sycamore Street
Post Office Box 1011
Carthage, Texas    75633
Telephone:  (903) 693-4294
Facsimile:  (903) 693-4358

MIKE PARKER
Texas State Bar No. 15494400

VOL 105 PAGE 607

## AUTHENTICATION

STATE OF TEXAS          §
                        §
COUNTY OF PANOLA        §

    BEFORE ME, the undersigned Notary Public, on this day personally appeared _Sandi Bardwell_, who, being by me duly sworn, stated she is an authorized agent for Farmers State Bank, successor in interest to First National Bank of Carthage, Texas; that the claim described above is just and all legal offsets, payments and credits known to affiant have been allowed; and that the facts stated in the foregoing claim are true and correct.

_Sandi Bardwell_

    SUBSCRIBED AND SWORN TO BEFORE ME by the above-named affiant on the 10th day of December, 1999, to certify which witness my hand and official seal.

_Daphne Ray_
Notary Public, State of Texas

DAPHNE RAY
Notary Public
STATE OF TEXAS
My Comm. Exp. 8-16-2001

AUTHENTICATED CLAIM - Page 3

VOL 105 PAGE 608

"For Paperwork Reduction Act Statement and Burden Estimate Statement See Reverse Side "Notice to Account Owners" Copy         6

OMB NO: 1510-0043
02/23/96    EXPIRATION DATE: 2/23/xx

# DIRECT DEPOSIT

**ELECTRONIC FUNDS TRANSFER**
**FEDERAL RECURRING PAYMENTS**

RECLAIM

**NOTICE OF RECLAMATION** DATE 8-19-99

FROM:   **U.S. TREASURY DEPARTMENT**
**FINANCIAL MANAGEMENT SERVICE**
**REGIONAL FINANCIAL CENTER**
**P.O. BOX 12599**
**KANSAS CITY, MO   64116-0599**

DATE:   **10/02/97**

| RECIPIENT AND/OR BENEFICIARY NAME | CLAIM NUMBER | DATE OF DEATH |
|---|---|---|
| **MARJORIE M NUGENT** | | **11-19-96** |

| DATE OF PAYMENT | AGENCY AND/OR TYPE OF PAYMENT | TRACE NUMBER | TYPE OF ACCOUNT | DEPOSITOR ACCOUNT NUMBER | AMOUNT |
|---|---|---|---|---|---|
| 12-03-96 | RSI=SSA | 10103621 | C | 14 | 1,555.00 |
| 01-03-97 | RSI=SSA | 10103621 | C | 14 | 1,600.00 |
| 02-03-97 | RSI=SSA | 10103621 | C | 14 | 1,600.00 |
| 03-03-97 | RSI=SSA | 10103621 | C | 14 | 1,600.00 |
| 04-03-97 | RSI=SSA | 10103621 | C | 14 | 1,600.00 |
| 05-02-97 | RSI=SSA | 10103621 | C | 14 | 1,600.00 |

XXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXX

FORWARDED TO USSS:   FEB 1 0 1999

(DATE)OUTSTANDING TOTAL    SEE PG. 002

**A** Immediately mail NOTICE TO ACCOUNT OWNERS (last copy of this form) to current address of the account owner. Inform the account owner(s) of any actions your financial institution has taken or intends to take. Sign Certification No. 1 on the back of the DISBURSING OFFICE COPY.

**B** Correct any error in the fact of death or date of death and/or outstanding total on the back of the DISBURSING OFFICE COPY.

**C** Take, as appropriate, one of the four steps below:

**1** If the outstanding total was previously returned to the Government, attach copies of the front and back of the cancelled checks and/or proof that the payment was returned by ACH. Proceed with step D below.

**2** If the amount in the account is equal to or exceeds the outstanding total, prepare one ACH return for each full payment described above. The ACH return method should always be used when returning one or more full payments. Proceed with step D below.

**3** If the amount in the account is less than the outstanding total, and there is:
a.(1)   only one payment listed above, then return the partial payment by check. (See 3b).
a.(2)   more than one payment listed above, then prepare ACH return(s) for amount(s) equal to each full payment. Any remaining amount that does not equal a full payment must be returned by check. (See 3b).
b.   Prepare a check made payable to:   **U.S. DEPARTMENT OF THE TREASURY**
ONLY FOR AMOUNTS LESS THAN ONE FULL PAYMENT.
(Note: The amount in the account includes any additions to the account balance made after the receipt of this NOTICE.)
Provide the names and addresses of the withdrawers on the back of the DISBURSING OFFICE COPY. If it is a true statement of fact, you must sign Certification No. 2 on the back of the DISBURSING OFFICE COPY. Proceed with Step D below.

**4** If the amount in the account is zero and no funds are available to return to the Government, provide the names and addresses of the withdrawers on the back of the DISBURSING OFFICE COPY. If it is a true statement of fact, you must sign Certification No. 2 on the back of the DISBURSING OFFICE COPY. Proceed with Step D below.

**D** Unless the outstanding total is returned by ACH within 45 days of the date on this NOTICE, return the PROGRAM AGENCY and DISBURSING OFFICE COPIES of this form to the disbursing office address shown in the upper right hand corner of the form.

YOUR FINANCIAL INSTITUTION IS LIABLE TO THE GOVERNMENT FOR THE ABOVE PAYMENT(S) AND FOR ALL GOVERNMENT BENEFIT PAYMENTS RECEIVED AFTER THE DEATH OR LEGAL INCAPACITY OF THE RECIPIENT OR THE DEATH OF THE BENEFICIARY AS SET FORTH IN 31 CFR PART 210. YOU MUST TAKE THE APPROPRIATE STEPS OUTLINED IN A THROUGH D ABOVE AND IN THE GREEN BOOK INSTRUCTIONS IN ORDER TO LIMIT YOUR LIABILITY. (See GREEN BOOK: RECLAMATIONS CHAPTER for detailed instructions.)

IF YOU DO NOT RESPOND APPROPRIATELY WITHIN 60 DAYS FROM THE DATE OF THIS REQUEST, YOU WILL NOT LIMIT YOUR LIABILITY AND YOUR FEDERAL RESERVE ACCOUNT OR THE ACCOUNT OF YOUR CORRESPONDENT WILL BE DEBITED FOR THE OUTSTANDING TOTAL.

ROUTING NUMBER: 1119 0414 7
TO:   **DIRECT DEPOSIT COORDINATOR**
**FIRST NATIONAL BANK**
ACH RETURNS     **P O DRAWER A**
ENTRY DATE     **CARTHAGE          TX  75633-0000**

SEP 0 8 1999

**EXHIBIT A**

TO BE COMPLETED BY PROGRAM AGENCY
$ 0.00         $ 705.53
Amount Recovered    Amount to Recover

Signature          8-19-99
Date

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
PROGRAM MANAGEMENT DIVISION
FMS 133 OF 002

AGENCY COPY

VOL 1059 PAGE 809

For Paperwork Reduction Act Statement and Burden Estimate Statement See Reverse Side "Notice to Account Owners" C

OMB NO.: 1510-0043
02/25/96  EXPIRATION DATE: 2/

## DIRECT DEPOSIT

ELECTRONIC FUNDS TRANSFER
FEDERAL RECURRING PAYMENTS

## NOTICE OF RECLAMATION

FROM:  U.S. TREASURY DEPARTMENT
FINANCIAL MANAGEMENT SERVICE
REGIONAL FINANCIAL CENTER
P.O. BOX 12599
KANSAS CITY, MO. 64116-0599

DATE:  10/02/97

| RECIPIENT AND/OR BENEFICIARY NAME | | | | CLAIM NUMBER | | DATE OF DEATH |
|---|---|---|---|---|---|---|
| MARJORIE M NUGENT | | | | D | | 11-19-96 |

| DATE OF PAYMENT | AGENCY AND/OR TYPE OF PAYMENT | TRACE NUMBER | TYPE OF ACCOUNT | DEPOSITOR ACCOUNT NUMBER | AMOUNT |
|---|---|---|---|---|---|
| 06-03-97 | RSI SSA | 10103621 | C | 14 | 1,600.00 |
| 07-03-97 | RSI SSA | 10103621 | C | 14 | 1,600.00 |
| 08-01-97 | RSI SSA | 10103621 | C | 14 | 1,600.00 |

THIS BLOCK FOR FINANCIAL INSTITUTION USE
FORWARDED TO USSS

FEB 10 1998
(DATE)
OUTSTANDING TOTAL  14,355.00

**A** Immediately mail NOTICE TO ACCOUNT OWNERS (last copy of this form) to current address of the account owner. Inform the account owner(s) of any actions your financial institution has taken or intends to take. Sign Certification No. 1 on the back of the DISBURSING OFFICE COPY.

**B** Correct any error in the fact of death, date of death and/or outstanding total on the back of the DISBURSING OFFICE COPY.

**C** Take, as appropriate, one of the four steps below:

**1** If the outstanding total was previously returned to the Government, attach copies of the front and back of the cancelled checks and/or proof that th payment was returned by ACH. Proceed with step D below.

**2** If the amount in the account is equal to or exceeds the outstanding total, prepare one ACH return for each full payment described above. The ACH return method should always be used when returning one or more full payments. Proceed with step D below.

**3** If the amount in the account is less than the outstanding total, and there is
   a.(1) only one payment listed above, then return the partial payment by check. (See 3b).
$3,151.16 a.(2) more than one payment listed above, then prepare ACH return(s) for amount(s) equal to each full payment. Any remaining amount that does not equal a full payment must be returned by check. (See 3b).
010889 b. Prepare a check made payable to:  **U.S. DEPARTMENT OF THE TREASURY**
   ONLY FOR AMOUNTS LESS THAN ONE FULL PAYMENT.
   (Note: The amount in the account includes any additions to the account balance made after the receipt of this NOTICE.)
   Provide the names and addresses of the withdrawers on the back of the DISBURSING OFFICE COPY. If it is a true statement of fact, you must sign Certification No. 2 on the back of the DISBURSING OFFICE COPY. Proceed with Step D below.

**4** If the amount in the account is zero and no funds are available to return to the Government, provide the names and addresses of the withdrawers on the back of the DISBURSING OFFICE COPY. If it is a true statement of fact, you must sign Certification No. 2 on the back of the DISBURSING OFFICE COPY. Proceed with Step D below.

**D** Unless the outstanding total is returned by ACH within 45 days of the date on this NOTICE, return the PROGRAM AGENCY and DISBURSING OFFICE COPIES of this form to the disbursing office address shown in the upper right hand corner of the form.

YOUR FINANCIAL INSTITUTION IS LIABLE TO THE GOVERNMENT FOR THE ABOVE PAYMENT(S) AND FOR ALL GOVERNMENT BENEFIT PAYMENTS RECEIVED AFTER THE DEATH OR LEGAL INCAPACITY OF THE RECIPIENT OR THE DEATH OF THE BENEFICIARY AS SET FORTH IN 31 CFR PART 210. YOU MUST TAKE THE APPROPRIATE STEPS OUTLINED IN A THROUGH D ABOVE AND IN THE GREEN BOOK INSTRUCTIONS IN ORDER TO LIMIT YOUR LIABILITY. (See GREEN BOOK, RECLAMATIONS CHAPTER for detailed instructions.)

IF YOU DO NOT RESPOND APPROPRIATELY WITHIN 60 DAYS FROM THE DATE OF THIS REQUEST, YOU WILL NOT LIMIT YOUR LIABILITY AND YOUR FEDERAL RESERVE ACCOUNT OR THE ACCOUNT OF YOUR CORRESPONDENT WILL BE DEBITED FOR THE OUTSTANDING TOTAL.

ROUTING NUMBER: 1119 0414 7
TO: DIRECT DEPOSIT COORDINATOR
FIRST NATIONAL BANK
P.O. DRAWER A
CARTHAGE  TX. 75633-0000

| TO BE COMPLETED BY PROGRAM AGENCY | |
|---|---|
| $ | $ |
| Amount Recovered | Amount to Recover |
| | |
| Signature | Date |

RETURNS
ENTRY DATE
SEP 08 1999
FRB DALLAS

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
PROGRAM MANAGEMENT DIVISION
FMS 1922  OF 002

PROGRAM AGENCY COPY

SEE ..CK FOR DISBURSING OFFICE U

**A.** Notice of Reclamation

**I.** Total Amount Due $14,355.00 — Total Amount Refunded $3,151.16 — To Be Recovered By Agency $11,203.84

**II.** The amount of $ 3,151,116— was deposited for credit in the account of the _____ on _____ DISBURSING OFFICER

Certificate of Deposit No. 735677 dated 02/11/98

DR. 4.20 Confirmed Deposits
CR. 4.10 Net D.O. Transaction – Station Code 600 DISBURSING OFFICER

Trust Fund or Appropriation Symbol 006 02-11-98 S4
DATE

**B.** Further Action
☑ No further action being taken.
☑ Request for Debit for $ _____ forwarded to FRB on _____

---

## THIS BLOCK FOR FINANCIAL INSTITUTION USE

If information on the face of this form is WRONG, check appropriate box, and enter the corrections below.

☐ Recipient/beneficiary did not die; financial institution will not take further action.

☐ Date of death is wrong. Date of death from death certificate is _____

☐ Adjusted Outstanding Total (total of payments received after the correct date of death).
(The Adjusted Outstanding Total is used by the financial institution if it is less than the OUTSTANDING TOTAL shown on the face of the form.): $ _____

☐ Adjusted outstanding total is greater than outstanding total on face of this form. (See Green Book for detailed instructions.)

IF LESS THAN THE OUTSTANDING TOTAL IS BEING PAID, PROVIDE THE NAMES AND ADDRESSES OF THE PERSONS WHO WITHDREW FROM THIS ACCOUNT: Bernie Tiede, Panola County Jail, Carthage, TX 75633

As per legal advisor Mike Parker, Attorney for Bank

(If the names of withdrawers cannot be determined, provide names of co-owners or persons with access to the account and explain why names of withdrawers cannot be provided.)

**CERTIFICATION NO. 1**

This certifies that the Notice to Account Owners form was mailed to the owners of the account at the addresses on the records of this financial institution on 8-18-97
If a correction has been made to the fact or date of death, this certifies that the date of death entered above is correct and that this financial institution took prudent measures to assure that the person is alive or that the date of death was erroneous.

Signed _____
Title President
Date 02/04/98

**CERTIFICATION NO. 2**

In accordance with 31 CFR 210, this certifies that this financial institution received the Notice of Reclamation on 10-6-97 and first learned of the death on 8-18-97. The financial institution had no knowledge of the death or legal incapacity of the recipient or death of the beneficiary at the time any of the payments listed were credited to or withdrawn from the account. An amount equal to the amount remaining in the account, including any additions to the account balance since the receipt of this notice, has been paid to the Government.

Signed _____
Title Pres.
Date 11/9/1998

VOL 105 PAGE 610

VOL **105** PAGE **611**

For Paperwork Reduction Act Statement and Burden Estimate Statement
See Reverse Side "Financial Institution Copy"

OMB No.: 1510-0043
Expiration Date: 11/30/92

| FMS FORM 135 EDITION OF 3-89 IS OBSOLETE 2-90 | | REQUEST FOR DEBIT ELECTRONIC FUNDS TRANSFER FEDERAL RECURRING PAYMENTS |
|---|---|---|
| DEPARTMENT OF THE TREASURY FINANCIAL MANAGEMENT SERVICE PHONE #816-414-2150 | ds | |

| TO: FEDERAL RESERVE BANK | ROUTING NO. OF FINANCIAL INSTITUTION |
|---|---|
| ACH COORDINATOR FRB OF DALLAS P.O. BOX 655906 DALLAS TX 75265-5906 | 7 |
| | AMOUNT TO BE DEBITED $ 3,155.00 |
| | CLAIM NUMBER D |
| FROM: DEPARTMENT OF THE TREASURY P.O. BOX 12599-0599 KANSAS CITY, MO 64116-0599 | NAME OF REPRESENTATIVE PAYEE AND/OR BENEFICIARY MARJORIE M NUGENT |
| | DEPOSITOR ACCOUNT NUMBER 14 |
| AUTHORIZED BY: *Sandra Thruston* FOR: JACK ADAMS DIRECTOR, FINANCIAL CENTER | TYPE OF ACCOUNT CHECKING |
| DATE: ~~XXXXXXXXX~~ 08-31-99 | DATE OF TFS-133 10/02/97 |

Please debit the appropriate account for the above identified financial institution for the above amount which represents liability to the Government for recurring payments issued after the date of non-entitlement due to the death or legal incapacity for the individual shown.

Please complete the attached SF-215, Certificate of Deposit, debit the appropriate account for the above financial institution, make the appropriate entry on the Treasury's daily transcript, and complete the information below on all copies of the Request for Debit.

The original and D copy of the Request for Debit and the attachments should be forwarded to the above financial institution. The A & B copies of the Request for Debit should be returned to the Treasury Financial Center above. The C copy is for your records.

ENCLOSURE
TO BE COMPLETED BY FRB

| CERTIFICATE OF DEPOSIT NO. | DATE OF DEPOSIT |
|---|---|
| D 679682 | 08-31-99 |

ACH RETURNS
ENTRY DATE

SEP 08 1999

FRB DALLAS

FINANCIAL INSTITUTION COPY

```
  AEQ451C                       INTEGRATED ACCOUNTING SYSTEM
    AE451A                            ADVICE TEXT                              09/08/99
* BATCH NR 224600004 REF NR 0001   TRAN CD 57064   TRAN DESC ACH ADJUSTMENTS   10:38:03
** FARMERS STATE BANK-CARTHAGE BRANCH     **     INST NR                              *
** P.O. DRAWER A                          **               .47   BRCH NR 0000         *
** CARTHAGE                               **     DEBIT                                *
* PROC DATE 09/08/99      TX   75633      **     AMOUNT                               *
                     AVAIL DATE   09/08/99     RSN/FLT CD          3,155.00           *
                                                        RESP NR                       *
```

ELECTRONIC FUNDS - ACH

CHARGING YOUR ACCOUNT FOR REQUEST FOR

DEBIT FROM TREASURY

DEPOSIT TICKET NUMBER DPTK

PREPARER BAM                    CREDIT



# County of Panola

### Carthage, Texas
75633

SUE GRAFTON
COUNTY CLERK

DECEMBER 31, 1999


RODERICK M. NUGENT, JR.
800 S AVONDALE
AMARILLO, TEXAS  79106

    REF:  CLAIM - PROBATE CAUSE NO. 8756 - MARJORIE NUGENT

DEAR MR. NUGENT, JR.

PLEASE BE ADVISED THAT FARMERS STATE BANK SUCCESSOR IN INTEREST TO
FIRST NATIONAL BANK, P. O. DRAWER A, CARTHAGE, TEXAS  75633, HEREIN
CALLED CLAIMANT, HAS FILED A CLAIM AGAINST THE ESTATE OF MARJORIE
NUGENT, DECEASED.

YOU HAVE THIRTY (30) DAYS FROM DECEMBER 13, 1999, TO COME BY THIS
OFFICE AND EITHER APPROVE OR REJECT THIS CLAIM.

ENCLOSED IS A COPY OF THE CLAIM WE RECEIVED.

RESPECTFULLY SUBMITTED,



SUE GRAFTON, COUNTY CLERK
SG:mlb
ENCLOSURES

CC:  JAMES T. CAMPBELL - PETERSON, FARRIS, DOORES & JONES
     MIKE PARKER

    ACCEPTED_____

    REJECTED_____

FILED FOR RECORD
IN MY OFFICE

AT _2:40_ O'CLOCK _P_ _M._____

JAN 6 2000

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS
BY _____ DEPUTY

**CAUSE NO. 8756**

| IN RE THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| MARJORIE M. NUGENT, | § | OF |
| | § | |
| DECEASED. | § | PANOLA COUNTY, TEXAS |

## APPLICATION FOR APPOINTMENT OF TEMPORARY ADMINISTRATOR
## PENDING CONTEST OF WILL AND FOR AN ACCOUNTING

Applicants Katie Sue Knapp and Merrell Rhodes ("Applicants") file this their Application for Appointment of Temporary Administrator Pending Contest of Will and for an Accounting.

### INTRODUCTION

1.    Roderick M. Nugent, Jr. ("Dr. Nugent")is currently acting as the Independent Executor of the Estate of Marjorie M. Nugent under the Decedent's 1978 Will.  A Will contest is currently pending between the Applicants and Dr. Nugent.  The Texas Probate Code provides for the appointment of a temporary administrator in such instance.

2.    Applicants also believe that Dr. Nugent was an integral part of a scheme with the prior administrator of the estate which resulted in over one-half million dollars from the Nugent Estate to be paid for the benefit of his children.  Nugent Estate money was used to pay the tax liabilities associated with a separate trust for which Dr. Nugent's children are the beneficiaries.

3.    Applicants seek the removal of Dr. Nugent as independent executor and the appointment of a temporary administrator with the specific power and authority to investigate and prosecute claims against Dr. Nugent for his conduct throughout this proceeding including as

executor.  Applicants also seek an accounting from Dr. Nugent for the estate while he was acting as executor.

<div align="center">

BACKGROUND FACTS

</div>

4.    The Decedent, Marjorie M. Nugent, was murdered by Bernhardt Tiede, II ("Tiede") in late 1996.  Tyler Bank & Trust, NA, in tandem with Dr. Nugent, initiated this probate proceeding under a Will which Ms. Nugent made in 1978.  Ms. Nugent made two other Wills after her 1978 Will.

5.    Ms. Nugent left a written Will in 1991 (the "1991 Will") which (1) specifically disinherited her son, Dr. Nugent, and all of her grandchildren; (2) devised all of her property to Tiede; and (3) revoked all of her previous Wills.

6.    Ms. Nugent left a written Will in 1987 (the "1987 Will") which (1) left $1,000.00 cash each to her son, Dr. Nugent, and his wife; (2) left the remainder of her property in trust, ultimately for the benefit of her grandchildren; and (3) revoked all of her previous Wills.

7.    Ms. Nugent's only grandchildren, being the four children of Dr. Nugent, have disclaimed any right to inherit or otherwise receive any property of the Decedent under her Wills or through any other means.  Thus, the four grandchildren were not made parties to this action, do not have any stake in this action, and cannot take anything from Ms. Nugent's estate.

8.    Applicants are the Decedent's only two siblings.  Ms. Nugent either specifically or effectively disinherited her only son in both the 1991 and 1987 Wills.  Ms. Nugent's only four grandchildren were either disinherited, or specifically disclaimed any interest, in all of Ms. Nugent's

<div align="center">

2

</div>

Wills. Thus, under the 1991 or the 1987 Will, if either are found to be valid, Applicants, as Decedent's next heirs at law, are entitled to receive the entire estate of Ms. Nugent.

9.      Despite the existence of the 1991 Will and the 1987 Will, and the fact that both of these Wills revoked all prior Wills, Tyler Bank & Trust, in concert with Dr. Nugent, filed an application to probate the Decedent's 1978 Will on August 28, 1997. Tyler Bank & Trust initially acted as administrator of the Nugent Estate, until pursuant to an agreed application, Dr. Nugent was appointed independent executor of the Nugent Estate under the 1978 Will.

10.     In May, 1998, Tyler Bank & Trust, NA, acting in concert with Dr. Nugent, took over one-half million dollars from the Nugent Estate and used it to benefit Dr. Nugent's children. Tyler Bank & Trust and Dr. Nugent improperly used funds of Ms. Nugent's estate to satisfy the huge tax liabilities of a separate trust for which his children are beneficiaries. The Nugent Estate and the separate trust collectively had a large tax liability. The estate and trust entities should have each paid their pro rata share of the tax liability.   Instead, Tyler Bank & Trust and Dr. Nugent used funds solely from the Nugent Estate to satisfy the tax liability of both the estate and the trust. The trust paid nothing to satisfy its tax liability.

11.     On May 7, 1999, Applicants filed a Will contest seeking to admit the 1991 Will to probate and a declaration that the 1978 Will is invalid and was revoked by the 1991 Will. Applicants were still investigating and attempting to obtain a copy of the 1987 Will when they filed the application to probate the 1991 Will.

### ARGUMENT AND AUTHORITIES.

12.     The Texas Probate Code specifically provides for the appointment of a temporary administrator during the pendency of a will contest. *See* Texas Probate Code Sec. 132(a).

13.     There is a contest concerning the probate of a will, or more particularly, concerning which of a number of wills is the proper one to control in his probate proceeding.  Because of the time which may elapse in settling this controversy, it is necessary and will be advantageous and, therefore, in the interest of the Estate to require the appointment of a temporary administrator of the estate pending resolution of the will contest.

14.     In addition, the appointment of a temporary administrator is particularly appropriate here where the current executor, in concert with Tyler Bank & Trust, has unlawfully distributed valuable assets of the Estate for the benefit of his children.  Dr. Nugent is also the trustee of the trust in issue, creating an intolerable conflict with him acting as executor of the Nugent Estate.

15.     Applicants request that the Court appoint an individual who is not disqualified by law to act as temporary administrator of the Estate, with such appointment to continue in force during the pendency of the Will contest or until a permanent personal representative has been duly appointed and qualified or until further orders of this Court.

16.     Applicants further request that the Court vest the temporary administrator with such powers as the Court determines are appropriate and specifically grant the administrator the power to investigate and prosecute claims which the Estate may possess against Tyler Bank & Trust, Dr. Nugent, and any others who may have been involved in using estate assets to pay the trust tax liability, or otherwise absconding with, wrongfully dissipating or converting estate assets.

VOL. 105 PAGE 617

17.     Applicants further seek an order directing Dr. Nugent to turn over all assets of the Nugent Estate to the temporary administrator appointed by this Court.

18.     Applicants further demand and request that the Court order Dr. Nugent to render a full and complete sworn accounting for the Nugent Estate, to be delivered to the Court, the newly appointed temporary administrator, and applicants. Applicants request that the accounting include, without limitation, a detailed description of (1) the property belonging to the Estate which has come into Dr. Nugent's hands; (2) the disposition that has been made of such property; (3) the debts that have been paid; (4) the debts and expenses, if any, still owing by the Estate; (5) the property of the Estate still remaining in his hands; and (6) any and all other facts which may be necessary for a full and definite understanding of the exact condition of the Estate.

## Prayer

Applicants respectfully request that the Court appoint a temporary administrator with such powers as it determines are appropriate, including without limitation, the powers to investigate and prosecute any and all claims against Tyler Bank & Trust, Dr. Nugent, and any others who may have misused Estate property, that letters of administration be issued to the temporary administrator, that Dr. Nugent be ordered to turn over all property of the Estate to the temporary administrator and render a full and complete accounting of the Estate, and for such other and further relief, which applicants may show themselves justly entitled to receive.

Dated this 6th day of January, 2000.

VOL. 105 PAGE 618

Respectfully submitted,

**Robert A. Sherman**
State Bar No. 18245100
312 West Sabine
P. O. Box 351
Carthage, TX 75633
Telephone No.: (903) 693-2206
Fax No.:  (903) 693-3292

**W. Mark Cotham**
State Bar No. 04858520
**Mark C. Harwell**
State Bar No.  09191700
**Kirk W. Evans**
State Bar No.  00787446
COTHAM, HARWELL & EVANS
A PROFESSIONAL CORPORATION
8550 Katy Fwy, Suite 128
Houston, Texas  77024
Telephone No.: (713) 647-7511
Fax No.: (713) 647-7512
**ATTORNEYS FOR APPLICANTS**

6

VOL **105** PAGE **619**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Application for Appointment of Temporary Administrator Pending Contest of Will and for an Accounting has been served as follows, this 6th day of January, 2000, via U.S. First Class Mail, postage prepaid.

Mr. John W. Noble
Attorney at Law
218 North Broadway, Suite 302
Tyler, Texas  75702

Mr. James T. Campbell
Peterson, Farris,
Doores & Jones, P.C.
P.O. Box 9620
Amarillo, Texas  79105

Robert A. Sherman

7

VOL 105 PAGE 626

FILED FOR RECORD
IN MY OFFICE

AT 2:25 O'CLOCK P M.

JAN 1 0 2000

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY M. L. Baze DEPUTY

CAUSE NO. 8756

| | | |
|---|---|---|
| IN RE THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| MARJORIE M. NUGENT, | § | OF |
| | § | |
| DECEASED | § | PANOLA   COUNTY,   TEXAS |

## ORDER SETTING HEARING

IT IS ORDERED that the Application for Appointment of Temporary Administrator Pending Contest of Will and for an Accounting, filed by Applicants Katie Sue Knapp and Merrell Rhodes, is set for hearing before this Court at 9:30 o'clock A .m. on the 21st day of January , 2000.

SIGNED this 7 day of January , 2000.

JUDGE PRESIDING

VOL 105 PAGE 621

FILED FOR RECORD
IN MY OFFICE
AT 9:00 O'CLOCK A M.

JAN 2 1 2000

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS
BY _Clara Jones_ DEPUTY

CAUSE NO. 8756

| | | |
|---|---|---|
| IN RE THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| MARJORIE M. NUGENT, | § | OF |
| | § | |
| DECEASED | § | PANOLA COUNTY, TEXAS |

### ORDER RESETTING HEARING

IT IS ORDERED that the Application for Appointment of Temporary Administrator Pending Contest of Will and for an Accounting, filed by Applicants Katie Sue Knapp and Merrell Rhodes, currently set for hearing before this Court at 9:30 o'clock a.m. on the 21st day of January, 2000, is hereby reset for hearing at 9:30 o'clock a.m. on the 28th day of January, 2000.

SIGNED this _21_ day of January, 2000.

JUDGE PRESIDING

FILED FOR RECORD
IN MY OFFICE

AT 11:25 O'CLOCK A M

AUG 2 9 2000

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS
BY M. L. Bae _____ DEPUTY

VOL 105 PAGE 622

CAUSE NO. 8756

| | | |
|---|---|---|
| IN RE: ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| MARJORIE NUGENT, | § | OF |
| | § | |
| DECEASED | § | PANOLA COUNTY, |
| TEXAS | | |

## ORDER APPROVING SETTLEMENT AND
## FINAL JUDGMENT WITH RESPECT TO THE CLAIMS
## ASSERTED BY THE PROPONENTS OF THE 1991 WILL

CAME ON TO BE HEARD this _18_ day of _August_, 2000 the application of MERRELL RHODES and KATIE SUE KNAPP ("the Proponents of the 1991 Will") on the one hand, and RODERICK N. NUGENT, Individually and as Independent Executor of the Estate of Marjorie M. Nugent, REGIONS BANK IN TYLER, TEXAS, f/k/a TYLER BANK AND TRUST, N.A. ("Regions Bank") and the children and wife of Roderick M. Nugent on the other hand (referred to collectively herein as "the Respondents") to approve the parties' Settlement Agreement and to enter a Final Judgment with respect to the 1991 Will Proponents. After reviewing the pleadings and the aforementioned application, the Court is of the opinion that said application should be in all respects **GRANTED**. **IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:**

1.    The "Compromise Settlement Agreement, Release and Agreement Requiring Quitclaims" ("the Settlement Agreement") entered into by and between the parties is hereby **APPROVED;** and

2.    The claims made by the Proponents of the 1991 Will were brought in good faith. Therefore, pursuant to § 243 of the Texas Property Code the

attorneys representing the Proponents of the 1991 Will are entitled to recover their reasonable and necessary attorneys' fees out of the assets conveyed by the Estate of Marjorie M. Nugent pursuant to the Settlement Agreement; and

3.     The attorneys' fee agreement by and between the Proponents of the 1991 Will is fair and reasonable; and

4.     The attorneys representing the Proponents of the 1991 Will have and recover thirty percent (30%) of the total amount of the value of the assets conveyed by the Estate of Marjorie M. Nugent pursuant to the Settlement Agreement mentioned in paragraph 1 above; and

5.     Pursuant to the terms of the Settlement Agreement the Court hereby **ORDERS** that MERRELL RHODES and KATIE SUE KNAPP are the real parties in interest and are the assignees and owners of the claims made by the Estate of Marjorie M Nugent in certain lawsuits.[1] Furthermore, the Court **ORDERS** that if it is deemed necessary, MERRELL RHODES and KATIE SUE KNAPP have the right to be substituted as the real parties in interest in the lawsuits described below. However, the Court hereby acknowledges that a formal substitution of

---

[1] (1) *The Estate of Marjorie M. Nugent, By and Through Rod M. Nugent, Jr. Executor vs. Farmer's State Bank, Center, Texas, a successor through acquisition of Carthage Bancshares, Inc. and First National Bank of Carthage,* Cause No. 199-A-004, in the 123rd District Court in and for Panola County, Texas; (2) Certain of the claims and liabilities currently pending in the suit styled *Tyler Bank and Trust, N.A. Tyler Texas, as Executor of the Estate of Marjorie M. Nugent, Deceased, vs. Bernhardt Tiede, II, Et. Al. and Joe Mosier, Intervenor vs. Bernhardt Tiede, II, Et. Al.,* Cause No. 1997-305 in the County Court at Law of Panola County, Texas (said claims and liabilities being more fully described in the Settlement Agreement and Exhibits attached thereto).

VOL 105 PAGE 624

parties may not in fact be necessary or desirable and hereby grants MERRELL RHODES and KATIE SUE KNAPP the right to continue prosecution of said suits in the name of the Estate of Marjorie M. Nugent, if same is allowed by applicable law.

6.  All claims asserted by MERRELL RHODES and KATIE SUE KNAPP are hereby dismissed with prejudice.

7.  All relief not expressly granted herein is **DENIED.**

Signed and entered this _18_ day of _August_, 2000.

JUDGE PRESIDING

VOL. 105 PAGE 625

AGREED AS TO FORM AND SUBSTANCE:

PETERSON, FARRIS, DOORES & JONES, P.C.
P.O. Box 9620
Amarillo, TX  79105
(806) 374-5317
FAX: 372-2107

By: _____
       Bart N. Pruitt
       State Bar No. 16367900
ATTORNEYS FOR RESPONDENTS:
SYLVIA NUGENT;  RODERICK M. NUGENT,
INDIVIDUALLY AND AS EXECUTOR OF
THE ESTATE OF MARJORIE M. NUGENT;
SHANNA LEIGH NUGENT;  MATHEW TOD
NUGENT; and ALEXANDRIA LYNNE NUGENT


The Law Office of Robert M. Sherman
312 West Sabine
P. O. Box 351
Carthage, TX  75633

By: _____
       Robert M. Sherman
       State Bar No.
ATTORNEY FOR THE PROPONENTS
OF THE 1991 WILL


Mr. John W. Noble
Attorney at Law
218 North Broadway, Suite 302
Tyler, TX  75702

By: _____ w/ perm. by
       John W. Noble
       State Bar No.
ATTORNEY FOR REGIONS BANK IN TYLER,
TEXAS, f/k/a TYLER BANK AND TRUST, N.A.

VOL 105 PAGE 620

FILED FOR RECORD
IN MY OFFICE

AT 1:50 O'CLOCK P. M

OCT 30 2000

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY _____ DEPUTY

INTERNAL REVENUE SERVICE

Area
Director

ESTATE TAX CLOSING LETTER

Estate of Marjorie M Nugent
% Dr. Roderick Nugent Jr., Executor
800 So. Avondale St.
Amarillo, Texas 79106

DEPARTMENT OF THE TREASURY

1515 Commerce St., Ft. Worth, TX 76102

Date: OCT 1 8 2000

Social Security Number:          190

Date of Death:  August 18, 1997

State Death Tax Credit:  $275,358.88

Net Federal Estate Tax:  $1,346,453.08

Person to Contact:  Lee Schwemer
                    (817) 978-3183

## FEDERAL ESTATE AND GENERATION-SKIPPING TRANSFER TAX CLOSING LETTER

The net Federal estate tax and the amount of the state death tax credit are shown above. The Federal tax does not include any interest or penalties which may have been assessed. This letter is evidence that the return has either been accepted as filed or a correction has been made during processing which resulted in the tax liability shown above. This is neither a bill for tax due, nor is it a receipt for payment.

You should keep this letter and evidence of payment of the tax as a permanent record. Your attorney may need this letter to close any state probate proceedings. The state inheritance tax authority will generally require a copy of this letter as evidence that a determination has been made of the net Federal estate tax liability.

If the executor/personal representative has requested a discharge of personal liability under Section 2204 and/or 6905 of the Internal Revenue Code, this letter, along with proof of payment of the Federal estate tax shown above, will establish that the personal liability has been discharged.

This is not a formal closing agreement under Section 7121 of the Internal Revenue Code. However, we will not reopen this return unless (1) there is evidence of fraud, malfeasance, collusion, or misrepresentation of a material fact; (2) a substantial error based upon an established service position existed at the time of the prior closing; or (3) other circumstances exist which indicate that a failure to reopen would result in a serious administrative omission.

If you have any questions regarding this letter, please write to the above address shown above. Please include a copy of this letter with your inquiry.

Sincerely,

Lee C. Schwemer
Supervisory Attorney (Estate Tax)
Group 8, Territory 4 Area 9

cc:  Mr. James T. Campbell, Esq., Peterson,
     Farris Doores & Jones, P.C.
     P.O. Box 9620
     Amarillo, Texas 79105

SWR E 2753 (Rev. 10-93)

VOL. **106** PAGE **250**

FILED FOR RECORD
IN MY OFFICE

AT_____O'CLOCK_____M_____

FEB 2 – 2001

SUE GRAFTON
COUNTY CLERK, PANOLA COUNTY, TEXAS

BY_____ DEPUTY

# TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

### CAROLE KEETON RYLANDER · COMPTROLLER · AUSTIN, TEXAS 78774

January 18, 2001

File Number:
0-809-945-2

RODERICK M. NUGENT, JR.
INDEPENDENT EXECUTOR
800 SOUTH AVONDALE
AMARILLO          TX    79103

Estate of MARJORIE M NUGENT
Date of Death: August 18, 1997
County of Probate: PANOLA
Probate Number: 8756
Social Security Number:          190

## INHERITANCE TAX RECEIPT

This estate's Inheritance Tax is paid and our examination is
concluded subject to the provisions of the law.  Persons
responsible for payment of the tax are released from personal
liability.  All applicable liens are released.  This is a
recordable document.

RECEIPT FOR PAYMENT OF:

| | |
|---|---|
| Tax Paid --------------- $ | 275,468.88 |
| Interest and Penalty -- | 9,095.20 |
| TOTAL RECEIVED -------- $ | 284,564.08 |

Copies of this certificate have been sent to:

RICHARD W JETT, JR.

CAROLE KEETON RYLANDER
Comptroller of Public Accounts

Legal citation: TEX. Probate Code Sec. 410.

Form 17-338 (Rev.12-98/5)