IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-01004 |
| | § | |
| BRYAN COLLIER, ET AL., | § | |
|     *Defendants*. | § | |

**DEFENDANTS TEXAS DEPARTMENT OF CRIMINAL JUSTICE AND BRYAN COLLIER'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Defendants the Texas Department of Criminal Justice ("TDCJ") and TDCJ Executive Director Bryan Collier file this Reply to Plaintiff's Response to their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 30. Defendants offer the following:

**STATEMENT OF CASE**

Plaintiff Bernhardt Tiede brings this suit against TDCJ and Bryan Collier for alleged violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the Eighth Amendment's proscription of unconstitutional conditions of confinement, as well as various other claims under § 1983. Plaintiff alleges he suffers chronic health issues, including diabetes and hypertension. ECF 1 at 2. He seeks injunctive and declaratory relief; he does not seek damages. *Id.* at 3, 29.

**ARGUMENTS IN REPLY**

Plaintiff Bernie Tiede is housed in air-conditioned housing because he has a heat score. Plaintiff does not dispute this in his response, but rather, he argues that his requests for declaratory and injunctive relief are not moot because, at an unknown time in the future, he may not have a heat score and may not be housed in air-conditioning. He does not assert any facts that show if he has or

requires a heat score, TDCJ or Executive Director Collier will inappropriately house him. ECF 30 at 19. Plaintiff's claims for injunctive relief are moot, not because of actions by the Defendants, but because of changes in Plaintiff's changed medical condition and prescriptions.

### A. Plaintiff's claim for injunctive relief is moot.

A party may move for dismissal of a cause of action when a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (*quoting Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). When a motion to dismiss under Rule 12(b)(1) is filed, "the party asserting jurisdiction bears the burden of proof …" *Morrison v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014). Unlike Federal Rule of Civil Procedure 12(b)(6), under Federal Rule of Civil Procedure 12(b)(1), in a motion to dismiss due to lack of subject-matter jurisdiction, a court may consider extrinsic materials without treating the motion as one for summary judgment. See Fed. R. Civ. P. 12(d).

While Plaintiff asks this court to not consider evidence submitted by Defendants outside of the complaint, he does the same in his response. Plaintiff argues the heat stress policy (AD 10.64) does not allow treating physicians to order an inmate to be in air-conditioned housing. ECF 30 at 6. He also argues that TDCJ health services employees are forbidden from requesting an inmate be in air-conditioned housing. *Id.* Plaintiff argues that inmates get assigned heat sensitivity scores from non-treating TDCJ health services staff. *Id.* These assertions misrepresent facts. Treating physicians make diagnoses, prescribe medications, and enter medical data into inmates' electronic medical records (EMR)--the same medical records Plaintiff attaches to his pleadings. The treating physicians' data in the EMR is digitally transferred into an algorithm to derive heat scores. It is inaccurate to state that the heat score system does not include treating physicians because treating physicians are, in fact, the

ones that input the medical conditions, prescriptions, and data. Plaintiff believes Defendants should not have attached evidence to their Motion because the terms "heat score" and "AD 10.64" were not mentioned in the complaint. ECF 30 at 17-18. But in his response, Plaintiff asks the Court to take judicial notice of another district court's order adopting the parties' settlement agreement in *Cole v. Collier* and deposition testimony of parties and witnesses in the same matter. *Id.* at 6. Like Plaintiff's reliance on previous litigation, the court can take judicial notice of TDCJ's heat stress policy (AD 10.64), which is published on the agency's website. The heat stress policy discusses TDCJ's heat mitigation measures, which are some of the accommodations the agency implements to address inmates' susceptibility to heat stress.

Plaintiff argues the evidence demonstrates TDCJ discriminates against him because of his alleged disabilities by failing to provide reasonable accommodations. But AD 10.64 and heat scores are evidence of some of the agency's accommodations to inmates that may have heat sensitivities. These are accommodations Plaintiff receives. As Plaintiff admits, he has a heat score and his claims for injunctive relief are moot.

"A 'factual attack' . . . challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (*citing Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891–92 (3d Cir. 1977)). A "'factual attack' under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Id.* In a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). Here, this court should find that it lacks jurisdiction to hear Plaintiff's claim for injunctive relief.

Having said that, "there are limits to a district court's ability to resolve fact disputes on a 12(b)(1) motion." *Pickett v. Texas Tech Univ. Health Sci. Ctr.*, 37 F.4th 1013, __ (5th Cir. 2022). "[W]here issues of fact are central both to subject matter jurisdiction and the claim on the merits, . . . the trial court must assume jurisdiction and proceed to the merits." *Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004). "[T]he question whether the trial court [can] resolve[] factual disputes . . . depends on whether the subject-matter jurisdiction and merits questions are coterminous." *Pickett*, 37 F.4th at 1019. Here, the subject matter jurisdiction and the merits question are one in the same. There is no need for the court to resolve any factual dispute because facts are not at issue here. Plaintiff does not dispute that he is housed in air-conditioned housing. He already has the injunctive relief he seeks.

Plaintiff was not assigned to air-conditioned housing in response to this litigation. He acknowledges that he had previously been assigned to air-conditioned housing at least once before filing suit. The fact that Plaintiff was housed in air-conditioning prior to suit demonstrates the agency is acting without reference to litigation and only in response to change in Tiede's conditions and prescriptions. Plaintiff does not dispute that he is housed in air-conditioning or that he has a heat score. Accordingly, his request for injunctive relief is moot.

### B. Plaintiff attempts to mischaracterize medical records.

Defendants object to Plaintiff's mischaracterization of his medical records. ECF 30 at 3. Plaintiff's medical records do not reflect that he has ever been diagnosed with having suffered a stroke. Exhibit 3 of Plaintiff's Response (Medical Record Excerpt from June 22, 2023) shows that Plaintiff was sent out for stroke protocol. ECF 30-3 at 8. The previous page indicates the medical provider has sent Plaintiff out to "rule out stroke." *Id.* at 7. The description of symptoms and orders for further investigation do not constitute a diagnosis. Further, Plaintiff's counsel states Dr. Cross is "Tiede's doctor," but she has not personally examined, evaluated, or treated him since 2016. Dr. Cross has not been his treating physician for 7 years. Plaintiff relies on an affidavit of a non-treating physician, who

has reviewed medical records that do not include a stroke diagnosis. Instead, Plaintiff's medical records indicate he has bell's palsy diagnosis. ECF 15-1 at 495, 497.

Additionally, Defendants object to Dr. Cross's speculation that, if Tiede is housed in temperatures of 95 and above, it is reasonable to expect him to experience a heat-related death. ECF 30 at 3. She sets no foundation for this opinion. And Plaintiff's pure speculation that he believes "temperatures may exceed 120 degrees Fahrenheit indoors" is insufficient objective information and foundation. ECF 1 at 4. Defendants object to Dr. Cross's declaration as speculation because it lacks foundation and amount to speculation.

### C. Plaintiff is not entitled to discovery before subject matter jurisdiction is established.

Plaintiff is not entitled to discovery if he cannot prove the court has subject matter jurisdiction, which Defendants' 12(b)(1) motion challenges. Unless Plaintiff definitively shows that he has standing to pursue his injunctive relief claim, sovereign immunity prohibits discovery. Even so, Plaintiff does not elaborate on what discovery would be necessary to prove this court has subject matter jurisdiction. Plaintiff does not dispute that he is housed in air-conditioning, and his claim for injunctive relief is moot. He is not permitted discovery into matters that the court lacks subject-matter jurisdiction to entertain.

### D. Plaintiff is not a prevailing party.

The court's order granting Plaintiff's TRO does not establish he is a prevailing party. Defendants withdrew their opposition to the TRO because Plaintiff was already assigned to air-conditioned housing. As explained, the move was due to the change in his medical circumstances, not the present litigation. The TRO did not cause the mootness. Notably, the TRO has since expired, and Plaintiff is still being housed pursuant to his heat score in air-conditioned housing.

## CONCLUSION

Defendants prays that this Court dismiss Plaintiff's claims against them for injunctive relief because: (1) his claims are moot; (2) Defendants are entitled to sovereign immunity; and (3) Plaintiff fails to state claims for which relief may be granted. Further, Plaintiff's habeas claims are improper under §1983.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Chief, Law Enforcement Defense Division

*/s/ Abigail K. Carter*
**ABIGAIL K. CARTER**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24126376
Abigail.Carter@oag.texas.gov

P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Office (512) 463-2080/Fax (512) 370-9814

**COUNSEL FOR DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I, **ABIGAIL K. CARTER**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above Defendants Texas Department of Criminal Justice and Bryan Collier's Reply to Plaintiff's Response to their Motion to Dismiss in accordance with the Electronic Case Files System of the Western District of Texas, Austin Division, on November 11, 2023.

/s/ Abigail K. Carter
**ABIGAIL K. CARTER**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **ABIGAIL K. CARTER**, Assistant Attorney General of Texas, certify that a true copy of the above Defendants Texas Department of Criminal Justice and Bryan Collier's Motion to Dismiss has been served by via email to all counsel of record through this Court's electronic filing system.

/s/ Abigail K. Carter
**ABIGAIL K. CARTER**
Assistant Attorney General
