UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BERNHARDT TIEDE, II, <br><br> Plaintiff, <br><br> v. <br><br> BRYAN COLLIER, in his official capacity, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:23-CV-01004-RP |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Bernhardt Tiede, II respectfully requests leave to file his first amended complaint which removes four of the five defendants, removes three of the four legal claims, and adds organizational plaintiffs who have a vested interest in Mr. Tiede's efforts to make system-wide changes to TDCJ so that inmates will no longer be exposed to dangerous indoor heat.

## I. INTRODUCTION

The extreme heat in Texas prisons creates dangerous and often fatal conditions. Mr. Tiede is a 65-year-old prisoner with medical issues that have been exacerbated by these conditions, including suffering an acute medical crisis and likely Transient Ischemic Attack (TIA) last summer due to the extreme heat in his cell. But Mr. Tiede's story is not unique. He is one of thousands of Texas prisoners who are exposed to extreme heat. Roughly 70% of prisons in the Texas Department of Criminal Justice ("TDCJ") system house inmates without air conditioning. As a result, TDCJ prisoners have died in the past, and current prisoners are confronted with ongoing, unacceptable risks to their health and well-being.

TDCJ's deliberate indifference to the risks and consequences created by the extreme heat throughout its prison system require system-wide relief of the kind Mr. Tiede has sought on his own behalf since the inception of this case. Accordingly, Mr. Tiede seeks leave to file a First Amended Complaint, attached to this Motion as Exhibit 1.

The proposed First Amended Complaint dismisses several defendants—including Attorney General Kenneth Paxton, the Texas Department of Criminal Justice, Interim Attorney General Angela Colmenero, and the Texas Office of the Attorney General. If the amendment is granted, only a single defendant will remain—*i.e.*, TDCJ Executive Director Bryan Collier, who is sued in his official capacity. (*Compare* Ex. 1, *with* Compl., ECF No. 1.)

The proposed First Amended Complaint also dismisses several of Mr. Tiede's claims—including (i) his Americans with Disabilities Act claim (Count II); (ii) his procedural due process claims under the 5th, 6th, and 14th Amendments to the U.S. Constitution (Count III); and (iii) his equal protection claim under the 14th Amendment to the U.S. Constitution (Count IV). If the amendment is granted, Mr. Tiede will have only a single claim remaining—*i.e.*, his conditions of confinement claim under the 8th Amendment to the U.S. Constitution. The proposed amended complaint seeks to add a single 8th Amendment conditions of confinement claim on behalf of multiple organizational plaintiffs. Whereas Mr. Tiede's 8th Amendment claim seeks to ensure that he be kept in safe temperatures for the duration of his incarceration at TDCJ facilities, the proposed organizational claim seeks to ensure that *all* individuals incarcerated in TDCJ facilities be kept in safe temperatures. If leave is granted, the case will thus be focused exclusively on the unconstitutionality of TDCJ's current policy of housing inmates in unsafe temperatures, and the appropriate remedies for that constitutional violation.

Leave is warranted here because the case is still in its infancy. The Amendment is timely under the Scheduling Order, no trial date has been set, no depositions have been taken, and no experts have been disclosed. Adding these plaintiffs would ensure that TDCJ cannot avoid the broader issues presented by its systemic failures by addressing Mr. Tiede's problems alone. It would prevent TDCJ from playing a "shell game" of temporarily moving Mr. Tiede to an air-conditioned cell, only to later to return him to an unairconditioned cell once the lawsuit has been dismissed, and forcing him to file yet another lawsuit. It prevents the TDCJ and the federal courts in Texas from being overburdened by piecemeal litigation brought by the nearly 85,000 individuals incarcerated in TDCJ facilities that lack air conditioning. And it avoids inconsistent results between federal courts on claims related to that lack of air conditioning. The proposed amendment therefore serves the principles of judicial efficiency and substantial justice. Moreover, given the early posture of this case, any prejudice to Defendant Bryan Collier would be minimal. The Motion should be granted.

## II.     LEGAL STANDARD

Parties may amend their pleadings once as a matter of course, but it must be done within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Since the time for amending as of right has passed, Mr. Tiede must seek leave under Rule 15(a)(2).[1]

Under Rule 15, courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts consider factors such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of

---

[1] As addressed more fully below, Defendants oppose Mr. Tiede's request for leave to amend.

3

amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Pipkin v. Cont. Freighters, Inc.*, No. 1:23-CV-1409-RP, 2024 WL 722601, at *1 (W.D. Tex. Feb. 6, 2024) (Pitman, J.) (quotation marks and citations omitted). A district court may deny leave to amend only if it has a "substantial reason" to do so. *Id.*; *see also SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) ("[T]he language of this rule evinces a bias in favor of granting leave to amend, and a district court must possess a substantial reason to deny a request.") (quotation marks and citations omitted).

### III.   ARGUMENT AND AUTHORITIES

The factors considered by courts in determining whether to grant leave weigh in favor of granting leave here.

**A.   The Requested Amendment is Timely And Would Not Create Undue Delay.**

Delay is only "undue", and thus a basis for denying leave to amend, when it prejudices the nonmoving party or imposes unwarranted burdens on the court, and "delay alone is an insufficient basis for denial of leave to amend." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). Here, amendment would not create undue delay because this case is still in its infancy. Mr. Tiede commenced this action on August 24, 2023. (ECF No. 1.) On October 30, 2023, Defendants filed two motions to dismiss, which remain pending after full briefing and referral to U.S. Magistrate Judge Mark Lane. (*See* ECF Nos. 28–33.) The parties have also filed a proposed Scheduling Order with the Court that sets the deadline to amend or supplement pleadings as May 3, 2024, although it has yet to be approved. (*See* Agreed Scheduling Order, ECF No. 35.) This Court frequently grants leave to amend the complaint where, as here, the request is filed before the amendment of pleadings deadline. *See, e.g.*, *Rogers v. City of Hutto, Texas*, No. 1:19-CV-166-RP, 2020 WL 6385681, at *2 (W.D. Tex. Feb. 21, 2020) (Pitman, J.) ("[T]he Court notes

4

that the parties agreed to the January 10, 2020 deadline to amend pleadings in the Court's Scheduling Order. . . . Defendants necessarily contemplated amendment at this juncture."); *Cadle Co. v. Keyser*, No. 5:15-CV-217-RP, 2015 WL 3746264, at *3 (W.D. Tex. June 15, 2015) (Pitman, J.) ("[A]s for the argument that allowing Plaintiff's proposed amendment at this late date would be prejudicial, the Court notes Plaintiff sought leave to amend within the applicable deadline set forth in the Amended Scheduling Order submitted by the parties.").

Additionally, while the parties have engaged in some preliminary written discovery, no depositions have been taken, and no experts have been disclosed. In addition, the proposed Scheduling Order contemplates discovery being complete by December 20, 2024. *Id.* Nor has a proposed trial date been set. *Id.* Given the procedural posture of the case, the requested amendment would not create undue delay—the parties have ample time to work up the case under the existing case schedule, Defendants will not be prejudiced, and the Court will not be subject to unwarranted burdens. *Cf. Serafine v. Abbott*, No. 1:20-CV-1249-RP, 2021 WL 3616103, at *2 (W.D. Tex. July 2, 2021) (Pitman, J.) (finding no "undue delay" and granting leave to amend the complaint, where the plaintiff sought leave to amend six months after the case was filed).

**B.      There is No Bad Faith or Dilatory Motive Behind Mr. Tiede's Motion.**

Mr. Tiede's proposed amendment is not motivated by bad faith or dilatory motive, but the opposite; the amendment is intended to promote judicial economy by ensuring that *all* people incarcerated in Texas facilities without adequate air conditioning can receive appropriate relief, rather than through piecemeal litigation. By adding organizational plaintiffs, the issue of whether relief should be granted will be adjudicated as to all Texas prisoners subjected to inhumane conditions, including Mr. Tiede. Furthermore, the addition of more "stable" organizational plaintiffs will ensure more durable relief as to Mr. Tiede himself; if leave is denied, Defendants may temporarily grant Mr. Tiede relief, only to later place him back in housing without air

5

conditioning, requiring Mr. Tiede to bring additional lawsuits in the future. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (stating that "it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation," when considering a motion for leave to amend). The judicial economy created by granting Mr. Tiede leave to amend would further speedy resolution of the issues presented on a statewide basis and promote justice.

C. **This is Plaintiff's First Amendment to the Complaint.**

Mr. Tiede also meets the third factor because this is his first amendment, and the Court has yet to find any past deficiencies in his pleadings that have not been cured.[2] *Cf. Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 379 (5th Cir. 2014) (affirming denial of motion to amend after granting two prior opportunities).

D. **Any Prejudice to the Sole Remaining Defendant is Minimal.**

Nor would the proposed amendment subject Defendants to any undue prejudice. As an initial matter, four of the five current Defendants will be dismissed with the proposed amendment. So they cannot claim any prejudice. Nor is this case "too far along" for the proposed amendment to pose any undue prejudice to the sole remaining defendant—*i.e.*, Mr. Collier. *See, e.g.*, *Strong v. Marathon Res. Mgmt. Grp., LLC*, No. 1:18-CV-634-RP, 2019 WL 4696418, at *2 (W.D. Tex. Sept. 25, 2019) ("When assessing this factor, courts in the Fifth Circuit regularly consider the timing of the request vis-à-vis the case's procedural posture; if the discovery period has expired or the case is essentially too far along, courts generally find prejudice to the defendant.").

Courts in the Fifth Circuit often deny requests for leave to amend that are made several years into the litigation or just a few months before trial. *See, e.g., Plains Cotton Coop. Ass'n v.*

---

[2] Mr. Tiede reserves the right to seek leave to make any further amendments pending the outcome of Defendants' Motion to Dismiss, ECF Nos. 28–29.

6

*Gray*, 672 F. App'x 372, 377 (5th Cir. 2016) (upholding denial of leave to amend that plaintiff requested "less than two months before the date set for trial"); *Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 421 (5th Cir. 2013) (per curiam) (upholding denial of leave to amend, in part, because "the discovery period ended before [plaintiff] sought leave to amend," so the defendants "would have been prejudiced if they had been forced to defend against a new claim and basis for recovery so late in the litigation"); *Bob Daemmrich Photography, Inc. v. Scholastic, Inc.*, No. 1:15-CV-1150-RP, 2018 WL 6265025, at *1 (W.D. Tex. Aug. 22, 2018) (denying leave to amend "after nearly three years of litigation, the completion of discovery, and full briefing through two motions for summary judgment" because it "would undoubtedly cause significant prejudice to [the defendant]").

None of those circumstances are present here. As stated previously, the case is in its infancy, no depositions have been scheduled, no experts have been disclosed, no trial date has been set, and minimal written discovery has been exchanged. Thus, Mr. Collier will not have to "reopen discovery," if leave to amend is granted. *Advanced EDR Sys., LLC v. Design Sols., Inc.*, No. A-07-CA-698-LY, 2008 WL 11415901, at *3 (W.D. Tex. Nov. 12, 2008) (Pitman, J.). And any prejudice from the new claim and plaintiffs being added can "be mitigated by permitting [Mr. Collier] an opportunity to address [the] newly asserted claim" in a motion to dismiss, discovery, or a motion for summary judgment. *Shelton v. Wise*, No. A-07-CA-063 RP, 2008 WL 11411226, at *3 (W.D. Tex. Apr. 2, 2008) (Pitman, J.). Mr. Collier will have ample time to do so within the deadlines set forth in the Parties' Proposed Scheduling Order. (*See* ECF No. 35.) Nor does the fact that Mr. Collier may have to respond to additional discovery because of the new claim and additional plaintiffs—without more—justify denying leave to amend. *See James R. Beneke, Inc. v. Aon Risk Servs., Inc. of Ga.*, No. A-05-CA-927 RP, 2007 WL 9701572, at *5 (W.D. Tex. Feb.

9, 2007) (Pitman, J.) ("The undersigned declines to find [Defendant's] vague assertions of potential discovery abuses sufficient to tip the balance against [Plaintiff's] proposed amendments."). "[L]itigants have a variety of devices available under the Federal Rules to protect them from abusive discovery," and Mr. Collier is free to avail himself of those protections if any such disputes arise. *Id.*

**E.     The Proposed Amendment is Not Futile.**

Finally, the amendment is not futile. The amendment removes several of the Defendants who have filed motions to dismiss. (*See* ECF No. 28.) And it addresses and corrects several issues identified in Mr. Collier's motion to dismiss. (*See generally* ECF No. 29.) And, as the Court can see, the proposed First Amended Complaint plausibly alleges in great detail that TDCJ's current heat mitigation policy is incompatible with basic standards of decency, unnecessarily inflicts cruel and unusual punishment on incarcerated individuals, and exposes them to a substantial risk of serious harm.

In any case, "[p]ermission should be denied only if it appears to a certainty that plaintiffs cannot state a claim showing they are entitled to relief." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 182 (5th Cir. 1980). Defendant cannot meet this heavy burden, and leave to amend should be granted.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff Bernhardt Tiede, II respectfully requests the Court grant leave to file his First Amended Complaint, attached to this Motion as Exhibit 1.

DATED this 22nd day of April, 2024.                     Respectfully submitted,


                                                        */s/* Jeff Edwards
                                                        Jeff Edwards
                                                        Texas Bar No. 24014406
                                                        David Anthony James
                                                        Texas Bar No. 24092572
                                                        Lisa Snead
                                                        Texas Bar No. 24062204
                                                        Paul Samuel
                                                        Texas Bar No. 24124463
                                                        EDWARDS LAW
                                                        603 W. 17th Street
                                                        Austin, TX 78701
                                                        Telephone:    512.623.7727
                                                        Facsimile:    512.623.7729
                                                        Email:   jeff@edwards-law.com
                                                                 david@edwards-law.com
                                                                 lisa@edwards-law.com
                                                                 paul@edwards-law.com

                                                        Jodi Cole
                                                        Texas Bar No. 24045602
                                                        LAW OFFICE OF JODI COLE, PLLC
                                                        203 East Murphy Street
                                                        Alpine, TX 79830
                                                        Telephone:    432.837.4266
                                                        Facsimile:    512.692.2575
                                                        Email:   jcole@jodicole.com

                                                        Brandon Duke
                                                        WINSTON & STRAWN, LLP
                                                        800 Capitol Street, Suite 2400
                                                        Houston, TX 77002
                                                        Telephone:    713-651-2600
                                                        Email:   bduke@winston.com

                                                        Erica Grossman (*pro hac vice*)
                                                        HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
                                                        1437 High Street
                                                        Denver, CO 80218
                                                        Telephone:    303-860-1331
                                                        Facsimile:    303-862-6506
                                                        Email:   erica@hheglaw.com

>Thomas A. Olsen (*pro hac vice*)
>Kevin D. Homiak (*pro hac vice*)
>Ellen R. Blatt (*pro hac vice*)
>WHEELER TRIGG O'DONNELL LLP
>370 Seventeenth Street, Suite 4500
>Denver, CO 80202-5647
>Telephone:   303.244.1800
>Facsimile:   303.244.1879
>Email:   olsen@wtotrial.com
>            homiak@wtotrial.com
>            blatt@wtotrial.com

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case File System of the Western District of Texas.

## CERTIFICATE OF CONFERENCE

By my signature above, I certify that I conferred with counsel for defendants by telephone and they are opposed to the relief requested in this motion.