IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BERNHARDT TIEDE, II,<br>    *Plaintiff*, | §<br>§<br>§ |
| v. | §    CIVIL ACTION NO. 1:23-CV-01004 |
| | § |
| BRYAN COLLIER, ET AL.,<br>    *Defendants*. | §<br>§<br>§ |

### DEFENDANTS' RESPONSE TO PLAINTIFFS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendants Bryan Collier, Angela Colmenero, the Office of the Attorney General, Kenneth Paxton, and the Texas Department of Criminal Justice file this response in opposition to Plaintiff Bernhardt Tiede's ("Plaintiff") motion for leave to file an amended complaint. ECF 48. Because the issue of Defendants' immunity remains, and four out of five of the factors against granting leave weigh in Defendants' favor, Plaintiff's motion should be denied as it would be futile. In support, Defendants offer the following:

### I.  STATEMENT OF THE CASE

Plaintiff is an inmate confined to the custody of the Texas Department of Criminal Justice ("TDCJ") currently housed at the Estelle Unit in Huntsville, Texas. Plaintiff originally filed suit on August 24, 2023, bringing numerous claims under §1983, as well as violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Acct ("RA"). ECF 1. Plaintiff seeks injunctive relief. *Id.* Plaintiff has been in air-conditioned housing since September 13, 2023. ECF 17. Defendants' Motions to Dismiss asserting immunities and defenses have been pending since October 30, 2023. ECF. 28, 29. Six months later, Plaintiff filed a motion seeking leave to amend his complaint. ECF. 48. Defendants would not oppose that motion if Plaintiff's proposed amendment sought only to clarify and/or add factual support for his claims, or to dismiss the frivolous claims against Defendants

Colmenero, OAG, Paxton, and TDCJ. ECF 28, 29. But Plaintiff's proposed amendment does vastly more than that. The proposed amended complaint seeks to add four organizational plaintiffs and raises a number of allegations that were already known to Plaintiff and his counsel upon filing his original complaint. ECF 48-1. The proposed amendment changes the very nature of this litigation.

## II.     STANDARD OF REVIEW

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "leave to amend is in no way automatic." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). In deciding whether to grant leave under Rule 15(a), district courts consider the following five factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failures to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party in allowing the amendment; and (5) futility of the amendment. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Here, four of the five factors weigh in favor of *denying* Plaintiff's motion to amend.

## III.     ARGUMENT

1. **Plaintiff acted with undue delay in seeking leave to file an amended complaint relying on facts known to him or that should have been known to him when he filed his original complaint.**

The proposed amendment would drastically change the scope of this case by adding four organizational plaintiffs and seeking relief on behalf of *all* inmates not currently housed in air conditioning. ECF No. 48-1. Since September 13, 2023, Plaintiff has been assigned to air-conditioned housing, and he presents no facts to indicate he has been or will be moved into unairconditioned housing. Plaintiff's original complaint, the operative pleading, seeks relief on behalf of himself-- relief that he admits he has already obtained. ECF No. 1, 48-1. Plaintiff's proposed amended complaint seeks relief on behalf of the *entire* TDCJ inmate population. *Id.* Such requested relief, and the Eighth

Amendment claim by four organizational plaintiffs against TDCJ Executive Director Bryan Collier, is incomparable to the live pleading in this case.

The proposed amended complaint is not based on newly discovered facts. *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013). A court may consider "whether the **facts** underlying the amended complaint were known to the party when the original complaint was filed." *Robertson v. Intratek Computer, Inc.*, 976 F.3d 575, 584 (5th Cir. 2020) (quoting *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311, 316 (5th Cir. 1996)). The alleged facts asserted by Plaintiff in the proposed amendment were already known to him or should have been known to him at the time he filed his original complaint in August 2023. Proof that Plaintiff was aware of these facts when filing his original complaint is evidenced in the extensive exhibits he submitted with his Original Complaint, Original Motion for Temporary Restraining Order, Amended Motion for Restraining Order, Second Amended Motion for Restraining Order, and Supplement to Second Amended Motion for Restraining Order. ECF Nos. 1, 2, 5, 7, 15. Consistently among the exhibits is literature and excerpts from previous litigation related to air conditioning in TDCJ units. Plaintiff's attempt to amend now, six months after Defendants' Motions to Dismiss have been pending, seeks to change the entire landscape of the relief requested.

2. **Plaintiff seeks leave to amend with dilatory motive.**

Plaintiff's delay in seeking leave to file an amended complaint directly speaks to the dilatory motive. Through Plaintiff's own admission, he and the public have known about these alleged unconstitutional conditions of confinement for years. It is with dilatory motive to circumvent the standing issues and exhaustion requirement of 42 U.S.C. § 1997e(a) that Plaintiff seeks to add four organizational plaintiffs, which allegedly represent the interests of the entire TDCJ inmate population. Ultimately, the amendment seeks relief on behalf of all inmates for an alleged Eighth Amendment violation under 42 U.S.C. §1983 without meeting the procedural and standing requirements to do so.

In *Barrett*, the court affirmed the denial of leave to amend, even when bad faith and dilatory motive were not found, where "amendment sought to add several new parties and additional counts," and "[e]ven though the motion was not filed until nearly ten months after the original complaint, there would appear to be no matters ... which could not have been raised initially." *Barrett v. Indep. Order of Foresters,* 625 F.2d 73, 75 (5th Cir.1980). Similarly, in *Layfield*, the court upheld the denial of leave to amend where "all of the facts relevant to the proposed amendment were known to the [movant] at the time she filed her original complaint"). *Layfield v. Bill Heard Chevrolet Co.,* 607 F.2d 1097, 1099 (5th Cir.1979). Plaintiff waited six months after Defendants' Motions to Dismiss were filed, which potentially dismiss all claims raised in the original complaint, to seek leave to file an amended complaint. Plaintiff's undue delay in waiting until April 2024 to seek leave to file an amended complaint reveals his dilatory motive. Plaintiff knows TDCJ increases its heat mitigation measures on April 15 every year. Waiting until April to seek leave to amend his complaint and then insist upon expedited briefing and discovery is an emergency of his own making.

**3.     Granting the amendment creates an undue prejudice to Defendants.**

Granting leave for the proposed amendment will unduly prejudice Defendants. Plaintiff seeks to circumvent standing and exhaustion requirements in order to obtain broad, sweeping relief on behalf of inmates that are not parties to this litigation. Specifically, this motion seeks leave to amend the case in ways that would drastically change the scope of this case by adding four organizational plaintiffs and seeking relief on behalf of *all* inmates not currently housed in air conditioning. ECF NO. 48-1.

All Defendants raised independent bases for dismissal that do not require discovery to resolve under the Rule 12(b)(1) or Rule 12(b)(6) standard. *Id.* Plaintiff's original complaint seeks relief on behalf of himself-- relief that he admits he has already obtained. ECF No. 1, 48-1. Plaintiff's proposed amended complaint seeks relief on behalf of the *entire* TDCJ inmate population. *Id.* The amended

4

injunctive relief by Plaintiff and four organizational plaintiffs for an Eighth Amendment claim against Collier is incomparable to the live pleading in this case. To allow Plaintiff to amend and add four organizational plaintiffs, who lack Article III standing, will unduly prejudice Defendants, especially Collier, by forcing them to withstand the burdens of litigation on behalf of non-parties—the majority of the TDCJ inmate population.

### 4. The organizational plaintiffs' claims in Plaintiff's Proposed Amended Complaint are futile.

"Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Generally, a "motion for leave to amend falls under Federal Rule of Civil Procedure 15(a)," because the Rule "govern[s] the amendment of pleadings[.]" *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (emphasis omitted); Fed. R. Civ. P. 15(a)(2) (stating that "a party may amend its pleading only with the opposing party's written consent or the court's leave" when amendment is unavailable under Rule 15(a)(1), as here). In determining whether to grant or deny leave to amend, a court may consider, among other things, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the claims in Plaintiff's Proposed Amended Complaint brought by four organizational plaintiffs are futile because these organizations lack Article III standing. As such, the claims asserted on the organizational plaintiffs' behalf are futile.

Moreover, Plaintiff's amended complaint seeks to add claims by all TDCJ inmates, but inmates must exhaust TDCJ's administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Allowing Plaintiff leave to amend is futile because the organizational plaintiffs' members have not exhausted TDCJ's administrative remedies as required under the PLRA, which requires the dismissal of their

claims. *See Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 82 (2d Cir. 2021).

### a. A plaintiff must have standing under Article III.

"[S]tanding is perhaps the most important of the jurisdictional doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (internal quotation omitted). To establish standing, a plaintiff must show: (1) an actual or imminent, concrete and particularized "injury-in-fact"; (2) that is fairly traceable to the challenged action of the defendant (causation); and (3) that is likely to be redressed by a favorable decision (redressability). *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). All three elements are "an indispensable part of the plaintiff's case," and the party seeking to invoke federal jurisdiction bears the burden to establish them. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Jurisdiction is "a threshold issue that must be resolved before any federal court reaches the merits of the case before it." *Perez v. U.S.*, 312 F.3d 191, 194 (5th Cir. 2002); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). An organization may have Article III standing under a theory of either "associational standing" or "organizational standing." *NAACP v. City of Kyle, Tex.*, 626 F.3d 233, 237 (5th Cir. 2010).

The Supreme Court has recognized that an association may have standing to assert the claims of its members even where the association itself has suffered no injury from the challenged activity. *Hunt v. Washington Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Id.*; *see also Ass'n of Am. Physicians & Surgeons v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (noting that the first two components of associational standing are constitutional requirements, while the third is solely prudential).

An organization has standing to sue in its own right under an organizational theory if it satisfies the same well-known Article III requirements of injury-in-fact, causation, and redressability that apply to individuals. *NAACP v. City of Kyle, Tex.*, 626 F.3d 233, 237 (5th Cir. 2010) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "[A]n organization may establish injury in fact by showing that it had diverted significant resources to counteract the defendant's conduct; hence, the defendant's conduct significantly and 'perceptibly impaired' the organization's ability to provide its 'activities— with the consequent drain on the organization's resources. . . .'" *Id.* (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982)). The injury-in-fact must be "concrete and demonstrable" and must constitute "far more than simply a setback to the organization's abstract social interests." *Havens*, 455 U.S. at 379.

### b. Organizational plaintiffs' proposed claims are futile because they lack standing.

Plaintiff Bernie Tiede seeks to add four organizations as plaintiffs in his Motion for Leave to file an Amended Complaint. Those organizations are Texas Prisons Community Advocates ("TPCA"), Lioness: Justice Impacted Women's Alliance by Build Up, Inc. ("Lioness"), Texas Citizens United for Rehabilitation of Errants, Inc ("TX C.U.R.E."), and Coalition for Texans with Disabilities, Inc. ("CTD"). Organizations can satisfy injury-in-fact for standing under two theories: organizational standing and associational standing. *OCA-Greater Houston v. Texas*, 867 F.3d 604, 610 (5th Cir. 2017). Here, the organizational plaintiffs do not have standing under either theory.

First, as it relates to organizational standing, "an organization may establish injury in fact by showing that it had diverted significant resources to counteract the defendant's conduct." *N.A.A.C.P. v. City of Kyle*, 626 F.3d 233, 238 (5th Cir. 2010). Thus, any diversion must be a specific response to the challenged law or action. It is not fairly traceable to defendants if the diversion responded not only to the defendants' conduct but also to other forces. *Texas State LULAC v. Elfant*, 52 F.4th 248, 254 (5th Cir. 2022). "A "setback to [an] organization's abstract social interests" is insufficient. *Havens Realty*

7

*Corp. v. Coleman*, 455 U.S. 363, 379 (1982). Here, Plaintiff's Proposed Amended Complaint does nothing more than describe these organizations' missions. While the missions may be advocating for incarcerated individuals or even tangentially related to advocating for incarcerated individuals, Plaintiff cannot establish a "concrete and demonstrable" injury in fact. An organizational plaintiff—like any other plaintiff—cannot spend its way to standing through a lawsuit. Instead, the organization must show that the injury increases the resources devoted to programs, "independent of its suit challenging the action." *Online Merchs. Guild v. Cameron*, 995 F.3d 540, 547 (6th Cir. 2021) (quotation omitted); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("Obviously, ... a plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit."). Plaintiff's lawsuit seeks injunctive relief for him–he asks that TDCJ be required to assign him to air-conditioned housing. Even if the relief sought now is on behalf of the entire TDCJ inmate population, the organizations have not specifically diverted significant resources as a specific response to the challenged law or action—unairconditioned housing.

      Second, associational standing is derivative of an organization's members. *OCA-Greater Houston*, 867 F.3d at 610. To have associational standing, the organization must show: (1) that its members independently possess Article III standing, (2) "the interests the association seeks to protect are germane to the purpose of the organization," and (3) the claim and the relief requested does not require participation of the individual members. *Ctr. For Biological Diversity v. U.S. EPA*, 937 F.3d 533, 536 (5th Cir. 2019). Here, Plaintiff seeks to bring an Eighth Amendment conditions of confinement claim against Collier on behalf of "TDCJ prisoners who are being housed in inhumane conditions." ECF 48-1 at 5-7. As such, the claims and relief sought *do* require the participation of the individual members. Even if the associations had something more than "constituents" that were currently incarcerated individuals, those individuals are bound by the Prison Litigation Reform Act ("PLRA"). Under the PLRA, inmate plaintiffs must exhaust their administrative remedies before filing suit. 42

U.S.C. § 1997e(a). Here, the organizational plaintiffs' Eighth Amendment claim and requested relief requires participation of individual members; and the individual inmate members must exhaust TDCJ's administrative remedies prior to filing suit, which they have not done.

## IV.     CONCLUSION

For the reasons described herein, Defendants respectfully request that the Court deny Plaintiff's motion for leave to file an amended complaint. ECF No. 48. The Court should rule on Defendants' pending motions to dismiss and deny Plaintiff's request to add organizational plaintiffs and fundamentally change the nature and scope of relief requested. To the extent Plaintiff's motion for leave to file an amended complaint voluntarily admits his claims against the OAG, Attorney General Paxton, and Ms. Colmenero are demonstrably frivolous as they lack merit in fact and law, Defendants agree.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Abigail K. Carter*
**ABIGAIL K. CARTER**
Assistant Attorney General
Texas State Bar No. 24126376
Abigail.Carter@oag.texas.gov
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9814

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, Abigail K. Carter, Assistant Attorney General of Texas, certify that a correct copy of the foregoing has been served on all counsel of record on May 6, 2024, using the Court's electronic filing system.

*/s/ Abigail K. Carter*
**ABIGAIL K. CARTER**
Assistant Attorney General