IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1004-RP |
| | § | |
| BRYAN COLLIER, *in his official capacity as Executive Director of Texas Department of Criminal Justice*; THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE; KENNETH PAXTON, *in his official capacity as the Attorney General of Texas*; and THE TEXAS OFFICE OF ATTORNEY GENERAL, | § § § § § § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff Bernhardt Tiede, II's ("Plaintiff") Motion For Leave To File First Amended Complaint. (Dkt. 48). Defendants Bryan Collier ("Collier"), the Texas Department of Criminal Justice, Kenneth Paxton, and the Texas Office of Attorney General (collectively, "Defendants") filed a response in opposition. (Dkt. 55).

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). Courts are directed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district

1

court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

The Court finds that there is no substantial reason to deny leave and that it is in the interest of justice to allow Plaintiff to file an amended complaint. Given these findings and Rule 15's "bias in favor of granting leave to amend," the Court will grant Plaintiff's motion to amend. *See Lyn–Lea Travel Corp.*, 283 F.3d at 286; *Mayeaux*, 376 F.3d at 425.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion For Leave To File First Amended Complaint, (Dkt. 48), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiffs' First Amended Complaint, (Dkt. 48-1).

Because an amended complaint "supersedes the original complaint and renders it of no legal effect," *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), **IT IS FURTHER ORDERED** that Defendants' motions to dismiss, (Dkts. 28 and 29), which pertained to the original complaint, (Dkt. 1), are **MOOT** in light of Plaintiffs' First Amended Complaint.

**IT IS FINALLY ORDERED** that the parties shall adhere to the following briefing schedule regarding the First Amended Complaint and Motion for Preliminary Injunction, (Dkt. 50):

- Defendant Collier shall answer or otherwise respond to the First Amended Complaint **on or before May 21, 2024**.

- Defendant Collier shall respond to the Motion for Preliminary Injunction, (Dkt. 50), **on or before May 21, 2024**.

- Plaintiffs shall file a reply, if at all, in support of the Motion for Preliminary Injunction, (Dkt. 50), **on or before May 28, 2024**.

- If Defendant Collier files a motion to dismiss the First Amended Complaint, Plaintiffs' response to the motion to dismiss shall be due **on or before June 4, 2024.**

- If Defendant Collier files a motion to dismiss the First Amended Complaint, his reply, if at all, in support of his motion to dismiss shall be due **on or before June 11, 2024**.

**SIGNED** on May 7, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE