IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II; TEXAS PRISONS COMMUNITY ADVOCATES; BUILD UP, INC. *a/k/a* JUSTICE IMPACTED WOMEN'S ALLIANCE; TEXAS CITIZENS UNITED FOR REHABILITATION OF ERRANTS; and COALITION FOR TEXANS WITH DISABILITIES, <br><br> Plaintiffs, <br><br> v. <br><br> BRYAN COLLIER, *in his official capacity as Executive Director of Texas Department of Criminal Justice*, <br><br> Defendant. | § § § § § § § § § § § § § § § § § § § § | 1:23-CV-1004-RP |

**ORDER**

Before the Court are Defendant Bryan Collier's ("Collier") Amended Motion For Protective Order, (Dkt. 71); Plaintiffs Bernhardt Tiede, II ("Tiede"); Texas Prisons Community Advocates; Build Up, Inc. *a/k/a* Justice Impacted Women's Alliance; Texas Citizens United for Rehabilitation of Errants; and Coalition for Texans with Disabilities (collectively, "Plaintiffs") Emergency Motion To Compel Discovery Responses, Depositions, And Responses To Document Requests Accompanying The Deposition Notices, (Dkt. 85); and the parties' responsive briefing, (Dkts. 81, 86, 94). Having considered the parties' briefs, the record, and the relevant law, the Court will dismiss as moot Collier's motion for protective order and order Collier to respond expeditiously on the merits to Plaintiffs' motion to compel.

**I. BACKGROUND**

Tiede originally filed suit on August 24, 2023. (Compl., Dkt. 1). On May 7, 2024, the Court granted Tiede's motion to amend his complaint, (Dkt. 48). (Order, Dkt. 56). On April 25, 2024, he

1

filed a Motion for Preliminary Injunction, (Dkt. 50), on the basis of his first amended complaint, (Dkt. 57). The motion for preliminary injunction, (Dkt. 50), is now fully briefed, (*see* Dkts. 52, 90), and the Court will hold a preliminary injunction hearing on July 8, 2024, (*see* Dkt. 82).

In the interim, Collier moved to dismiss Plaintiffs' first amended complaint, (Dkt. 57), under Rules 12(b)(1) and 12(b)(6). (Dkts. 76, 77). On this date, the Court denied both motions to dismiss on all grounds. (Order, Dkt. 95).

Meanwhile, Collier filed an Amended Motion For Protective Order, (Dkt. 71); Plaintiffs responded, (Dkt. 81), and Collier replied, (Dkt. 86). Plaintiffs also filed an Emergency Motion To Compel Discovery Responses, Depositions, And Responses To Document Requests Accompanying The Deposition Notices, (Dkt. 85), and Collier responded in opposition, (Dkt. 94).

## II. LEGAL STANDARD

The scope of discovery is broad. *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Federal Rule of Civil Procedure 26 provides that, unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby*, 647 F.3d at 262 (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). A party seeking discovery may file a motion to compel after conferring in good faith to secure that discovery without court action. Fed. R. Civ. P. 37(a). If the motion is filed and granted, the Court must order the resisting party to pay

the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018); *see also McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party objecting to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (stating that the party resisting discovery has the burden to "specifically object") (citing *McLeod*, 894 F.2d at 1485).

## III. DISCUSSION

### A. The Amended Motion for Protective Order

The Court first considers Collier's Amended Motion For Protective Order. (Dkt. 71). In Collier's motion to dismiss under 12(b)(1), he first argued that Plaintiffs' claims for damages and equitable relief were barred by sovereign immunity. (12(b)(1) Mot., Dkt. 76, at 4–5). On this date, the Court rejected this argument in its order denying both of Collier's motions to dismiss. (Order, Dkt. 95). In his Amended Motion For Protective Order, Collier "requests that the Court stay discovery until there has been a ruling on Collier's immunity or in the alternative, limit the discovery to the responses to production and interrogatories served on Collier." (Dkt. 71, at 1). Collier also "requests that the Court deny any pre-hearing depositions." (*Id.*). Collier's motion is based entirely on the need for a ruling on the issue of immunity, which is rendered moot by the Court's denial of his motion to dismiss. Accordingly, the motion for a protective order is dismissed as moot.

### B. The Motion to Compel

In their Emergency Motion To Compel Discovery Responses, Depositions, And Responses To Document Requests Accompanying The Deposition Notices, Plaintiffs request that the Court compel Collier to "(i) respond to Plaintiffs' written discovery requests, (ii) appear for his deposition, (iii) present a representative of TDCJ to appear for its Rule 30(b)(6) deposition, and (iv) respond to the document requests accompanying those deposition notices before the preliminary injunction hearing set for July 8, 2024" and hold that he "waived any objections to the written discovery requests by failing to timely serve them on the response deadline." (Dkt. 85, at 1). In response, Collier argues that he "is under no obligation to respond to Plaintiffs' discovery requests prior to the Court's resolution of" his Amended Motion for Protective Order, (Dkt. 71), and his motion to dismiss under Rule 12(b)(1). (Resp., Dkt. 86, at 6). Collier notes, "In the event the Court denies Collier's Amended Motion to Dismiss, it would be appropriate for narrowly tailored discovery to take place after such denial but not before." (*Id.*).

Plaintiffs have established that they seek relevant and proportional discovery regarding their claims pursuant to Rule 26. (Mot., Dkt. 85). The burden now shifts to Collier to substantiate his objections. The Court has dismissed as moot Collier's motion for a protective order, but Collier has not yet had a chance to respond on the merits, as his previous opposition focused entirely on the issue of sovereign immunity. Accordingly, the Court will order Collier to respond expeditiously on the merits to Plaintiffs' motion to compel.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Collier's Amended Motion For Protective Order, (Dkt. 71), is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Collier shall respond on the merits to Plaintiffs' Emergency Motion To Compel Discovery Responses, Depositions, And Responses To Document Requests Accompanying The Deposition Notices, (Dkt. 85), **on or before June 18, 2024**.

**SIGNED** on June 14, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE