IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II; TEXAS PRISONS COMMUNITY ADVOCATES; BUILD UP, INC., A/K/A JUSTICE IMPACTED WOMEN'S ALLIANCE; TEXAS CITIZENS UNITED FOR REHABILITATION OF ERRANTS; and COALITION FOR TEXANS WITH DISABILITIES, *Plaintiff,* | § § § § § § § § § § | |
| v. | § § | 1:23-CV-01004 |
| BRYAN COLLIER, in his official capacity as Executive Director of Texas Department of Criminal Justice, *Defendant.* | § § § | |

## DEFENDANT COLLIER'S RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO COMPEL

Defendant Bryan Collier ("Collier") files his Response in Opposition to Plaintiffs' Emergency Motion to Compel Discovery Responses, Depositions, and Responses to Document Requests Accompanying the Deposition Notices (ECF No. 85).

### PROCEDURAL POSTURE

Plaintiff Bernhardt Tiede ("Tiede") initiated this suit on August 24, 2023. ECF No. 1. The parties briefed the claims and the immunities related to Tiede's Original Complaint. *See* ECF Nos. 28-29. (Defendants' Motions to Dismiss); ECF Nos. 30-31 (Plaintiff's Responses thereto); ECF Nos. 32-33 (Defendants' Replies). On April 22, 2024, nearly six months later, Tiede filed a Motion for Leave to file a First Amended Complaint, seeking to drastically amend the case by dismissing claims against all Defendants but TDCJ Executive Director Bryan Collier, in his official capacity, and dismissing all claims but the § 1983 claim based upon alleged unconstitutional conditions of confinement.  ECF Nos. 48, 48-1.   Plaintiffs add 4 organizational plaintiffs and seek declaratory and injunctive relief for

*all* TDCJ inmates not currently assigned to air-conditioned housing. *Id.* On April 25, 2024, Plaintiffs filed an Emergency Motion for Preliminary Injunction and Request for Expedited Briefing. ECF No. 50.

While Tiede's Motion for Leave to File a First Amended Complaint was pending, and before Defendants had an opportunity to respond, Tiede served discovery requests on Defendant Collier on April 29, 2024, that are overly broad, unduly burdensome, and not proportional to the needs of the case. Ex. A. That same day, the Court entered an Order providing guidance on the timing of the parties' responses, explaining the Court would resolve Tiede's request to amend and any response to the Motion for Preliminary Injunction would be due two weeks after such resolution. ECF No. 53. On May 3, 2024, Defendants filed a Motion for Protective Order, referencing their unresolved Motions to Dismiss asserting immunity and the impermissibly broad-ranging discovery sought through the discovery requests. ECF No. 54.

On May 7, 2024, the Court granted Tiede's Motion for Leave to File First Amended Complaint (ECF No. 48), mooted Defendants' Motions to Dismiss in light of the First Amended Complaint (ECF No. 48-1), and entered a briefing schedule regarding the First Amended Complaint and Motion for Preliminary Injunction (ECF No. 50). ECF No. 56. On May 13, 2024, the Court denied Collier's original Motion for Protective Order *without* prejudice and found "[i]n light of the compressed briefing schedule… and potential motion to dismiss the First Amended Complaint, the Court finds that it should not stay discovery <u>at this time</u>." *See* Text Order, May 13, 2024 (emphasis added).

On May 23, 2024, Collier filed his Motion to Dismiss Plaintiffs' Amended Complaint. ECF No. 68. [1] Collier's Amended Motion for Protective Order was subsequently filed on May 24, 2024, requesting the Court to *now* stay discovery pending the ultimate resolution of Collier's Motion to

---

[1] Collier then filed his Amended Motion to Dismiss in order to provide additional authority on the immunities raised and to separate the 12(b)(1) and 12(b)(6) arguments on May 29, 2024. *See* ECF Nos. 76, 77.

Dismiss Plaintiffs' Amended Complaint, which raised jurisdictional challenges and Collier's entitlement to immunity. ECF No. 71.

Plaintiffs filed an Emergency Motion to Compel. ECF 85. Collier responded in opposition to the Motion to Compel on June 6 and then again on June 14, 2024. ECF Nos. 86, 94. The Court denied Collier's Motions to Dismiss on June 14, 2024, and issued an Order mooting his Motion for Protective Order based on sovereign immunity. ECF Nos. 95, 96. In the Order mooting Collier's Motion for Protective Order, the Court ordered Collier to file a response to the merits of Plaintiff's Motion to Compel by June 18, 2024.

## RESPONSE TO MOTION TO COMPEL

Before the July 8, 2024, preliminary injunction hearing, Plaintiffs ask this Court to compel Collier to: (i) respond to Plaintiffs' written discovery requests, (ii) appear for his deposition, (iii) present a TDCJ 30(b)(6) representative for deposition, and (iv) respond to the document requests accompanying the 30(b)(6) deposition notice.  Plaintiffs also ask that this Court hold Collier waived any objections to the discovery requests sent prior to the Court's ruling on Collier's sovereign immunity. *Id.* This Court should deny Plaintiffs' Motion to Compel and deem timely Collier's objections to written discovery because clearly established legal precedent proscribes discovery before the Court assesses a defendant's entitlement to sovereign immunity.

 With respect to discovery sought prior to a preliminary injunction hearing, discovery must be narrowly tailored to address only those matters that are relevant to the hearing.  *Accruent, LLC v. Short*, No. 1:17-CV-858-RP, 2017 WL 8811606, at *2 (W.D. Tex. Nov. 8, 2017). "The burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for expedited discovery should be narrowly tailored in scope." *Id.* at 1.  A party should not be permitted to wage a campaign that, viewed charitably, is an effort to convert a hearing on preliminary relief into a final trial on the merits.  Hearings for a preliminary injunction are not

intended to be as exhaustive as trials. *See AlliedSignal, Inc. v. B.F. Goodrich Co.*, 183 F.3d 568, 577 (7th

Cir. 1999). The Supreme Court has emphasized the preliminary injunction's distinct role:

> The purpose of a preliminary injunction is merely to preserve the relative positions of
> the parties until a trial on the merits can be held.  Given this limited purpose, and given
> the haste that is often necessary if those positions are to be preserved, a preliminary
> injunction is customarily granted on the basis of procedures that are less formal and
> evidence that is less complete than in a trial on the merits.  A party thus is not required
> to prove his case in full at a preliminary-injunction hearing.

*University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Although the Federal Rules do not provide a standard for the Court to use in exercising its

authority to order expedited discovery, courts generally use either a "preliminary-injunction-style

analysis" or the "good cause standard" to determine whether a party is entitled to conduct expedited

discovery. *See, e.g., Greenthal v. Joyce*, No. 4:16–CV–41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016).

This Court and other district courts in the Fifth Circuit have adopted the "good cause standard."  This

District generally applies the "good cause standard" to determine whether a party is entitled to such

early discovery.  See, e.g., *Accruent*, 2017 WL 8811606, at *1 ("The Fifth Circuit has not expressly

adopted either standard, but several district courts within the Fifth Circuit have used the good cause

standard."); *see also Combat Zone Corp. v. John/Jane Does 1-2,* Civil Action No. 2:12-cv-00509, 2012 WL

6684711, at *1 (E.D. Tex. Dec. 21, 2012) ("An increasing majority of district courts, including several

in the Fifth Circuit, have adopted a 'good cause' standard to determine whether to permit such

expedited discovery."). The party seeking the discovery bears the burden of showing good cause, and

the subject matter of the request should be "narrowly tailored in scope."  *Stockade Companies, LLC v.

Kelly Restaurant Group, LLC*, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017).  "In determining

whether good cause exists, courts often consider '(1) whether a preliminary injunction is pending; (2)

the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the

burden on the defendants to comply with the requests; and (5) how far in advance of the typical

discovery process the request was made.' " *Id.* at *2 (quoting *St. Louis Grp., Inc. v. Metals & Additives*

*Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)).

**I.     Plaintiffs fail to show good cause as to why Collier, TDCJ Executive Director, should appear for deposition prior to the preliminary injunction hearing.**

Plaintiffs seek to depose TDCJ Executive Director Bryan Collier, in his official capacity, before the July 8, 2024, preliminary injunction hearing. In this suit, Plaintiffs sue Mr. Collier in his official capacity, which is, for all intents and purposes, a suit against TDCJ. But they seek to depose both Mr. Collier and a separate TDCJ 30(b)(6) witness without showing good cause or explaining why both depositions are necessary. Moreover, Plaintiffs fail to show good cause as to the reasons Mr. Collier's, who is TDCJ's highest-ranking Apex official, deposition is necessary before the preliminary injunction hearing. Plaintiffs provide only provide Mr. Collier's deposition is needed "for the purpose of discovering, securing, and completing [his] testimony." Ex. B.

"[T]he Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged." *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995) (quoting *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993) (per curiam) (citing *United States v. Morgan*, 313 U.S. 409 (1941))). "[T]op executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *In re Off. of Inspector Gen., R.R. Ret. Bd.*, 933 F.2d 276, 278 (5th Cir. 1991) (quoting *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985)); *see, e.g., Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) ("[T]op executive department officials should not, absent extraordinary circumstances, be called to testify or [be] deposed regarding their reasons for taking official action."); *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993) (per curiam) ("In order to protect officials from the constant distraction of testifying in lawsuits, courts have required that defendants show a special need or situation compelling such testimony"; high ranking government officials "should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions."). Compelling testimony from "public officials create[s] unique concerns." *Stagman v. Ryan*, 176 F.3d 986, 994 (7th Cir. 1999). "'[H]igh ranking

government officials have greater duties and time constraints than other witnesses' and ... without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Bogan*, 489 F.3d at 423 (quoting *In re United States (Kessler)*, 985 F.2d at 512). Furthermore, assuming the information in question is discoverable, "[i]f other persons can provide the information sought, discovery will not be permitted against such an official." *In re United States*, 197 F.3d 310, 314 (8th Cir. 1999) (citing *In re United States (Kessler)*, 985 F.2d at 513); *see In re FDIC*, 58 F.3d at 1062 ("We think it will be the rarest of cases ... in which exceptional circumstances can be shown where the testimony is available from an alternate witness.").

"The reason for requiring exigency before allowing the testimony of high officials is obvious[:] High ranking government officials have greater duties and time constraints than other witnesses." *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993) (per curiam). Compelling a high-ranking government official to testify or produce documents risks significant interference with the official's ability to perform his or her duties, and that risk is often unnecessary because any relevant information can be obtained from other sources. Moreover, "[h]igh-ranking government officials are the subject of or involved in unusually high numbers of lawsuits and therefore should be protected from undue burdens regarding the frequent litigation, which is why the 'exceptional circumstances' analysis exists in the first place." *In re Bryant*, 745 F. App'x 215, 220–21 (5th Cir. 2018) (per curiam).

While Plaintiffs do not show the specific information or specific categories of information sought from Mr. Collier or a TDCJ 30(b)(6) the information in question is discoverable, "[i]f other persons can provide the information sought, discovery will not be permitted against such an official." *In re United States*, 197 F.3d 310, 314 (8th Cir. 1999) (citing *In re United States (Kessler)*, 985 F.2d at 513); *see In re FDIC*, 58 F.3d at 1062 ("We think it will be the rarest of cases ... in which exceptional circumstances can be shown where the testimony is available from an alternate witness.").

There is no Fifth Circuit law which applies the "apex doctrine" strictly prohibiting

the deposition of high-level executives, but in *Union Pacific,* the appellate court quashed the depositions of high-ranking executives. *Gauthier v. Union Pac. R. Co.*, No. 1:07-CV-12(TH/KFG), 2008 WL 2467016, at *1 (E.D. Tex. June 18, 2008). Federal Courts have permitted the depositions of high-level executives when conduct and knowledge at the highest corporate levels of the defendant agency are relevant in the case. *Id.*; *see also In re Bridgestone/Firestone, Inc., Tires Products Liability Litig.,* 205 F.R.D. 535, 536 (S.D.Ind.2002). In this case, Mr. Collier is sued in his official capacity and Plaintiffs' counsel has extensively deposed Mr. Collier or questioned him under oath regarding the same issues presented in this case. See, e.g., *Cole v. Collier*, No. 4:14-cv-1698 (S.D. Tex., Ellison, J.)  Remarkably, despite the fact Plaintiffs' counsel has already deposed Mr. Collier about the issues presented in this case and already possesses massive amounts of discovery related to the claims at issue, they insist his deposition is needed before the preliminary injunction hearing while simultaneously arguing Mr. Collier and TDCJ have made no changes to the agency's heat mitigation policies since the prior heat litigation.  Plaintiffs allege no changes have been made to information, policies, and procedures they have possessed for years.  Depositions of Mr. Collier and a TDCJ 30(b)(6) witness are not needed to argue the agency's heat mitigation policies are unchanged.

In *Union Pacific,* the Court found the deposition of corporate executives was appropriate where the Plaintiffs had outlined their *specific* reasons for seeking the testimony of the executives and delineated the particular categories of information and specific topics of examination sought. In this case, Plaintiffs have not outlined the specific reasons they need Mr. Collier's testimony, nor have they specified particular categories of information or topics of examination they seek that justifies the need to take his deposition at this early stage of litigation.

In asking the Court to grant their Emergency Motion for Preliminary Injunction, it is Plaintiffs' burden to demonstrate the likelihood they will prevail on the merits of their underlying claim.  When seeking a preliminary injunction, Plaintiffs believe they possess the information and evidence justifying

the extraordinary remedy.   As already explained, Plaintiffs' counsel has litigated the same issue presented in this case.  Through attachments to their pleadings, Plaintiffs' counsel have demonstrated the extensive testimony and documentation they already possess—documentation and testimony they believe supports the motion for preliminary injunction.  In the motion, Plaintiffs' counsel highlight the fact they have extensively deposed Mr. Collier about TDCJ's heat mitigation measures in previous heat litigation.  Plaintiffs' counsel also deposed TDCJ 30(b)(6) witnesses in the previous litigation.  If Plaintiffs' argument is the heat mitigation measures in that litigation have not changed, they need no additional discovery before the preliminary injunction hearing.    Accordingly, Plaintiffs have not shown good cause to justify the undue burden of asking Mr. Collier to sit for a deposition prior to the July 8 preliminary injunction hearing.

## II.    Plaintiffs' request for a TDCJ 30(b)(6) witness deposition is not narrowly tailored to limit discovery to that necessary to   the preliminary injunction hearing.

Plaintiffs seek to depose a TDCJ 30(b)(6) witness "for the purpose of discovering, securing, and completing testimony of TDCJ. Ex. C. They seek to depose an agency representative that "is knowledgeable about the topics identified in Exhibit A." *Id.* Exhibit A lists fifteen topics that are in no way narrowly tailored to the preliminary injunction hearing.  Instead,  Plaintiffs have identified overly broad and unduly burdensome topics that seeks full merits discovery.  Moreover, many of the broad, over-reaching topics are duplicitous and cover the same areas information requested in Plaintiffs' written discovery requests.  The fact Plaintiffs have already served written discovery requests seeking the same information identified in the TDCJ 30(b)(6) deposition notice contradicts the argument an agency representative's expedited deposition is necessary.

It is well-established that "control of discovery is committed to the sound discretion of the trial court." *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987). Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Rule 26(b)(1) provides guidance in evaluating whether the requested discovery is both relevant and proportional. *See* FED. R. CIV. P. 26(b)(1) (factors to consider include the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (internal quotation marks and citation omitted).

If the Court determines depositions should occur prior to the preliminary injunction hearing, Mr. Collier asks the Court not allow full merits discovery or duplicative depositions. The Court should substantially limit the deposition in time and scope. Further, the time permitted in an expedited deposition should count toward the seven-hour maximum for depositions under the Rule 30(d)(1). Fed. R. Civ. P. 30(d)(1).

As explained, Mr. Collier is sued as TDCJ in this case. Depositions of him in his official capacity and a TDCJ 30(b)(6) representative prior to the preliminary injunction hearing is unwarranted and superfluous. Plaintiffs' deposition notices do not constitute narrowly tailored discovery limited to preliminary injunction hearing; and thus, Plaintiffs do not show good cause to justify the expedited discovery.

### III.   Mr. Collier did not waive his objections to Plaintiffs' written discovery; and the Court should deny Plaintiffs' request to deem the objections are waived.

Plaintiffs ask this Court to deem Mr. Collier waived his objections to their written discovery requests. Plaintiffs' assertion is without factual or legal merit. Mr. Collier filed a Motion for Protective Order and an Amended Motion for Protective, asserting his entitlement to qualified immunity. Discovery is not permitted until the district court assesses a defendant's entitlement to sovereign

immunity. *Williams v. Brooks*, 996 F.2d 728, 730 n. 2 (5th Cir. 1993) ("Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself.") Plaintiffs served Mr. Collier with written discovery requests before the Court had ruled on their motion for leave to file an amended complaint and before the Court had ruled on Defendants' pending motion to dismiss, which asserted Mr. Collier's entitlement to sovereign immunity.  After receiving the discovery requests, Defendants immediately moved for a protective order staying all discovery until the Court assessed the pending motion to dismiss.  And when the Court granted leave for Plaintiffs to file an amended complaint, Mr. Collier filed an amended motion for protective based upon his assertion of sovereign immunity in his amended motion to dismiss. Discovery was not allowed until the Court assessed Mr. Collier's sovereign immunity.

Plaintiffs' request that the Court deem Mr. Collier waived his objections to their written discovery request is a sanction not permitted in these circumstances.  Courts have held sanctions are too severe when there is no evidence of willful bad faith. *See, e.g., Pressey v. Patterson*, 898 F.2d 1018, 1023 (5th Cir. Tex. 1990) (holding that there was no evidence that Appellant City acted willfully in bad faith, and, thus, sanctions were too severe); *Harper v. Caldwell County*, No. A-10-CV-631-LY, 2012 U.S. Dist. LEXIS 68492, at *8 (W.D. Tex. May 16, 2012) (holding there was no evidence to conclude that the defendant's decision not to retain a copy of the videotape was made in bad faith, or with any bad intention; therefore, sanctions would not be appropriate). "Bad faith" has been defined as "conduct involving fraudulent intent and desire to suppress the truth." *Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 344 (M.D. La. 2006).

In determining whether sanctions are warranted, such as deeming objections waived, the Fifth Circuit considers: "(1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." *Julian v. City of Houston*, No. 4:12-cv-2973, 2014 U.S. Dist. LEXIS

48846, at *3 (S.D. Tex. Apr. 8, 2014) (quoting *United States v. Garza*, 448 F.3d 294, 299-300 (5th Cir. 2006).

### 1. Mr. Collier had good cause to not engage in written discovery until the Court ruled on his entitlement to sovereign immunity.

Regardless of whether Plaintiffs disagree with Mr. Collier's assertion of sovereign immunity, the Court was required to rule on the asserted immunity before Mr. Collier was required to participate in discovery. Like qualified immunity, a stay of discovery applies to other claims of absolute immunity, such as Eleventh Amendment immunity. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (quoting *In re Ayers*, 123 U.S. 443, 505 (1887) ("The very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties.")); *see also Carty v. Rodriguez*, 211 Fed. App'x 292, 293 (5th Cir. 2006) (quoting *Williams v. Brooks*, 996 F.2d 728, 730 n. 2 (5th Cir. 1993) ("Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself.").

Mr. Collier undoubtedly had good cause to not participate in discovery and wait on the Court's ruling on his pending motion to dismiss and motion for protective order. The Supreme Court "has described immunity as a threshold question, to be resolved as early in the proceedings as possible." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). The Fifth Circuit has stated that, "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (stating that district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and sovereign immunity); *Stamps v. Univ. of Texas at Austin*, No. 1:20-CV-01204-LY-SH, 2021 WL 5167296, at *4 (W.D. Tex. Nov. 4, 2021) (holding that defendants presented good cause to stay discovery where they raised the defenses of qualified

immunity and sovereign immunity in motion to dismiss).

Based on these facts, Plaintiffs cannot establish Mr. Collier acted in bad faith or with fraudulent intent and desire to suppress the truth, an element necessary to establish entitlement to sanctions. *See Chambers*, 501 U.S. at 45-46; *Pressey*, 898 F.2d at 1023 ; *Vick,* 514 F.2d at 737; *Nieman,* 2014 WL 1577814, at *2; *Harper v*2012 U.S. Dist. LEXIS 68492 at * 8.

### 2.   Plaintiffs have not suffered prejudice or harm.

Additionally, Plaintiffs' request for Mr. Collier's objections to be deemed waived should be denied because they cannot establish they suffered any prejudice or harm. Opposite to their contention, Mr. Collier would have been the party to suffer prejudice or harm had he been  required to respond to discovery requests before his entitlement to sovereign immunity had been assessed.

Plaintiffs allege "the information and documents are critically important for the preliminary injunction hearing." ECF 85 at 2. They support this argument with a snippet from the Court's Order extending the Amended Temporary Restraining Order (Order): "The Court extended the TRO and found that 'additional discovery will be helpful in preparing for an eventual preliminary injunction inquiry'". ECF 85 at 4 (citing ECF 27 at 4).

At the time that Order (ECF 27) issued, Mr. Tiede was the only Plaintiff in the case. (ECF 27 at 1). The Extended TRO applied exclusively to Mr. Tiede and the discovery the court was referring to pertained only to Mr. Tiede. (ECF 27 at 4-5).   Mr. Tiede supported his request to extend the Amended TRO by stating additional time was necessary to prepare a motion preliminary injunction. But a preliminary injunction was not filed.  Instead, Plaintiff's counsel did nothing to pursue Mr. Tiede's claims for approximately six months,  In April 2024, Plaintiff's counsel sought leave to file an amended complaint and an emergency motion for preliminary injunction.  Plaintiffs misrepresent the Court's statement in the Amended TRO Order in an attempt to justify a fishing expedition into discovery related to the entire TDCJ inmate population .  But the extension was granted, in part, to

allow Plaintiff's counsel time to prepare a motion for preliminary injunction related to Mr. Tiede, not approximately 85,000 TDCJ inmates not housed in air-conditioning.

Defendants had not yet filed appearances or responsive pleadings at the time Mr. Tiede filed his motion to extend the Ex Parte Amended Temporary Restraining Order. Because the only assertions before the Court were those made by Mr. Tiede and his counsel, there was nothing else for the Court to consider. Defendants did not oppose the motion to extend the amended temporary restraining order because they conceded Mr. Tiede was already going to be housed in air-conditioned housing (for reasons unrelated to the litigation) for at least the amount of time requested in the extension.

Defendants filed their motion to dismiss asserting sovereign immunity on November 1, 2023. ECF No. 29. No discovery was sought nor permitted after Defendants' initial assertion of sovereign immunity. Moreover, despite Plaintiffs' counsel's assertion that the Amended TRO should be extended to allow them more preparation time and discovery for an eventual preliminary injunction hearing, they did not move for a preliminary injunction or seek discovery for seven months— September 26, 2023, to April 25 and 29, 2024. When the preliminary injunction and discovery requests were sent in April 2024, Defendants' November 1, 2023, motion to dismiss asserting sovereign immunity was still pending and Plaintiff's motion for leave to file an amended complaint had not been granted.

The Court denied Collier's motion to dismiss on June 14, 2024. ECF 95. Plaintiffs have not been prejudiced by Mr. Collier not participating in discovery before the Court ruled upon his entitlement to sovereign immunity. Collier has meritorious objections to Plaintiffs' written discovery requests, as well as responses to Plaintiffs' written discovery requests, which are attached as Exhibits D and E to this Response. These objections should be deemed timely.

**CONCLUSION**

This Court should deny Plaintiffs' request to deem waived Mr. Collier's objections to their written discovery requests. In addition, this Court should not permit pre-hearing depositions of Mr. Collier and a TDCJ 30(b)(6) witness. Should this Court determine Plaintiffs are entitled to a pre-hearing deposition, this Court should limit and narrowly tailor the discovery sought through the deposition.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Abigail K. Carter*
**ABIGAIL K. CARTER**
Assistant Attorney General
Texas State Bar No. 24126376
Abigail.Carter@oag.texas.gov
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9814

**ATTORNEYS FOR COLLIER**

## NOTICE OF ELECTRONIC FILING

I, **ABIGAIL K. CARTER**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Western District of Texas, on June 18, 2024.

/s/ *Abigail K. Carter*
**ABIGAIL K. CARTER**
Assistant Attorney General


## CERTIFICATE OF SERVICE

I, **ABIGAIL K. CARTER**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Western District of Texas on June 18, 2024.

/s/ *Abigail K. Carter*
**ABIGAIL K. CARTER**
Assistant Attorney General