UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BERNHARDT TIEDE, II; <br> TEXAS PRISONS COMMUNITY <br> ADVOCATES; <br> DISABILITY RIGHTS TEXAS; <br> BUILD UP, INC. a/k/a LIONESS: JUSTICE <br> IMPACTED WOMEN'S ALLIANCE; and <br> COALITION FOR TEXANS WITH <br> DISABILITIES, <br><br> Plaintiffs, <br> v. <br><br> BRYAN COLLIER, in his official capacity as <br> Executive Director of Texas Department of <br> Criminal Justice, <br><br> Defendant. | Civil Action No.: 1:23-cv-01004-RP |

**PLAINTIFFS' <u>UNOPPOSED</u> MOTION FOR *WRIT OF HABEAS CORPUS AD TESTIFICANDUM* FOR PLAINTIFF BERNHARDT TIEDE, II**

Plaintiffs respectfully request the Court issue a *writ of habeas corpus ad testificandum* pursuant to 28 U.S.C. § 2241(c)(5) for Bernhardt Tiede II. Mr. Tiede is a Plaintiff in this case and is incarcerated in the Texas Department of Criminal Justice's John B. Connally Unit, 899 FM 632 Kenedy, TX 78119. Thus, a writ is necessary to ensure Mr. Tiede's in-person appearance and testimony at the preliminary injunction hearing on July 8 and July 9, 2024.[1]

**ARGUMENT**

Under 28 U.S.C. § 2241(c)(5), the Court may issue a writ of *habeas corpus ad testificandum* if "[i]t is necessary to bring [a prisoner] into court to testify or for trial." Whether

---

[1] Plaintiffs conferred with counsel for Mr. Collier regarding the relief requested herein. Mr. Collier does <u>not</u> oppose the Motion.

1

to issue the writ "rests in the sound discretion of the trial court." The decision on whether to issue a writ of *habeas corpus ad testificandum* is within the district court's discretion, and courts within this Circuit consider several factors when making this decision, including (1) whether the prisoner's presence will substantially further the resolution of the case; (2) the security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted. *See Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977). Here, those factors weigh in favor of granting Plaintiffs' motion.

First, a writ is necessary to further the resolution of the case. Mr. Tiede is a Plaintiff in this matter and a writ is necessary to secure his in person appearance at the hearing, as he is currently incarcerated in the Texas Department of Criminal Justice's ("TDCJ") John B. Connally Unit, 899 FM 632 Kenedy, TX 78119. Mr. Tiede's testimony is vital to Plaintiffs' case. He will testify to how TDCJ's failure to mitigate the extreme summer temperatures caused him to suffer a heat-stroke while incarcerated in a TDCJ facility—one of Plaintiffs' central claims. Mr. Tiede's testimony is crucial to establish the factual basis for his claims and to support the issuance of preliminary injunctive relief to ensure that he remains in air conditioning housing, as TDCJ has failed to commit to keeping him in air-conditioned housing for the duration of his sentence.

Second, transporting Mr. Tiede does not pose a security risk. Mr. Tiede is 65 years old and has extensive pre-existing conditions—including uncontrolled diabetes, hypertension, chronic obstructive pulmonary disease (COPD), evidence of coronary artery disease, and history of a transient ischemic attack in June 2023. (*See* ECF 50-4 at ¶ 8.) Mr. Tiede also received excellent reports on probation. (*See, e.g.*, ECF 1 at 19, Exhibit K (a letter from Mr. Tiede's

pretrial officer in 2015, stating that he had been "cooperative" and that there had been "no violations").) Given Mr. Tiede's age, extensive medical conditions, and previously demonstrated good behavior, transporting him does not pose a security risk.

Third, the expense of transporting Mr. Tiede does not outweigh the necessity of his presence at the preliminary injunction hearing. Mr. Tiede is currently incarcerated in the John B. Connally Unit in Kenedy, Texas, which is roughly a two-hour drive from Austin, Texas, where the preliminary injunction hearing will take place. Courts have found that the expense and burden of transporting a prisoner weighs against their testimony when such transportation involves extreme distances, such as crossing state lines. *See e.g., U.S. v. $64,000.00 in U.S. Currency*, 722 F.2d 239, 246 (5th Cir. 1984) (writ of *habeas corpus ad testificandum* would have required the government to send inmate from the Federal Correctional Institution in Pennsylvania to the forfeiture trial in Louisiana). This is not the case here. Mr. Tiede's transportation costs will be minimal compared to those considered in *U.S. v. $64,000*. And again, such transportation costs are outweighed by the fact that having Mr. Tiede, a Plaintiff in this matter, testify at the preliminary injunction hearing will substantially further the resolution of the case.

Finally, the suit cannot be stayed until Mr. Tiede is released without prejudice to the cause asserted. Mr. Tiede is not eligible to be released from TDCJ on parole until August 2029. Plaintiffs' suit involves claims of imminent harm from extreme temperatures that TDCJ inmates are facing now and will continue to face every successive summer until the requested relief is granted.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court direct the Clerk of the Court to issue the attached *Writ of Habeas Corpus Ad Testificandum* for Bernhardt Tiede, II (TDCJ Reg. No. 00864378) so that Mr. Tiede may be present at the preliminary injunction hearing for this matter beginning at 9:00 a.m. on July 8, 2024 and 9:00 a.m. July, 9, 2024. Plaintiffs ask that Mr. Tiede be made available for examination until 5:00 p.m. on both days. Undersigned counsel respectfully requests the Court issue the attached writs by June 26, 2024, so that they can be provided to the Texas Department of Criminal Justice in time for the John B. Connally Unit staff to make the necessary arrangements to ensure Mr. Tiede's appearance.

DATED this 24th day of June, 2024.    Respectfully submitted,

*/s/ Kevin D. Homiak*
Thomas A. Olsen (*pro hac vice*)
Kevin D. Homiak (*pro hac vice*)
Ellen R. Blatt (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:   303.244.1800
Facsimile:   303.244.1879
Email:   olsen@wtotrial.com
         homiak@wtotrial.com
         blatt@wtotrial.com

Erica Grossman (*pro hac vice*)
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
Telephone:   303.860.1331
Email:   erica@hheglaw.com

Jodi Cole
Texas Bar No. 24045602
Law Office of Jodi Cole, PLLC
203 East Murphy Street
Alpine, TX 79830
Telephone:   432.837.4266
Facsimile:   512.692.2575
Email:   jcole@jodicole.com

5

        Jeff Edwards
Texas Bar No. 24014406
David Anthony James
Texas Bar No. 24092572
Lisa Snead
Texas Bar No. 24062204
Paul Samuel
Texas Bar No. 24124463
Edwards Law
603 W. 17th Street
Austin, TX 78701
Telephone:	512.623.7727
Facsimile:	512.623.7729
Email:	jeff@edwards-law.com
	david@edwards-law.com
	lisa@edwards-law.com
	paul@edwards-law.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE (CM/ECF)**

  I HEREBY CERTIFY that on June 24, 2024, I served the foregoing on all counsel of record through the court's CM/ECF e-filing system.

              */s/ Kevin D. Homiak*
              Kevin D. Homiak