IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II; TEXAS PRISONS COMMUNITY ADVOCATES; BUILD UP, INC. *a/k/a* JUSTICE IMPACTED WOMEN'S ALLIANCE; TEXAS CITIZENS UNITED FOR REHABILITATION OF ERRANTS; and COALITION FOR TEXANS WITH DISABILITIES, <br><br> Plaintiffs, <br><br> v. <br><br> BRYAN COLLIER, *in his official capacity as Executive Director of Texas Department of Criminal Justice*, <br><br> Defendant. | § § § § § § § § § § § § § § § § § § § | 1:23-CV-1004-RP |

**ORDER**

Before the Court is Plaintiffs Bernhardt Tiede, II ("Tiede"); Texas Prisons Community Advocates; Build Up, Inc. *a/k/a* Justice Impacted Women's Alliance; Texas Citizens United for Rehabilitation of Errants; and Coalition for Texans with Disabilities' (collectively, "Plaintiffs") motion to compel a 30(b)(6) deposition of a representative of the Texas Department of Criminal Justice ("TDCJ"). (Dkt. 85).[1] Defendant Bryan Collier ("Collier") responded in opposition on the merits, (Dkt. 103), and Plaintiffs replied, (Dkt. 105). Having considered the parties' briefs, the record, and the relevant law, the Court will compel the 30(b)(6) deposition of a TDCJ representative.

**I. BACKGROUND**

Tiede originally filed suit on August 24, 2023. (Compl., Dkt. 1). On May 7, 2024, the Court granted Tiede's motion to amend his complaint, (Dkt. 48). (Order, Dkt. 56). On April 25, 2024, he

---

[1] On June 20, 2024, the Court granted in part the motion, denied in part the motion, and deferred consideration of the remainder of the motion until Plaintiffs had an opportunity to file their reply brief. (Order, Dkt. 100).

1

filed a Motion for Preliminary Injunction, (Dkt. 50), which is now fully briefed. (Dkts. 52, 90). The Court will hold a preliminary injunction hearing on July 8, 2024, (*see* Dkt. 82).

In the interim, Collier moved to dismiss Plaintiffs' first amended complaint, (Dkt. 57), under Rules 12(b)(1) and 12(b)(6). (Dkts. 76, 77). On June 14, 2024, the Court denied both motions to dismiss on all grounds. (Order, Dkt. 95). Meanwhile, Plaintiffs also filed an Emergency Motion to Compel Discovery Responses, Depositions, and Responses to Document Requests Accompanying the Deposition Notices. (Dkt. 85). Collier responded in opposition on the basis of sovereign immunity, (Dkt. 94; *see also* Objs., Dkts. 85-4, 85-5), which was mooted by the Court's order denying his motions to dismiss. (Dkts. 95, 96). The Court then ordered Collier to respond to the merits of the motion, (Dkt. 96), which Collier did on June 18, 2024, (Dkt. 103). On June 20, 2024, the Court granted in part the motion, denied in part the motion, and deferred consideration of the remainder of the motion (concerning the 30(b)(6) deposition) until Plaintiffs had an opportunity to file their reply brief. (Order, Dkt. 100; *see also* Reply, Dkt. 105).

## II. LEGAL STANDARD

The scope of discovery is broad. *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Federal Rule of Civil Procedure 26 provides that, unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby*, 647 F.3d at 262 (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). A party seeking discovery may file a

motion to compel after conferring in good faith to secure that discovery without court action. Fed. R. Civ. P. 37(a). If the motion is filed and granted, the Court must order the resisting party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018); *see also McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party objecting to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (stating that the party resisting discovery has the burden to "specifically object") (citing *McLeod*, 894 F.2d at 1485).

### III. DISCUSSION

Plaintiffs seek to compel a 30(b)(6) deposition of a TDCJ representative and the accompanying document requests, (Dkt. 85-3). (Mot., Dkt. 85, at 1). Plaintiffs argue that their "designated 30(b)(6) topics to TDCJ are generally limited to basic information about TDCJ buildings, the Wallace Pack Unit, information since January 1, 2022, and plans for the future." (*Id.* at 8). In response, Collier argues that "Plaintiffs have identified overly broad and unduly burdensome topics that seeks full merits discovery," many of which "cover the same areas information requested in Plaintiffs' written discovery requests." (Resp., Dkt. 103, at 8). In reply, Plaintiffs agree to withdraw 30(b)(6) Deposition Topic No. 1 and argue that the remaining topics are not "duplicative of their written discovery requests" or "overly broad or unduly burdensome." (Reply, Dkt. 105, at 5–9).

3

As the Court noted in its prior order on the motion to compel, (Dkt. 100), Plaintiffs have established that they seek relevant and proportional discovery regarding their claims pursuant to Rule 26. Plaintiffs' 30(b)(6) notice seeks information regarding key issues that are likely to arise at the preliminary injunction hearing. At least one TDCJ representative will likely have to testify at the preliminary injunction hearing, so a 30(b)(6) deposition will streamline the hearing. Accordingly, the interests of judicial economy would be promoted by allowing Plaintiffs to take a 30(b)(6) deposition of a TDCJ representative. Further, the material is not overly intrusive for the very same reason—TDCJ will have to provide this information at the hearing, and it is information that TDCJ already possesses.

The Court finds that Collier has not articulated sufficient objections to the 30(b)(6) notice.[2] Collier labels some 30(b)(6) topics duplicative, but Plaintiffs have agreed to withdraw the first deposition topic, which is the only topic duplicative of the written discovery the Court previously ordered. (*See* Dkt. 100). The amended complaint is expansive in scope, and Plaintiffs need information about TDCJ practices in order to show that TDCJ's current efforts are unreasonable and constitutionally insufficient. This is a large case with significant and severe consequences, and it is easily important enough to warrant TDCJ's participation in expedited discovery. The Court does

---

[2] While the parties did not raise the issue of whether Collier has standing to contest the 30(b)(6) notice, the Court finds that he does.

> Under Rule 45(d)(3), a party generally has standing to challenge a subpoena issued to a non-party if it has a personal right or privilege with respect to the materials subpoenaed. . . the general rule is that a party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself. While a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person, those interests usually are limited to privilege and confidentiality issues.

*Meritage Homes of Tex., LLC v. AIG Specialty Ins. Co.*, No. 1:22-CV-1375-DAE-SH, 2024 WL 221448, at *4 (W.D. Tex. Jan. 18, 2024) (citations and quotations omitted). Because Collier has indicated that his own interest would be jeopardized by the 30(b)(6) deposition, he has standing to contest the notice.

not find any reason to indicate that a representative of TDCJ cannot provide the information that Plaintiffs request, which is appropriately tailored to the issues presented by Plaintiffs' amended complaint. Accordingly, the Court will compel Collier to ensure that a TDCJ representative appears for the 30(b)(6) deposition and to respond to the subpoena *duces tecum* that accompanied the original deposition notice at least twenty-four (24) hours before the hearing.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' motion to compel the deposition of a 30(b)(6) deponent of TDCJ is **GRANTED**.

**IT IS FURTHER ORDERED** that Collier ensure that a TDCJ representative appears for the 30(b)(6) deposition on July 2 or July 3, 2024, to testify regarding the topics set forth in Plaintiffs' deposition notice, with the exception of Deposition Topic No. 1. (*See* Dkt. 85-3, at 6–7).

**IT IS FURTHER ORDERED** that Collier ensure that a TDCJ representative produce the documents requested in Exhibit B to Plaintiffs' Rule 30(b)(6) notice at least 24 hours before the deposition commences. (*See* Dkt. 85-3, at 8).

**SIGNED** on June 25, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE