IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II; TEXAS PRISONS COMMUNITY ADVOCATES; BUILD UP, INC. *a/k/a* JUSTICE IMPACTED WOMEN'S ALLIANCE; TEXAS CITIZENS UNITED FOR REHABILITATION OF ERRANTS; and COALITION FOR TEXANS WITH DISABILITIES, <br><br> Plaintiffs, <br><br> v. <br><br> BRYAN COLLIER, *in his official capacity as Executive Director of Texas Department of Criminal Justice*, <br><br> Defendant. | § § § § § § § § § § § § § § § § § § § | 1:23-CV-1004-RP |

## ORDER

Before the Court is Plaintiffs Bernhardt Tiede, II ("Tiede"); Texas Prisons Community Advocates; Build Up, Inc. *a/k/a* Justice Impacted Women's Alliance; Texas Citizens United for Rehabilitation of Errants; and Coalition for Texans with Disabilities' (collectively, "Plaintiffs") Emergency Motion To Compel Third-Party University Of Texas Medical Branch To Respond To Subpoena. (Dkt. 102). Non-Party University of Texas Medical Branch at Galveston ("UTMB") filed a response in opposition, (Dkt. 111), and Plaintiffs filed a reply. (Dkt. 120). Also before the Court is UTMB's Motion To Quash Document Subpoena. (Dkt. 104). Plaintiffs filed a response in opposition, (Dkt. 107), and UTMB filed a reply, (Dkt 112). Having considered the parties' briefs, the record, and the relevant law, the Court will grant UTMB's motion to quash and deny Plaintiffs' motion to compel.

1

## I. BACKGROUND

Tiede originally filed suit on August 24, 2023. (Compl., Dkt. 1). On May 7, 2024, the Court granted Tiede's motion to amend his complaint. (Mot. Amend, Dkt. 48; Order, Dkt. 56). On April 25, 2024, Tiede filed a Motion for Preliminary Injunction, (Dkt. 50), which is now fully briefed. (Dkts. 52, 90). The Court will hold a preliminary injunction hearing on July 30, 2024. (*See* Dkt. 116).

In the interim, Collier moved to dismiss Plaintiffs' first amended complaint, (Dkt. 57), under Rules 12(b)(1) and 12(b)(6). (Dkts. 76, 77). On June 14, 2024, the Court denied both motions to dismiss on all grounds. (Order, Dkt. 95). Meanwhile, the Court has resolved several pre-hearing discovery motions and disputes. (*See, e.g.*, Orders, Dkts. 83, 96, 100, 108).

On June 20, 2024, Plaintiffs filed the instant motion to compel non-party UTMB to respond to a subpoena. (Dkt. 102). UTMB responded in opposition on June 25, 2024, (Dkt. 111), and Plaintiffs filed a reply on July 1, 2024. (Dkt. 120). On June 21, 2024, UTMB moved to quash the subpoena. (Dkt. 104). Plaintiffs responded in opposition on June 24, 2024, (Dkt. 107), and UTMB filed a reply on June 26, 2024, (Dkt 112).

On June 27, 2024, the Court ordered Plaintiffs, Collier, and UTMB to meet and confer regarding the status of the pending motions, (Dkts. 102, 104), relating to the UTMB subpoena. (Order, Dkt. 118). On July 3, 2024, Plaintiffs filed a notice with the Court indicating that the parties were unable to reach an agreement about the motions. (Dkt. 124, at 1–2). "UTMB maintains that it is entitled to sovereign immunity and that Plaintiffs' request is duplicative." (*Id.*).

## II. LEGAL STANDARD

### A. Motion to Quash

Federal Rule of Civil Procedure 45(d)(3)(A) provides that, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified

in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

"To avoid imposing any undue burden or expense on the person or entity subject to the subpoena, courts apply the same relevance and proportionality limitations encompassed by Rule 26 to motions to quash in the context of Rule 45." *In re Subponeas Issued to Labatt Food Serv., LLC*, No. SA-21-MC-01242-XR, 2022 WL 1000318, at *3 (W.D. Tex. Apr. 1, 2022) (citations omitted). Rule 26 provides that, unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

**B. Motion to Compel**

A party seeking discovery may file a motion to compel after conferring in good faith to secure that discovery without court action. Fed. R. Civ. P. 37(a). If the motion is filed and granted, the Court must order the resisting party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018); *see also McLeod, Alexander,*

*Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party objecting to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (stating that the party resisting discovery has the burden to "specifically object") (citing *McLeod*, 894 F.2d at 1485).

### III. DISCUSSION

Plaintiffs seek to compel UTMB to respond to Plaintiffs' subpoena for custodial death data relating to the deaths of TDCJ prisoners over the last two summers, from May through September 2022 and 2023. (Mot. Compel, Dkt. 102, at 1; *see also* Subpoena, Dkt. 102-1). Specifically, Plaintiffs seek autopsy reports and death certificates for 286 deceased TDCJ prisoners located on Exhibit A to their subpoena. (Subpoena, Dkt. 102-1, at 2, 6–31).[1] Plaintiffs served the subpoena on UTMB on May 9, 2024. (Subpoena, Dkt. 102-1, at 2). Plaintiffs argue that UTMB waived any objections to the subpoena, and in the alternative, that the subpoena is still relevant and proportional. (Mot. Compel, Dkt. 102, at 4–5).

In its motion to quash, UTMB argues that: (1) it was not aware of the subpoena until June 20, 2024; (2) it is entitled to sovereign immunity as an arm of the state; (3) the autopsy reports are private and irrelevant; and (4) the subpoena is overbroad and unduly burdensome. (Mot. Quash, Dkt. 104).

In response to the motion to quash, Plaintiffs say that the UTMB subpoena may be "mooted by the Court's order for TDCJ to produce the same documents." (Pls.' Resp., Dkt. 107, at 1).

---

[1] Exhibit A is the same table among the various discovery documents, and thus, the Court refers interchangeably to the same "Exhibit A." While Plaintiffs labeled their subpoena of UTMB "Exhibit A," the Court avoids citing to "Ex. A" to eliminate any confusion about this different Exhibit A and will instead cite to it as "Subpoena."

4

However, in their updated notice, Plaintiffs contend that the subpoena is not duplicative because it seeks information beyond what Collier has agreed to produce. (Notice, Dkt. 124, at 1–2). As noted in Plaintiffs' reply to their motion to compel, Collier has agreed to produce "any autopsy reports and death certificates" requested in Plaintiffs' RFP No. 2, "'as they are included in the OIG reports, so long as the families did not object.'" (Dkt. 120, at 4 n.4 (quoting Ex. A, Dkt. 120-1 (email from Collier's counsel to Plaintiffs' counsel))).

The Court begins its analysis by summarizing the discovery that it previously compelled Collier to produce. The Court previously compelled Collier to answer "whether the cell and living unit in which each inmate [listed on Exhibit A] resided had air conditioning." (*See* Order, Dkt. 100 (compelling interrogatories in Dkt. 85-1)). The Court also previously compelled Collier to:

> produce all autopsy reports, death review files, office of inspector general files, emergency action center files, serious incident review files, unit risk manager files, administrative review file, pathologist files, mortality and morbidity review files, death investigation reports, medical records, internal affairs investigation reports, incident reports, serious incident camera footage, surveillance footage, and body-worn camera footage related to the deaths of the individuals that occurred between May 1, 2022, and September 30, 2022, and between May 1, 2023, and September 30, 2023, that are listed on Exhibit A.

(*See* Order, Dkt. 100 (compelling requests for production in Dkt. 85-2)). Plaintiffs and Collier have met and conferred regarding the feasibility of such production, and on this date, the Court ordered that Collier begin his rolling production on or before July 15, 2024, and fully and substantively respond to all of Plaintiffs' discovery requests on or before July 22, 2024. (Order, Dkt. 131).

The Court also compelled a 30(b)(6) deposition of a TDCJ representative, which will include discussion of "The circumstances of every death listed in Exhibit A to Mr. Tiede's First Set of Requests for Production to Defendant Bryan Collier, whether TDCJ believes that heat caused or contributed to those deaths, and every action that TDCJ took in response to each of those deaths." (*See* Order, Dkt. 108 (compelling 30(b)(6) deposition noticed in Dkt. 85-3); *see also* Order, Dkt. 131

(ordering Collier to produce a 30(b)(6) witness or witnesses for deposition by Zoom between July 23, 2024 and July 26, 2024)).

While Plaintiffs have established that they seek relevant discovery regarding their claims pursuant to Rule 26, the discovery Plaintiffs seek from UTMB is not proportional in light of the discovery Collier must produce to Plaintiffs. Under Rule 45(d)(3)(A), a motion to quash or modify a subpoena must be granted when it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The subpoena Plaintiffs served on UTMB seeks substantially duplicative material from UTMB, and it would be unduly burdensome to require UTMB, a non-party, to produce such material. While this case carries significant consequences, Plaintiffs must still show that their discovery requests are proportional and non-duplicative. Because Plaintiffs do not make that showing, the Court will grant UTMB's motion to quash the third-party subpoena and deny the cross-motion to compel.[2]

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Non-Party UTMB's Motion to Quash, (Dkt. 104), is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel, (Dkt. 102), is **DENIED**.

**SIGNED** on July 12, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] While UTMB contends that it is entitled to sovereign immunity, the Court does not reach this argument, having found that Plaintiffs' third-party subpoena of UTMB is not proportional.