**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| BERNHARDT TIEDE, II; | § | |
| TEXAS PRISONS COMMUNITY | § | |
| ADVOCATES; | § | |
| DISABILITY RIGHTS TEXAS; | § | |
| BUILD UP, INC. a/k/a LIONESS: JUSTICE | § | |
| IMPACTED WOMEN'S ALLIANCE; and | § | |
| COALITION FOR TEXANS WITH | § | |
| DISABILITIES, | § | |
| | § | Civil Action No.: 1:23-cv-01004-RP |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| BRYAN COLLIER, in his official capacity as | § | |
| Executive Director of Texas Department of | § | |
| Criminal Justice, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFFS' <u>OPPOSED</u> MOTION FOR *WRITS OF HABEAS CORPUS AD TESTIFICANDUM* FOR ANTHONY HANBY AND MELISSA MENDEZ**

Plaintiffs respectfully request the Court issue *writs of habeas corpus ad testificandum* pursuant to 28 U.S.C. § 2241(c)(5) for the in-person testimony of Anthony Hanby and Melissa Mendez at the upcoming preliminary injunction hearing. Mr. Hanby is a constituent of Texas Prisons Community Advocates ("TPCA") and Ms. Mendez is a member of Lioness: Justice Impacted Women's Alliance ("Lioness")—two of the Organizational Plaintiffs in this case. Both individuals will testify to TDCJ's failure to mitigate the extreme summer temperatures and the effects of that failure on themselves and their fellow inmates. Mr. Hanby is currently incarcerated in the Texas Department of Criminal Justice's O.B. Ellis Unit, 1697 FM 980, Huntsville, TX 77343. Ms. Mendez is currently incarcerated in the Texas Department of Criminal Justice's William P. Hobby Unit, 742 FM 712, Marlin, TX 76661. Thus, writs are necessary to ensure Mr. Hanby and Ms. Mendez's in-person appearance and testimony at the

preliminary injunction hearing on July 31–August 2, 2024. Plaintiffs will, of course, work with Defendant on times to alleviate the administrative issues of having them on multiple days.

In the alternative, if Defendant establishes undue hardship in securing this live testimony, Plaintiffs ask that Mr. Hanby and Ms. Mendez are made available on those dates for remote testimony at the preliminary injunction hearing via Zoom. Plaintiffs conferred with counsel for Mr. Collier regarding the relief requested herein and note for the Court that Mr. Collier opposes this Motion. Given the proximity of the hearing, if the Court wants briefing on this issue, Plaintiffs request expedited briefing on this matter and ask that the Court order Defendant Collier to file a response to this motion by Wednesday, July 24, 2024, and set Plaintiffs' reply deadline as Thursday, July 25, 2024.

## <u>ARGUMENT</u>

Under 28 U.S.C. § 2241(c)(5), the Court may issue a writ of *habeas corpus ad testificandum* if "[i]t is necessary to bring [a prisoner] into court to testify or for trial." Whether to issue the writ "rests in the sound discretion of the trial court." The decision on whether to issue a writ of *habeas corpus ad testificandum* is within the district court's discretion, and courts within this Circuit consider several factors when making this decision, including (1) whether the prisoner's presence will substantially further the resolution of the case; (2) the security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted. *See Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977). Here, those factors weigh in favor of granting Plaintiffs' motion.

First, writs are necessary to further the resolution of the case. Mr. Hanby and Ms. Mendez are constituents of two of the Organizational Plaintiffs in this case: TPCA and Lioness.

Because Mr. Hanby and Ms. Mendez are currently incarcerated, writs are necessary to secure their in person appearance at the hearing. Furthermore, their testimony is vital to Plaintiffs' case. As current inmates in TDCJ prisons, Mr. Hanby and Ms. Mendez will testify to TDCJ's failure to mitigate the extreme summer temperatures, and the effect that failure has had on themselves and their fellow inmates. Their personal experiences with the unmitigated heat will help lay the foundation for how TDCJ's failure to adequately protect inmates from extreme temperatures poses a substantial risk of serious harm—one of Plaintiffs' central claims. Mr. Hanby and Ms. Mendez's testimony is thus crucial to establish the factual basis for Plaintiffs' claims and to support the issuance of preliminary injunctive relief.

Second, transporting Mr. Hanby and Ms. Mendez does not pose a security risk. Undersigned counsel is unaware of any write-ups or disciplinary issues related to Mr. Hanby or Ms. Mendez's conduct while in TDCJ.

Third, the expense of transporting Mr. Hanby and Ms. Mendez does not outweigh the necessity of their presence at the preliminary injunction hearing, as both individuals are located in Texas. Mr. Hanby is currently incarcerated in the O.B. Ellis Unit in Huntsville, TX, which is roughly a three-hour drive from Austin, TX, where the preliminary injunction hearing will take place. Ms. Mendez is currently incarcerated in the William P. Hobby Unit in Marlin, TX, which is roughly a one hour and 45 minute drive from Austin, TX. Courts have found that the expense and burden of transporting a prisoner weighs against their testimony when such transportation involves extreme distances, such as crossing state lines. *See e.g., U.S. v. $64,000.00 in U.S. Currency*, 722 F.2d 239, 246 (5th Cir. 1984) (writ of *habeas corpus ad testificandum* would have required the government to send inmate from the Federal Correctional Institution in Pennsylvania to the forfeiture trial in Louisiana). This is not the case here. Mr. Hanby and Ms.

Mendez's transportation costs will be minimal compared to those considered in *U.S. v. $64,000*. And again, such transportation costs are outweighed by the fact that having Mr. Hanby and Ms. Mendez, constituents of two Organizational Plaintiffs in this case, testify at the preliminary injunction hearing will substantially further the resolution of the case.

Finally, the suit cannot be stayed until Mr. Hanby and Ms. Mendez are released without prejudice to the cause asserted. Plaintiffs' suit involves claims of imminent harm from extreme temperatures that TDCJ inmates are facing now and will continue to face every successive summer until the requested relief is granted.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court direct the Clerk of the Court to issue the attached *Writs of Habeas Corpus Ad Testificandum* for Anthony Hanby (TDCJ Reg. No. 02310034) and Melissa Mendez (TDCJ Reg. No. 00779507) so that they may be present in-person at the preliminary injunction hearing for this matter beginning at 8:00 a.m. CST on July 31, 2024. Plaintiffs ask that Mr. Hanby and Ms. Mendez be made available for examination until 5:00 p.m. on August 2, 2024. In the alternative, if Defendant establishes undue hardship in securing this live testimony, Plaintiffs ask that Mr. Hanby and Ms. Mendez are made available on those dates for remote testimony at the preliminary injunction hearing via Zoom

Again, given the proximity of the hearing, Plaintiffs request expedited briefing on this matter and ask that the Court order Defendant Collier to file a response to this motion by Wednesday, July 24, 2024, and set Plaintiffs' reply deadline as Thursday, July 25, 2024. Undersigned counsel respectfully requests the Court issue the attached writs by Friday, July 26, 2024, so that they can be provided to the Texas Department of Criminal Justice in time for the

O.B. Ellis Unit and William P. Hobby Unit staff to make the necessary arrangements to ensure Mr. Hanby and Ms. Mendez's appearances.

DATED this 22nd day of July, 2024.          Respectfully submitted,


*/s/ Erica Grossman*
Erica Grossman (*pro hac vice*)
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
Telephone:     303.860.1331
Facsimile:     303.832.6506
Email:    erica@hheglaw.com



Thomas A. Olsen (*pro hac vice*)
Kevin D. Homiak (*pro hac vice*)
Ellen R. Blatt (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:     303.244.1800
Facsimile:     303.244.1879
Email:    olsen@wtotrial.com
          homiak@wtotrial.com
          blatt@wtotrial.com

Jodi Cole
Texas Bar No. 24045602
Law Office of Jodi Cole, PLLC
203 East Murphy Street
Alpine, TX 79830
Telephone:     432.837.4266
Facsimile:     512.692.2575
Email:    jcole@jodicole.com

Jeff Edwards
Texas Bar No. 24014406
David Anthony James
Texas Bar No. 24092572
Lisa Snead
Texas Bar No. 24062204
Paul Samuel
Texas Bar No. 24124463
Edwards Law
603 W. 17th Street
Austin, TX 78701
Telephone:      512.623.7727
Facsimile:      512.623.7729
Email:    jeff@edwards-law.com
             david@edwards-law.com
             lisa@edwards-law.com
             paul@edwards-law.com

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE (CM/ECF)</u>**

I HEREBY CERTIFY that on July 22, 2024, I served the foregoing on all counsel of record through the court's CM/ECF e-filing system.

*<u>/s/ Brooke Thiele-LaForest</u>*
Brooke Thiele-LaForest, Paralegal