IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II; TEXAS PRISONS COMMUNITY ADVOCATES; BUILD UP, INC. *a/k/a* JUSTICE IMPACTED WOMEN'S ALLIANCE; TEXAS CITIZENS UNITED FOR REHABILITATION OF ERRANTS; and COALITION FOR TEXANS WITH DISABILITIES, <br><br> Plaintiffs, <br><br> v. <br><br> BRYAN COLLIER, *in his official capacity as Executive Director of Texas Department of Criminal Justice*, <br><br> Defendant. | § § § § § § § § § § § § § § § § § § § | 1:23-CV-1004-RP |

**ORDER**

Before the Court is Plaintiffs Bernhardt Tiede, II ("Tiede"); Texas Prisons Community Advocates ("TPCA"); Build Up, Inc. *a/k/a* Justice Impacted Women's Alliance ("Lioness"); Texas Citizens United for Rehabilitation of Errants; and Coalition for Texans with Disabilities' (collectively, "Plaintiffs") Opposed Motion for Writs of Habeas Corpus Ad Testificandum for Anthony Hanby and Melissa Mendez. (Dkt. 142). After the Court ordered an expedited briefing schedule on the motion, (Dkt. 143), Defendant Bryan Collier ("Collier") filed a response, (Dkt. 144), and Plaintiffs filed a reply, (Dkt. 146). For the reasons below, the Court denies the motion.

"A district court has the power to procure a prisoner's presence and testimony through issuance of the writ of habeas corpus ad testificandum." *Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996); *see also* 28 U.S.C. § 2241(c)(5) (a court may issue a writ of habeas corpus ad testificandum if "[i]t is necessary to bring [a prisoner] into court to testify or for trial"). "The decision to issue the writ rests within the discretion of the district court." *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir.

1

1977). "When determining whether it should issue a writ of habeas corpus ad testificandum [for a petitioner], the district court must exercise its discretion based upon consideration of such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Id.* "[W]hen the prisoner at question has not filed the writ, considerations such as whether the district court properly weighs the interest of the inmate in presenting his case in person, versus the interest of the state in maintaining the inmate's incarceration, do not necessarily come into play." *Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, No. CV 11-2405, 2017 WL 1383710, at *3 (E.D. La. Apr. 18, 2017) (cleaned up).

Plaintiffs ask the Court to issue writs of habeas corpus ad testificandum in order for two currently incarcerated prisoners, Anthony Hanby ("Hanby") and Melissa Mendez ("Mendez"), to testify at the preliminary injunction hearing as to the impact of the excessive heat in the Texas Department of Criminal Justice's (the "TDCJ") units. (Mot., Dkt. 142, at 1). Hanby is a member of Plaintiff TPCA, while Mendez is a member of Plaintiff Lioness. Plaintiffs request that the Court enter writs to allow Hanby and Mendez to testify in-person; in the alternative, Plaintiffs ask the Court to provide for Hanby and Mendez's remote testimony via Zoom. (*Id.* at 2). Plaintiffs argue that all four of the *Ballard* factors weigh in favor of issuing the writs. (*Id.* at 2–4). In particular, Plaintiffs argue that Hanby and Mendez's "personal experiences with the unmitigated heat will help lay the foundation for how TDCJ's failure to adequately protect inmates from extreme temperatures poses a substantial risk of serious harm." (*Id.* at 3).

Collier opposes the motion on the basis that (1) Plaintiffs' delay in filing the motion is "unfairly prejudicial and deprives [Collier] of due process" because he lacked notice to prepare for cross-examination of Hanby and Mendez and (2) the *Ballard* factors weigh against issuing the writs.

2

(Resp., Dkt. 144). Collier also notes that remote testimony would be more feasible, but because TDCJ has such limited lead time, it will be difficult to make arrangements for Hanby and Mendez to testify remotely via Zoom on such short notice. (*Id.* at 7–9).

The Court finds that the motion should be denied. While Hanby and Mendez are not the petitioners in this case, but rather, members of the Organizational Plaintiffs, the Court utilizes the *Ballard* factors to guide its analysis. First, Hanby and Mendez's presence will not substantially further the resolution of the case. Plaintiffs will present testimony from a number of other individuals, including Tiede. (*See* Order for Writ of Habeas Corpus Ad Testificandum, Dkt. 109; *see also* Amended Order for Amended Writ of Habeas Corpus Ad Testificandum, Dkt. 117). Plaintiffs allege that extreme heat in TDCJ's uncooled prisons poses a substantial risk of serious harm that constitutes cruel and unusual punishment under the Eighth Amendment. (Am. Compl., Dkt. 57). The Court expects that Tiede's testimony, in addition to the evidence already ordered to be produced in this case, will address this issue. While Hanby and Mendez's testimony may provide additional perspectives on the first-hand experience of TDCJ prisoners without air-conditioning, their testimony is not necessary to meet Plaintiffs' burden.

The second factor is inconclusive. While Plaintiffs note that neither Hanby nor Mendez has any disciplinary record while in prison, (Reply, Dkt. 146, at 7), at least one of the two prisoners is serving a sentence for a violent crime, (Resp., Dkt. 144, at 6). Accordingly, the Court's analysis is not swayed in either direction by this factor; this factor must be weighed against the necessity of the prisoners' testimony.

The third factor weighs against granting the motion. TDCJ states that it would incur significant expenses in transporting the two prisoners to this division for the three days that Plaintiffs request. (Resp., Dkt. 144, at 6–7). Plaintiffs have indicated that they are "willing to specify a single day on which each witness[] will need to be made available," (Reply, Dkt. 146), but TDCJ

3

would still incur significant expenses transporting Hanby and Mendez for one day each. Hanby is incarcerated in a unit approximately three hours away, while Mendez is incarcerated in a unit nearly two hours away. In light of the fact that Hanby and Mendez's testimony will not substantially further the resolution of the case, the Court finds that the significant expenses TDCJ would incur in transporting them to the Austin division are not justified in this case.

The fourth factor is inapplicable, as Hanby and Mendez's testimony relates to the allegedly unconstitutional conditions of their current confinement, so analyzing the likelihood that the case could be stayed until their hypothetical release would not make sense in this context.

Finally, Plaintiffs waited too long to seek the writs. Although the Court previously issued a writ of habeas corpus ad testificandum for Tiede, he is the named Plaintiff. More importantly, Plaintiffs filed their motion two weeks before the hearing was scheduled to begin, and the Court granted a continuance shortly afterwards and reset the hearing to a date three weeks later. Now, Plaintiffs have waited another month to request the writs, filing their motion only eight days before the preliminary injunction hearing. As Collier noted, this expedited timeline is simply not feasible for the TDCJ. The Court must weigh "the need for the prisoner's testimony vis-a-vis the difficulties attendant to securing it." *Ballard*, 557 F.2d at 481. With only three business days—and five days total—until the preliminary injunction hearing is set to begin, it would be impermissibly burdensome to require TDCJ to arrange for Hanby and Mendez's testimony on such a tight timeline.

The Court briefly addresses Plaintiffs' request for remote testimony. The Court may, but is not required to, "permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). While Plaintiffs have indicated that they are "willing to specify a single day on which each witness[] will need to be made available," (Reply, Dkt. 146), the Court finds that remote testimony is not warranted under these circumstances for two reasons. First, as discussed above, *see supra* p. 3, Hanby and Mendez's testimony is not necessary to substantially

further the resolution of the case. Second, even if Plaintiffs specify a day for each prisoner to be made available, it will be difficult for TDCJ to ensure that Hanby and Mendez can testify remotely via Zoom on such short notice given the lack of access to—a situation Plaintiffs concede in their reply. (*Compare* Resp., Dkt. 144, at 7–9 (detailing how each unit's law library has only one first-come, first-serve computer with Zoom access), *with* Reply, Dkt. 146, at 8 (noting that remote testimony may not be guaranteed under these circumstances)).

Accordingly, for the foregoing reasons, Plaintiffs' Opposed Motion for Writs of Habeas Corpus Ad Testificandum for Anthony Hanby and Melissa Mendez, (Dkt. 142), is **DENIED**.

**SIGNED** on July 25, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE