IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II; <br> TEXAS PRISONS COMMUNITY <br> ADVOCATES; BUILD UP, INC. A/K/A <br> JUSTICE IMPACTED WOMEN'S <br> ALLIANCE; TEXAS CITIZENS UNITED <br> FOR REHABILITATION OF ERRANTS; <br> and COALITION FOR TEXANS <br> WITH DISABILITIES, <br>    *Plaintiffs*, <br><br> v. <br><br><br> BRYAN COLLIER, in his official capacity <br> as Executive Director of Texas Department <br> of Criminal Justice, <br>    *Defendant*. | § § § § § § § § § § § § § § § § § § | Civil Action No.: <br> 1:23-CV-01004-RP |

## DEFENDANT COLLIER'S REPLY IN SUPPORT OF HIS OBJECTION TO SWEETIN'S WITNESS TESTIMONY THROUGH DEPOSITION

Defendant Bryan Collier, in his official capacity as Executive Director of the Texas Department of Criminal Justice ("TDCJ"), files this reply in support of his objections to David Sweetin's testimony through a deposition. *See* ECF Nos. 162, 165.

### REPLY

First, in a preliminary injunction hearing or trial, calling a witness through a montage of incomplete deposition excerpts taken out of context and sans the objections launched by Defendant is not proper. Although a deposition transcript may be used *against* a party, i.e., for rebuttal or impeachment, it may not simply be offered as the witness himself if the witness is otherwise available. A deposition transcript is textbook hearsay that is not admissible unless the declarant is unavailable.

Under the Federal Rules of Evidence, deposition transcripts, offered for the truth of the matters asserted therein, are hearsay and may not be admitted as evidence unless a hearsay exception

1

applies. *See* Fed. R. Evid. 801(c) (defining hearsay), 802 ("Hearsay is not admissible . . . ."). Generally, deposition testimony is admissible only when the deponent—*i.e.* the declarant—is unavailable for trial. *See* Fed. R. Evid. 804(b)(1); *see also* Fed. R. Civ. P. 32(a)(4) (stating that a party may use a deposition if a witness is unavailable and setting forth the criteria for when a witness is deemed "unavailable"). As the Fifth Circuit has explained, "[a] deposition may not be introduced into the record at a trial or hearing for any purpose unless the witness is unavailable or exceptional circumstances justify its admission." *Jauch v. Corley*, 830 F.2d 47, 49–50 (5th Cir. 1987); *accord Powertrain, Inc. v. Ma*, 640 F. App'x 263, 265 (5th Cir. 2016); *see United States v. Turner*, 561 F. App'x 312, 321 (5th Cir. 2014) (a party "cannot rely on Rule 807's residual exception to do an end run around Rule 804(b)(1)'s requirement that the witness be unavailable").

Here, the declarant, who is "TDCJ," has been seated in the courtroom the entire hearing. Plaintiffs argue, with no supporting authority, that "an adverse party need not be 'unavailable' for their deposition to be offered against them." ECF No. 165 at 3. That's true, because the adverse party must indeed be present for a deposition to be used *against* them; i.e., for impeachment purposes. "Admissions [by party opponents] can be used only against the party who made them in order to come within the exception to the hearsay rule for statements of a party opponent. *State Farm Lloyds v. Jones*, No. 4:05-CV-389, 2006 U.S. Dist. LEXIS 63978, at *5 (E.D. Tex. 2006). The rule against hearsay simply does not allow a deposition transcript to be called as a witness when the witness is available, and Plaintiffs' lack of authority on that matter is fatal to their circular arguments.

Further, the deposition transcript is substantially more prejudicial than probative as it is incomplete. It is true that Plaintiffs designated the *entire transcript* as an exhibit, for which the foundation would have had to be laid, and it would need to be admitted on a witness. At that time, as with all the other exhibit objections, Defendant would have objected to its admission (hearsay, best evidence, optional completeness, etc.). However, the full transcript as designated on Plaintiffs' exhibit

list was not admitted as an exhibit, but rather, it was called as a witness without the opportunity for Defendant to submit counter designations to complete the testimony or specific objections. See FRE 106. The list of designations was multiple pages long, was riddled with errors, and was sent to Defendant late the night before the hearing. This constitutes an unfair surprise and undue burden for Defendant to pour its resources into with only hours left until the hearing. Because of that, Defendant was only able to get a global objection on file at that time.

Although the Court can consider deposition testimony in a preliminary injunction hearing, it should not give this testimony any weight due to the apparent gamesmanship by Plaintiffs and highly prejudicial burden it placed on Defendant. The deposition "admitted" as a witness by Plaintiffs is spliced and piecemealed together, leaving out substantial testimony, argumentative and harassing behavior by Plaintiffs' counsel, and necessary objections of Defendant's counsel. Plaintiffs' counsel moved to compel this deposition with a litany of overbroad topics with the purpose of compiling a mish mash of incomplete and out of context testimony to present to the Court in lieu of live testimony. This behavior should not be rewarded, and the Court should not give any weight to it.

## CONCLUSION

Defendant respectfully prays this Court does not give any weight to the transcript testimony of TDCJ through its deposition rather than live. Should the Court still consider the testimony, Defendant respectfully requests that the Court consider the testimony with the completed excerpts and objections. These designations are filed contemporaneously with this reply, and the synced video will be given to Court.

    Respectfully submitted.

    **KEN PAXTON**
    Attorney General of Texas

    **BRENT WEBSTER**
    First Assistant Attorney General

>**GRANT DORFMAN**
>Deputy First Assistant Attorney General
>
>**JAMES LLOYD**
>Deputy Attorney General for Civil Litigation
>
>**SHANNA E. MOLINARE**
>Chief, Law Enforcement Defense Division
>
>*/s/ Abigail K. Carter*
>**ABIGAIL K. CARTER**
>Assistant Attorney General
>Attorney-in-Charge
>State Bar No. 24126376
>Abigail.Carter@oag.texas.gov
>
>P. O. Box 12548, Capitol Station
>Austin, Texas 78711-2548
>Office (512) 463-2080/Fax (512) 370-9814
>
>**COUNSEL FOR DEFENDANTS**

**NOTICE OF ELECTRONIC FILING**

I, **ABIGAIL K. CARTER**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above in accordance with the Electronic Case Files System of the Western District of Texas, Austin Division, on August 1, 2024.

>/s/ Abigail K. Carter
>**ABIGAIL K. CARTER**
>Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **ABIGAIL K. CARTER**, Assistant Attorney General of Texas, certify that a true copy of the above has been served by via email to all counsel of record through this Court's electronic filing system.

>/s/ Abigail K. Carter
>**ABIGAIL K. CARTER**
>Assistant Attorney General

4