IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II; <br> TEXAS PRISONS COMMUNITY <br> ADVOCATES; BUILD UP, INC. A/K/A <br> JUSTICE IMPACTED WOMEN'S <br> ALLIANCE; TEXAS CITIZENS UNITED <br> FOR REHABILITATION OF ERRANTS; <br> and COALITION FOR TEXANS <br> WITH DISABILITIES, <br>     *Plaintiffs*, <br> <br> v. <br> <br> <br> BRYAN COLLIER, in his official capacity <br> as Executive Director of Texas Department <br> of Criminal Justice, <br>     *Defendant*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No.: <br> 1:23-CV-01004-RP |

**DEFENDANT COLLIER'S SUPPLEMENTAL BRIEFING
REGARDING RULE 30(b)(6) TESTIMONY**

Defendant Bryan Collier, in his official capacity as Executive Director of the Texas Department of Criminal Justice ("TDCJ"), files this briefing for the benefit of the Court to assess the testimony allowed by Director Collier in light of the 30(b)(6) testimony.

**ARGUMENT**

There is no authority in the Fifth Circuit or any circuit that testimony that was not given in the 30(b)(6) deposition cannot be testified to live, to either supplement or correct the testimony of the 30(b)(6) dependent. As one leading treatise explains, citing to over a dozen cases:

> "Of course, the testimony of the [30(b)(6)] representative designated to speak for the corporation are admissible against it. But as with any other party statement, [a 30(b)(6) witness's statements] are not 'binding' in the sense that the corporate party is forbidden to call the same or another witness to offer different testimony at trial."

1

8A Fed. Prac. & Proc. Civ. (Wright & Miller) § 2103 (3d ed.) (emphasis added).

Although there is no Fifth Circuit case on point, several other circuits have addressed this very issue:

- *Snapp v. United Transportation Union*, 889 F.3d 1088 (9th Cir. 2018) ("Deposition testimony of an organization can be corrected, explained, and supplemented. The organization is not irrevocably bound to what the fairly prepared and candid designated deponent happens to remember during the testimony.");

- *Keepers, Inc. v. City of Milford, 807 F.3d 24* (2d Cir. 2015) (holding that, because "Rule 30(b)(6) testimony is not 'binding' in the sense that it precludes the deponent from correcting, explaining, or supplementing its statements," the district court acted within its discretion in permitting the city's chief of police to supplement the oral deposition given on its behalf by a different representative");

- R *& B Appliance Parts, Inc. v. Amana Co., L.P.*, 258 F.3d 783, 786 (8th Cir. 2001) ("Although Amana is certainly bound by [its 30(b)(6) witness's] testimony, it is no more bound than any witness is by his or her prior deposition testimony. A witness is free to testify differently from the way he or she testified in deposition, albeit at the risk of having his or her credibility impeached by the introduction of a deposition.");

- *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213 (3d Cir. 2009) (holding that the deposition testimony of defendant's designated witness was not binding on the company and that the company was therefore entitled to produce contrary evidence at trial);

- *Vehicle Market Research, Inc. v. Mitchell International, Inc.*, 839 F.3d 1251, 1261 (10th Cir. 2016) ("We agree with our sister circuits that the testimony of a Rule 30(b)(6) witness is merely an evidentiary admission, rather than a judicial admission.");

- *Lindquist v. City of Pasadena, Tex.*, 656 F. Supp. 2d 662 (S.D. Tex. 2009 (holding that testimony given in deposition by designated corporate representative is evidence which, like other deposition testimony, can be contradicted and use for impeachment purposes and that, in this sense, it is not 'binding' on the corporation like a judicial admission.)

- *Reed v. LKQ Corporation*, 436 F. Supp. 3d 892 (N.D. Tex. 2020) ("As a general matter, the deposition testimony of a corporate representative does not constitute a judicial admission.");

- *Litterer v. United States*, 545 F. Supp. 3d 625 (N.D. Ill. 2021) ("Testimony given at the deposition of a corporate designee is merely an evidentiary admission, and it does not have conclusive effect. So whatever the witness says can be used against the company, but it does not preclude the deponent or the company from correcting, explaining, or supplementing its statements.")

- *United States ex rel. Landis v. Tailwind Sports Corp.*, 292 F. Supp. 3d 211 (D.D.C. 2017) (holding that government was not precluded form introducing evidence that contradicted the deposition testimony of its designated witness and noting that "the broad principle that testimony of a Rule 30(b)(6) representative binds the designating entity has been expressly repudiated by every court of appeals to consider the issue.");

- *Johnson v. Big Lots Stores, Inc.*, No. CIV.A. 04-3201, 2008 WL 6928161, at *3 (E.D. La. May 2, 2008) ("Although the testimony of a corporate representative under Rule 30(b)(6) is binding on the corporation, such testimony does not constitute a 'judicial admission' that decides an issue with finality or estops a party from contradicting the testimony of an earlier corporate representative.")

Of course, not allowing any testimony other than what was given in the 30(b)(6) deposition, which was controlled by the Plaintiffs' counsel and limited to the topics therein, would be very favorable for Plaintiffs. However, this type of ruling would be unduly prejudicial to the defense as it would inhibit TDCJ from fully presenting their defense. The rules of evidence and trial law simply do not constrain parties or witnesses to only their deposition testimony in any case, and certainly not in a preliminary injunction hearing where the rules of evidence are more relaxed. As such, Plaintiffs' objections to testimony outside their incomplete snip-its from their chosen topics should be overruled.

## CONCLUSION

Defendant respectfully prays this Court overrule Plaintiffs' objections attempting to constrain and limit TDCJ's testimony as unduly prejudicial.

    Respectfully submitted.

    **KEN PAXTON**
    Attorney General of Texas

    **BRENT WEBSTER**
    First Assistant Attorney General

    **GRANT DORFMAN**
    Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Chief, Law Enforcement Defense Division

*/s/ Abigail K. Carter*
**ABIGAIL K. CARTER**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24126376
Abigail.Carter@oag.texas.gov

P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Office (512) 463-2080/Fax (512) 370-9814

**COUNSEL FOR DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I, **ABIGAIL K. CARTER**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above Objections to Plaintiffs' Exhibit List in accordance with the Electronic Case Files System of the Western District of Texas, Austin Division, on August 1, 2024.

/s/ Abigail K. Carter
**ABIGAIL K. CARTER**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **ABIGAIL K. CARTER**, Assistant Attorney General of Texas, certify that a true copy of the above Objections to Plaintiffs' Exhibit List has been served by via email to all counsel of record through this Court's electronic filing system.

/s/ Abigail K. Carter
**ABIGAIL K. CARTER**
Assistant Attorney General