# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II; et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.: 1:23-cv-01004-RP |
| BRYAN COLLIER, in his official capacity as Executive Director of Texas Department of Criminal Justice, | § § § § | |
| Defendant. | § § | |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION TO EXCLUDE TESTIMONY AND EVIDENCE PURSUANT TO RULE 37 AND TO COMPEL 30(B)(6) DEPOSITION

Plaintiffs respectfully note that the preliminary injunction hearing in this matter did not moot all of Plaintiffs' requested relief in their emergency motion to exclude testimony and evidence pursuant to Rule 37 and to compel 30(b)(6) deposition (ECF 157) and, for the reasons articulated in Plaintiffs' motion and as articulated below, the Court should grant the motion.

### I. ARGUMENT AND AUTHORITIES

In addition to excluding the Texas Department of Criminal Justice's (TDCJ) testimony from consideration in ruling on Plaintiffs' motion for a preliminary injunction, the Court should grant Plaintiffs' motion to compel the 30(b)(6) deposition of TDCJ and award fees and costs for two reasons: (1) the topics on which TDCJ's representative was unprepared are clearly within the noticed 30(b)(6) topics and (2) Plaintiffs have satisfied the requirements for the Court to impose sanctions.

#### A. The information Plaintiffs seek to compel falls within the noticed topics.

Information concerning the Texas power grid's alleged inability to support permanent air conditioning, the basis for the cost estimates for temporary air conditioning, and the heat sensitivity score are well within the topics Plaintiffs noticed and which this Court ordered. *See* Exhibit 1;[1] ECF 108, p. 5. The Court can, therefore, compel TDCJ to appear pursuant to the 30(b)(6) notice and present a prepared representative.

Mr. Sweetin himself raised the issue of the Texas power grid's alleged inability to support the demand of additional air conditioning in response to questions concerning feasibility of

---

[1] Exhibit 6, Plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition to the Texas Department of Criminal Justice.

permanently air conditioning all TDCJ facilities. *See* ECF 158-1 at 31:7–32:1, 32:23–34:4. Any conversation anyone acting on TDCJ's behalf had with ERCOT concerning the feasibility of installing air conditioning in the inmate housing and living areas of all Texas prisons clearly falls within "TDCJ's process, plans, and designs (if any) for future installations of permanent air conditioning in TDCJ facilities in which the inmates' housing or living areas are not 100% air conditioned." Ex. 1, p. 6, § II.6. There is simply no context for this alleged conversation to have taken place other than as part of TDCJ's process and planning to install such air conditioning—and, evidently, TDCJ contends it relied on that conversation in its planning.[2]

Second, the costs of temporarily installing air conditioning all TDCJ prisons where the inmate housing and living areas are not currently air conditioned was expressly included within noticed Topic 7, though Mr. Sweetin was wholly unable to answer any questions about how TDCJ identified or estimated the alleged costs. *See* Ex. 1, p. 7, § II.7 ("TDCJ's process, plans, and designs (if any) for future installations of temporary air conditioning in TDCJ facilities…**and costs of those installations**….") (emphasis added); ECF 158-1 at 63:23, 64:10–65:23, 85:7–22, 119:11–25, 175:24–176:21, 188:22–191:13, 192:2–10, 210:4–11, 211:22–212:3, 313:21–314:14, 315:4–12.[3]

Third, TDCJ's reliance on a "heat sensitivity score" algorithm clearly falls within the scope of the "policies, procedures, and other measures that TDCJ has used since January 1, 2022 and plans to implement this summer to address the risks that temperatures over 85° F pose to TDCJ inmates and employees…and the manner in which TDCJ determines whether inmates are provided air-conditioned housing." Ex. 1, p. 7, § II.10. Regardless of who maintains or created the heat sensitivity score algorithm, TDCJ's knowledge of the algorithm is plainly responsive to Topic 10. *See* ECF 157, pp. 3–4. Though Defendant asserts in his response to Plaintiffs' motion that TDCJ was "not involved in" developing the heat score "whatsoever," Dr. Leonardson testified that TDCJ "handed [UTMB] the settlement document" from the Pack Unit litigation and "ma[d]e a list of categories and disease[s] and drugs and things like that" that UTMB incorporated into the heat

---

[2] As expected, at the hearing, TDCJ employee Ron Hudson testified for Defendant concerning TDCJ's reliance on generators to run air conditioning units because of these alleged electrical shortcomings, though Plaintiffs were denied the opportunity to explore this line of questioning during the deposition.

[3] Similarly, and as expected, at the hearing, TDCJ presented evidence through Ron Hudson of these costs, though Plaintiffs were denied the ability to explore the factual basis (if any) for TDCJ's astronomical cost estimates.

score using medical records TDCJ owns.[4] Of course Defendant knew this—as Collier admitted himself.[5] And yet, Mr. Sweetin could not even explain that, much less identify the diseases TDCJ directed UTMB to include as part of the heat score algorithm. *See, e.g.,* ECF 158-1, 180:17–21, 182:3–184:5.

Where TDCJ's designated representative was unprepared on Topics 6, 7, and 10, the Court can and should compel an additional deposition on these topics.

### B. The Court should compel TDCJ's additional 30(b)(6) deposition as to topics 6, 7, and 10 and award fees and costs.

Second, Plaintiffs have satisfied the requirements of Rule 37. The Federal Rules of Civil Procedure explicitly state that the Court is empowered to order sanctions against a party who fails to appear for its deposition under Rule 30(b)(6). FED. R. CIV. P. 37(d)(1)(A)(i). It is well-settled that a party fails to "appear" for its deposition under Rule 30(b)(6) where its designated "agent is not knowledgeable about relevant facts, and the [party] has failed to designate an available, knowledgeable, and readily identifiable witness." *Resolution Tr. Corp. v. S. Union Co.,* 985 F.2d 196, 197 (5th Cir. 1993); *see also* ECF 157, pp. 4–9 (collecting cases). None of Defendant Collier's cited cases provide otherwise. *See* ECF 163, pp. 4–5, § I(B). In fact, one of the two cases Defendant relies upon did not even concern deposition testimony and upheld court-ordered sanctions.[6] *See id.* at pp. 4, 5 (citing *Merritt v. Int'l Bd. of Boilermakers*, 649 F.2d 1013 (5th Cir. 1981)) (upholding award of attorneys' fees and costs against party who failed to answer interrogatories).

In the singular case cited by Defendant concerning depositions, *Orchestrate HR, Inc., v. Trombetta*, that court considered a request to impose sanctions where a deponent was accused of deliberately presenting false information during his deposition but declined to do so where the evidence could support a mere finding of "faulty memory and innocent mistakes." 178 F.Supp.3d 476, 496 (N.D. Tex. 2016). Yet, the year before that 2016 order, the same court found that the defendant's designated 30(b)(6) representative was not prepared to testify on designated topics and granted those plaintiffs' motion to compel an additional 30(b)(6) deposition, even taking the

---

[4] ECF 163, p. 2; Exhibit 7, Rough Transcript Testimony of Jane Leonardson (August 1, 2024), 106:1–10, 106:23–107:4.

[5] Exhibit 8, Rough Transcript Testimony of Bryan Collier (August 2, 2024), 150:25–153:24.

[6] *Natural Gas Pipeline Co. of America*, credited as the source of a quotation by Defendant, ECF 163, p. 4, is equally unhelpful as the court there agreed some sanctions were appropriate given the party's conduct, but overturned a $460,083 fine, finding it excessive on top of the incarceration ordered by the court. *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996).

extraordinary step of directing that defendant to name and prepare someone other than the unprepared person it previously designated. *Id.* at p. 494. Here, Defendant has failed to cite a single case supporting its argument that Plaintiffs' motion to compel an additional 30(b)(6) deposition is somehow inappropriate.

Finally, setting aside Defendant's confusing misstatement of Rule 37(a)(5)(A), subsection (d)(3), not (a)(5)(A), governs the circumstances under which the Court can impose sanctions in this instance. Under Rule 37(d)(3), non-appearance is plainly sufficient for the sanctions requested. Indeed, the rule states that the Court "must" require Defendant to pay reasonable expenses, including attorneys' fees, unless the failure was substantially justified or other circumstances make an award of expenses unjust.[7] FED. R. CIV. P. 37(d)(3). As Plaintiffs' motion makes clear, TDCJ's under-preparing its 30(b)(6) representative as to Topics 6, 7, and 10 was neither substantially justified nor would awarding expenses and fees be unjust given TDCJ's time to prepare and the scope of information about which TDCJ's representative was unprepared. *See* ECF 157, pp. 2–3. This is evidence because the very next day, Defendant presented details responsive to the 30(b)(6) topics and subpoena *duces tecum* based on its exhibit list and witness list. The next week, TDCJ presented extensive evidence on these topics—creating an unfair surprise that would have been easily avoided had the agency simply prepared its representative appropriate. Defendant had no legitimate reason to withhold those documents and information, so sanctions are appropriate.

## II. CONCLUSION

For the reasons stated in Plaintiffs' motion, ECF 157, and the foregoing, the Court should exclude the evidence offered during the preliminary injunction hearing that exceeds TDCJ's testimony on Topics 6, 7, and 10 and, independently, compel TDCJ's deposition to resume on topics 6, 7, and 10. The Court should further order that the costs and attorneys' fees associated with Plaintiffs' motion and the continued deposition be paid by TDCJ.

DATED this 29th day of July, 2024.	Respectfully submitted,

*/s/ Jeff Edwards*
Thomas A. Olsen (*pro hac vice*)
Kevin D. Homiak (*pro hac vice*)
Ellen R. Blatt (*pro hac vice*)
Wheeler Trigg O'Donnell LLP

---

[7] Though subsection (d)(3) does not include the requirement that the parties confer, given the realities of doing so mid-deposition, Plaintiffs note they did confer concerning the relief requested in their motion before filing and Defendant was opposed. *See* ECF 157, p. 10 (certificate of conference).

4

370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: olsen@wtotrial.com
homiak@wtotrial.com
blatt@wtotrial.com

Erica Grossman (*pro hac vice*)
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
Telephone: 303.860.1331
Email: erica@hheglaw.com

Jodi Cole
Texas Bar No. 24045602
Law Office of Jodi Cole, PLLC
203 East Murphy Street
Alpine, TX 79830
Telephone: 432.837.4266
Facsimile: 512.692.2575
Email: jcole@jodicole.com

Jeff Edwards
Texas Bar No. 24014406
Mike Singley
Texas Bar No. 00794642
David Anthony James
Texas Bar No. 24092572
Lisa Snead
Texas Bar No. 24062204
Paul Samuel
Texas Bar No. 24124463
Edwards Law
603 W. 17th Street
Austin, TX 78701
Telephone: 512.623.7727
Facsimile: 512.623.7729
Email: jeff@edwards-law.com
mike@edwards-law.com
david@edwards-law.com
lisa@edwards-law.com
paul@edwards-law.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

By my signature below, I certify that the foregoing document has been electronically served on all counsel of record by filing with the Court's electronic case files system.

*/s/ Jeff Edwards*
Jeff Edwards
