IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BERNHARDT TIEDE, II; <br> TEXAS PRISONS COMMUNITY <br> ADVOCATES; BUILD UP, INC. A/K/A <br> JUSTICE IMPACTED WOMEN'S <br> ALLIANCE; TEXAS CITIZENS UNITED <br> FOR REHABILITATION OF ERRANTS; <br> and COALITION FOR TEXANS <br> WITH DISABILITIES, <br>     *Plaintiffs*, <br><br> v. <br><br><br> BRYAN COLLIER, in his official capacity <br> as Executive Director of Texas Department <br> of Criminal Justice, <br>     *Defendant*. | **Civil Action No.:** <br> **1:23-CV-01004-RP** |

## DEFENDANT'S RESPONSE IN OPPOSITION TO
## INTERVENORS MOTION TO INTERVENE [ECF 127]

COMES NOW, Defendant Bryan Collier, who hereby files this response in opposition the motion to intervene filed by twelve individual TDCJ inmates. ECF 127. None of the would-be-intervenors have met the requirements to intervene, and regardless, their interests are already represented by the existing associational plaintiffs who seek statewide relief. This Court should decline to exercise its discretion to permit intervention which would otherwise result in duplicative litigation, prejudice the existing parties by delaying the proceedings, and waste judicial resources.

### I.   Statement of the Case and Procedural Posture

This lawsuit is being brought by one individual plaintiff – Bernhardt Tiede, II – and four associations, seeking relief from what they allege are unconstitutional conditions arising from extreme heat in Texas prisons. Together, the associational plaintiffs purport to represent all TDCJ

1

inmates currently incarcerated, among others. ECF 57. Associational plaintiffs seek agency wide relief through the implementation of air condition at all TDCJ units across the state of Texas. The hearing on Plaintiffs' request for injunctive relief began on July 30, 2024, and concluded August 2, 2024. Parties are now working on post hearing briefing and drafting findings of fact and conclusions of law to present to the Court.

Twelve inmates incarcerated at TDCJ's Coffield Unit in Tennessee Colony, Texas seek to intervene in this matter based on conclusory and unsupported injuries, all premised on the same subject matter of this suit – heat. In addition to the would-be-intervenors odd request for the appointment of a special master, they ostensibly seek the same relief which the associational plaintiffs are already requesting from this court- reprieve from the heat within TDCJ prison units.

## II. Standards of Review

Under Rule 24, persons with an interest in ongoing litigation may intervene as a matter of right or permissively pursuant to a court's discretion. Fed. R. Civ. P. 24. Regarding the former – intervention of right – a court *must* permit anyone to intervene who 1) is given an unconditional right to intervene by a federal statue, or 2) claims an interest relating to the transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest. Fed. R. Civ. P. 24(a)(1)-(2). Regarding the latter – permissive intervention – a court may permit intervention to anyone who 1) is given a conditional right to intervene by a federal statute, or 2) has a claim or defense that shares with the main action a common question of law or fact.  Fed. R. Civ. P. 24(b)(1)(b).  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24.

### III.  Argument and Authorities

The analysis of all the movants' desired intervention collapses into three questions – timeliness, and the two secondary considerations of 24(a) and 24(b), because the intervenors have neither an unconditional nor conditional right to intervention under 24(a)(1) and 24(b)(1)(a) – nor have they alleged any.

**1.     Potential Intervenors Motions are Untimely.**

The would-be-intervenors motions to intervene is untimely. Four factors in their totality are considered when determining whether a motion to intervene is made timely: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it sought to intervene; (2) the prejudice that existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) whether unusual circumstances militate for or against a determination that the application is timely. *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 423 (5th Cir. 2002) (citing *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996)). There are no absolute measures of timeliness; it is determined from all the circumstances. *Id*.

The motion states conclusively without any support that each intervenor, because of their medical conditions and resulting enhanced sensitivity to heat, "have either suffered actual injury" or are "in imminent danger of suffering" an injury at the Coffield Unit. ECF 127. None of the intervenors actually support said propositions with any assertions of medical diagnoses, why any alleged diagnoses make them heat sensitive, documents reflecting the temperature in Coffield nor any other support of any kind showing the existing heat mitigation measures are insufficient.

Instead, intervenors rely solely on prior TDCJ heat litigation and heat related issues in TDCJ as far back as twenty-six years ago to six years ago.

Intervenors do not state either way whether the previous litigation or heat related issues they reference impacted them nor their unit specifically. Intervenors motions provide insufficient information for the Court to know with any degree of certainty when the intervenors actually knew or reasonably should have known of its interest in this particular case. To the contrary, the motions suggest the twelve inmates seeking to intervene may have at least been aware of previous heat litigation and heat related matters which they could have and should have joined. But again, no intervenor has alleged with any specificity when their alleged injuries arose.

Second, adding twelve individual plaintiffs would be duplicitous, resulting in unnecessary time and expense for both the Defendant and Plaintiffs. The existing parties would be prejudiced by having to conduct additional unnecessary discovery. Defendant would need additional time to gather information and documentation to defend against the additional claims- all of which is unnecessary when associational plaintiffs purport to represent the entire inmate population and already seek statewide relief related to the same issue which intervenors claims to be injured by; and if existing plaintiffs succeed would be relieved from. This point also speaks to the third factor of timeliness – prejudice to the intervenors.

All twelve intervenors would not be harmed by being denied intervention in this suit. This Court has already ruled the association plaintiffs have standing and as they have argued, the associations purport to represent the entire TDCJ inmate population with respect to the risk heat – not just medically sensitive inmates, but all inmates and they seek statewide relief which would include the Coffield Unit. ECF 57. Here, potential intervenors claim they have suffered or will suffer injury because of their sensitivity to heat from medical conditions – the exact type of harm

4

the associations are seeking relief for statewide. Finally, intervenors are free to file their own lawsuits individually should they so desire. Thus, not granting intervention in this case does not prejudice the intervenors, but granting would prejudice the current parties for the reasons stated above. The motions are untimely and should be denied.

    **2.**    **Would-be-intervenors have no basis for intervention as a matter of right.**

Intervention as of right under Rule 24(a)(2) is based on four requirements, the first being timeliness as argued against above. The other three requirements include: (2) the applicant must claim an interest in the subject matter of the action; (3) the applicant must show that disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the litigation." *United States v. Franklin Parish Sch. Bd.,* 47 F. 3d 755, 756 (5th Cir.1995). Here, would-be-intervenors application for intervention fails to satisfy all four requirements of Rule 24(a)(2).

    **i.**    **The intervenors interest, to the extent they exist, are already represented.**

Assuming the intervenors have standing and have satisfied the exhaustion requirements of the Prison Litigation Reform Act, their interests are already represented. The Organizational Plaintiffs purport to represent all inmates including the intervenors, and are seeking statewide relief which would only stand to benefit the intervenors.

    **ii.**    **The intervenors would only benefit from this suit, even without their participation.**

While the intervenors allegations could plausibly state an interest relating to the issues in this case if construed broadly – the allege substantial risk of serious harm from heat inside Texas's prisons – they would not be impaired or impeded in their ability to protect their interest by being denied intervention. To the contrary, the twelve individuals are free to pursue their own lawsuits

which would then grant them the opportunity to tailor any awarded relief to their own individualized medical needs. Thus, by not being included in this suit, they still may obtain relief as a result from it, and then continue in their own suits to get specific relief.

### iii. Existing associational plaintiffs adequately protect and represent intervenors interest.

Again, assuming the intervenors have sufficient standing and an interest in this litigation, the associational plaintiffs adequately represent their interest. Further, it is the intervenors burden to show that the associational plaintiffs' litigation of this matter is inadequate to protect their interest. *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 425 (5th Cir. 2002). Would-be-intervenors have made no such argument.

### 3. Potential Intervenors cannot meet their burden to intervene permissibly.

Permissive intervention is "committed to the discretion of the court." *United States ex rel. Hernandez v. Team Fin., L.L.C.,* 80 F.4th 571, 577 (5th Cir. 2023) (quoting *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277, 142 S. Ct. 1002, 1010, 212 L. Ed. 2d 114 (2022)). Permissive intervention is allowed when intervenors have a claim that shares with the main action a common question of law and fact. Fed. R. Civ. P. 24(b)(1)(B). Defendant's response to the issue on the intervenors common interest with this litigation is detailed above.

Overall, the existing plaintiffs purport to adequately represent the interests of the intervenors, the Defendant would be prejudiced in having to litigate duplicative claims against an additional twelve plaintiffs at this late stage in the litigation, and the intervenors have not sufficiently alleged an injury, nor shown they are not represented adequately already. For all these reasons, the Court should decline to exercise its discretion to permit intervention.

### 4. Intervenors lack standing and/or have failed to demonstrate they have met the requirements of the PLRA.

The intervenors seek to intervene as named class members. ECF 127. This case is not a class action and each of the twelve individuals need to demonstrate they have standing and appropriately exhausted their statutorily required administrative remedies. All twelve intervenors conclusively state they have been or will be injured due to the Coffield Unit being over 100 degrees at some unspecified time in the past with the potential for such heat to reoccur at some unspecified time in the future, assuming the inmates are still at that unit. ECF 127. That is not sufficient to establish standing. None of the intervenors alleged they were individually housed at the Coffield Unit on the day of the alleged heat incident, whether they were individually harmed directly from the heat and if so, how so, etc. Instead, intervenors indicate generally the Coffield Unit was hot in the past. The intervenors have failed to properly allege any particularized injuries in fact and a causal connection between the alleged injuries and the issue complained of. *See generally Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (Plaintiffs must establish an injury in fact which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.)

Regarding exhaustion, the intervenors cannot escape the exhaustion requirement by jumping into this case. No movant has plead, suggested, nor demonstrated that they have appropriately filed grievances related to their alleged injuries and medical conditions. 42 U.S.C. § 1997e(a) (No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.); *Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022) (quoting the Supreme Court in *Ross v. Blake*, 578 U.S. 632, 642 (2016), noting that "an inmate ... must exhaust available remedies....") (cleaned up).

## IV. Conclusion

For the reasons described herein, Defendant respectfully requests that this Court deny the motions to intervene.

Respectfully submitted,

| | |
|---|---|
| **Ken Paxton** <br> Attorney General of Texas | **Shanna Molinare** <br> Division Chief <br> Law Enforcement Defense <br> Division |
| **Brent Webster** <br> First Assistant Attorney General | |
| | **Abigail Carter** <br> Attorney-in-charge <br> Assistant Attorney General <br> Texas State Bar No. 24126376 <br> Abigail.Carter@oag.texas.gov |
| **Ralph Molina** <br> Deputy First Assistant Attorney General | |
| **James Lloyd** <br> Deputy Attorney General for Civil Litigation | |
| | */s/ Lauren McGee* |
| Office of the Attorney General <br> P.O. Box 12548 <br> Austin, Texas 78711-2548 <br> (512) 936-1162 | **Lauren McGee** <br> Assistant Attorney General <br> Texas State Bar No. 24128835 <br> Lauren.McGee@oag.texas.gov |
| | **Attorneys for Defendant** |

## NOTICE OF ELECTRONIC FILING

I, **LAUREN MCGEE**, certify that on August 7, 2024, I have electronically submitted for filing a true and correct copy of this pleading.

           */s/ Lauren McGee* 
           **LAUREN MCGEE** 
           Assistant Attorney General

## CERTIFICATE OF SERVICE

   I, **LAUREN MCGEE,** Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been electronically served to all counsel of record and parties, within one business day of August 7, 2024, addressed to the following:

**CMRRR #7007 0220 0000 5722 1100**
Antonio B. Moore, TDCJ #2021785
Gabriel Delgato, TDCJ #2311356
Jackie Dennis, TDCJ #02456937
Daniel Canada, TDCJ #02428132
Demarkethon Ross, TDCJ #2223156
Juan Ramirez, TDCJ #02303422
Billy Shook, TDCJ #02392262
Daniel Henson, TDCJ #02460080
Zachary Kapel, TDCJ #02469431
Francisco J. Samaniego, TDCJ #02409636
Daniel Harper, TDCJ #02444421
Jesus Medrano, Jr., TDCJ #2207616

TDCJ-CID Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884

             */s/ Lauren McGee*
             **LAUREN MCGEE**
             Assistant Attorney General