**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BERNHARDT TIEDE, II;** | § | |
| **TEXAS PRISONS COMMUNITY** | § | |
| **ADVOCATES; BUILD UP, INC. A/K/A** | § | |
| **JUSTICE IMPACTED WOMEN'S** | § | |
| **ALLIANCE; TEXAS CITIZENS UNITED** | § | |
| **FOR REHABILITATION OF ERRANTS;** | § | |
| **and COALITION FOR TEXANS** | § | |
| **WITH DISABILITIES,** | § | |
| *Plaintiffs*, | § | **Civil Action No.:** |
| | § | **1:23-CV-01004-RP** |
| **v.** | § | |
| | § | |
| | § | |
| **BRYAN COLLIER, in his official capacity** | § | |
| **as Executive Director of Texas Department** | § | |
| **of Criminal Justice,** | § | |
| *Defendant*. | § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
INTERVENORS MOTION TO INTERVENE [ECF 168]**

COMES NOW, Defendant Bryan Collier, who hereby files this response in opposition the motion to intervene filed by Mr. Clifford Fairfax, a TDCJ inmate. ECF 168. Mr. Fairfax has not met the requirements to intervene, and his claim does not share a common question of law or fact with this case. Mr. Fairfax's primary concern is not being required to work in the Terrell Unit cannery because it is unairconditioned. This case deals solely with air conditioning housing units and does not extend to air conditioning other prison areas or address inmate work assignments. To the extent Mr. Fairfax has an interest in air conditioning the housing unit, his interests are already represented by the existing associational plaintiffs who seek statewide relief. This Court should decline to exercise its discretion to permit intervention which would otherwise result in duplicative litigation, prejudice the existing parties by delaying the proceedings, and waste judicial resources.

1

## I.      Statement of the Case and Procedural Posture

This lawsuit is being brought by one individual plaintiff – Bernhardt Tiede, II – and four associations, seeking relief from what they allege are unconstitutional conditions arising from extreme heat in Texas prisons. Together, the associational plaintiffs purport to represent all TDCJ inmates currently incarcerated, among others. ECF 57. Associational plaintiffs seek agency wide relief through the implementation of air condition at all TDCJ units across the state of Texas. The hearing on Plaintiffs' request for injunctive relief began on July 30, 2024, and concluded August 2, 2024. Parties are now working on post hearing briefing and drafting findings of fact and conclusions of law to present to the Court.

Mr. Fairfax is incarcerated at TDCJ's Terrell Unit in Brazoria County, Texas and seeks to intervene premised on a similar but distinct subject matter – heat in work areas.

## II.      Standards of Review

Under Rule 24, persons with an interest in ongoing litigation may intervene as a matter of right or permissively pursuant to a court's discretion. Fed. R. Civ. P. 24. Regarding the former – intervention of right – a court *must* permit anyone to intervene who 1) is given an unconditional right to intervene by a federal statue, or 2) claims an interest relating to the transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest. Fed. R. Civ. P. 24(a)(1)-(2). Regarding the latter – permissive intervention – a court may permit intervention to anyone who 1) is given a conditional right to intervene by a federal statute, or 2) has a claim or defense that shares with the main action a common question of law or fact.  Fed. R. Civ. P. 24(b)(1)(b).  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24.

### III.      Argument and Authorities

The analysis of Mr. Fairfax's desired intervention collapses into three questions – timeliness, and the two secondary considerations of 24(a) and 24(b), because he has neither an unconditional nor conditional right to intervention under 24(a)(1) and 24(b)(1)(a).

### 1.      Mr. Fairfax's Motion is Untimely.

The motion to intervene is untimely. Four factors in their totality are considered when determining whether a motion to intervene is made timely: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it sought to intervene; (2) the prejudice that existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) whether unusual circumstances militate for or against a determination that the application is timely. *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 423 (5th Cir. 2002) (citing *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996)). There are no absolute measures of timeliness; it is determined from all the circumstances. *Id*.

Mr. Fairfax's motion provides insufficient information for the Court to know with any degree of certainty when he actually knew or reasonably should have known of his interest in this particular case.

Second, adding an individual plaintiff would prejudice the existing parties to the case because Mr. Fairfax's claim would expand the scope of the litigation from system wide air conditioning in housing units to system wide air conditioning for all areas of all TDCJ prisons and delve into reviewing inmate work assignments. Expanding the scope of the litigation would require

additional time and expense for both the Defendant and Plaintiffs. The existing parties would be prejudiced by having to start what is essentially a new ancillary case from the beginning, while continuing to litigate the existing case which is far along in litigation. Defendant would need additional time to gather information and documentation to defend against the additional claims. This point also speaks to the third factor of timeliness – prejudice to the intervenor.

Mr. Fairfax would not be harmed by being denied intervention in this suit. This Court has already ruled the associational plaintiffs have standing and as they have argued, the associations purport to represent the entire TDCJ inmate population with respect to the heat risk and air conditioning in housing units– not just for medically sensitive inmates, but all inmates and they seek statewide relief which would include the Terrell Unit. ECF 57.

*Here*, Mr. Fairfax complains of heat in the cannery. Heat in work areas and review of inmate work assignments are not part of this litigation. Mr. Fairfax is free to file his own lawsuit individually should he so desire. Thus, not granting intervention in this case does not prejudice Mr. Fairfax but granting would prejudice the current parties for the reasons stated above. The motion is untimely and should be denied.

2.      **Mr. Fairfax has no basis for intervention as a matter of right.**

Intervention as of right under Rule 24(a)(2) is based on four requirements, the first being timeliness as argued against above. The other three requirements include: (2) the applicant must claim an interest in the subject matter of the action; (3) the applicant must show that disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the litigation." *United States v. Franklin Parish Sch. Bd.*, 47 F. 3d 755, 756 (5th Cir. 1995). Here, Mr. Fairfax's intervention application fails to satisfy all four requirements of Rule 24(a)(2).

### i. Mr. Fairfax's interest in air conditioning in the housing area is already represented.

Assuming Mr. Fairfax has standing and has satisfied the exhaustion requirements of the Prison Litigation Reform Act, his interest is already represented. The Organizational Plaintiffs purport to represent all inmates, including Mr. Fairfax, and are seeking statewide relief which would only stand to benefit the intervenors. ECF 57. Mr. Fairfax's claims regarding heat in inmate work areas and his specific work assignment is not the subject matter of this litigation.

### ii. Mr. Fairfax would only benefit from this suit, even without his participation.

While Mr. Fairfax's allegations pertaining to heat in the work areas could plausibly related to this case if construed broadly – the alleged substantial risk of serious harm from heat inside Texas's prisons – he would not be impaired or impeded in his ability to protect his interest by being denied intervention. To the contrary, Mr. Fairfax is free to pursue his own lawsuit which would then grant him the opportunity to tailor any relief to address his claims pertaining to heat in the housing areas, heat in work areas, and his specific work assignment in the Terrell Unit cannery. Thus, by not being included in this suit, Mr. Fairfax still may obtain relief as a result from it, and then continue in his own suit to get specific relief.

### iii. Existing associational plaintiffs adequately protect and represent Mr. Fairfax's interests within the scope of this case.

Again, assuming Mr. Fairfax has sufficient standing and an interest in this litigation, the associational plaintiffs adequately represent his interest in air conditioning prison housing areas. Further, it is the intervenors burden to show that the associational plaintiffs' litigation of this matter is inadequate to protect his interest. *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 425 (5th Cir. 2002). Mr. Fairfax has made no such argument.

**3.      Mr. Fairfax cannot meet his burden to intervene permissibly.**

Permissive intervention is "committed to the discretion of the court." *United States ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 577 (5th Cir. 2023) (quoting *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277 (2022). Permissive intervention is allowed when intervenors have a claim that shares with the main action a common question of law and fact. Fed. R. Civ. P. 42(b)(1)(B). Defendant's response to the issue on Mr. Fairfax's common interest with this litigation is detailed above.

The existing plaintiffs purport to adequately represent Mr. Fairfax's interest in air conditioning the housing units, the Defendant would be prejudiced by having to litigate a duplicative claim and having to litigate the ancillary issue of air conditioning inmate work areas and reviewing inmate work assignments at this late stage in the litigation, Mr. Fairfax has not alleged an injury, nor shown his interest in air conditioning the housing units is not represented adequately already. For all these reasons, the Court should decline to exercise its discretion to permit intervention.

**4.      Mr. Fairfax lacks standing and/or has failed to demonstrate he has met the requirements of the PLRA.**

Intervenors need to demonstrate they have standing and appropriately exhausted their statutorily required administrative remedies. Mr. Fairfax alleges that "Defendants [sic] and their agents are forcing him to work in the Terrell Unit cannery which does not have air-conditioning and always have [sic] a heat index of 103-143 degrees in the summer, and despite of his TDCJ HSM-18 Medical No Humidity Extremes and No Temperature Extremes Work Restrictions." ECF 168. This is not sufficient to establish standing. Mr. Fairfax has not established an injury in fact or a cause connection between the alleged injuries and the issue complained of. *See generally Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (Plaintiffs must establish an injury in fact which

is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.)

Regarding exhaustion, Mr. Fairfax cannot escape the exhaustion requirement by filing a Motion to Intervene in this case days before the hearing on injunctive relief occurred. He has not pled, suggested, nor demonstrated that he has appropriately filed grievances related to any alleged injury or medical condition. 42 U.S.C. § 1997e(a) (No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.); *Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022) (quoting the Supreme Court in *Ross v. Blake*, 578 U.S. 632, 642 (2016), noting that "an inmate … must exhaust available remedies ….) (cleaned up).

## IV. Conclusion

For the reasons described herein, Defendant respectfully requests that this Court deny the motions to intervene.

Respectfully submitted,

**Ken Paxton**
Attorney General of Texas

**Brent Webster**
First Assistant Attorney General

**Ralph Molina**
Deputy First Assistant Attorney General

**James Lloyd**
Deputy Attorney General for Civil Litigation

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1162

**Shanna Molinare**
Division Chief
Law Enforcement Defense
Division

**Abigail Carter**
Attorney-in-charge
Assistant Attorney General
Texas State Bar No. 24126376
Abigail.Carter@oag.texas.gov

*/s/ Lauren McGee*
**Lauren McGee**
Assistant Attorney General
Texas State Bar No. 24128835
Lauren.McGee@oag.texas.gov

**Attorneys for Defendant**

<u>**NOTICE OF ELECTRONIC FILING**</u>

I, **LAUREN MCGEE**, certify that on August 7, 2024, I have electronically submitted for filing a true and correct copy of this pleading.

*/s/ Lauren McGee*
**LAUREN MCGEE**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **LAUREN MCGEE,** Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been electronically served by to all counsel of record and parties, within one business day of August 7, 2024, addressed to the following:

**CMRRR #9589 0710 5270 0138 1522 58**
Clifford Fairfax, TDCJ #418151

TDCJ-CID Terrell Unit
1300 FM 655
Rosharon, TX 77583

*/s/ Lauren McGee*
**LAUREN MCGEE**
Assistant Attorney General

9