# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II; et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.: 1:23-cv-01004-RP |
| BRYAN COLLIER, in his official capacity as Executive Director of Texas Department of Criminal Justice, | § § § § | |
| Defendant. | § § § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFFS' DEPOSITION DESIGNATIONS FOR PRELIMINARY INJUNCTION HEARING

On August 1, 2024, Defendant Collier filed his cross-designations and objections to Plaintiffs' Deposition Designations for Preliminary Injunction Hearing of the Rule 30(b)(6) deposition of Texas Department of Criminal Justice (TDCJ) Representative, Director David Sweetin. Doc. 170. While Plaintiffs have no objections to Mr. Collier's cross-designations, his objections to Plaintiffs' designations are meritless and should be overruled.

I. **SUMMARY OF THE ARGUMENT**

The Court should overrule Mr. Collier's objections for four reasons.

First, Mr. Collier attempts to raise three objections where no such objection was made during the deposition. The Court should find these objections waived.

Second, Mr. Collier fails to carry his burden under Federal Rule of Evidence 103(a)(1)(b) to identify the specific ground upon which he made his objections in all but three instances. The Court should overrule each of his unsupported objections.

Third, Plaintiffs' questions were within the scope of the noticed deposition topics and, even where they arguably strayed outside the noticed topics, Director Sweetin is a director for TDCJ.

i

Therefore, the Court should overrule Mr. Collier's objections to scope and find Director Sweetin's testimony admissible against TDCJ under Federal Rule of Civil Procedure 32(a)(3).

Finally, Mr. Collier's remaining objections lack merit and should be overruled.

## TABLE OF CONTENTS

I. Summary of the Argument.................................................................................................i

II. Facts and Procedural Background ...................................................................................1

III. Argument ..........................................................................................................................1

    A. TDCJ has waived any objections not made during the course of the deposition. ..............1

    B. The Court should overrule Defendant's unexplained objections......................................2

    C. The Court should overrule Defendant's objections as to scope as all of the objected-to testimony is admissible against TDCJ and Defendant Collier.....................................3

    D. Defendant's remaining objections are equally meritless and should be overruled............7

IV. Conclusion ......................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Aetna Cas. & Sur. Co. v. Guynes*, 713 F.2d 1187, 1194 (5th Cir. 1983) ........................ 7

*Atl. Coast Line R. Co. v. Dixon*, 207 F.2d 899, 904 (5th Cir. 1953) ............................ 10

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ................. 7, 8

*Cole v. Collier*, No. 4:14-cv-1698, 2018 WL 2766028 (S.D. Tex. June 8, 2018) .......... 3

*Coughlin v. Capitol Cement Co.,* 571 F.2d 290 (5th Cir. 1969) ..................................... 7

*Foradori v. Harris*, 523 F.3d 477 (5th Cir. 2008) ......................................................... 1

*Palmer v. Sun Coast Contracting Servs., LLC.,* No. 1:15-cv-34-HSO-JCG, 2017 WL 5653607 (S.D. Miss. Jan. 5, 2017) ................................................................................ 8

*Perret v. Nationwide Mutual Ins. Co.*, No. 4:10-cv-522, 2013WL 12099400 (E.D. Tex. July 19, 2013) .................................................................................................................. 2

*Rivas v. Greyhound Lines, Inc.*, No. EP-14-cv-166-DB, 2015 WL 13710124 (W.D. Tex. Apr. 27, 2015) .................................................................................................................. 7

*Rusesabagina v. GainJet Aviation S.A.*, No. SA-20-CA-01422-XR, 2022 WL 17331272 (W.D. Tex. Nov. 29, 2022) .................................................................................................................. 7

*Salcido as Next Friend of K.L. v. Harris County, Texas,* No. H-15-2155, 2018 WL 4690276 (S.D. Tex. Sept. 28, 2018) .................................................................................................................. 2

*Smith v. Chrysler Grp., L.L.C.,* No. 1:15-cv-218, 2016 WL 7741731 (E.D. Tex. Oct. 20, 2016) .................................................................................................................. 10

*United States v. Jimenez Lopez,* 873 F.2d 769 (5th Cir. 1989) ....................................... 2

**Statutes**

FED. R. CIV. P. 26 .......................................................................................................... 13

FED. R. CIV. P. 30 ............................................................................................................ 1

FED. R. CIV. P. 32 .................................................................................................... 1, 4, 7

FED. R. EVID. 103 ……………………………………………………………………….2, 11

FED. R. EVID. 611 ......................................................................................................... 12

## II. Facts and Procedural Background

On June 25, 2024, the Court compelled the Rule 30(b)(6) deposition of TDCJ, finding that Plaintiffs sought "relevant and proportional discovery regarding their claims" and noting that "Plaintiffs need information about TDCJ practices in order to show that TDCJ's current efforts are unreasonable and constitutionally insufficient." ECF 108, p. 4.

TDCJ designated Director David Sweetin as its representative and Plaintiffs took the deposition of TDCJ/Director Sweetin on July 25, 2024—the only date offered by TDCJ before the preliminary injunction hearing.

On July 29, 2024, the first day the final transcript of Director Sweetin's testimony was available, Plaintiffs filed their designations of the transcript for the preliminary injunction hearing. ECF. 155.

Mr. Collier initially (incorrectly) objected to the testimony being considered by the Court, arguing the Rule 30(b)(6) testimony should be excluded entirely as he would be available as TDCJ's representative at the hearing. ECF 162. The Court overruled this objection during the preliminary injunction hearing on August 1, 2024.

That same day, Mr. Collier filed his cross-designations and objections to Plaintiffs' deposition designations. ECF 170.

## III. Argument

### A. Mr. Collier waived any objections not made during the deposition.

It is a basic tenant of civil procedure that objections to the form of deposition questions must be made at the time the question was asked or the objection is waived. *See* FED. R. CIV. P. 30(c)(2), 32(d)(3)(B); *see also Foradori v. Harris*, 523 F.3d 477, 507 n.26 (5th Cir. 2008) (motion filed day after testimony concluded did not constitute timely objection). Mr. Collier's attempts to

1

assert form objections where his counsel did not object during the deposition are in vain and the Court should strike the inappropriate, after-the-fact objections to the form of Plaintiffs' questions at 267:23-268:3 (chart line 157), 281:4-14 (chart line 199), and 304:9-25 (chart line 216).[1]

### B. The Court should overrule Mr. Collier's unexplained objections.

Mr. Collier bore the burden under Federal Rule of Evidence 103(a)(1) to "state[ ] the specific ground" for the objection to evidence unless the objectionable nature is apparent on the face of the question. Instead, like the defendants in *Salcido as Next Friend of K.L. v. Harris County, Texas*, Mr. Collier "submitted charts noting specific lines of deposition testimony to which [he] object[s] by asserting variously – but without elaboration – that the cited lines are vague, argumentative, call for speculation,…harassing, irrelevant,…assume facts not in evidence, asked and answered, and misstatements of testimony." No. H-15-2155, 2018 WL 4690276, *21 (S.D. Tex. Sept. 28, 2018) (Lake, J.). Here, Mr. Collier raised 203 objections listed on a chart, of which he arguably explains only three. *See* ECF 170, pp. 2-9 (on the chart of objections, Mr. Collier explains only the objections on lines 105, line 129, and line 154). Such objections are neither "cogent or specific arguments in support of their objections" under Rule 103(a)(1). *Id.* at *22; *See also Perret v. Nationwide Mutual Ins. Co.*, No. 4:10-cv-522, 2013WL 12099400, *3 (E.D. Tex. July 19, 2013) (Clark, J.) (citing *United States v. Jimenez Lopez,* 873 F.2d 769, 773 (5th Cir. 1989)) (noting that "a trial court judge must be fully apprised of the ground of an objection."). Where Mr. Collier has failed to explain his objections, the Court should overrule them.

---

[1] To aid the Court in its review, Plaintiffs refer to the objections by line number in Mr. Collier's chart appearing on pages 2-9 of ECF 170.

### C. The Court should overrule Mr. Collier's objections as to scope, as all of the objected-to testimony is admissible against Mr. Collier.

The Court should overrule Mr. Collier's 23 "outside the scope" objections to the testimony designated by Plaintiffs for two reasons.

First, by and large, the testimony designated by Plaintiffs and objected to by Mr. Collier falls within the scope of the testimony noticed in Plaintiffs' First Amended 30(b)(6) Notice to TDCJ, so Director Sweetin was, in fact, required to be knowledgeable on these topics and his testimony binds TDCJ. Mr. Collier's objections to scope generally fall into four categories: (i) the Pack Unit litigation, (ii) officer heat-related illnesses and injuries, (iii) TDCJ's knowledge of and response to studies and other information concerning the risks posed by high heat to inmates and officers, and (iv) TDCJ's response to heat-related deaths and injuries.

As to the Pack Unit litigation, TDCJ's objections to these questions should be overruled, as the questions fall within Plaintiffs' noticed topics and Mr. Collier waived any objections by designating similar testimony. Specifically, Mr. Collier's counsel objected to questions concerning whether Director Sweetin had read the order from Judge Ellison in the Pack Unit litigation, though TDCJ's process, plans, and designs for installing both temporary and permanent air conditioning were the result of Judge Ellison's order and explicitly noticed topics. *See* Exhibit 1, p. 6, ¶¶ 2, 3; *see also Cole v. Collier*, No. 4:14-cv-1698, 2018 WL 2766028, *2 (S.D. Tex. June 8, 2018) (summarizing the Pack Unit litigation, noting that the court "found that TDCJ was deliberately indifferent" to those plaintiffs' Eighth Amendment rights, describing TDCJ's development of a plan to air condition the Pack Unit which the Court approved, and the approval of the settlement agreement). These questions thus clearly fell under Topics 2 and 3 concerning TDCJ's "process" and "plan" to air condition the Pack Unit as well as Topic 10 which included "every reason why the TDCJ implemented or plans to implement" any policies, procedures, or other measures to

3

address the risks posed by temperatures over 85° F. Ex. 1, p. 7, ¶ 10. Moreover, by cross-designating portions of the transcript where Director Sweetin was questioned about the Pack Unit litigation and Mr. Collier made no contemporaneous objection, Mr. Collier waived his objections to testimony on the same topics as outside the scope. *See* FED. R. CIV. P. 32(d)(3)(B) (objections not timely made during a deposition are waived); ECF 170, p. 2 (cross-designating "25:1-26:25"); ECF 170-2, p.7 at 25:1-12 (asking whether Director Sweetin was aware that a judge found TDCJ acted with deliberate indifference to the health and safety of the Pack Unit inmates without objection). Accordingly, Mr. Collier's objections at 26:9-10 (chart line 4) and 27:5 (chart line 6) should be overruled as the testimony sought was within the scope of the notice and any objections were waived by his submission of similar testimony.

Turning to heat-related illnesses and injuries sustained by TDCJ's officers, Plaintiffs' questions fall within (i) Topic 9 which concerned "all" warnings and other information TDCJ has concerning the risks temperatures over 85° F pose to employees, explicitly including the risks of heat-related illnesses; (ii) Topic 10 concerning policies, procedures, and other measures to address the risks posed by temperatures over 85° F to TDCJ "employees" and "every reason" TDCJ implemented or plans to implement those policies, procedures and other measures; and (iii) Topic 13 concerning communications with the Texas Legislature about the "effects of high heat on staffing,…officer safety, and…officer health." Ex. 1, p. 7, ¶¶ 10, 13. Further, as with the Pack Unit litigation questions, Director Sweetin answered several questions concerning officers' heat-related illnesses and injuries without objection, which waived Mr. Collier's objections to similar testimony. *See, e.g.,* ECF 170-2, p. 33 at 131:20-132:1 (agreeing TDCJ understands extreme heat has "caused numerous…officers to suffer heat-related illnesses" without objection); *id.* at p. 34 at 133:20-25 (discussing TDCJ's obligation to disclose the number of officer heat-related illnesses

to the Texas Legislature). Mr. Collier's objections to questions concerning TDCJ's knowledge of its employees' heat-related illnesses and injuries and the reporting of those illnesses and injuries to the Texas Legislature at 133:17 (chart line 37), 134:14 (chart line 40), 134:24 (chart line 41), 135:7 (chart line 43), and 135:13 (chart line 44) should thus be overruled as both within the scope of the noticed topics and waived.[2]

Next, Plaintiffs' noticed deposition topics included TDCJ's knowledge of "studies, research, publications, warnings, and other information TDCJ currently has regarding the risks that temperature over 85° F pose to TDCJ inmates and employees," as well as "every reason why" TDCJ has implemented or plans to implement policies, procedures, and other measures to address the risks of heat. Ex. 1, p. 7, ¶¶ 9, 10. Yet Mr. Collier objected to many of Plaintiffs' questions concerning TDCJ's knowledge of these same studies, publications, and information and whether and to what extent it factored these studies, publications, and information into its decision-making. As these questions elicited answers squarely within Topics 9 and 10, the Court should overrule Mr. Collier's objections at 274:4 (chart line 177), 274:11 (chart line 178), and 276:9-10 (chart line 183) concerning TDCJ's response to Dr. Purdum's study through Texas A&M, as well as 173:1 (chart line 69) and 173:5-6 (chart line 70) concerning TDCJ's knowledge of whether the federal prisons have air conditioning.[3]

---

[2] Plaintiff additionally notes that Mr. Collier neglected to designate the lines containing the objections at 133:17 (chart line 37), 134:14 (chart line 40), 135:7 (chart line 43), and 135:15 (chart line 44)—waiving all but one of these objections.

[3] Because these questions fell within the noticed topics, the Court should also overrule Mr. Collier's objection in line 69 of ECF 170 that Plaintiffs sought personal testimony. Plaintiffs also note that Mr. Collier's representation of their designations in lines 69 and 70 of the chart is inaccurate. *Compare* ECF 155, p. 3 *with* ECF, p. 4. Specifically, Plaintiffs designated 172:23-25, 173: 2-4, and 173:7. ECF 155, p. 3. Plaintiffs interpret Mr. Collier's objection at line 69 of the chart to be the objection at 173:1 to the question asked at 172:23-25 and line 70 to be the objection at 173:5-6 to the question in the preceding lines. *See* ECF 170, p. 4.

Similarly, the Court should overrule Mr. Collier's objections at 263:3 (chart line 149) and 263:10 (chart line 150). In a vacuum, the questions "Are you an epidemiologist?" and "before you disregard an epidemiological study, shouldn't you try to find out what it is?" could seem to fall outside of the noticed topics. The line of questioning before these objections, however, makes clear that these questions concerned a study finding there were deaths in Texas prisons due to lack of air conditioning by Dr. Skarha published in the *Journal of the American Medical Association* (JAMA). *See* ECF. 170-2, p. 66 at 262:20-263:1. The objected-to inquiries were in response to Director Sweetin's statement that the Skarha study was "nothing more than writing on a piece of paper." *Id*. Thus, read in context, these questions fall within Topics 9 and 10 concerning studies TDCJ is aware of and the reasons it is (or isn't) implementing measures to address heat. All of Mr. Collier's objections—argumentative, harassing, scope, and lack of foundation—as to the designations from 263:1-2 and 263:4-9 (chart lines 149 & 150) should therefore be overruled.

Finally, Mr. Collier's objections to questions concerning TDCJ's response to heat-related dangers, illness, injuries, and deaths should also be overruled as what TDCJ has done or will do to address the risks temperatures over 85° F fall under Topics 10 and 11.[4] *See* Ex. 1, p. 7, ¶¶ 10, 11. These objections are located at 29:22 (chart line 8) and 286:15-16 (chart line 208).[5]

---

[4] On line 187 of its chart on ECF 170, p. 7, Mr. Collier objected to something for which there is no referenced Plaintiffs' designation. While Mr. Collier has waived whatever this objection is, if this is intended to be an objection to Plaintiffs' designation of 277:8-18, the objection is meritless. When discussing the death of Patrick Womack with a 106° core body temperature, Plaintiffs asked Director Sweetin if he knew the significance of a core body temperature that high, to which he answered—without objection—that it was "not good." *See* ECF 170-2, p. 70 at 277:8-16. Instead, Mr. Collier objected only when Plaintiffs' counsel asked Director Sweetin to confirm that a 106° core body temperature was not only "not good," but "deadly." *Id*. at 277:17-20. As the circumstances of Mr. Womack's death were included within noticed Topic 11, if the Court decides to consider this objection, it should be overruled. *See* Ex. 1, p. 7, ¶ 11; Ex. 2, p. 28 (Exhibit A to Mr. Tiede's First Set of Requests for Production to Bryan Collier.).

[5] Plaintiffs again note that Defendant failed to cross-designate the lines containing the objection at 29:22 (chart line 8) arguably waiving this objection.

Second, Director Sweetin's testimony is admissible even where Plaintiffs arguably strayed outside of the noticed topics. "The scope of a Rule 30(b)(6) deposition is not limited to the topics listed in the notice." *Rusesabagina v. GainJet Aviation S.A.*, No. SA-20-CA-01422-XR, 2022 WL 17331272, *4 (W.D. Tex. Nov. 29, 2022) (Rodriguez, J.) (citing *Rivas v. Greyhound Lines, Inc.*, No. EP-14-cv-166-DB, 2015 WL 13710124, *4 (W.D. Tex. Apr. 27, 2015) (collecting cases)). While Director Sweetin was not obligated to answer any non-noticed questions to which he did not know the answers, Mr. Collier "cannot use Rule 30(b)(6) as a shield" where Director Sweetin knew the answers to Plaintiffs' questions. *Id*.

Director Sweetin's testimony remains admissible against Mr. Collier, even if it is not designated testimony under Rule 30(b)(6), as Mr. Sweetin was a director for TDCJ on July 25, 2024. *See* FED. R. CIV. P. 32(a)(3) (providing that an adverse party may use "for any purpose" the deposition of anyone who, when deposed, was the party's officer [or] director…."); *see also, Aetna Cas. & Sur. Co. v. Guynes*, 713 F.2d 1187, 1194 (5th Cir. 1983) (citing *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 308 (5th Cir. 1969)) (noting courts have consistently read Rule 32 to allow a party to introduce the deposition of an adversary regardless of availability). All of Mr. Collier's remaining objections to scope, located at 305:17 (chart lines 219 & 220), 306:13 (chart lines 221 & 222), and 307:12 (chart lines 223 & 224) should thus be overruled and the testimony should be admitted as that of a TDCJ director.

### D. Mr. Collier's remaining objections are equally meritless and should be overruled.

Mr. Collier's remaining 191 objections should, likewise, be overruled, as none of them state valid objections under the Federal Rules of Evidence.

First, as to Mr. Collier's 34 speculation and 12 "lay witness" objections, when TDCJ designated Director Sweetin, it designated him to speak not only on the facts related to Plaintiffs'

7

noticed topics but also on TDCJ's "subjective beliefs and opinions." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). A line of questioning is not "speculative" where it is based on facts with which Mr. Collier disagrees; rather, such questions are permissible to elicit TDCJ's opinions about those facts. *See, e.g., Palmer v. Sun Coast Contracting Servs., LLC.,* No. 1:15-cv-34-HSO-JCG, 2017 WL 5653607, *3 (S.D. Miss. Jan. 5, 2017) (overruling objections to 30(b)(6) topics as "speculative" where the topics included the possibility of facts denied by those defendants). Because Director Sweetin did not testify as to his personal knowledge or perceptions but rather TDCJ's subjective beliefs as its designated 30(b)(6) representative, as long as the beliefs are based on the collective knowledge of TDCJ personnel, his testimony is not objectionable as speculation or under Federal Rule of Evidence 701 concerning lay testimony. *Brazos River Auth.,* 469 F.3d at 434.

Specifically, Plaintiffs were neither asking for "speculation" nor improper testimony of a lay witness when they asked Director Sweetin (i) if TDCJ knows why Mr. Tiede's heat score was zero, (ii) about TDCJ's understanding of the heat score as applied to various medical conditions, (iii) TDCJ's position on whether Mr. Tiede could be moved out of air conditioning, (iv) TDCJ's understanding and expectations of Texas summer temperatures, (v) TDCJ's knowledge of the risks of harm and serious injuries caused by summer temperatures, (vi) TDCJ's opinions on the information they present to the legislature and the public, (vii) TDCJ's opinions on how it interprets autopsies, (viii) why TDCJ doesn't insist core body temperatures be taken, (ix) whether TDCJ should have an opinion on epidemiological evidence, (x) why TDCJ is disregarding studies, (xi) whether TDCJ would consider it a problem if heat mitigation measures were not provided by its officers, or (xii) whether TDCJ should or shouldn't investigate allegations related to heat mitigation measures in published papers. The Court should therefore overrule Mr. Collier's

speculation and improper lay testimony objections at 199:18 (chart line 80), 200:5 (chart line 82), 205:15 (chart line 89), 205:24 (chart line 90), 206:6 (chart line 92), 222:20 (chart line 95), 230:3 (chart line 99), 232:5 (chart lines 102 & 103), 232:23 (chart line 106), 242:15 (chart line 117), 245:15 (chart line 125), 246:24 (chart line 128), 248:4 (chart lines 131 & 132), 261:10 (chart line 145), 265:15 (chart line 152), 267:6 (chart line 155), 268:10 (chart line 158), 268:20 (chart line 159), 269:8 (chart line 161), 272:12 (chart line 170), 273:3 (chart lines 172 & 173), 273:24 (chart line 175), 275:12 (chart line 180), 276:3 (chart line 182), 276:9-10 (chart line 183), 280:1 (chart line 195), and 286:15-16 (chart line 208).[6]

Second and similarly, Plaintiffs' questions are not objectionable as "argumentative" (51 objections), "harassing" (6 objections), or "mischaracterizing evidence" (5 objections), simply because they are based upon facts with which Mr. Collier apparently disagrees or dislikes Plaintiffs raising—like the facts that heat-related illnesses and deaths are a "problem;" that the federal prison system air conditions its prisons in Texas; that TDCJ does not include obesity within its medical conditions meriting placement in air conditioning despite it being a recognized medical vulnerability; that the public understands TDCJ's communications that there are "no heat-related deaths" to mean no deaths, not no deaths solely caused by heat; that honesty and candor when communicating to the Texas legislature are important; that it is TDCJ's opinion that a death is not "heat-related" unless heat was the only cause of death; that TDCJ fails to require body temperatures be taken of inmates who die in un-air conditioned housing; that studies have concluded and evidence shows heat poses a danger to inmates in un-air conditioned Texas prisons; that TDCJ's heat mitigation measures do not work; that TDCJ believes unfavorable studies are

---

[6] Mr. Collier also waived the objections at 199:18 (chart line 80), 200:5 (chart line 82), 205:15 (chart line 89), 205:24 (chart line 90), 206:6 (chart line 92), 222:20 (chart line 95), 230:3 (chart line 99) and 232:5 (chart lines 102 & 103) by failing to designate those objections.

"inaccurate" if they weren't directly sanctioned by TDCJ and disregards their conclusions; that TDCJ's fails to investigate when it is notified of dangerous conditions; that medical professionals opined heat was a contributing factor to deaths of TDCJ inmates; and that there is no penological purpose in exposing prisoners to high heat. *See, e.g., Atl. Coast Line R. Co. v. Dixon*, 207 F.2d 899, 904 (5th Cir. 1953) (considering testimony over objection that it "argumentative" to ask if conditions that lead to injury could be made safer); *see also Smith v. Chrysler Grp., L.L.C.,* No. 1:15-cv-218, 2016 WL 7741731, *5 (E.D. Tex. Oct. 20, 2016) (Gibson, M.J.) (interrogatory questions were not "argumentative" simply because questions were based on that plaintiff's legal theory that defendant should have acted in a certain way in response to a dangerous condition).

Accordingly the Court should overrule Mr. Collier's objections at 151:19 (chart line 55), 160:20 (chart line 60), 173:5-6 (chart line 70), 174:7 (chart line 72), 201:11 (chart line 84), 240:5 (chart line 114), 240:17 (chart line 115), 242:15 (chart line 117), 245:3 (chart lines 122 & 123), 247:5 (chart line 129),[7] 248:4 (chart lines 131 & 132), 261:10 (chart line 145), 265:15 (chart line 152), 266:25 (chart line 154),[8] 267:6 (chart line 155), 267:21 (chart line 156), 270:2 (chart lines 163 & 164), 270:12 (chart line 165), 270:19 (chart line 166), 271:14 (chart line 168), 272:16 (chart line 171), 273:3 (chart lines 172 & 173), 276:3 (chart line 182), 276:21 (chart line 184), 279:10 (chart line 193),[9] 2801:1 (chart line 195), 280:16 (chart line 197), 283:20 (chart line 201), 283:24

---

[7] Mr. Collier's additional objection at 247:5 (chart line 129) to inflaming the jury should be overruled where there was no such jury for the preliminary injunction hearing and the Court is more than capable of ignoring any allegedly inflammatory language.

[8] While Mr. Collier additionally objects at 266:25 (chart line 154) that Plaintiffs' counsel did not allow Director Sweetin to finish his answer, Plaintiffs' counsel's question was in response to Director Sweetin telling him "go ahead" with his question. *See* ECF 170-2 at p. 67, 266:21. Plaintiffs' counsel's question is not objectionable as harassing by not letting Director Sweetin finish his answer where Director Sweetin indicated he was done. The Court should also overrule this objection.

[9] It also does not mischaracterize evidence to say that heat was a contributing factor in the opinion of medical professionals concerning Patrick Womack, John Castillo, and Elizabeth Haggerty and

(chart line 202), 284:7 (chart line 205), 284:13 (chart lines 206 & 207), 292:9 (chart lines 211 & 212),[10] 305:3 (chart lines 217 & 218), and 309:10 (chart lines 225 & 226).[11]

Third, Mr. Collier objects an additional 15 times to Plaintiffs' questions having already been "asked and answered," but fails to identify where such questions were already asked and answered, nor is it apparent on the face of the transcript from the immediately preceding question. *See* ECF 170, pp. 2-9 (chart lines 4, 61-63, 155-158, 164-164, 168, 174, 183, 184, 191, 206, 207). Mr. Collier has failed to carry his burden under Federal Rule of Evidence 103(a)(1) and the Court should therefore overrule his objections at 26:9-10 (chart line 4), 161:11 (chart line 61), 162:1 (chart line 63), 267:6 (chart line 155), 267:21 (chart line 156), 268:10 (chart line 158), 270:2 (chart lines 163 & 164), 271:14 (chart line 168), 273:13 (chart line 174), 276:9-10 (chart line 183), 276:21 (chart line 184), 279:1 (chart line 191), and 284:13 (chart lines 206 & 207).[12] While Plaintiffs' counsel agrees he re-asked the question at 161:17-19, this is because Director Sweetin's first answer was that he "couldn't tell you one way or the other," but when asked again, agreed he did not know. *See* ECF 170-2 at 161:13-10, 162:2-3, 162:5. As this question was not already "asked and answered," Mr. Collier's objection at 161:20 (chart line 62) should also be overruled.

Fourth, Mr. Collier objects three times to Plaintiffs' questions being "leading," however, it is beyond dispute that Director Sweetin, as the 30(b)(6) designee of TDCJ—the agency Mr. Collier leads—was an "adverse party" or a "witness identified with an adverse party." *See* FED. R. EVID.

---

the objections to these bases at 279:10 and 280:16 (chart lines 193 and 197) should also be overruled. *See* ECF 170-2, p. 70 at 277:8-13 and 277:21-238:3; 244:8-18; 281:4-14.

[10] As none of the words in the question "there's no penological purpose in exposing prisoners or correctional officers to dangerous, hot temperatures, right?" are vague, the Court should likewise overrule this objection at 292:9 (chart lines 211 & 212).

[11] Once again, Mr. Collier failed to designate the lines containing objections at 151:19 (chart line 55), 174:7 (chart line 72), and 265:15 (chart line 152), waiving these objections.

[12] Mr. Collier again failed to designate the lines containing the objections at 26:9-10 and 161:11, thereby waiving these objections.

11

611(c)(2). Plaintiffs were thus entitled to ask him leading questions and the Court should overrule Mr. Collier's objections at 240:5 (chart line 114), and 276:3 (chart line 182).[13] *Id*.

Fifth, it neither "misstates" or "mischaracterizes" testimony (7 objections) nor is it "counsel testifying" (6 objections) when Plaintiffs' counsel states a position and immediately asks whether that statement is an accurate summary of Director Sweetin's testimony or whether TDCJ agrees with that statement. Indeed, highlighting that this is precisely what was happening, for each of the objected-to questions, Director Sweetin either agreed that the statement was accurate or had no trouble explaining his disagreement. The Court should therefore overrule Mr. Collier's objections at 129:21 (chart line 33), 153:13 (chart line 57), 232:12 (chart line 104), 245:15 (chart line 125), 261:10 (chart line 145), 266:25 (chart line 154), 272:12 (chart line 170), 276:2 (chart lines 181 & 182), 279:1 (chart line 191), and 280:1 (chart line 195).[14]

Sixth, given the facts of this case, the phrases "heat-related illness and deaths," "all times" with regard to prisoners' access to TDCJ's so-called heat mitigation measures, "those studies" immediately after Director Sweetin identified the Skarha and Purdum studies, and "you," are not vague. Mr. Collier's baseless vagueness objections should be overruled at 151:19 (chart line 55), 232:18 (chart line 105), 261:10 (chart line 145), 267:6 (chart line 155), 270:19 (chart line 166), 279:1 (chart line 191), 286:15-16 (chart line 208), and 304:8 (chart line 215).[15]

Seventh, "relevance" is not a valid objection to questions asking whether TDCJ's so-called heat mitigation measures are only as good as the officers implementing them and whether honesty

---

[13] Plaintiffs submit that it is debatable whether each of these objections is to a question that is actually a leading question, nonetheless, even if they are, the Court can and should overrule the objections under Federal Rule of Evidence 611.
[14] By failing to designate the lines containing objections at 129:21 (chart line 33), 153:13 (chart line 57), Mr. Collier has additionally waived these objections.
[15] Mr. Collier waived the objection at 151:19 (chart line 55) by failing to designate it.

12

and candor are important when TDCJ has a mandatory duty to report certain information about heat in its prisons to the Texas Legislature. These are non-privileged matters that are relevant to Plaintiffs' claims and are thus within the scope of discoverable information. FED. R. CIV. P. 26(b)(1). The Court should overrule Defendant's relevance objections at 231:23 (chart line 101) and 240:17 (chart line 116).

Finally, a question is not objectionably compound simply because it contains the word "and." In each of the instances where Mr. Collier objects that Plaintiffs' counsel's question was compound, Director Sweetin was simply being asked if he agreed with all of a series of propositions or a single proposition with a qualifier like "do you know why, given [Mr. Tiede's] medical conditions." Plaintiffs' questions were not objectionably compound and the Court should overrule Mr. Collier's objections at 199:18 (chart line 80), 2017:17 (chart line 85), 230:3 (chart line 99), 232:5 (chart lines 102 & 103), 234:8 (chart line 109), and 246:24 (chart line 128).[16]

## IV. CONCLUSION

For the foregoing reasons, the Court should overrule all of Mr. Collier's objections to Plaintiff's Deposition Designations for the Preliminary Injunction Hearing and find the testimony admissible against Mr. Collier.

Dated: August 14, 2024.

---

[16] Mr. Collier has additionally waived the objections at 199:18 (chart line 80), 2017:17 (chart line 85), 230:3 (chart line 99), 232:5 (chart lines 102 & 103), and 234:8 (chart line 109) by failing to designate these lines of the deposition transcript.

Respectfully submitted,

*/s/ Jeff Edwards*
Thomas A. Olsen (*pro hac vice*)
Kevin D. Homiak (*pro hac vice*)
Ellen R. Blatt (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: olsen@wtotrial.com
homiak@wtotrial.com
blatt@wtotrial.com

Erica Grossman (*pro hac vice*)
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
Telephone: 303.860.1331
Email: erica@hheglaw.com

Jodi Cole
Texas Bar No. 24045602
Law Office of Jodi Cole, PLLC
203 East Murphy Street
Alpine, TX 79830
Telephone: 432.837.4266
Facsimile: 512.692.2575
Email: jcole@jodicole.com

Jeff Edwards
Texas Bar No. 24014406
Mike Singley
Texas Bar No. 00794642
David Anthony James
Texas Bar No. 24092572
Lisa Snead
Texas Bar No. 24062204
Paul Samuel
Texas Bar No. 24124463
Edwards Law
603 W. 17th Street
Austin, TX 78701
Telephone:    512.623.7727
Facsimile:    512.623.7729
Email:    jeff@edwards-law.com
             mike@edwards-law.com
             david@edwards-law.com
             lisa@edwards-law.com
             paul@edwards-law.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

By my signature below, I certify that the foregoing document has been electronically served on all counsel of record by filing with the Court's electronic case files system.

*/s/ Jeff Edwards*
Jeff Edwards