UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II; <br> TEXAS PRISONS COMMUNITY <br> ADVOCATES; <br> DISABILITY RIGHTS TEXAS; <br> BUILD UP, INC. a/k/a LIONESS: JUSTICE <br> IMPACTED WOMEN'S ALLIANCE; and <br> COALITION FOR TEXANS WITH <br> DISABILITIES, <br>    Plaintiffs, <br> v. <br> BRYAN COLLIER, in his official capacity as <br> Executive Director of Texas Department of <br> Criminal Justice, <br>    Defendant. | § § § § § § § § § § § § § § § § § | Civil Action No.: 1:23-cv-01004-RP |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFFS' DEPOSITION DESIGNATIONS FOR PRELIMINARY INJUNCTION HEARING**

# Exhibit 1

# First Amended Rule 30(b)(6) Deposition Notice of TDCJ

UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF TEXAS
                             AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II; TEXAS PRISONS COMMUNITY ADVOCATES; BUILD UP, INC., A/K/A JUSTICE IMPACTED WOMEN'S ALLIANCE; TEXAS CITIZENS UNITED FOR REHABILITATION OF ERRANTS; and COALITION FOR TEXANS WITH DISABILITIES, <br><br> Plaintiffs, <br><br> v. <br><br> BRYAN COLLIER, in his official capacity as Executive Director of Texas Department of Criminal Justice, <br><br> Defendant. | § § § § § § § § § § § § § § § § § § | Civil Action No.: 1:23-cv-01004-RP |

---

**PLAINTIFFS' FIRST AMENDED RULE 30(b)(6) NOTICE OF
DEPOSITION TO THE TEXAS DEPARTMENT OF
CRIMINAL JUSTICE**

---

TO: **THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE,** by and through Abigail Carter, Assistant Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711.

Please take notice that on July 25, 2024, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the oral deposition of a Texas Department of Criminal Justice ("TDCJ") representative who is knowledgeable about the topics identified in Exhibit A before a court reporter and notary public for the State of Texas.

The deposition is for the purpose of discovering, securing, and completing testimony of TDCJ. The deposition will be taken remotely via Zoom, beginning at 9:00 a.m. and will continue thereafter day to day until completed. The deposition will be recorded stenographically and on videotape.

At the deposition or before, as stated in the subpoena, the deponent is commanded to produce, all documents in response to the subpoena *duces tecum* on Exhibit B.

Dated: July 23, 2024.

DATED July 23, 2024.　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Jeff Edwards*
　　　　　　　　　　　　　　　　　　　Jeff Edwards
　　　　　　　　　　　　　　　　　　　Texas Bar No. 24014406
　　　　　　　　　　　　　　　　　　　David Anthony James
　　　　　　　　　　　　　　　　　　　Texas Bar No. 24092572
　　　　　　　　　　　　　　　　　　　Lisa Snead
　　　　　　　　　　　　　　　　　　　Texas Bar No. 24062204
　　　　　　　　　　　　　　　　　　　Paul Samuel
　　　　　　　　　　　　　　　　　　　Texas Bar No. 24124463
　　　　　　　　　　　　　　　　　　　EDWARDS LAW
　　　　　　　　　　　　　　　　　　　603 W. 17th Street
　　　　　　　　　　　　　　　　　　　Austin, TX 78701
　　　　　　　　　　　　　　　　　　　Telephone:　512.623.7727
　　　　　　　　　　　　　　　　　　　Facsimile:　512.623.7729
　　　　　　　　　　　　　　　　　　　Email:　jeff@edwards-law.com
　　　　　　　　　　　　　　　　　　　　　　　david@edwards-law.com
　　　　　　　　　　　　　　　　　　　　　　　lisa@edwards-law.com
　　　　　　　　　　　　　　　　　　　　　　　paul@edwards-law.com

　　　　　　　　　　　　　　　　　　　Jodi Cole
　　　　　　　　　　　　　　　　　　　Texas Bar No. 24045602
　　　　　　　　　　　　　　　　　　　LAW OFFICE OF JODI COLE, PLLC
　　　　　　　　　　　　　　　　　　　203 East Murphy Street
　　　　　　　　　　　　　　　　　　　Alpine, TX 79830
　　　　　　　　　　　　　　　　　　　Telephone:　432.837.4266
　　　　　　　　　　　　　　　　　　　Facsimile:　512.692.2575
　　　　　　　　　　　　　　　　　　　Email:　jcole@jodicole.com

　　　　　　　　　　　　　　　　　　　Brandon Duke
　　　　　　　　　　　　　　　　　　　WINSTON & STRAWN, LLP
　　　　　　　　　　　　　　　　　　　800 Capitol Street, Suite 2400
　　　　　　　　　　　　　　　　　　　Houston, TX 77002
　　　　　　　　　　　　　　　　　　　Telephone:　713-651-2600
　　　　　　　　　　　　　　　　　　　Email:　bduke@winston.com

　　　　　　　　　　　　　　　　　　　Erica Grossman (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
　　　　　　　　　　　　　　　　　　　1437 High Street
　　　　　　　　　　　　　　　　　　　Denver, CO 80218
　　　　　　　　　　　　　　　　　　　Telephone:　303-860-1331

Facsimile: 303-862-6506
Email: erica@hheglaw.com

Thomas A. Olsen (*pro hac vice*)
Kevin D. Homiak (*pro hac vice*)
Ellen R. Blatt (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: olsen@wtotrial.com
homiak@wtotrial.com
blatt@wtotrial.com

*Attorneys For Plaintiff*

## CERTIFICATE OF SERVICE

  By my signature above, I certify that a true and correct copy of the above and foregoing legal instrument has been served on all parties via email on July 23, 2024.

        By <u>/s/ *Jeff Edwards*</u>
        ATTORNEY FOR PLAINTIFF

# Exhibit A

**I.**   **DEFINITIONS**

1. "Air conditioned" and "air conditioning," when referring to an interior space, means that space is fitted with an adequately maintained system for mechanically controlled temperature and where that system is designed to achieve temperatures of 85º F of lower on at least 98% of days based on the outdoor climate conditions of the location of that space. Notwithstanding this definition, any indoor space that maintains or exceeds the current American Society of Heating, Refrigeration and Air Conditioning Engineers (ASHRAE) standards for acceptable indoor air quality by using mechanical cooling, as those terms are defined in those standards, is also "air conditioned" and has "air conditioning."

**II.**   **DESIGNATED TOPICS**

1. ~~The names of the facilities that TDCJ built after 1990 with and without air conditioning, and every reason why each facility was built with or without air conditioning.~~

2. TDCJ's process, plans, and designs for installing permanent air conditioning at the Wallace Pack Unit, the names of the contractors who worked (or are working) on that installation, and the timeline and costs of that installation;

3. TDCJ's process, plans, and designs for installing temporary air conditioning at the Wallace Pack Unit, the names of the contractors who worked (or are working) on that installation, and the timeline and costs of that installation;

4. TDCJ's process, plans, and designs for past or ongoing installations of permanent air conditioning in TDCJ facilities other than the Wallace Pack Unit from January 1, 2022, to the present, the names of the contractors who worked (or are working) on those installations, the timeline and costs or estimated costs of those installations, any public bids to install such air conditioning, and the reasons why TDCJ chose to install air conditioning at those facilities;

5. TDCJ's process, plans, and designs for past or ongoing installations of temporary air conditioning in TDCJ facilities other than the Wallace Pack Unit from January 1, 2022, to the present, the names of the contractors who worked (or are working) on those installations, and the timeline and costs of those installations, and the reasons why TDCJ chose to install air conditioning at those facilities;

6. TDCJ's process, plans, and designs (if any) for future installations of permanent air conditioning in TDCJ facilities in which the inmates' housing or living areas are not 100% air conditioned, the names of the contractors who worked (or are working) on those installations, the estimated timeline and costs of those installations, and the reasons why TDCJ plans to install air conditioning at those facilities;

7. TDCJ's process, plans, and designs (if any) for future installations of temporary air conditioning in TDCJ facilities in which the inmates' housing or living areas are not 100% air conditioned, the names of the contractors who worked (or are working) on that installation, the estimated timeline and costs of those installations, and the reasons why TDCJ plans to install air conditioning at those facilities;

8. TDCJ's positions on H.B. 1708 and H.B. 2950 in the 88th Legislature, and the reasons for those positions;

9. All studies, research, publications, warnings, and other information that TDCJ currently has regarding the risks that temperatures over 85º F pose to TDCJ inmates and employees (including, but not limited to, the risks of heat-related illnesses and death);

10. All policies, procedures, and other measures that the TDCJ has used since January 1, 2022, and plans to implement this summer, to address the risks that temperatures over 85º F pose to TDCJ inmates and employees; every reason why the TDCJ implemented or plans to implement those policies, procedures, and other measures; and the manner in which TDCJ determines whether inmates are provided air-conditioned housing;

11. The circumstances of every death listed in Exhibit A to Mr. Tiede's First Set of Requests for Production to Defendant Bryan Collier, whether TDCJ believes that heat caused or contributed to those deaths, and every action that TDCJ took in response to each of those deaths;

12. Mr. Tiede's housing placements from January 1, 2022, to the present, and every reason why Mr. Tiede was or was not placed in air conditioning housing;

13. Communications between TDCJ and any members of the Texas Legislature from January 1, 2022, to the present, about the dangers high temperatures and heat indexes pose to inmates; the costs to provide air conditioning on a temporary or permanent basis; the need to provide air conditioning in inmate housing areas; and the effects of high heat on staffing, inmate and officer safety, and inmate and officer health;

14. The locations and names of all TDCJ prisons in which TDCJ knows or expects that temperatures will exceed 85° Fahrenheit in inmate living areas between May 1, 2024, and September 30, 2024; and

15. All policies, procedures, directives, and written instructions concerning death investigations and autopsies of TDCJ inmates, in effect at any point from January 1, 2022, to the present, including but not limited to, the requirements for taking internal body temperatures of inmates, taking the external environmental temperatures in the areas where the inmate died, and for ensuring that autopsies are performed expeditiously.

## Exhibit B

The terms **DOCUMENTS** and **WRITINGS** are used herein in their most comprehensive sense and include, but are not limited to, notes, letters, reports, memoranda, diaries, bulletins, circulars, instructions, work assignments, advertising literature, notebooks, tapes, discs, or other sound recordings, films, drafts, worksheets, calendars, appointment books, estimates, ledgers, opinions, instructional manuals, memoranda or notes relating to telephone or other conversations, excerpts, summaries and other **WRITINGS** of any nature whatsoever, including copies of mechanical or photostatic reproductions of any and all the foregoing items that are in the custody or subject to your control or known by you or Plaintiff to exist. **YOU** includes any individuals and entities working at your direction for the purpose of formulating your testimony as an expert in this matter. The categories of documents, items, and things which the deponent is directed to produce in physical copy at the beginning of the deposition are as follows:

1. All documents you intend to rely upon or use as a basis for your testimony in this deposition.

2. All nonprivileged documents not previously produced in this litigation concerning the foregoing topics in Exhibit A.

3. All documents reviewed by you or furnished to you for review in connection with this case.

4. All documents you reviewed in preparation for your deposition.

5. Your most recent curriculum vitae.

6. A document reflecting your current job description, if such a document exists.