**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BERNHARDT TIEDE, II; TEXAS PRISONS COMMUNITY ADVOCATES; BUILD UP, INC. A/K/A JUSTICE IMPACTED WOMEN'S ALLIANCE; TEXAS CITIZENS UNITED FOR REHABILITATION OF ERRANTS; and COALITION FOR TEXANS WITH DISABILITIES,** *Plaintiffs,* | § | |
| **v.** | § | **Civil Action No.: 1:23-CV-01004-RP** |
| **BRYAN COLLIER, in his official capacity as Executive Director of Texas Department of Criminal Justice,** *Defendant*. | § | |

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO INTERVENORS MOTION TO INTERVENE [ECF 180]**

---

COMES NOW, Defendant Bryan Collier, who hereby files this response in opposition the motion to intervene filed by TDCJ inmate Sam Wiley. ECF 180. Mr. Wiley has not met the requirements to intervene, and regardless, his interests are already represented by the existing associational plaintiffs who seek statewide relief. This Court should decline to exercise its discretion to permit intervention which would otherwise result in duplicative litigation, prejudice the existing parties by delaying the proceedings, and waste judicial resources.

## I. Statement of the Case and Procedural Posture

This lawsuit is being brought by one individual plaintiff – Bernhardt Tiede, II – and four associations, seeking relief from what they allege are unconstitutional conditions arising from extreme heat in Texas prisons. Together, the associational plaintiffs purport to represent all TDCJ

inmates currently incarcerated, among others. ECF 57. Associational plaintiffs seek agency wide relief through the implementation of air condition at all TDCJ units across the state of Texas. The hearing on Plaintiffs' request for injunctive relief began on July 30, 2024, and concluded August 2, 2024. Parties are now working on post hearing briefing and drafting findings of fact and conclusions of law to present to the Court.

Mr. Wiley, an inmate incarcerated at TDCJ's Coffield Unit in Tennessee Colony, Texas seeks to intervene in this matter based on conclusory and unsupported injuries, all premised on the same subject matter of this suit – heat. In addition to Mr. Wiley's odd request for the appointment of a special master, he ostensibly seeks the same relief which the associational plaintiffs are already requesting from this court- reprieve from the heat within TDCJ prison units.

## II. Standards of Review

Under Rule 24, persons with an interest in ongoing litigation may intervene as a matter of right or permissively pursuant to a court's discretion. Fed. R. Civ. P. 24. Regarding the former – intervention of right – a court *must* permit anyone to intervene who 1) is given an unconditional right to intervene by a federal statue, or 2) claims an interest relating to the transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest. Fed. R. Civ. P. 24(a)(1)-(2). Regarding the latter – permissive intervention – a court may permit intervention to anyone who 1) is given a conditional right to intervene by a federal statute, or 2) has a claim or defense that shares with the main action a common question of law or fact.  Fed. R. Civ. P. 24(b)(1)(b).  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24.

## III. Argument and Authorities

The analysis of Mr. Wiley's desired intervention collapses into three questions – timeliness, and the two secondary considerations of 24(a) and 24(b), because Mr. Wiley has neither an unconditional nor conditional right to intervention under 24(a)(1) and 24(b)(1)(a) – nor has he alleged any.

### 1. Mr. Wiley's Motion is Untimely.

Mr. Wiley's motion to intervene is untimely. Four factors in their totality are considered when determining whether a motion to intervene is made timely: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it sought to intervene; (2) the prejudice that existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) whether unusual circumstances militate for or against a determination that the application is timely. *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 423 (5th Cir. 2002) (citing *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996)). There are no absolute measures of timeliness; it is determined from all the circumstances. *Id*.

The motion states conclusively without any support that Mr. Wiley, because of his medical conditions and resulting enhanced sensitivity to heat, "have either suffered actual injury" or are "in imminent danger of suffering" an injury at the Coffield Unit. ECF 180. Mr. Wiley failed to actually support said propositions with any assertions of medical diagnoses, why any alleged diagnoses make him heat sensitive, documents reflecting the temperature in Coffield or any other support of any kind showing the existing heat mitigation measures are insufficient. Instead, Mr.

Wiley relies solely on prior TDCJ heat litigation and heat related issues in TDCJ as far back as twenty-six years ago to six years ago.

Mr. Wiley does not state either way whether the previous litigation or heat related issues he referenced impacted him or his unit specifically. Mr. Wiley's motion provides insufficient information for the Court to know with any degree of certainty when he actually knew or reasonably should have known of his interest in this particular case. To the contrary, the motion suggests Mr. Wiley may have at least been aware of previous heat litigation and heat related matters which he could have and should have joined. But again, Mr. Wiley has not alleged with any specificity when his alleged injuries arose.

Second, adding another plaintiff would be duplicitous, resulting in unnecessary time and expense for both the Defendant and Plaintiffs. The existing parties would be prejudiced by having to conduct additional unnecessary discovery. Defendant would need additional time to gather information and documentation to defend against the additional claims- all of which is unnecessary when associational plaintiffs purport to represent the entire inmate population and already seek statewide relief related to the same issue which intervenors claims to be injured by; and if existing plaintiffs succeed would be relieved from. This point also speaks to the third factor of timeliness – prejudice to the intervenors.

Mr. Wiley would not be harmed by being denied intervention in this suit. This Court has already ruled the association plaintiffs have standing and as they have argued, the associations purport to represent the entire TDCJ inmate population with respect to the risk heat – not just medically sensitive inmates, but all inmates and they seek statewide relief which would include the Coffield Unit. ECF 57. Here, Mr. Wiley claims he has suffered or will suffer injury because of his sensitivity to heat from medical conditions – the exact type of harm the associations are seeking

relief for statewide. Finally, Mr. Wiley is free to file his own lawsuit individually should he so desire. Thus, not granting intervention in this case does not prejudice the Mr. Wiley but granting would prejudice the current parties for the reasons stated above. The motions are untimely and should be denied.

**2. Mr. Wiley has no basis for intervention as a matter of right.**

Intervention as of right under Rule 24(a)(2) is based on four requirements, the first being timeliness as argued against above. The other three requirements include: (2) the applicant must claim an interest in the subject matter of the action; (3) the applicant must show that disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the litigation." *United States v. Franklin Parish Sch. Bd.*, 47 F. 3d 755, 756 (5th Cir.1995). Here, Mr. Wiley's application for intervention fails to satisfy all four requirements of Rule 24(a)(2).

**i. Mr. Wiley's interests, to the extent they exist, are already represented.**

Assuming Mr. Wiley has standing and has satisfied the exhaustion requirements of the Prison Litigation Reform Act, his interests are already represented. The Organizational Plaintiffs purport to represent all inmates including the intervenors and are seeking statewide relief which would only stand to benefit Mr. Wiley.

**ii. Mr. Wiley would only benefit from this suit, even without his participation.**

While Mr. Wiley's allegations could plausibly state an interest relating to the issues in this case if construed broadly – the allege substantial risk of serious harm from heat inside Texas's prisons – he would not be impaired or impeded in his ability to protect his interest by being denied intervention. To the contrary, Mr. Wiley is free to pursue his own lawsuit which would then grant him the opportunity to tailor any awarded relief to his own individualized medical needs. Thus, by

not being included in this suit, he still may obtain relief as a result from it, and then continue in his own suit to get specific relief.

**iii. Existing associational plaintiffs adequately protect and purportedly represent Mr. Wiley's interest.**

Again, assuming Mr. Wiley has sufficient standing and an interest in this litigation, the associational plaintiffs adequately represent his interest. Further, it is the intervenors burden to show that the associational plaintiffs' litigation of this matter is inadequate to protect his interest. *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 425 (5th Cir. 2002). Mr. Wiley has made no such argument.

**3. Mr. Wiley cannot meet his burden to intervene permissibly.**

Permissive intervention is "committed to the discretion of the court." *United States ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 577 (5th Cir. 2023) (quoting *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277, 142 S. Ct. 1002, 1010, 212 L. Ed. 2d 114 (2022)). Permissive intervention is allowed when intervenors have a claim that shares with the main action a common question of law and fact. Fed. R. Civ. P. 24(b)(1)(B). Defendant's response to the issue on the intervenors common interest with this litigation is detailed above.

Overall, the existing plaintiffs purport to adequately represent the interests of the Mr. Wiley, the Defendant would be prejudiced in having to litigate duplicative claims against an additional plaintiff at this late stage in the litigation, and Mr. Wiley has not sufficiently alleged an injury, nor shown he is not represented adequately already. For all these reasons, the Court should decline to exercise its discretion to permit intervention.

**4. Mr. Wiley lacks standing and/or has failed to demonstrate he has met the requirements of the PLRA.**

Mr. Wiley seeks to intervene as named class member. ECF 180. This case is not a class action and Mr. Wiley needs to demonstrate he has standing and appropriately exhausted his statutorily required administrative remedies. Mr. Wiley conclusively states he has been or will be injured due to the Coffield Unit being over 100 degrees at some unspecified time in the past with the potential for such heat to reoccur at some unspecified time in the future, assuming he is still at that unit. ECF 180. That is not sufficient to establish standing. Mr. Wiley has not alleged he was individually housed at the Coffield Unit on the day of the alleged heat incident, whether he was individually harmed directly from the heat and if so, how so, etc. Instead, Mr. Wiley indicates generally the Coffield Unit was hot in the past. Mr. Wiley has failed to properly allege any particularized injuries in fact and a causal connection between the alleged injuries and the issue complained of. *See generally Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (Plaintiffs must establish an injury in fact which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.)

Regarding exhaustion, the Mr. Wiley cannot escape the exhaustion requirement by jumping into this case. He has not plead, suggested, nor demonstrated that he has appropriately filed grievances related to his alleged injuries and medical conditions. 42 U.S.C. § 1997e(a) (No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.); *Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022) (quoting the Supreme Court in *Ross v. Blake*, 578 U.S. 632, 642 (2016), noting that "an inmate ... must exhaust available remedies....) (cleaned up).

## IV. Conclusion

For the reasons described herein, Defendant respectfully requests that this Court deny the motion to intervene.

Respectfully submitted,

**Ken Paxton**
Attorney General of Texas

**Brent Webster**
First Assistant Attorney General

**James Lloyd**
Deputy Attorney General for Civil Litigation

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1162

**Shanna Molinare**
Division Chief
Law Enforcement Defense
Division

**Abigail Carter**
Attorney-in-charge
Assistant Attorney General
Texas State Bar No. 24126376
Abigail.Carter@oag.texas.gov

*/s/ Lauren McGee*
**Lauren McGee**
Assistant Attorney General
Texas State Bar No. 24128835
Lauren.McGee@oag.texas.gov

**Attorneys for Defendant**

## NOTICE OF ELECTRONIC FILING

I, **LAUREN MCGEE**, certify that on August 19, 2024, I have electronically submitted for filing a true and correct copy of this pleading.

*/s/ Lauren McGee*
**LAUREN MCGEE**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

      I, **LAUREN MCGEE,** Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been electronically served by to all counsel of record and parties, within one business day of August 19, 2024, addressed to the following:

CMRR No. 9589 0710 5270 0138 1523 71
Sam Wiley, TDCJ #1913112
TDCJ-CID Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884

                            */s/ Lauren McGee*
                            **LAUREN MCGEE**
                            Assistant Attorney General