**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| BERNHARDT TIEDE, II;<br>TEXAS PRISONS COMMUNITY<br>ADVOCATES; BUILD UP, INC. a/k/a<br>LIONESS: JUSTICE IMPACTED<br>WOMEN'S ALLIANCE; COALITION FOR<br>TEXANS WITH DISABILITIES; TEXAS<br>CITIZENS UNITED FOR<br>REHABILITATION OF ERRANTS, | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |
| **Plaintiffs,** | § <br> § | Civil Action No.: 1:23-cv-01004-RP |
| v. | § <br> § | |
| BRYAN COLLIER, in his official capacity as<br>Executive Director of Texas Department of<br>Criminal Justice, | § <br> § <br> § <br> § | |
| **Defendant.** | § <br> § | |

**THE PARTIES' JOINT ADVISORY CONCERNING OUTSTANDING
EVIDENTIARY DISPUTES FROM THE PRELIMINARY INJUNCTION HEARING**

In accordance with the Court's order on August 20, 2024, Plaintiffs and Defendant Collier ("the Parties") file this joint advisory summarizing the outstanding evidentiary disputes from the Preliminary Injunction Hearing.

| Objection | Transcript Day of hearing), page(s) and line(s) (Ex.: Day, pg. at time stamp) | Plaintiffs' Position | Defendant's Position |
|---|---|---|---|
| Defendant objects to video excerpts of TDCJ 30(b)(6) witness David Sweetin's deposition because of Plaintiffs' failure to | Objections recorded in Vol.1 at pg. 207,15:04:58 | The video excerpts are from TDCJ's 30(b)(6) witness's deposition and the testimony is admissible under Federal Rule of Civil Procedure 32(a)(3) | Mr. Collier was the TDCJ's representative during the hearing. Plaintiffs knew he would be called to testify in that capacity. Playing prior TDCJ |

| | | | |
|---|---|---|---|
| give adequate notice that they were not going to call Sweetin to testify but rather they intended to offer video excerpts of his deposition testimony and they provided less than ## hours notice to Defendant of the designated excerpts. So Defendant was unable to lodge objections to the video testimony in real time; and Defendant was unable to offer additional excerpts for optional completeness.<br><br>The parties agree all issues related to TDCJ's 30(b)(6) witness deposition have been briefed in ECF Nos. 157, 162, 163, 165, 169, 170, 171, 176, and 181. | | which authorizes the use of deposition testimony of a party against that party for any purpose, without regard to availability.<br><br>Plaintiffs disagree that Defendant was "unable to lodge objections" or that Defendant was unable to offer additional excerpts for optional completeness as Director Sweetin was represented by TDCJ Counsel at his deposition and Mr. Collier filed cross-designations at ECF 170. Plaintiffs did not object to any of Defendant's Cross-Designations. *See* ECF 181, p. 1.<br><br>Finally, if Mr. Collier's counsel believed any part of TDCJ's testimony required explanation or modification, they were able to ask him these questions during his testimony. Plaintiffs' deposition designations were filed on July 29, 2024 (ECF 155) and Mr. Collier did not testify until four days later on August 2, 2024. | 30(b)(6) deposition testimony without Mr. Collier on the stand to explain or modify the agency's testimony is improper because the testimony is being offered without objections ruled upon and optional completeness. Moreover, presentation and admission of the 30(b)(6) video did not allow Defendant's counsel the opportunity to re-direct the 30(b)(6) witness until Mr. Collier was called in Defendant's case-in-chief. Because Mr. Collier was the agency representative at the hearing. Plaintiffs should use the prior 30(b)(6) deposition testimony as rebuttal or impeachment evidence when cross-examining Collier. |
| Defendant reasserts the objections made (and not ruled upon) | Day 1, pg. 211 at 15:28:16 | Plaintiffs addressed the objections made by TDCJ's counsel during | The objections made by Defendant during TDCJ 30(b)(6) |

| | | | |
|---|---|---|---|
| during the TDCJ 30(b)(6) witness's deposition.<br><br>*All issues related to TDCJ's 30(b)(6) witness deposition have been briefed in ECF Nos. 157, 162, 163, 165, 169, 170, 171, 176, 181. | Day 2, pg. 6 at 8:30:38<br>Day 3, pg. 293 at 17:37:24 | Director Sweetin's deposition at ECF 181 and agree this issue is fully briefed for the Court's consideration. | witness's deposition should be ruled on before Court considers the testimony offered. |
| Defendant reasserts the objections made (and not ruled upon) during the TDCJ 30(b)(6) witness's deposition and Defendant's objections to Plaintiffs' Exhibits 150, 45, 132, 55 (ECF No. 50-52, which is the A&M study/Purdum Study) | Day 2, pg. 6 at 8:30:38 | Exhibit 150: TDCJ's Counsel did not object to this document during the deposition which was marked as "Deposition Exhibit 3". *See* 170-2, p. 3 at 6:14-15; *id.* at p. 32, 121:12-122:19. During the PI hearing, Ron Hudson independently authenticated this document and agreed it was accurate at Vol. 4, 128:9-25. This is still a current, accurate depiction of TDCJ's website: tdcj.texas.gov/ac/<br><br>Exhibit 55: This exhibit was discussed during Mr. Collier's cross-examination at Vol. 4, beginning at 121:13. Mr. Collier agreed this was a copy of the study he was given, addressing any authenticity concerns. This study goes to Mr. Collier's notice that TDCJ's mitigation | Defendant contends objections were made to Plaintiffs' Exhibits during the deposition of TDCJ's 30(b)(6) witness are the they were not admitted into evidence because they were presented and discussed during the deposition. Defendant's objections to Plaintiffs' Exhibits were not ruled upon during the deposition.<br><br>Plaintiffs used Plaintiffs' Ex. 150 during Day 4 during their cross-examination of TDCJ Facilities Director Ron Hudson. Day 4, pg. 139: 1.<br><br>Plaintiffs used Plaintiffs' Ex. 55 during their cross examination of TDCJ Executive Director (and TDCJ corporate representative) Bryan Collier. Day 4, pg. 235: 11. |

| | | efforts were not being implemented. | Neither Pl. Ex. 150 nor Pl. Ex. 55 were offered by Plaintiffs' counsel at any other point during the hearing. Accordingly, Defendant's objections to the admission of these Exhibits have not been ruled upon. Plaintiffs' reference to the Exhibits during their cross-examination of Hudson and Collier did not resolve Defendants' pending objections to the Exhibits. |
|---|---|---|---|
| | | Exhibit 132: This is a document produced by TDCJ accompanied by a business records affidavit reflecting inmate complaints and heat-related illnesses. It is both authentic and relevant. | |
| | | Exhibit 45: This document was discussed without objection during Mr. Sweetin's deposition. *See* 170-2, beginning at p. 76 at 304:1. This document likewise goes to Mr. Collier's notice. | |
| Defendant's objection to Plaintiffs' witness Michelle Deitch's testimony prior to the hearing because her testimony is not helpful or relevant to the issues to be resolved in this case. | Day 2, pg. 137 at 11:56:11 | The Court noted it would carry an objection without requiring a response in the moment from Plaintiffs concerning Professor Deitch's testimony. *See* Vol. 2, 137:6-10; 20-22. | Defendant objects to Michelle Deitch's testimony under Fed. R. Evid. 702. Defendant filed his objection to Deitch being called as a witness prior to the hearing because her testimony as an attorney and university lecturer that studies jail and prison conditions is not relevant to the issues presented. Deitch has no knowledge of TDCJ's initiative and installation of air conditioning in its facilities. She has no |
| | | Professor Deitch testified at length at the hearing about her qualifications as an expert in prison conditions and prison policy. (Vol. 1 at 137:1-143:14.) She offered relevant testimony regarding the "enormous" impact | |

| | | that TDCJ's understaffing issues have on its ability to implement its heat-mitigation measures (*see id.* at 144:1-152:23), as well as the reasons why TDCJ prisons were built in the 1990s with air-conditioning in the inmate living areas (*see id.* at 152:24-154:21). And she did not offer any legal conclusions in that testimony. As a result, Mr. Collier's objections to her testimony should be overruled. | personal knowledge related to TDCJ's previous or current heat mitigation efforts. Her testimony is offered only to opine on the legal conclusions the Court is asked to make. Her testimony as it relates to TDCJ's current heat mitigation measures and air conditioned facilities and projects should not be allowed as it is irrelevant and will not aid the Court in the deciding the legal issues and relief requested in this case. |
|---|---|---|---|
| Defendant objections to Plaintiffs Dr. Biswas's testimony as an expert witness because her testimony not relevant to the issues presented; she lacks the knowledge, experience, and expertise necessary to qualify as an expert related to the issues presented; her testimony is redundant because it restates other witnesses' testimony; and her opinions and | Day 2, pg. 159 at 12:28:39 | The Court noted it would carry an objection without requiring a response in the moment from Plaintiffs concerning Dr. Biswas's testimony. *See* Vol. 2, 160:11-13.<br><br>Dr. Biswas testified at length at the hearing about her qualifications as an expert in psychiatry and the psychiatric treatment of individuals in the criminal justice system. Vol. 2 at 160:25-164:10; *see also* P's Ex. 131. | Defendant objects to Dr. Biswas testimony because it is irrelevant to the issues before the Court. Dr. Biswas is a licensed psychiatrist and her testimony about the mental illnesses inmates may suffer is not relevant to TDCJ's heat mitigation measures or air conditioning TDCJ facilities' housing areas. Plaintiffs fail to demonstrate the foundation necessary to establish Dr. Biswas is qualified to offer expert opinions and/or testimony about heat exposure as it related to |

| testimony lack lack proper foundation. | | Plaintiffs responded to that objection in the hearing. (*See id.* at 165:7-14.) And Dr. Biswas proceeded to provide relevant testimony regarding the impacts of extreme heat. (*See id.* 167:24-183:19.) Most significantly, she concluded that "exposure to periods of extreme heat cause[s] a substantial risk of serious harm" to TDCJ inmates, by increasing the incidence of and exacerbating existing mental health conditions. (*Id.* at 185:13-20.) As this testimony goes to the heart of Plaintiffs' Eighth Amendment claim, it is clearly relevant..<br><br>Finally, Dr. Biswas's testimony was not "needlessly cumulative" of Dr. Vassallo's testimony as required to be excluded under Rule 403, as Dr. Vassallo is not a psychiatrist and did not discuss many of Dr. Biswas's opinions.  Nor is there any danger in the Court assigning any undue weight under Rule 403 where there was no jury. | inmates suffering from mental illnesses.<br>Dr. Biswas's testimony is also redundant because Dr. Susi Vassallo's testimony, who is designated as a medical expert in thermoregulation, e addresses the potential effects of extreme heat conditions on individuals that suffer mental illnesses.<br><br>Defendant's objections to Dr. Biswas's testimony was fully briefed prior to the hearing.  ECF No. 160. |

| | | | |
|---|---|---|---|
| Defendant's objection to testimony sought from TDCJ 30(b)(6) witness's testimony about inmates' "heat scores".<br><br>*All issues related to deposition of TDCJ's 30(b)(6) witness have been fully briefed in ECF Nos. 157, 162, 163, 165, 169, 170, 171, 176, 181. | Day 3, beginning on page 21 at 9:21:45<br><br>Re-raised on Day 3, beginning on page 94 at 11:08:28. | Plaintiffs' position is more fully addressed in ECF 157. Where TDCJ did not prepare Director Sweetin as required, the Court should order sanctions, including excluding evidence Plaintiffs specifically sought that was within the scope of the 30(b)(6) notice, that Mr. Sweetin was unprepared to discuss, and that was discussed by other TDCJ witnesses at the hearing.<br><br>The fact that Mr. Lumpkin has personal knowledge doesn't change TDCJ's duty to prepare Mr. Sweetin to testify as to these topics or to designate Mr. Lumpkin if he was the one with knowledge. | TDCJ Correctional Institutions Division Director Bobby Lumpkin has personal knowledge about heat scores and the ways in which the scores are generated, disseminated, and utilized by TDCJ in relation to inmates' housing assignments. |
| Plaintiffs' objection to the admission of Build Up's (Lioness's) Articles of Incorporation and bylaws | Day 3, page 8, 9:03:35 | Plaintiffs contend Build Up, Inc.'s articles of incorporation and bylaws should not be admitted because the documents are irrelevant.<br><br>Under *Students for Fair Admissions, Inc. v. President & Fellows of Harv. Coll.*, 600 U.S. 181, 201 (U.S. 2023), where, as is the | Defendants contend standing is a "bedrock constitutional requirement". *United States v. Texas*, 599 U.S. 670, 675 (2023). Students for Fair Admissions addresses what a plaintiff is required to plead in a complaint, not what is required after a plaintiff's standing is questioned with competent evidence. |

| | | case with Build Up, Inc. (Lioness), "an organization has identified members and represents them in good faith, our cases do not require further scrutiny into how the organization operates." | While a court is not required to scrutinize how an organization operates if the organization professes to have members that it represents in good faith, the Court should not turn a blind eye to evidence that challenges an organizational plaintiff's standing. |
|---|---|---|---|

Finally, the Parties also request the Court set a date for the parties to meet and confer on a new scheduling order because many of the dates in the current proposed scheduling order have passed.

Dated: August 22, 2024

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Chief, Law Enforcement Defense Division

*/s/ Abigail K. Carter*
**ABIGAIL K. CARTER**
Assistant Attorney General
Texas State Bar No. 24126376
Abigail.Carter@oag.texas.gov
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9814
**ATTORNEYS FOR COLLIER**

By _____ /s/ Kevin Homiak_____
Thomas A. Olsen (admitted *pro hac vice*)
Kevin D. Homiak (admitted *pro hac vice*)
Ellen R. Blatt (admitted *pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:    303.244.1800
Facsimile:    303.244.1879
Email:   olsen@wtotrial.com
            homiak@wtotrial.com
            blatt@wtotrial.com

Erica Grossman (admitted *pro hac vice*)
HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
1437 High Street
Denver, CO 80218
Telephone:    303.860.1331
Email:    erica@hheglaw.com

Jodi Cole
Texas Bar No. 24045602
LAW OFFICE OF JODI COLE, PLLC
203 East Murphy Street
Alpine, TX 79830
Telephone:    432.837.4266
Facsimile:    512.692.2575
Email:    jcole@jodicole.com

Brandon Duke
Texas Bar No. 24094476
O'MELVENY & MYERS LLP
700 Louisiana St., Suite 2900
Houston, Texas 77002
Telephone:  (832) 254-1500
Facsimile:  (832) 254-1501
Email:       bduke@omm.com

Jeff Edwards
Texas Bar No. 24014406
Mike Singley
Texas Bar No. 00794642
David Anthony James
Texas Bar No. 24092572
Lisa Snead
Texas Bar No. 24062204

Paul Samuel
Texas Bar No. 24124463
Edwards Law
603 W. 17th Street
Austin, TX 78701
Telephone:    512.623.7727
Facsimile:    512.623.7729
Email:   jeff@edwards-law.com
         mike@edwards-law.com
         david@edwards-law.com
         lisa@edwards-law.com
         paul@edwards-law.com

*Attorneys for Plaintiffs*