IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:23-CV-1004-RP |
| BRYAN COLLIER, | § § | |
| Defendant. | § § | |

**ORDER**

Before the Court are five Motions to Intervene by forty-eight movants ("Movants"). (Dkts. 121, 125, 127, 168, 180). Defendant Bryan Collier filed responses in opposition to the motions. (Dkts. 126, 177, 179, 183). The Court finds it can resolve these motions without a hearing, so the Court will deny Clifford Fairfax's Motion for Hearing. (Dkt. 191). Having considered the parties' submissions, the relevant law, and the record, the Court will now deny Movants' motions to intervene.

**I. BACKGROUND**

This case concerns the lack of air conditioning in prisons within the Texas Department of Criminal Justice ("TDCJ") system. (Am. Comp., Dkt. 57, at 2). Plaintiffs are Bernhardt Tiede, II, a man incarcerated in Texas, and four organizational Plaintiffs: Texas Prisons Community Advocates ("TPCA"); Build Up, Inc.; Texas Citizens United for Rehabilitation of Errants, Inc. ("TX C.U.R.E."); and Coalition for Texans with Disabilities, Inc. ("CTD"). (*Id.* at 5–8). Plaintiffs bring claims against Defendant Bryan Collier in his official capacity as Executive Director of TDCJ, alleging the temperature conditions inside TDCJ prisons violate the Eighth Amendment's prohibition on cruel and unusual punishment. (*Id.* at 53–58). Plaintiffs seek declaratory relief and an

injunction requiring TDCJ facilities to be maintained between 65- and 85-degrees Fahrenheit. (*Id.* at 58).

Movants for intervention are forty-eight individuals also incarcerated in TDCJ facilities. Movants argue they suffer injury or threat of injury from the extreme heat inside the facilities and should be permitted to intervene in this litigation.

## II. MOTIONS TO INTERVENE

Intervention can occur as of right or permissively at the Court's discretion. For the following reasons, the Court finds that Movants are not entitled to intervene by right and declines to exercise its discretion to permit them to intervene.

### *A. Intervention by Right*

Intervention by right is governed by Federal Rule of Civil Procedure 24(a). To intervene by right, the prospective intervenor either must be "given an unconditional right to intervene by a federal statute," Fed. R. Civ. P. 24(a)(1), or must meet each of the four requirements of Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Id.* (citations omitted). "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir.1994) (internal quotation marks omitted). However, the Fifth Circuit has also cautioned courts to be "circumspect about allowing intervention of right by public-spirited citizens in suits by or against a public entity for simple

reasons of expediency and judicial efficiency." *City of Hous. v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 294 (5th Cir. 2012).

Collier argues that Movants do not satisfy all four prongs of Rule 24(a)(2). (*See e.g.*, Dkt. 126, at 5). The Court agrees, finding that Movants fail to show they are not adequately represented by existing parties to the litigation.[1]

"The final requirement for intervention of right under Rule 24(a)(2) is that the would-be intervenor's interest not be adequately represented by existing parties. The burden of establishing inadequate representation is on the applicant for intervention." *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). A presumption of adequate representation arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit. *Id.* In such a case, adequate representation is presumed unless the movant for intervention "demonstrates adversity of interest, collusion, or nonfeasance" on the part of the existing party. *United States v. Franklin Par. Sch. Bd.*, 47 F.3d 755, 756 (5th Cir. 1995).

Here, the Court finds Movants and the existing Plaintiffs share an ultimate objective. Movants seek relief from injury or threat of injury caused by heat conditions in TDCJ facilities. Plaintiffs seek statewide relief for all inmates housed in TDCJ facilities without air conditioning, including Movants. Movants' objective would be achieved if Plaintiffs are granted their requested relief: "enjoin Defendant to maintain a safe indoor temperature in all TDCJ facilities of between 65° to 85° Fahrenheit inside each of the prison housing and occupied areas, or enter other injunctive relief sufficient to protect the health and safety of the prisoners and to prevent cruel and unusual suffering from extreme heat conditions." (Am. Compl., Dkt. 57, at 58). If granted to Plaintiffs, this relief would remedy Movants' alleged injuries, regardless of whether Movants are permitted to

---

[1] Because the Court finds that Movants do not meet the final prong—the requirement that Movants' interests are not adequately represented by existing parties to the litigation—the Court need not analyze the first three prongs.

intervene. Because of this shared ultimate objective, the Court presumes Movants are adequately represented by existing Plaintiffs.

Further, existing Plaintiffs purport to already represent Movants. In their amended complaint, the organizational Plaintiffs purport to represent all TDCJ inmates being housed in facilities without temperature control. Plaintiff TCPA's "constituents consist of the roughly 130,000 people incarcerated in the Texas state prison system, including every person incarcerated in every TDCJ facility that lacks appropriate temperature control." (Am. Compl., Dkt. 57, at 5). Similarly, TX C.U.R.E.'s "constituents consist of the roughly 130,000 people incarcerated in the Texas state prison system, including almost 8,000 Veterans, and every person incarcerated in every TDCJ facility that lacks appropriate temperature control." (*Id.* at 7). And, the Plaintiffs "bring[] this lawsuit in [their] representative capacit[ies] on behalf of, and to vindicate the rights of, prisoners who are being housed in inhumane conditions." (*Id.* at 5–8). So, not only do Movants share their ultimate objective with the existing Plaintiffs, but Movants are also represented by existing Plaintiffs.

Movants do not argue they seek relief different than that sought by existing Plaintiffs or that existing Plaintiffs do not adequately represent them, nor do they demonstrate adversity of interest, collusion, or nonfeasance on the part of existing Plaintiffs. Accordingly, the Court finds Movants are adequately represented in this litigation by existing Plaintiffs. Movants, therefore, do not meet the requirements for intervention as of right.

## B. *Permissive Intervention*

On a timely motion, a court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention "is wholly discretionary . . . even though there is a common question of law or fact." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 470–71 (5th Cir. 1984). As explained above, the Court finds existing Plaintiffs' goals are the same as Movants' and statewide

relief would achieve Movants' goals. Because of this, the Court is confident Movants will not be harmed if denied permissive intervention. Further, allowing the intervention of forty-eight new, individual plaintiffs would unnecessarily complicate and delay this litigation, especially when those would-be plaintiffs' interests are adequately represented by existing Plaintiffs. Therefore, the Court declines to exercise its discretion to allow Movants to permissively intervene.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Movants' Motions to Intervene, (Dkts. 121, 125, 127, 168, 180), are **DENIED**.

**IT IS FURTHER ORDERED** that Clifford Fairfax's Motion for Hearing, (Dkt. 191), is **DENIED**.

**SIGNED** on March 27, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE