UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BERNHARDT TIEDE, II; TEXAS PRISONS COMMUNITY ADVOCATES; TEXAS CITIZENS UNITED FOR REHABILITATION OF ERRANTS; BUILD UP, INC. a/k/a LIONESS: JUSTICE IMPACTED WOMEN'S ALLIANCE; and COALITION FOR TEXANS WITH DISABILITIES,<br><br>　　　　　Plaintiffs,<br>v.<br><br>BRYAN COLLIER, in his official capacity as Executive Director of Texas Department of Criminal Justice,<br><br>　　　　　Defendant. | Civil Action No.: 1:23-cv-01004-RP |

**AGREED SCHEDULING ORDER WITH REQUEST FOR STATUS CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before August 15, 2025.

2. Plaintiffs shall submit a written offer of settlement to Mr. Collier on or before August 15, 2025, and Mr. Collier shall respond in writing, on or before September 15, 2025. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. The "Notice Concerning Reference to United States Magistrate Judge" was filed on February 15, 2024. [ECF 36.]

4.  Plaintiffs shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before <u>August 15, 2025</u>. Mr. Collier shall file his designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before <u>September 15, 2025</u>. Plaintiffs shall file their designation of rebuttal experts and serve on all parties, but not file, the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts by <u>October 1, 2025</u>.

5.  An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **14 days** from the receipt of the written report of the expert's proposed testimony, or within **21 days** from the completion of the expert's deposition, if a deposition is taken, whichever is later.

6.  The parties shall complete all discovery on or before <u>October 17, 2025</u>.

7.  All dispositive motions shall be filed on or before <u>November 21, 2025</u> and shall be limited to 25 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 25 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

8.  *Plaintiffs Position*:

    The Court will set a final pretrial conference on or before <u>November 14, 2025.</u>

    *Defendants' Position*:

    The Court will set a final pretrial conference on or before <u>January 12, 2026.</u>

The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference. **The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

9. This case is set for _____trial commencing at 9:30 a.m. on _____, 20_____. **Jury selection may be conducted by a United States Magistrate Judge the Friday before the case is set for trial. Given that (1) many cases resolve before trial and (2) the Austin Division has only one active district court judge, the Court may set a criminal case and several civil cases for the same trial week. The Court recognizes the inconvenience this may cause counsel and parties if a trial is moved shortly before the trial date, but the Court must balance that inconvenience with its need to effectively deploy limited judicial resources.**

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order. For cases brought pursuant to the Freedom of Information Act (FOIA), the parties may instead follow the standard disclosure process and will have an initial pretrial conference only by request.

The parties request a status conference to discuss (i) the timing, length, and scope of the Permanent Injunction Hearing; and (ii) whether testimony and evidence presented in conjunction with Plaintiffs' Emergency Motion for Preliminary Injunction and Request for Expedited Briefing

(ECF 50) will need to be presented and submitted again at or before the Permanent Injunction Hearing.

SIGNED on _____, 20_____.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE