UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNHARDT TIEDE, II; <br> TEXAS PRISONS COMMUNITY <br> ADVOCATES; BUILD UP, INC. A/K/A <br> LIONESS JUSTICE IMPACTED <br> WOMEN'S ALLIANCE; TEXAS <br> CITIZENS UNITED FOR <br> REHABILITATION OF ERRANTS; and <br> COALITION OF TEXANS <br> WITH DISABILITIES, <br><br> *Plaintiffs*, <br><br> v. <br><br> BRYAN COLLIER, in his official <br> Capacity as Executive Director of Texas <br> Department of Criminal Justice, <br><br> *Defendant*. | § § § § § § § § § § § § § § § § § § | Civil Action No.: <br> 1:23-CV-01004-RP |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO AMEND
TO SUBSTITUTE PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 15(a) and 17(a)(3), Plaintiffs respectfully seek to amend their First Amended Complaint ("FAC") to substitute Plaintiff Build Up, Inc. a/k/a Justice Impacted Women's Alliance ("Build Up") with the newly independent non-profit entity Lioness Justice Impacted Women's Alliance ("Lioness") as the proper party in interest.[1]

---

[1] To the extent applicable, Plaintiffs also move to substitute under Federal Rule of Civil Procedure 25(c), as Build Up's interest in this litigation has been transferred to Lioness. *See* 6 Moore's Federal Practice § 25.31 (3d. ed. 2025) (explaining that Rule 25 has been applied "broadly to include transfers by either a plaintiff or defendant of various kinds" and that when "the transferee carries on essentially the same business, substitution has been allowed"); *see also, e.g., Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc.*, No. 11-CV-02007-RM-KLM, 2014 WL 12741117, at *1 (D. Colo. Sept. 16, 2014) (allowing the substitution of the certified bargaining unit under Rule 25(c) when a separate entity replaced it as the new certified bargaining unit) (citing *Air Line Pilots Ass'n Int'l v. Tex. Int'l Airlines, Inc.*, 567 F. Supp. 78, 81 (S.D. Tex. 1983)).

1

A.   **Lioness Is Now The Real Party In Interest.**

Rule 17(a)(1) requires that actions "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The Fifth Circuit has defined the real party in interest as "the person holding the substantive right sought to be enforced." *In re Signal Int'l, LLC*, 579 F.3d 478, 487 (5th Cir. 2009) (quoting *Farrell Const. Co. v. Jefferson Par., La.*, 896 F.2d 136, 140 (5th Cir. 1990)). When it joined this litigation, Lioness was an unincorporated part of Build Up, meaning Lioness's members were by extension members of Build Up. On September 4, 2024, Lioness became its own independent entity. (*See* Ex. A, Certificate of Filing of Lioness Just. Impacted Women's All.) Everything else about Lioness remains the same: It is still a "traditional voluntary organization 'made up of formerly incarcerated and currently incarcerated women, girls, and gender expansive individuals in Texas,'" (Order 5, 65, ECF No. 202); it has the same "identifiable" members, and those members still "join[] the organization voluntarily, support its mission, [and] help guide its priorities," (*id*. at 6, 65); its board continues to "consist[] entirely of formerly incarcerated women," (*id*. at 6); and, as a result, it still has standing to sue on behalf of its members under this Court's Order on March 26, 2025. (*Id*. at 65–66.)

In short, the only thing that has changed about Lioness is the fact that it now constitutes its own stand-alone organization. But this also means its members are no longer affiliated with Build Up, which makes Lioness—not Build Up—the "real party in interest" in this case. Accordingly, Plaintiffs now move to amend to remove Build Up as a Plaintiff and substitute Lioness. *See* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.")

2

### B.     Substitution Will Not Substantively Change The Complaint.

"A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997); *see also Kazee v. Rosenberg*, No. 10–55–ART, 2011 WL 720822, at *3 (E.D. Ky. Feb. 22, 2011) (noting Rule 17(a)'s "liberal policy of allowing opportunities for substitution"); *Klein on behalf of Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 218 (2d Cir. 2018) ("Rule 17(a)(3) allows substitution of the real party in interest so long as doing so does not change the substance of the action and does not reflect bad faith from the plaintiffs or unfairness to the defendants."); *U.S. Bank Nat'l Ass'n v. Chase*, No. 5:19-CV-229-M-BQ, 2020 WL 5046527, at *2 (N.D. Tex. Aug. 4, 2020), *r. & r. adopted*, No. 5:19-CV-229-M-BQ, 2020 WL 5038523 (N.D. Tex. Aug. 26, 2020) ("In this case, there is no reason to believe the change in party plaintiff is anything more than a formality. The identity of the trust for which U.S. Bank acts does not change any material allegation pertaining to its right for relief.").

Plaintiffs' proposed substitution will not alter any factual allegations in the First Amended Complaint. Instead, it merely swaps Lioness's former parent entity for Lioness itself. Consider *Klein*, 906 F.3d 215. In that case, plaintiff Klein sued defendant, the Cadian Group, as a shareholder of Qlik Companies, alleging violations of the Securities Exchange Act. *Id*. at 218. While the action was pending, Qlik Companies was bought-out in a merger, so Klein moved to substitute Qlik under Rule 17(a)(3). *Id*. Reversing the lower court's decision, the Second Circuit held that Klein's motion should be granted because the "proposed substitution of Qlik would alter none of the factual allegations of the complaint" and there was "no evidence that either Qlik or Klein [were] acting or [had] acted in bad faith." *Id*. at 226.

3

So too, here. Both Build Up and Lioness "honestly expected" that Build Up would litigate on Lioness and its members' behalf until judgment, but as in *Klein*, "[c]ircumstances intervened," and Lioness was siphoned off to be its own, separate entity. *Id*. This transaction was not "designed with its impact on this litigation in mind" but was instead a response to the organization's "extra-litigation circumstances as they presented themselves." *Id.* Swapping Lioness for Build Up does not alter any facts in the FAC and is therefore proper under Rule 17(a)(3).

C.   **Defendant Will Not Be Prejudiced By The Substitution.**

In addition, Plaintiffs' proposed substitution will not prejudice Defendant. Lioness, its leadership, and its members have been participating in this case from the beginning of their involvement, and nothing has changed with respect to its leaders, membership, structure, or mission. "Courts have granted motions to substitute plaintiffs when they have determined that it would not be unfair to the defendants to do so." *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 6389547, at *3 (N.D. Tex. Nov. 23, 2004) (collecting cases). Nevertheless, counsel for Plaintiffs has conferred with counsel for Defendant and Defendant is opposed to this routine substitution, asserting grounds that this Court has previously rejected.[2] In reality, there is no reasonable basis to object to this motion, as it simply seeks to substitute Lioness as the relevant entity for the Plaintiff organization in place of its former sponsor-entity, Build Up.

Plaintiffs' proposed substitution also comports with Rule 15(a), which "evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted). "[A]bsent a 'substantial reason'

---

[2] For example, Defendant objects in part on standing grounds, which this Court has considered and rejected. (*See* ECF No. 202 at 66 (finding that Lioness is a traditional voluntary organization that "has standing to sue on behalf of its members").)

4

such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). There is no bad faith, undue delay, dilatory motive, or undue prejudice present here and therefore no reason for this Court not to grant substitution, especially since doing so will not alter any substantive allegation or fact in the FAC.

The amendment is timely, because the Court has not set an amendment of pleadings deadline. Nor is Mr. Collier otherwise prejudiced. He only recently filed his answer on August 6, 2025 (*see* Def.'s Ans. to Pls.' First Am. Compl., ECF No. 225), he received Lioness's incorporation documents on June 26, 2026 (*see* Ex. B, Lioness 1st Suppl. Resps. to Disc. *passim*), and no depositions of any Plaintiffs (let alone any Build Up or Lioness witnesses) have been taken. To the extent that Mr. Collier now needs additional discovery from Lioness, he has more than sufficient time to obtain it—given that the fact discovery deadline is October 17, 2025 (*see* ECF Nos. 219, 221).[3]

Accordingly, Plaintiffs ask that the Court grant this Motion and enter an Order permitting the substitution of Plaintiff Build Up with Lioness and amending the case caption to reflect "Lioness Justice Impacted Women's Alliance" as the proper party in interest.

---

[3] If the Court decides to resolve this motion under Rule 15 of the Federal Rules of Civil Procedure (rather than Rule 17), Plaintiffs have attached as Exhibit C a clean version of the proposed Second Amended Complaint, and as Exhibit D a version of the proposed Second Amended Complaint with changes from the First Amended Complaint redlined.

DATED this 18th day of August, 2025.    Respectfully submitted,

/s/ *Kevin D. Homiak*
Thomas A. Olsen (*pro hac vice*)
Kevin D. Homiak (*pro hac vice*)
Ellen R. Blatt (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Email:   olsen@wtotrial.com
         homiak@wtotrial.com
         blatt@wtotrial.com

Brandon Duke, Texas Bar No. 24094476
Caitlin Gernert, Texas Bar No. 24093140
O'MELVENY & MYERS LLP
700 Louisiana St., Suite 2900
Houston, Texas 77002
Email:   bduke@omm.com
         cgernert@omm.com

Erica Grossman (*pro hac vice*)
HOLLAND, HOLLAND EDWARDS & GROSSMAN
1437 High Street
Denver, CO 80218
Email:   erica@hheglaw.com

Jeff Edwards, Texas Bar No. 24014406
Mike Singley, Texas Bar No. 00794642
David Anthony James, Texas Bar No. 24092572
Lisa Snead, Texas Bar No. 24062204
Paul Samuel, Texas Bar No. 24124463
EDWARDS LAW
603 W. 17th Street
Austin, TX 78701
Email:   jeff@edwards-law.com
         mike@edwards-law.com
         david@edwards-law.com
         lisa@edwards-law.com
         paul@edwards-law.com


Jodi Cole, Texas Bar No. 24045602
LAW OFFICE OF JODI COLE, PLLC
203 East Murphy Street
Alpine, TX 79830

6

Email:   jcole@jodicole.com

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

By my signature below, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case File System of the Western District of Texas.

*/s/ Kevin D. Homiak*
Kevin D. Homiak

### CERTIFICATE OF CONFERRAL

I, Kevin Homiak, do hereby certify that Plaintiffs' counsel has conferred with counsel for Defendant Bryan Collier. Mr. Collier opposes the relief requested herein.

*/s/ Kevin D. Homiak*
Kevin D. Homiak