## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **BERNHARDT TIEDE, II;** | § | |
| **TEXAS PRISONS COMMUNITY** | § | |
| **ADVOCATES; BUILD UP, INC. A/K/A** | § | |
| **JUSTICE IMPACTED WOMEN'S** | § | |
| **ALLIANCE; TEXAS CITIZENS UNITED** | § | |
| **FOR REHABILITATION OF ERRANTS;** | § | |
| **and COALITION FOR TEXANS** | § | |
| **WITH DISABILITIES,** | § | |
| *Plaintiffs,* | § | **Civil Action No.:** |
| | § | **1:23-CV-1004-RP** |
| **v.** | § | |
| | § | |
| | § | |
| **BOBBY LUMPKIN, in his official capacity** | § | |
| **as Executive Director of the Texas** | § | |
| **Department of Criminal Justice,** | § | |
| *Defendant.* | § | |

---

## DEFENDANT'S ANSWER TO
## PLAINTIFFS' SECOND AMENDED COMPLAINT

---

Bobby Lumpkin ("Lumpkin"), in his official capacity as Executive Director of the Texas

Department of Criminal Justice ("TDCJ") respectfully files this Answer to Plaintiffs' Second

Amended Complaint filed October 6, 2025.[1] ECF 240. Plaintiff Bernhardt Tiede II ("Tiede")

originally brought this action against TDCJ officials, including Bryan Collier, the former Executive

Director of TDCJ, alleging that Collier had violated Tiede's Eighth Amendment right to be free

from cruel and unusual punishment by subjecting him to high temperatures in prison. *See generally*

---

[1] Defendant does not concede the arguments made in its previously filed Motion to Dismiss
challenging Plaintiff Organizations' Standing to bring suit.

ECF 1. During the pendency of the suit, four separate activist groups, Texas Prisons Community Advocates ("TCPA"), Build Up, Inc. a/k/a Justice Impacted Women's Alliance ("Build Up"), Texas Citizens United for Rehabilitation of Errants ("TX C.U.R.E."), and Coalition for Texans with Disabilities ("CTD") (collectively, the "Organizational Plaintiffs") have joined as plaintiffs in an attempt to systematically alter the Texas prison system. ECF 57, ¶¶18–22. Defendant Bobby Lumpkin has been properly substituted as a party in Collier's place. ECF 233.[2]

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), and for the express purpose of requiring Plaintiffs to meet their burden of proof, Defendant hereby denies each and every allegation contained in Plaintiffs' Second Amended Complaint except those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiffs' Second Amended Complaint. Titles that are reproduced in this answer are included for organizational purposes only, and Defendant does not admit any matter contained in reproduced titles.

## I.    INTRODUCTION

1. Denied.

2. Denied.

3. Denied.

4. Defendant admits that temperatures can reach 100 degrees during the summer months in Texas. Defendant denies the remaining allegations in this paragraph.

5. Defendant admits that Greg Casar is credited as saying, "Being in a 115-degree

---

[2] Lumpkin is the proper Defendant and to the extent Plaintiffs' Second Amended Complaint refers to Defendant Bryan Collier, this Answer will respond as if it referred to Lumpkin.

prison is the definition of cruel and unusual punishment." Defendant denies that the temperatures in TDCJ's prisons constitute cruel and unusual punishment.

6.    Denied.

7.    Denied.

8.    Defendant denies that TDCJ "has done nothing to lower the temperatures inside the majority of its prisons' housing areas." Defendant denies that its policies to mitigate heat are constitutionally inadequate. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

9.    Denied.

10.    Defendant admits that Texas Administrative Code §261.160 was first adopted to be effective approximately thirty years ago. Defendant denies the remaining allegations in this paragraph.

11.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12.    Denied.

13.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph concerning why Plaintiffs brought suit or the relief they seek and therefore denies these allegations. Defendant denies that Bryan Collier is the Executive Director of TDCJ. Defendant denies that Plaintiffs are entitled to the relief requested.

14.    Denied.

## II.    JURISDICTION AND VENUE

15.    Defendant denies that this Court has subject matter jurisdiction over this case.

3

16.     Defendant admits that venue is proper.

17.     Defendant admits that Plaintiff Tiede is a 66-year-old inmate at the Connally Unit in TDCJ custody. Defendant admits that Tiede has been diagnosed with diabetes and hypertension. Defendant denies that Tiede suffered an acute medical crisis or Transient Ischemic Attack (TIA) as a result of being housed in a cell known to reach temperatures of 112 degrees Fahrenheit. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that Tiede continues to have serious health problems and/or that Tiede will likely never fully recover. Defendant denies the remaining allegations in this paragraph.

18.     Defendant denies that Plaintiff TCPA's members include 130,000 people incarcerated in the Texas state prison system, including every person incarcerated in every TDCJ facility that lacks appropriate temperature control. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

19.     Defendant denies that Lioness has roughly 700 members. Defendant denies that Lioness's membership and leadership are made up of any currently incarcerated women. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

20.     Defendant denies that Plaintiff T.X.C.U.R.E.'s members include 130,000 people incarcerated in the Texas state prison system, including every person incarcerated in every TDCJ facility that lacks appropriate temperature control. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies

them.

21.     Defendant denies that Plaintiff CTD's members includes roughly 52,000 of the 130,000 people incarcerated in the Texas state prison system, including every person incarcerated in every TDCJ facility that lacks appropriate temperature control. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

22.     Defendant admits that Plaintiffs' Amended Complaint refers to these organizations as the purported "Organizational Plaintiffs."

23.     Defendant Lumpkin admits that he is the Executive Director of Texas Department of Criminal Justice and has the powers and authority assigned to the Executive Director by Tex. Gov't Code Ch. 493 and other applicable statutes. Defendants deny any remaining allegations in this paragraph.

### III.     FACTS

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

26.     Defendant admits that not all of TDCJ prison facilities are fully air-conditioned. Defendant denies the remaining allegations in this paragraph.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

28.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

33.     Defendant admits that TDCJ understands extreme heat conditions can entail danger. Defendant denies the remaining allegations in this paragraph.

34.     Defendant admits that TDCJ has a policy acknowledging the dangers associated with excessive heat and further acknowledges that some inmates are more vulnerable to heat conditions.  Defendant denies the remaining allegations in this paragraph.

35.     Defendant admits the allegations that TDCJ has incorporated the National Weather Service chart into its heat mitigation policies. Defendant denies all remaining allegations in this paragraph.

36.     Denied.

37.     Denied.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them. .

39.     Defendant admits that TDCJ has retained temperature logs at different units in the past. Defendant lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in this paragraph and therefore denies them.

40.     Denied.

41.     Defendant admits that J. Carlee Purdum is credited with the quotes noted in this paragraph. Defendant denies that the temperatures in TDCJ's prisons constitute dangerous situations and that heat waves can lead to disastrous consequences in TDCJ prisons.

42.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

43.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

45.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

46.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

47.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

48.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

49.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

50.     Defendant admits that TDCJ training materials state that heat exhaustion can

quickly progress if the person does not cool down quickly enough, but Defendant contends that air conditioning is just one of many ways to cool down a person's body. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

51.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

52.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

53.     Defendant denies that there is overwhelming evidence that thousands of young, healthy people die of heat stroke in TDCJ. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

54.     Denied.

55.     Denied.

56.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

57.     Defendant denies on the basis that the allegation contained in this paragraph does not follow from the information in the preceding paragraph, despite purporting to be an inference from the preceding paragraph. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

58.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

59.     Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations in this paragraph and therefore denies them.

60.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

61.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

62.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

63.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

64.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

65.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

66.    Denied.

67.    Defendant admits that *Ruiz v. Johnson*, 37 F. Supp. 2d 855, 904 (S.D. Tex. 1999) contained allegations relating to heat illness in inmates who were prescribed certain medications, but denies that "the link between excessive heat and deaths" was the gravamen of that case. Defendant contends that heat mitigation procedures have drastically changed since this litigation. Defendant denies the remaining allegations in this paragraph.

68.    Defendant admits that *McCollum v. Livingston,* No. 4:14-CV-3253, 2017 WL 608665, at *6-7 (S.D. Tex. Feb. 3, 2017) contained allegations relating to environmentally caused hypothermia. Defendant denies the remaining allegations in this paragraph.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

88.     Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Defendant admits that Mr. Jones's 2015 autopsy states that he died of an exacerbation of asthma. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

95.    Defendant admits that Mr. Robinson's 2018 in-custody death report states that he died of environmental hyperthermia. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

96.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

97.    Denied.

98.    Admitted.

99.    Denied.

100.    Denied.

101.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

102.    Defendant admits that Elizabeth Hagerty's cause of death listed "Elevated environmental temperatures (Heat Stress)" as a contributory factor. Defendant contends this was reported to the legislature as required. Defendant denies the remaining allegations in this

paragraph.

103.    Defendant admits that Dustin Davis's cause of death listed "Hyperthermia" as a contributory factor. Defendant contends this was reported to the legislature as required. Defendant denies the remaining allegations in this paragraph.

104.    Defendant admits that Luis Sanchez's died of a cardiac event while exercising in his cell on June 12, 2023, in the Luther Unit. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

105.    Defendant denies that Randy Butler died in the Byrd Unit. Defendant admits that Michael Dixon was found unresponsive on June 20, 2023 at the Stile Unit. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Defendant admits that John Castillo's 2023 cause of death was recorded as epilepsy/seizure disorder with high environmental temperature as an important contributory factor. Defendant lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

110.    Defendant admits that Patrick Womack's 2023 cause of death was hyperthermia due to serotonin syndrome from sertraline toxicity with environmental heat listed as a contributory factor.

111.    Denied.

112.    Denied.

113.    Defendant admits that the A&M study is credited with the quote in this paragraph. Defendant denies the remaining allegations in this paragraph.

114.    Denied.

115.    Denied.

116.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

117.    Denied.

118.    Denied.

119.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

120.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

121.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

122.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

123.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

124.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

125.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

126.    Defendant denies the allegation that "with TDCJ, the narrative is so twisted." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

127.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

128.    Defendant denies the allegation that TDCJ inmates are being "tortured." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

129.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

130.    Denied.

131.    Defendant admits that Mr. Tiede was 65 years old at the time of the Second Amended Complaint and that he has been diagnosed with multiple medical conditions. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

132.    Defendant admits that Mr. Tiede was previously housed at the Estelle unit at the time he filed the Original Complaint but denies that he is housed there currently. Defendant denies the remaining allegations in this paragraph.

133.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

134.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

135.    Defendant denies the allegation that Mr. Tiede "was returned to the same oven-like cell." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

136.    Denied.

137.    Defendant admits that a temporary injunction was granted on September 14, 2023. Defendant denies the remaining allegations in this paragraph.

138.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

139.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

144.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

145.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

146.    Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations in this paragraph and therefore denies them.

147.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Defendant admits that in connection with testimony specifically regarding the Pack Unit, Mr. Collier testified that Pack Unit offenders can be more heat sensitive to temperatures of 95 degrees causing a health risk. Defendant denies all other allegations in this paragraph.

152.    Denied.

153.    Defendant admits that the administrative offices in TDCJ prisons are generally air-conditioned. Defendant denies that this allegation is in "stark contrast" because TDCJ is continually expanding the number of prisons with air conditioning in prisoner units.

154.    Denied.

155.    Defendant admits that 37 Tex. Admin. Code § 259.160 requires Texas jails to maintain indoor temperatures between 65° and 85° Fahrenheit. Defendant denies the remaining allegations in this paragraph.

156.    Defendant admits that the Texas Legislature passed the Safe Outdoor Dogs Act, which mandates "adequate shelter to protect dogs from extreme temperatures, inclement weather and standing water." Defendant denies the remaining allegations in this paragraph.

157.    Defendant admits that in 2013 TDCJ paid for the construction of 6 barns equipped with misters for its agricultural program. Defendant admits that TDCJ has "Swine Program

16

Management Procedures" to establish and outline operating procedures for TDCJ's Agriculture Division Swine Program that includes among other things hot weather precautions. Defendant denies any allegations in this paragraph.

158.    Denied.

159.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

160.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

161.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

162.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

163.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Defendant admits that TDCJ's "Heat Mitigation Policy" allows prisoners to request access to "respite" air-conditioned areas during periods of excessive heat. Defendant denies the remaining allegations in this paragraph.

168.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning recommendations by the CDC. Defendant denies the remaining

allegations in this paragraph.

169.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

174.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

175.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

180.    Denied.

181.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

182.    Denied.

183.    Denied.

184.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

185.    Defendant denies that it must cool the prisons. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

186.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

187.    Defendant denies the allegations made in the first two sentences in this paragraph. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 187.

188.    Denied.

189.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

190.    Defendant denies the allegations made by Rep. Canales in this paragraph. Defendant denies any remaining allegations in this paragraph.

191.    Denied.

192.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

193.    Defendant denies that TDCJ's policies and/or processes do not pass constitutional muster. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

194.    Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations in this paragraph and therefore denies them.

195.    Defendant denies that TDCJ is "cooking" inmates "to death." Defendant lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations in

this paragraph and therefore denies them.

196.    Denied.

197.    Denied.

## IV.    CAUSES OF ACTION

### CLAIM 1: VIOLATION OF 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### (Plaintiff Tiede Against Defendant Lumpkin in his Official Capacity)

198.    Defendant incorporates their answers to all proceeding paragraphs as if fully set

forth herein.

199.    This paragraph states a legal conclusion to which no response is necessary. To the

extent a response is deemed necessary, Defendant is without information sufficient to form a belief

about the truth of the allegations in this paragraph and therefore denies them.

200.    Denied.

201.    This paragraph states a legal conclusion to which no response is necessary. To the

extent a response is deemed necessary, Defendant is without information sufficient to form a belief

about the truth of the allegations in this paragraph and therefore denies them.

202.    Denied.

203.    Denied.

204.    Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations in this paragraph and therefore denies them.

205.    Denied.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

**CLAIM 2: VIOLATION OF 42 U.S.C. § 1983 – EIGHTH AMENDMENT**
**(Organizational Plaintiffs Against Defendant Lumpkin in his Official Capacity)**

210. Defendant incorporates their answers to all proceeding paragraphs as if fully set

forth herein.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222. Denied.

223. Denied.

**PRAYER FOR INJUNCTION AND DECLARATORY RELIEF**

To the extent Defendant is required to respond to those allegations contained in Plaintiffs'

"Prayer," Defendant denies those allegations. Moreover, Defendant respectfully requests that the Court deny all Plaintiffs' claims for relief, grant that Plaintiffs take nothing by this suit, and grant all other relief to which Defendant may be entitled.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses to which he is entitled:

1.      Plaintiffs have failed to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred because Defendant acted in conformity with applicable law.

3.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

4.      Plaintiffs' claims are barred, in whole or in part, under the doctrine of res judicata/collateral estoppel.

5.      This Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiffs Second Amended Complaint.

6.      Defendant asserts all applicable immunities to Plaintiffs' claims, including, but not limited to his entitlement to Eleventh Amendment and sovereign immunity. This Court lacks jurisdiction because Defendant's sovereign immunity has not been abrogated or otherwise waived.

7.      Plaintiffs' claims are barred because they failed to properly exhaust their administrative remedies prior to suit, as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). *See Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 82 (2d Cir. 2021) (holding that an action brought by an organization to vindicate the rights of its members is bound by the requirements of

the PLRA).

8.    Plaintiffs' claims are barred, in whole or in part, because the requested relief—maintaining an indoor temperature in all TDCJ facilities between 65- and 85-degrees Fahrenheit—is broader than necessary to remedy the alleged injuries. *See* 18 U.S.C § 3626(a)(1)(A); *Gates v. Cook*, 376 F.3d 323, 339 (5th Cir. 2004) (vacating an injunction requiring MDOC to provide fans, ice water, and daily showers when the heat index is 90 degrees or above "exceeds the scope of this litigation and is therefore invalid" because it was applied to an entire unit); *Ball v. LeBlanc*, 792 F.3d 584, 589 (5th Cir. 2015) (*Ball I*) (holding that an injunction requiring installation of air conditioning to decrease prison cell temperature exceeded the scope of the PLRA because the "plaintiffs are not entitled to the most effective available remedy; they are entitled to a remedy that eliminates the constitutional injury.").

9.    Plaintiffs' claims are barred because system-wide injunctive relief is overly broad under the PLRA. *See* 18 U.S.C. § 3636 ("Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs).

10.   The Fifth Circuit has held that an order requiring facility-wide air conditioning exceeded the bounds of the PLRA. *Ball v. LeBlanc*, 881 F.3d 346, 348 n.2 (5th Cir. 2018) (*Ball II*). The PLRA requires that any relief must apply only to the particular plaintiffs before the court. *Ball II*, 792 F.3d at 599 (citing *Brown v. Plata*, 563 U.S. 493, 531 (2011) (holding that "the scope of the order must be determined with reference to the constitutional violations established by the specific plaintiffs before the court")).

11.   The relief sought by Tiede is moot as he has a heat sensitivity score that requires

23

him to be assigned to air-conditioned housing for the remainder of his incarceration.

12.    No Organizational Plaintiff has standing to bring this case. Defendant contends that the Organizational Plaintiffs cannot show that they have standing to sue in a representational capacity or in their own right. Defendant further contends that every Organizational Plaintiff is either not a genuine membership association or otherwise lacks associational standing. Defendant further contends that Bernhardt Tiede is not a member or constituent of the Organizational Plaintiffs. P.I. Tr. 7/30/24, 133:19–135:9.

13.    The Organizational Plaintiffs also lack associational standing as a prudential matter because the requirement to exhaust under the PLRA requires the participation of individual members. *See Parent/Pro. Advoc. League v. City of Springfield*, 934 F.3d 13, 33-35 (1st Cir. 2019).

14.    Pursuant to 42 U.S.C. § 1988(b) and 42 U.S.C. § 12205, Defendant will be entitled to recover attorney's fees if he is the prevailing party.

15.    Defendant reserves the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

Date: October 21, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

RYAN G. KERCHER
Chief, Special Litigation Division

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1700
Fax: (512) 457-4410
Wade.Johnson@oag.texas.gov
Kyle.Tebo@oag.texas.gov
Abigail.Carter@oag.texas.gov
Brandon.Mickle@oag.texas.gov
Lauren.McGee@oag.texas.gov

Respectfully submitted.

*/s/ Wade A. Johnson*
WADE A. JOHNSON
Special Counsel
Texas State Bar No. 24062197

KYLE S. TEBO
Special Counsel
Texas State Bar No. 24137691

ABIGAIL K. CARTER
Assistant Attorney General
Texas State Bar No. 24126376

BRANDON J. MICKLE
Assistant Attorney General
Texas State Bar No. 24123140

LAUREN MCGEE
Assistant Attorney General
Texas State Bar No. 24128835

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on October 21, 2025, a true and correct copy of the foregoing has been electronically served using the CM/ECF system to all counsel and parties of record.

*/s/ Wade A. Johnson*
WADE A. JOHNSON
Special Counsel