**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| BERNHARDT TIEDE , II; TEXAS PRISONS COMMUNITY ADVOCATES; LIONESS JUSTICE IMPACTED WOMEN'S ALLIANCE; TEXAS CITIZENS UNITED FOR REHABILITATION OF ERRANTS, INC.; AND COALITION FOR TEXANS WITH DISABILITIES, INC., | § § § § § § § § | |
| Plaintiffs, | § | Civil Action No.: 1:23-cv-01004-RP |
| v. | § § | |
| BOBBY LUMPKIN, in his official capacity as Executive Director of the Texas Department of Criminal Justice, | § § § | |
| Defendant. | § § | |
| | § | |

**PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 251)**

## INTRODUCTION

Defendant Bobby Lumpkin seeks judgment on Plaintiff Bernhard Tiede's claims based on an affirmative defense for which Mr. Lumpkin bears the burden of proof, but the conflicting evidence raises a fact issue precluding such relief. Defendant's scant evidence falls short of meeting this high burden. Defendant's motion should thus be denied.

To begin with, Defendant is incorrect: Mr. Tiede testified that he filed at least four grievances related to extreme heat. (July 30, 2024 Hr'g Tr. 142:1-23; Dkt. 202 at 12 n.63.) But even if his remedies were unexhausted, TDCJ's administrative process was "[un]available" to Mr. Tiede. *Ross v. Blake*, 578 U.S. 632, 642 (2016). As this Court wrote in finding that Mr. Tiede was not required to exhaust before seeking relief in September 2023: Mr. Tiede's "medical conditions and age put him at enhanced risk of injury or death due to heat," and "[t]he nature of the risk—death—warrant[ed] emergency intervention." (Dkt. 19 at 5.) "The prison grievance system is too slow moving to afford Tiede a timely remedy commensurate with his risk of permanent injury or death." (*Id.*) Because TDCJ's grievance process was "[un]available" to Mr. Tiede, he could not exhaust his administrative remedies. *Ross*, 578 U.S. at 642 ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of.").

Indeed, as shown by Defendant's inability to locate any of Mr. Tiede's grievances, TDCJ's process was never available to him. *Id.* at 643-44 (a grievance process is "unavailable" when "it operates as a simple dead end"). Either through neglect or intentional machination, Mr. Tiede's grievances would have hit a dead end, and he would be no closer to the life-saving air conditioning his deteriorating health required.

## STATEMENT OF MATERIAL FACTS

TDCJ's grievance system is a two-step process. (Ex. 1, TDCJ Offender Orientation

1

Handbook at 73-74.) To exhaust, individuals in TDCJ custody must file a Step One grievance within 15 days of a grieveable incident. (*Id*. at 74.) Once the Step One grievance is returned, the individual can appeal it by filing a Step Two grievance within 15 days. (*Id*.) It can take TDCJ as many as 45 days to review an appeal of a medical grievance. (*Id.*) TDCJ does not provide copies or confirm receipt of grievances. (Final Hr'g Tr. (July 30, 2024) 142:10-20.)

In the summer of 2023, Mr. Tiede was housed in an unairconditioned cell that "regularly reached temperatures above 100°"—despite the fact that he was 65 years old and had been diagnosed with diabetes and hypertension. (Dkt. 202 at 10.) In June 2023, Mr. Tiede experienced a "transient ischemic attack—a small stroke—from heat exposure that resulted in permanent injuries." (*Id.* at 10-11.) That stroke left him with partial paralysis and a complete loss of sensation on his left side. (Dkt. 15-1 ¶¶ 11, 15; July 30, 2024 Hr'g Tr. 108:5-6.) Yet, after he "returned from receiving treatment in the hospital for the transient ischemic attack, TDCJ placed him back in the same unair-conditioned cell." (Dkt. 202 at 11.) And TDCJ kept Mr. Tiede in that unairconditioned cell until this Court ordered in September 2023 that he be placed in an airconditioned cell. (*See generally* Dkt. 17, Dkt. 19.) When he testified at the July 2024 hearing, Mr. Tiede's speech was delayed, he struggled to answer certain questions, and he could not remember details from meeting with counsel. (July 30, 2024 Hr'g Tr. 112:24–113:3, 115:13-15.)

## ARGUMENT

An inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Ross*, 578 U.S. at 642. Whether a remedy is available or not is a fact-based inquiry that considers "the real-world workings of prison grievance systems." *Id.* at 643. A prison grievance system does not provide an available remedy when, as here, it operates as a simple dead end or prison administrators' machinations deny access to the grievance process. *Id.* at 643-44.

"[A] grievance procedure might be unavailable even in the absence of affirmative misconduct by prison officials." *Smallwood v. Williams*, 59 F.4th 306, 314 (7th Cir. 2023). Courts "must consider individual capabilities" when determining whether that individual could exhaust their administrative remedies. *Id.* An administrative remedy is unavailable where—as here—a medical emergency or an individual's "physical or mental incapacity" renders them unable to file a timely grievance. *Perry v. Precythe*, 121 F.4th 711, 714 (8th Cir. 2024); *see also Days v. Johnson*, 322 F.3d 863, 867-68 (5th Cir. 2003) (administrative remedies unavailable when prisoner's broken hand prevented him from filing a grievance within the deadline), *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199, 216 (2007); *Kincaid v. Sangamon Cnty.*, 435 F. App'x 533, 537 (7th Cir. 2011) ("[W]hen the need for assistance is urgent, an impediment to grieving can render the process entirely unavailable."); *Bradley v. Siddiqui*, No. 19-CV-23-NJR, 2019 WL 5310241, at *4 (S.D. Ill. Oct. 21, 2019) ("[A]n administrative remedy is deemed unavailable when an inmate is placed in imminent danger of serious physical injury and the available administrative remedies will not afford him the relief he seeks before the injury will occur.").[1] "[S]ummary judgment in favor of the prison is not appropriate where there exists a question of material fact regarding whether a prisoner's individual circumstances rendered him unable to exhaust." *Smallwood*, 59 F.4th at 315.

At a minimum, there is a genuine dispute of material fact as to whether Mr. Tiede's acute medical condition rendered the grievance process unavailable to him. In June 2023, he was hospitalized after experiencing a stroke in an unairconditioned cell. (Dkt. 15-1 ¶¶ 11, 15; July 30,

---

[1] Courts have also found the grievance system unavailable to individuals for health reasons both physical and mental. *See, e.g.*, *Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011) (stroke); *Lanaghan v. Koch*, 902 F.3d 683, 689 (7th Cir. 2018) (debilitating physical illness); *Weiss v. Barribeau*, 853 F.3d 873, 875 (7th Cir. 2017) (mental illness).

2024 Hr'g Tr. 108:5-6.) He was left with partial paralysis, a complete loss of sensation on his left side, and significant cognitive deficits that were obvious when he testified at the July 2024 preliminary injunction hearing. (Dkt. 15-1 ¶¶ 11, 15; July 30, 2024 Hr'g Tr. 108:5-6.) Despite his hospitalization and vulnerable medical condition, TDCJ returned him to an unairconditioned cell.

There is also a genuine dispute as to whether an administrative remedy was available, given the emergent nature of the needed relief. As this Court has found, Mr. Tiede's "medical conditions and age put him at enhanced risk of injury or death due to heat." (Dkt. 19 at 5.) Even if he could have understood and physically managed the grievance process, his emergency need for an airconditioned cell—and the months it would have taken to complete it—rendered it unavailable. "[T]he prison grievance system [was] too slow moving to afford [him] a timely remedy commensurate with his risk of permanent injury or death." (Dkt. 19 at 5.)

Once Mr. Tiede could file grievances, he did. Mr. Tiede testified that he filed grievances on at least four different occasions between October and November 2023, but was not permitted to copy those grievances and received nothing in response. (July 30, 2024 Hr'g Tr. 142:1-23; *see also* Dkt. 202 at 12 n.63.) Yet Defendant contends that a "diligent search" of records did not locate any grievances. (Dkt. 251 at 21.) This discrepancy should, at the very least, create a triable issue of fact as to whether the grievance process was, in fact, available to Mr. Tiede and foreclose summary judgment on this issue.[2] Summary judgment should be denied.

---

[2] Because an amended complaint supersedes earlier complaints, and Mr. Tiede filed grievances in October 2023, the PLRA's exhaustion requirement was satisfied when the First Amended Complaint was filed. *See, e.g.*, *Ramirez v. Collier*, 595 U.S. 411, 422-23 (2022); *Wyatt v. West*, No. 24-2988, 2026 WL 357800 at *2 (3d Cir. Feb. 9, 2026); *Saddozai v. Davis*, 35 F.4th 705, 708 (9th Cir. 2022).

DATED this 6th day of March, 2026.        Respectfully submitted,


/s/ *Kevin D. Homiak*

Thomas A. Olsen (admitted *pro hac vice*)
Kevin D. Homiak (admitted *pro hac vice*)
Joe Henry "Hank" Legan (admitted *pro hac vice*)
Marissa Joers (admitted *pro hac vice*)
Audrey K. Pham (admitted *pro hac vice*)
Kai Thompson (admitted *pro hac vice*)
Michael Krantz  (admitted *pro hac vice*)
Meghan Berglind (*pro hac vice* anticipated)
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:    303.244.1800
Facsimile:    303.244.1879
Email:    olsen@wtotrial.com
        homiak@wtotrial.com
        legan@wtotrial.com
        joers@wtotrial.com
        pham@wtotrial.com
        thompson@wtotrial.com
        krantz@wtotrial.com
        berglind@wtotrial.com

Erica Grossman (admitted *pro hac vice*)
HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
1437 High Street
Denver, CO 80218
Telephone:    303.860.1331
Email:    erica@hheglaw.com

5

Jeff Edwards
Texas Bar No. 24014406
David Anthony James
Texas Bar No. 24092572
Lisa Snead
Texas Bar No. 24062204
Paul Samuel
Texas Bar No. 24124463
Mike Singley
Texas Bar No. 00794642
EDWARDS LAW
603 W. 17th Street
Austin, TX 78701
Telephone:    512.623.7727
Facsimile:    512.623.7729
Email:    jeff@edwards-law.com
        david@edwards-law.com
        lisa@edwards-law.com
        paul@edwards-law.com

Jodi Cole
Texas Bar No. 24045602
LAW OFFICE OF JODI COLE, PLLC
203 East Murphy Street
Alpine, TX 79830
Telephone:    432.837.4266
Facsimile:    512.692.2575
Email:    jcole@jodicole.com

Brandon Duke
Caitlin E. Gernert
Texas Bar No. 24094476
O'MELVENY & MYERS LLP
700 Louisiana St., Suite 2900
Houston, Texas 77002
Telephone:  (832) 254-1500
Facsimile:  (832) 254-1501
Email:        bduke@omm.com
        cgernert@omm.com

Molly B. Shuminer
Jeremy J. Marshall
Texas Bar No. 24116106
O'MELVENY & MYERS LLP
401 West 4th Stret, Suite 3300
Austin, TX 78701-5056
Email:   mshuminer@omm.com
         jmarshall@omm.com

Matthew Frost
Texas Bar No. 24142920
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone:   (713) 651-2600
Facsimile:   (713) 751-2700
Email:       mfrost@winston.com

*Attorneys for Plaintiffs*

7

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on March 6, 2026, I electronically filed the foregoing Supplement Response to Defendant's Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Kevin D. Homiak*

Kevin D. Homiak
