IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS CITIZENS UNITED FOR REHABILITATION OF ERRANTS, INC., et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:23-CV-1004-RP |
| BOBBY LUMPKIN, | § § | |
| Defendant. | § § § | |

## **ORDER**

Before the Court is a Motion to Intervene by movants Sam Wiley and Norris Hicks

(together, "Movants"), (Dkt. 290), as well as Defendant Bobby Lumpkin's ("Defendant") Response

in Opposition, (Dkt. 304). Having considered the Movants' and Defendant's submissions, the

relevant law, and the record, the Court will deny Movants' motions to intervene.

## **I. DISCUSSION**

Movants are two individuals incarcerated in Texas Department of Criminal Justice ("TDCJ")

facilities. (Mot., Dkt. 290, at 1). Movants argue they suffer injury or threat of injury from the extreme

heat inside TDCJ facilities, and, as a result, seek to intervene as named class members or interested

parties because "the outcome of these proceedings directly affect[s] them." (*Id.*).

Intervention can occur as of right or permissively at the Court's discretion. Fed. R. Civ. P.

24; *Lucas v. McKeithen*, 102 F.3d 171, 173 (5th Cir. 1996). For the following reasons, the Court finds

that Movants are not entitled to intervene by right and declines to exercise its discretion to permit

them to intervene.

1

### A. Intervention by Right

Intervention by right is governed by Federal Rule of Civil Procedure 24(a). To intervene by right, the prospective intervenor either must be "given an unconditional right to intervene by a federal statute," Fed. R. Civ. P. 24(a)(1), or must meet each of the four requirements of Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Id.* (citations omitted). "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal quotation marks omitted). However, the Fifth Circuit has also cautioned courts to be "circumspect about allowing intervention of right by public-spirited citizens in suits by or against a public entity for simple reasons of expediency and judicial efficiency." *City of Hous. v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 294 (5th Cir. 2012).

The Court has previously found that incarcerated movants seeking to intervene were adequately represented by existing parties, in large part because the existing parties shared the past movants' ultimate objective of obtaining safe indoor temperatures at all TDCJ prisons, creating a presumption of adequate representation. (Dkt. 203); *see Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). The Court concludes that Movants here are equally adequately represented by the existing parties. Moreover, Movants' Motion to Intervene was filed on March 2, 2026, with trial to commence less than a month later, on March 30, 2026—casting serious doubt on whether Movants' Motion was timely, as intervention now, well after the close of discovery and shortly before trial,

would likely prejudice Defendant. *See, e.g.*, *Nat'l Press Photographers Ass'n v. McCraw*, 594 F. Supp. 3d 789, 813 (W.D. Tex. 2022) ("Movant waited until after the close of discovery . . . and as such was untimely and would prejudice the interests of the parties."), *rev'd on other grounds*, 90 F.4th 770 (5th Cir. 2024). Movants, therefore, do not meet the requirements for intervention as of right.

### B. Permissive Intervention

On a timely motion, a court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention "is wholly discretionary . . . even though there is a common question of law or fact." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 470–71 (5th Cir. 1984). As explained above, the Court finds existing Plaintiffs' goals are the same as Movants' and statewide relief would achieve Movants' goals. Because of this, the Court is confident Movants will not be harmed if denied permissive intervention. Further, allowing the intervention of new plaintiffs shortly before trial would complicate and delay this litigation, especially when those would-be plaintiffs' interests are adequately represented by existing Plaintiffs. Therefore, the Court declines to exercise its discretion to allow Movants to permissively intervene.

### II. CONCLUSION

For these reasons, **IT IS ORDERED** that Movants' Motion to Intervene, (Dkts. 290), is **DENIED**.

**SIGNED** on March 25, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

3