RECEIVED

MAR 26 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

227122
TDCJ-Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868
March 15, 2026

Clerk
United States District Court
Western District of Texas
Austin  Division
501 West Fifth St., Ste. 1100
Austin, Texas 78701

                Re:  No. C.A. No. 1:23-CV-1004-RP
                     Tiede III v. Collier
                     (Motion to Intervene)

Dear Sir or Madam:

    Enclosed you will find three documents for filing:

    1)   Motion to Intervene
    2)   Proposed Order
    3)   Plaintiff-Intervenor's claim

    Please file these instruments and bring them to the
attention of the Court.

    A decision on a motion to intervene as of right is
an appealable order, so I will appreciate it if you let me
know of any decision that is entered.

                        Very truly yours,

                        Juan Enriquez

Enclosures  (3 instruments)
cc:  Abigail Carter
     Jeff Edwards
     Jodi Cole
     Brandon W. Duke

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BERNHARDT TIEDE III, ET AL.,       )
      Plaintiffs,                  )
                        )
                        )
v.                                 )   C. A. No. 1:23-CV-1004-RP
                        )
BRIAN COLLIER, ET AL.,             )
      Defendants.                  )

PLAINTIFF-INTERVENOR JUAN ENRIQUEZ'S MOTION TO INTERVENE
TO PROTECT VESTED INTEREST AGAINST WAIVER OF ANY ELEMENT
NECESSARY TO ESTABLISH DAMAGES FOR VIOLATION OF
THE CONSTITUTIONAL RIGHTS AT BAR BY DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

Juan Enriquez, Plaintiff-Intervenor, moves the Court, pursuant to Rule 24(a)(2); (b)(1)(B); and (e), Federal Rules of Civil Procedure (Fed.R.Civ.P.), on the grounds that plaintiffs such as Enriquez who have lawsuits for damages, actual and punitive, pending in other courts or that might be filed in the future, for the malicious, deliberate, and retaliatory violation of prisoners' right to be free from exposure to extremely dangerous heat temperatures without adequate remedial measures and to be free from retaliation for seeking redress from the courts for such constitutional violations, are not represented in the instant lawsuit and thus have no representation to ensure there are no agreements, stipulations, or other concessions entered in this case that would deprive these plaintiffs from actual and punitive damages.

I. PARTIES

The Defendants are Bobby Lumpkin, Executive Director of the Texas Department of Criminal Justice (TDCJ); the TDCJ:

Kenneth Paxton, Attorney General of Texas; and the Texas Office of the Attorney General (Collectively "Original Defendants").

The Plaintiffs are Tiede; Prisoners Community Advocates ("TPCA"); Lionese Justice Impacted Women's Alliance ("Lioness"); Texas Citizens United for Rehabilitation of Errants ("Lioness"); Texas Citizens United for Rehabilitation of Errents ("TX C.U.R.E."); and Coalition for Texas with Disabilities ("CTD")(Collectively "Plaintiffs").  There are also 17 named pro se plaintiffs.  None of these plaintiffs are seeking damages.

Plaintiff-Intervenor Juan Enriquez in 2016 filed a lawsuit against prison officials and prison employees claiming violation of his Eighth Amendment right to treatment for his serious medical needs.  <u>Enriquez</u> <u>v</u>. <u>Wainwright</u>, No. D-1-GN-16-005852, 126th District Court, Travis County, Texas.  In 2019, Enriquez amended his complaint to include the claim that defendants maliciously, deliberately, and retaliatorily placed Enriquez in housing conditions which subjected him for years to excessive heat in cells and later in so-called medical units which are in reality death camps designed to hasten the death of elderly and chronically ill prisoners such that the Plaintiff-Intervenor is entitled to actual damages in the amount of 3,000,000 dollars and to punitive damages in the amount of 9,000,000 dollars.

## II. STANDING

The Plaintiff-Intervenor has suffered an injury in fact from the housing in which he was forced to live for decades under conditions which subjected him to excessive heat without ameliorating factors and subsequently three years in a death camp with the express intent to hasten his death as a matter of

policy and practice all actions taken under color of law which is fairly traceable to the conduct of the Defendants, and that is likely to be redressed by a favorable judicial decision awarding damages and an order granting declaratory and injunctive relief.

### III. RIGHT TO INTERVENE

The Plaintiff-Interfenor has a right to intervene in the case at bar because (1) he claims an interest relating to the transaction that is the subject of the instant action, (2) is so situated that disposing of the instant action may as a practical matter impair or impede the movant's ability to protect his interest, and (3) existing parties do not adequately represent that interest because the plaintiffs in this action are not seeking damages.

### IV. THE ATTORNEYS

The attorneys representing the Plaintiffs have no interest in safeguarding damages and there is nothing that requires them to resist or decline any agreement, concession, or acceptance that Defendants did not act maliciously, deliberately, and retaliatoryily when they subjected prisoners in the TDCJ to conditions that were and are dangerous and a risk to the prisoners' life and subjected and subjects them to pain and suffering that is tantamount to torture.

### V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff-Intervenor prays for the Court to grant his motion to intervene and to allow

Enriquez to raise and prosecute his claim for damages and/or to allow Enriquez to proceed pro se to ensure that the Plaintiffs will not take or enter into any agreement or concession that will obsolve the Defendants from liability for violating Enriquez's constitutional right to be free from imprisonment under conditions of excessive heat without ameliorating factors.

Respectfully submnitted,

Juan Enriquez
227122
TDCJ-Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

## Verification

I, Juan Enriquez, declare under penalty of perjury, that the foregoing statements in my Motion to Intervene are true and correct and based on personal knowledge.  Executed on March 15, 2026.

Juan Enriquez

## Certificate of Service

I, Juan Enriquez, certify that a correct copy of the Plaintiff-Intervenor's motion to intervene was served by placing same in the United States mail, postage prepaid, addressed to the following persons on March 15, 2026.

Jodi Callaway Cole
Attorney at Law
203 SE Murphy Sts.
Alpine, Texas 79830

Brandon W. Duke
Attorney at Law
700 Louisiana St., Ste. 2900
Houston, Texas 77002

Jeff Edwards
Attorney at Law
1101 East 11th Street
Austin, Texas 78701

Abigail Carter
Attorney at Law
P. O. Box 12548
Ausin, Texas 78711

Juan Enriquez

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BERNHARDT TIEDE III, ET AL.,
      Plaintiffs,

v.                                                       C. A. No. 1:23-CV-1004-RP

BRIAN COLLIER, ET AL.,
      Defendants.

## PLAINTIFF-INTERVENOR JUAN ENRIQUEZ'S CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

Juan Enriquez, Plaintiff-Intervenor, claims that the named Defendants in this action, acting under color of law, violated Enriquez's right under the Eighth Amendment of the United States Constitution to be free from imprisonment in excessive heat without ameliorating factors and that they did so maliciously, deliberately, and retaliatorily for many years in cells and subsequently for 3 years in a so-called medical unit which was and is in reality a death camp designed to hasten the death of elderly and chronically ill prisoners. Enriquez seeks damages against Defendants in their individual capacity for $3,000,000 actual and for $9,000,000 punitive, under 42 U.S.C. §1983, and equitable relief against Defendants in their official capacity. Also, under the Court's auxiliary jurisdiction, Enriquez seeks equitable relief under the Texas Constitution.

Respectfully submitted,

Juan Enriquez
23/122
TDCJ-Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

## Verification

I, Juan Enriquez, Plaintiff-Intervenor, declare under penalty of perjury, that the facts set forth in my claim above stated are true and correct and based on personal knowledge.  Executed on March 15, 2026.

Juan Enriquez

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BERNHARDT TIEDE III, ET AL.,
    Plaintiffs,

v.                                              C. A. No. 1:23-CV-1004-RP

BRIAN COLLIER, ET AL.,
    Defendants.

## ORDER ON INTERVENTION

The Court, after consideration of the Plaintiff-Intervenor's Motion to Intervene and of the facts presented to the Court in this case, the Court hereby GRANTS Plaintiff-Intervenor Juan Enriques's Motion to Intervene to Protect Vested Interest Against Waiver of Any Element Necessary to Establish Damages for Violation of the Constitutional Rights at Bar by Defendants and hereby GRANTS Juan Enriques, Plaintiff permission to intervene as a party in this case.

Entered on this the _____ day of _____, 2026.

_____
United States District Judge

Juan Enriquez
227122
TDCJ-Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

HOUSTON TX RPDC

24 MAR 2026 PM 5

SCREENED BY CES TS

MAR 26 2026

Clerk
United States District Court
Western District of Texas
Austin, Division
501 West Fifth St., Ste. 1100
Austin, Texas 78701

78701-381275

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION